1  JAMES A. DIBOISE, State Bar No. 83296
   Email: jdiboise@wsgr.com
2  COLLEEN BAL, State Bar No. 167637
   Email: cbal@wsgr.com
3  MICHAEL A. BERTA, State Bar No. 194650
   Email: mberta@wsgr.com
4  TRACY TOSH LANE, State Bar No. 184666
   Email: ttosh@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  One Market Street
   Spear Tower, Suite 3300
7  San Francisco, CA 94105

8  Attorneys for Plaintiffs            E-Filing
   REALNETWORKS, INC. and
9  REALNETWORKS HOME
   ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 08 4548

HRL

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTERTAINMENT, INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation. <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DECLARATORY RELIEF** <br><br> **[DEMAND FOR JURY TRIAL]** |

COMPLAINT FOR DECLARATORY RELIEF

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, brought by RealNetworks, Inc. ("RealNetworks") and RealNetworks Home Entertainment, Inc. ("RealNetworks Home") (together, "Plaintiffs") by and through counsel, against defendants Disney Enterprises, Inc., Paramount Pictures Corp., Sony Pictures Entertainment, Inc., Twentieth Century Fox Film Corp., NBC Universal, Inc., Warner Bros. Entertainment, Inc., Viacom, Inc. (collectively the "Studio Defendants") and DVD Copy Control Association ("DVD CCA") (where the Studio Defendants and the DVD CCA shall be referred to collectively as "Defendants") for the purpose of determining a question of actual controversy and the rights and obligations between the parties as follows:

## NATURE OF ACTION

2. This action for declaratory relief arises as a result of a legal dispute between Plaintiffs and Defendants relating to Plaintiffs' innovative new software product known as "RealDVD." RealDVD has a variety of different functions, including the playback of DVDs placed into a computer's DVD drive, looking up information about the DVD from Internet databases, providing links to various information websites relevant to the chosen DVD, and storing an image of the copy-protected DVD to a computer hard drive for safekeeping and later playback purposes.

3. When the RealDVD software is used to make a personal copy of a DVD, it not only preserves the Content Scramble System ("CSS") encryption the Studio Defendants use to encrypt DVDs, but also incorporates an additional level of protection.

4. The Studio Defendants are members of the DVD Copy Control Association, a not-for-profit association that licenses the CSS technology to, among others, manufacturers of DVD hardware and software, such as RealNetworks, pursuant to a standard license agreement ("CSS License Agreement"). The Studio Defendants assert that the CSS License Agreement grants the Studio Defendants, as third party beneficiaries, the right to enforce its terms against licensees, and in particular the right to prohibit the sale of the RealDVD product. *See* CSS License Agreement § 9.5.

COMPLAINT FOR DECLARATORY RELIEF                -2-

5.  Despite the fact that a California court concluded over a year ago that the same type of copying methodology employed by RealDVD does not violate the CSS License Agreement (*see DVD Copy Control Association, Inc. vs. Kaleidescape, Inc.*, Superior Court Santa Clara County (No. 1:04 CV 031829), Judgment dated Apr. 13, 2007), the Studio Defendants, on their own behalf and on behalf of the DVD CCA, nonetheless have asserted that the RealDVD system violates the CSS License Agreement and the anti-circumvention provisions of the Digital Millennium Copyright Act ("DMCA"). On information and belief, the DVD CCA has asserted similarly.

6.  Accordingly, there exists an actual and justiciable controversy between Plaintiffs and the Defendants relating to their respective rights and legal duties under the CSS License Agreement and the DMCA. Plaintiffs seek a judgment declaring, among other things, that the CSS License Agreement permits Plaintiffs to manufacture and offer for sale the RealDVD product, and that the Plaintiffs do not violate the DMCA.

## JURISDICTION AND VENUE

7.  This court has jurisdiction over the claims asserted because the underlying action concerns a federal question. The Defendants in this matter would be filing a claim against one or more of Plaintiffs under the DMCA. Because the crux of this matter involves a federal right, this court properly maintains jurisdiction over this action for declaratory relief under the DMCA under 28 U.S.C. § 1331 and has supplemental jurisdiction of all other claims under 28 U.S.C. § 1367.

8.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District. Additionally, pursuant to § 10.4 of the CSS License Agreement, exclusive jurisdiction and venue over any dispute arising out of the agreement exists in the federal and state courts of Santa Clara County, California.

**INTRADISTRICT ASSIGNMENT**

9. Pursuant to Civil Local Rule 3-2(c), this action may be assigned on a district-wide basis.

**THE PARTIES**

10. RealNetworks is a Washington corporation with its principal place of business in Seattle, Washington. It is engaged in the business of, among other things, developing, manufacturing, and selling platforms for the delivery of digital media.

11. RealNetworks Home Entertainment, Inc. is a Delaware corporation with its principle place of business in Seattle, Washington. It is a subsidiary of RealNetworks and it is the entity that distributes the RealDVD product.

12. The DVD CCA is a Delaware nonprofit corporation, having offices located in Morgan Hill, California. It granted a license in the CSS technology to RealNetworks in the form of a written CSS License Agreement.

13. Disney Enterprises, Inc. is a Delaware corporation with its principal place of business in Los Angeles, California. It is engaged in the business of, among other things, making motion pictures. It is a member of the DVD CCA.

14. Paramount Pictures Corp. is a Delaware corporation with its principal place of business in Los Angeles, California. It is engaged in the business of, among other things, making motion pictures. It is a member of the DVD CCA.

15. Sony Pictures Entertainment, Inc. is a Delaware corporation with its principal place of business in Culver City, California. It is engaged in the business of, among other things, making motion pictures. It is a member of the DVD CCA.

16. Twentieth Century Fox Film Corp. is a Delaware corporation with its principal place of business in Los Angeles, California. It is engaged in the business of, among other things, making motion pictures. It is a member of the DVD CCA.

17. NBC Universal, Inc., is a Delaware corporation with its principal place of business in Universal City, California. It is engaged in the business of, among other things, making motion pictures. It is a member of the DVD CCA.

18. Warner Bros. Entertainment, Inc. is a Delaware corporation, with its principal place of business in Los Angeles, California. It is engaged in the business of, among other things, making motion pictures. It is a member of the DVD CCA.

19. Viacom, Inc. is a Delaware corporation, with its principal place of business in New York, New York. It is engaged in the business of, among other things, making motion pictures. It is a member of the DVD CCA.

## FACTS

### A. The CSS License Agreement And The DVD CCA.

20. The Studio Defendants sell DVD discs that contain movies, and such discs use the CSS technology to encrypt the content on the DVDs. Consequently, the content must be decrypted before the movie can be displayed. Thus, the manufacturers of hardware and software that permit the movies to be viewed (the consumer electronics and computer industries) must likewise have access to the CSS technology.

21. To facilitate their mutual interests in the use of the CSS technology, the motion picture, consumer electronics, and computer industry formed the DVD CCA. The DVD CCA licenses the CSS technology to, among others, manufacturers of devices and software used to decrypt images on DVDs pursuant to a standard form CSS License Agreement (a copy of which is attached hereto as Exhibit 1).

22. The CSS License Agreement imposes certain restrictions on its licensees, including the requirement that the licensees "comply with the version of the CSS Specifications which is in effect at the time such DVD Product is manufactured . . . ." CSS License Agreement § 4.2. The

Studio Defendants assert that the CSS License Agreement grants them the right to enforce certain of its provisions, including Section 4.2. *See* CSS License Agreement § 9.5.

23.     On or about August 13, 2007, RealNetworks signed the CSS License Agreement. It is thereby entitled to use the CSS technology under the terms of that Agreement.

**B.     Development Of The RealDVD System.**

24.     RealDVD provides DVD users with, among other things, the ability to save a personal copy of a DVD they own on a secure hard drive for their own personal use. The copy preserves the CSS encryption. The RealDVD system thus protects the user from, among other things, damage or loss of a DVD, while ensuring that the encryption protection in the original DVD is maintained. Further, RealDVD enhances the original protection by incorporating an additional layer of protection at a level beyond that required by the CSS License Agreement. The RealDVD system also provides a number of other desirable features, such as parental controls that ensure children access only entertainment that is appropriate for their age, central storage that permits users to keep all the motion pictures they own in one easily accessible location, and the capability for users to watch their movies on a variety of devices they own for greater ease of use and convenience.

25.     Approximately two weeks ago, Plaintiffs made known to the Defendants that the RealDVD system would be released on September 30, 2008.

**C.     The Legal Dispute With The Studio Defendants**

26.     Subsequently, the Studio Defendants, on their own behalf and on behalf of the DVD CCA of which they are members, advised Plaintiffs that they believed that the RealDVD product violated the CSS License in that the RealDVD product allegedly did not conform to the CSS Specifications. The Defendants further claim that the RealDVD product violates the anti-circumvention provisions of the DMCA.

27. Plaintiffs do not believe that the RealDVD product violates the CSS License Agreement or the DMCA or any rights of the Defendants, and have so advised the Studio Defendants.

28. Efforts to resolve this dispute have failed.

## FIRST CAUSE OF ACTION

(Declaratory Relief under Contract Claim)

29. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. There is an actual and justiciable controversy relating to the legal rights and duties of Plaintiffs and Defendants under the CSS License Agreement in that the Defendants have advised Plaintiffs that they believe the RealDVD Product violates the CSS License Agreement. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31. Thus, a declaration of Plaintiffs' rights under the CSS License Agreement is necessary to protect Plaintiffs from uncertainty and insecurity, which is causing Plaintiffs injury by, among other things, damaging its goodwill and disrupting its business. Without the requested declaration of its rights, the Defendants will continue to jeopardize Plaintiffs' interests.

## SECOND CAUSE OF ACTION

(Declaratory Relief under the Digital Millennium Copyright Act, 17 U.S.C. § 1201)

32. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33. RealNetworks is a licensee of CSS technology, and the RealDVD product was designed to conform to the CSS Specifications. As a result, the RealDVD product is authorized by the Defendants to utilize CSS technology to access the content of DVDs to which the Studio Defendants own the copyrights.

34. The RealDVD product is not primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a copyrighted work, or that protects the right of a copyright owner. Rather, the RealDVD product ensures that the encryption protection in the original DVD is maintained and enhanced by incorporating an additional layer of protection at a level beyond that required by the CSS License Agreement.

35. The RealDVD product has commercially significant purposes and uses other than to circumvent a technological measure that effectively controls access to a copyrighted work, or that protects the right of a copyright owner. By way of example only, the RealDVD product provides the owners of DVDs with the ability to save a personal copy of a DVD on a secure hard drive for private use, and protects the DVD owner against damage or loss of a DVD that he or she has obtained through legitimate means.

36. The RealDVD Product has not been marketed for use in circumventing a technological measure that effectively controls access to a copyrighted work, or that protects the right of a copyright owner. Rather, the RealDVD Product has been marketed as licensed software that "saves a secure copy of a DVD to the hard drive without removing or altering the CSS encryption."

37. Plaintiffs request a judicial determination and declaration as to whether the RealDVD product violates the provisions of 17 U.S.C. § 1201. Such a judicial determination and declaration is necessary to protect Plaintiffs from uncertainty and insecurity, which is causing Plaintiffs injury by, among other things, damaging its goodwill and disrupting its business. Without the requested declaration of its rights, the Defendants will continue to jeopardize Plaintiffs' interests.

WHEREFORE, based on the foregoing, Plaintiffs respectfully request that the Court grant the following relief:

a. A judgment declaring that the CSS License Agreement permits the manufacture, distribution, and sale of the RealDVD product;

b. A judgment declaring that the Plaintiffs do not violate the DMCA;

c. Attorneys' fees and costs; and

d. Such other relief as this Court deems just and equitable.

Dated: September 30, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Michael A. Berta

Attorneys for Plaintiffs REALNETWORKS, INC. and REALNETWORKS HOME ENTERTAINMENT, INC.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 30, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Michael A. Berta

Attorneys for Plaintiffs REALNETWORKS, INC. and REALNETWORKS HOME ENTERTAINMENT, INC.