

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

PHONE 415.947.2000
FAX 415.947.2099
www.wsgr.com

October 21, 2008

Honorable Marilyn Hall Patel
U.S. District Court, San Francisco Division

    Re:  *RealNetworks v. DVD CCA, et al.*, Case No. C-08-4548-MHP

Dear Judge Patel:

  I write on behalf of Plaintiffs regarding the Studio Defendants' motion for preliminary injunction. The parties have reached an impasse on the following issues:

**Scope/Length Of Preliminary Injunction Hearing**: There are two disagreements as follows.

*First*, there is another product yet to be released at Real in addition to RealDVD that might be within the scope of an injunction. Real seeks to place this product at issue now, consistent with the Court's comments at the TRO hearing regarding seeking Court guidance prior to launch of a new product.

*Second*, Real will need a minimum of 5 to 6 hours of live witness testimony on the following issues: technical witnesses on operation of each Real product (1.5 hrs); expert rebuttal witnesses regarding Real products DMCA compliance and CSS compliance (1.5 hrs); witnesses to the formation, amendments and admissions regarding scope and content of the CSS License Agreement (1.5 hrs); expert and/or fact witnesses regarding the balance of harm (1 hr). With this schedule, assuming equivalence for the Defendants (6 hrs) and cross-examination, argument and questions from the Court, a hearing will take approximately 20 hours (3 days).

**Dates for PI Hearing:** Real requests that the PI hearing be heard on the first 3 consecutive days available on the Court's calendar, which we understand are January 27-29, 2009.

**Depositions:** Real proposes the following: Each side permitted to depose all witnesses (live or by declaration) identified in the other side's witness list; Real permitted to depose additional 7 Studio or DVD CCA witnesses[1]; Studios permitted to depose additional 3 Real witnesses. Real proposes that the parties meet and confer further with respect to third party depositions when they have a better sense of the number of such that may be necessary.

**Document Production:** Real requests an order that the parties (and DVD CCA) be required to exchange documents under an "attorneys' eyes only" restriction pending entry of a protective order.

**Briefing:** In order to save time for discovery, Real proposes that the parties' simultaneously exchange opening and responsive briefs.

---

[1] Because Real is opposing 7 Studios plus the DVD CCA in this litigation, Real should be allowed a greater number of discretionary depositions.

C:\NrPortbl\PALIB1\MB0\3503160_2.DOC (1979)

AUSTIN NEW YORK PALO ALTO SAN DIEGO SAN FRANCISCO SEATTLE SHANGHAI WASHINGTON, D.C.

dockets.Justia.com

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Hon. Marilyn Hall Patel
October 21, 2008
Page 2

                                        Very truly yours,

                                        Colleen Bal

cc:     All Counsel