MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

October 21, 2008

WRITER'S DIRECT LINE
(213) 683-9132
(213) 683-5132 FAX
Glenn.Pomerantz@mto.com

The Honorable Marilyn Hall Patel
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California

Re: Real Networks v. DVD CCA et al.

Dear Judge Patel:

    This letter is from the Studios (with DVD CCA's concurrence) about the disputes regarding the preliminary injunction ("PI") hearing and discovery. We and Real disagree about the scope of live testimony at the hearing. We think such testimony should be limited to the areas the Court identified at the TRO hearing: How does RealDVD work? Does it circumvent CSS? Does the CSS license affect that? We think each side can present 1-2 witnesses on these issues in the course of one or two afternoons, and have proposed December 18 and 19. Real wants <u>24 hours</u> of Court time for the hearing and has proposed three full days in late January when the Studios' lead trial counsel (Bart Williams) is scheduled to be in trial in another case.

    We also have related disputes about the scope of PI discovery: We think each side should be able to depose (i) the witnesses the other will call, plus (ii) a limited number (we suggest 5) of other witnesses to be chosen by each side. Real will not agree to any limit on the number of depositions (including third party depositions). Real wants broad discovery regarding issues that might potentially touch on irreparable harm. We think that, if the Court believes any "harm" discovery is needed at this stage, it should be narrowly focused on harm caused by RealDVD, and there is no need for live testimony on these issues. Merits discovery can go forward after the PI. Real last night circulated a draft protective order, and we think it inappropriately deviates from the Northern District form. Real also wants to deviate from the Rules on briefing. We look forward to addressing these issues with the Court this afternoon.

6190003.1

MUNGER, TOLLES & OLSON LLP

The Honorable Marilyn Hall Patel
October 21, 2008
Page 2

Sincerely,

*[signature]*

Glenn D. Pomerantz

cc: All counsel (by email)

6190003.1