| | |
|---|---|
| REGINALD D. STEER (SBN 056324)<br>rsteer@akingump.com<br>MARIA ELLINIKOS (SBN 235528)<br>mellinikos@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>580 California, 15th Floor<br>San Francisco, California 94104-1036<br>Telephone:    (415) 765-9500<br>Facsimile:     (415) 765-9501<br><br>EDWARD P. LAZARUS (SBN 212658)<br>elazarus@akingump.com<br>STEPHEN MICK (SBN 131569)<br>smick@akingump.com<br>MICHAEL SMALL (SBN 222768)<br>msmall@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>2029 Century Park East, Suite 2400<br>Los Angeles, California 90067-3012<br>Telephone:    (310) 229-1000<br>Facsimile:     (310) 229-1001<br><br>Attorneys for Defendant<br>DVD COPY CONTROL ASSOCIATION, INC. | WILLIAM SLOAN COATS (SBN 94864)<br>wcoats@whitecase.com<br>MARK WEINSTEIN (SBN 193043)<br>mweinstein@whitecase.com<br>MARK F. LAMBERT (SBN 197410)<br>mlambert@whitecase.com<br>**WHITE & CASE LLP**<br>3000 El Camino Real<br>5 Palo Alto Square, 9th Floor<br>Palo Alto, California 94306<br>Telephone:    (650) 213-0300<br>Facsimile:     (650) 213-8158 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,<br><br>    Defendants. | Case No. C08 04548 MHP<br><br>**ANSWER OF DEFENDANT DVD COPY CONTROL ASSOCIATION, INC.** |

1

1  DVD Copy Control Association ("DVD CCA"), a named Defendant in the above-captioned action, by its undersigned attorneys, hereby submits its Answer in response to the Complaint of RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. ("Plaintiffs") as follows:[1]

    1. The allegations contained in Paragraph 1 of the Complaint constitute legal conclusions for which an answer is neither required nor appropriate. To the extent an answer is required, DVD CCA denies the allegations contained in Paragraph 1 of the Complaint.

## NATURE OF THE ACTION

    2. The first sentence of Paragraph 2 of the Complaint is a legal conclusion for which an answer is neither required nor appropriate. To the extent an answer is required, DVD CCA denies the allegations contained in this sentence. DVD CCA is without knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 2 and on that basis denies those allegations.

    3. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 and on that basis denies those allegations.

    4. DVD CCA admits that it is a not-for-profit association that licenses certain technology known as the Content Scramble System ("CSS") pursuant to an agreement known as the CSS License Agreement. DVD CCA admits that Defendants Paramount Pictures Corp., Sony Pictures Entertainment, Inc., Twentieth Century Fox Film Corp., and Warner Bros. Entertainment Inc., are members of the DVD CCA. Upon information and belief, DVD CCA admits the allegations in the second sentence of Paragraph 4 with respect to Defendants Paramount Pictures Corp; Sony Pictures Entertainment, Inc.; Twentieth Century Fox Film Corp and Warner Bros. Entertainment Inc.[2] Except as expressly admitted, DVD CCA denies the allegations of Paragraph 4 of the Complaint.

---

[1] Plaintiffs and DVD CCA were unable to reach agreement on a stipulation granting DVD CCA additional time to file its response to the Complaint, even though counsel for DVD CCA had not been retained in this action until October 14, 2008. DVD CCA anticipates that it will be filing an amended answer with counterclaims in accordance with Fed. R. Civ. P. 15(a) once it has had an opportunity to more fully investigate Plaintiffs' allegations.

[2] Defendants Paramount Pictures Corp; Sony Pictures Entertainment, Inc.; Twentieth Century Fox Film Corp.; Warner Bros. Entertainment Inc.; Disney Enterprises, Inc.; NBC Universal, Inc, and Viacom, Inc are referred to collectively herein as the "Studio Defendants."

5. As to the first sentence of Paragraph 5 of the Complaint, DVD CCA admits that judgment was entered last year in an action in Santa Clara Superior Court entitled *DVD Copy Control Association, Inc. v. Kaleidescape, Inc.*, No. 1:04 CV 031829, which is currently being appealed. DVD CCA denies that the Studio Defendants acted or spoke on behalf of DVD CCA. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations relating to the Studio Defendants, and on that basis denies them. DVD CCA denies the remaining allegations of Paragraph 5 of the Complaint.

6. DVD CCA admits the allegations of Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. DVD CCA admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 1367(a).

8. DVD CCA admits that venue is authorized in this judicial district. The remainder of the allegations contained in Paragraph 8 of the Complaint constitute legal conclusions for which an answer is neither required nor appropriate, and DVD CCA denies them on that basis.

## INTRADISTRICT ASSIGNMENT

9. Paragraph 9 does not contain any allegation of fact that requires a response from DVD CCA.

## THE PARTIES

10. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 and on that basis denies those allegations.

11. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 and on that basis denies those allegations.

12. DVD CCA admits that it is a Delaware nonprofit corporation having offices located in Morgan Hill, California. DVD CCA admits that it entered into an agreement with RealNetworks in the form of a written CSS License Agreement, in which a license was granted pursuant and subject to the terms of that agreement. Except as expressly admitted, DVD CCA denies the allegations of Paragraph 12 of the Complaint.

13. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 13 and on that basis denies those allegations. DVD CCA denies the allegations of the last sentence of Paragraph 13 of the Complaint.

14. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 14 and on that basis denies those allegations. DVD CCA admits the allegations of the last sentence of Paragraph 14 of the Complaint.

15. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 15 and on that basis denies those allegations. DVD CCA admits the allegations of the last sentence of Paragraph 15 of the Complaint.

16. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 16 and on that basis denies those allegations. DVD CCA admits the allegations of the last sentence of Paragraph 16 of the Complaint.

17. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 17 and on that basis denies those allegations. DVD CCA denies the allegations of the last sentence of Paragraph 17 of the Complaint.

18. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 18 and on that basis denies those allegations. DVD CCA admits the allegations of the last sentence of Paragraph 18 of the Complaint.

19. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 19 and on that basis denies those allegations. DVD CCA denies the allegations of the last sentence of Paragraph 19 of the Complaint.

## FACTS

### A. The CSS License Agreement and The DVD CCA.

20. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations pertaining to the Studio Defendants in Paragraph 20 and on that basis denies those allegations. DVD CCA admits that motion picture content has been scrambled using the CSS and stored on DVD discs that have been provided to customers and that the content cannot be viewed unless it is descrambled for playback. DVD CCA admits that manufacturers of hardware and software

1. that allows playback of content protected by CSS on DVDs must have access to the CSS technology through a proper license with DVD CCA. Except as expressly admitted herein, DVD CCA denies the allegations of Paragraph 20 of the Complaint.

21. DVD CCA admits that it was formed with the cooperation of the motion picture, consumer electronics and information technology industries. DVD CCA admits that it licenses, through the CSS License Agreement, certain technology to manufacturers of devices and software used to play back video content stored on DVD discs that has been scrambled using CSS. Except as expressly admitted herein, DVD CCA denies the allegations of Paragraph 21 of the Complaint.

22. DVD CCA admits the allegations of the first sentence of Paragraph 22 of the Complaint. On information and belief, DVD CCA admits the allegations of the second sentence of Paragraph 22 with respect to Defendants Paramount Pictures Corp; Sony Pictures Entertainment, Inc.; Twentieth Century Fox Film Corp and Warner Bros. Entertainment, Inc. Except as expressly admitted herein, DVD CCA denies the allegations of Paragraph 22 of the Complaint.

23. DVD CCA admits the allegations in the first sentence of Paragraph 23. The allegation in the second sentence of Paragraph 23 states a legal conclusion to which no response is required, and as such, DVD CCA denies it.

### B. Development Of The RealDVD System.

24. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 and on that basis denies those allegations.

25. Upon information and belief, DVD CCA admits that Plaintiffs previously notified certain Studio Defendants that the RealDVD system would be released by September 30, 2008. DVD CCA denies the remaining allegations in Paragraph 25 of the Complaint.

### C. The Legal Dispute With The Studio Defendants

26. DVD CCA denies that the Studio Defendants acted or spoke on behalf of DVD CCA. DVD CCA is without knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of Paragraph 26 of the Complaint and on that basis denies those allegations. DVD CCA admits the allegations in the second sentence of Paragraph 26.

27. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and on that basis denies those allegations.

28. Upon information and belief, DVD CCA admits the allegations in Paragraph 28 that efforts between the Studio Defendants and the Plaintiffs have failed.

### FIRST CAUSE OF ACTION

(Declaratory Relief under Contract Claim)

29. DVD CCA incorporates by reference its responses contained in Paragraphs 1 through 28 as if fully set forth herein.

30. DVD CCA admits that there is an actual and justiciable controversy relating to the legal rights and duties of Plaintiffs and DVD CCA under the CSS License Agreement. DVD CCA is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 30 and on that basis denies those allegations.

31. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and on that basis denies those allegations.

### SECOND CAUSE OF ACTION

(Declaratory Relief under the Digital Millennium Copyright Act, 17 U.S.C. § 1201)

32. DVD CCA incorporates by reference its responses contained in Paragraphs 1 through 31 as if fully set forth herein.

33. DVD CCA admits that RealNetworks has executed a CSS License Agreement with DVD CCA. Except as otherwise admitted, DVD CCA denies the allegations of Paragraph 33 of the Complaint.

34. The allegations contained in the first sentence of Paragraph 34 of the Complaint constitute legal conclusions for which an answer is neither required nor appropriate and DVD CCA denies them on that basis. DVD CCA denies the allegations contained in the second sentence of Paragraph 34 of the Complaint.

35. The allegations contained in the first sentence of Paragraph 35 of the Complaint constitute legal conclusions for which an answer is neither required nor appropriate and DVD CCA

denies them on that basis. DVD CCA denies the allegations contained in the second sentence of Paragraph 35 of the Complaint.

36.  The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions for which an answer is neither required nor appropriate. To the extent an answer is required, DVD CCA denies the allegations contained in Paragraph 36 of the Complaint.

37.  The allegations in the first sentence of Paragraph 37 constitute legal conclusions for which an answer is neither required nor appropriate and DVD CCA denies them on that basis. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 37 and on that basis denies those allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense: Unclean Hands

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense: Plaintiffs' Breach of the CSS License Agreement

Plaintiffs' claims are barred because Plaintiffs' development, design, manufacture, use, offer to sell, and/or sale of RealDVD materially breach Sections 2.1 and 4.2, among others, of the CSS License Agreement.

### Fourth Affirmative Defense: Waiver and Estoppel

Plaintiffs' claims are barred by the doctrines of Waiver and Estoppel.

**WHEREFORE**, Defendant DVD CCA prays that the Court:

A. Enter judgment in favor of DVD CCA, and against Plaintiffs, thereby dismissing Plaintiffs' Complaint in its entirety, with prejudice, and Plaintiffs taking nothing by way of their claims;

B. Award DVD CCA costs of suit, including reasonable attorneys' fees; and

C. Award DVD CCA such other relief as this Court deems proper under the circumstances.

Dated: October 21, 2008

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

WHITE & CASE LLP


By _____/s/_____
Reginald D. Steer
Attorneys for Defendant
DVD COPY CONTROL ASSOCIATION, INC.