Realnetworks, Inc. et al v. DVD Copy Control Association, Inc. et al Doc. 55
Case3:08-cv-04548-MHP Document55 Filed10/22/08 Page1 of 2

MUNGER, TOLLES & OLSON LLP

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

355 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

ROBERT K. JOHNSON†
ALAN V. FRIEDMAN†
RONALD L. OLSON†
RICHARD S. VOLPERT
DENNIS C. BROWN†
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
CHARLES D. SIEGAL
RONALD K. MEYER
GREGORY P. STONE
VILMA S. MARTINEZ
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEVEN L. GUISE†
ROBERT B. KNAUSS
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
LAWRENCE C. BARTH
KATHLEEN M. McDOWELL
GLENN D. POMERANTZ
RONALD C. HAUSMANN
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
BART H. WILLIAMS
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN LINSLEY MYLES
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
JEFFREY L. BLEICH
GARTH T. VINCENT
TED DANE
MARK SHINDERMAN
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
RICHARD E. DROOYAN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
BURTON A. GROSS
KEVIN S. MASUDA
HOJOON HWANG
KRISTIN S. ESCALANTE
DAVID C. DINIELLI
ANDREA WEISS JEFFRIES
PETER A. DETRE
PAUL J. WATFORD
DANA S. TREISTER
CARL H. MOOR
DAVID M. ROSENZWEIG
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART
TAMERLIN J. GODLEY
JAMES C. RUTTEN
J. MARTIN WILLHITE
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA
SEAN ESKOVITZ
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SUSAN R. SZABO
NATALIE PAGÉS STONE
MONIKA S. WIENER
LYNN HEALEY SCADUTO
RANDALL G. SOMMER
SHONT E. MILLER
MARIA SEFERIAN
MANUEL F. CACHÁN
ERIC J. LORENZINI
KATHERINE K. HUANG
ROSEMARIE T. RING
JOSEPH J. YBARRA
KATE K. ANDERSON
ALISON J. MARKOVITZ
E. DORSEY KLEGER-HEINE
JAY K. GHIYA
SUSAN TRAUB BOYD
JENNIFER L. POLSE
TODD J. ROSEN
BRIAN R. HOCHLEUTNER
GRANT A. DAVIS-DENNY
JASON RANTANEN
AMY C. TOVAR
REBECCA GOSE LYNCH
JONATHAN H. BLAVIN
JOHN R. GRIFFIN
KAREN J. FESSLER
MICHELLE T. FRIEDLAND
J. RAZA LAWRENCE
LIKA C. MIYAKE
MELINDA EADES LeMOINE
ANDREW W. SONG
YOHANCE C. EDWARDS
JULIE D. CANTOR
SETH GOLDMAN
FADIA RAFEEDIE KHOURY
JOSHUA P. GROBAN
VICTORIA L. BOESCH
HAILYN J. CHEN
BRAD SCHNEIDER
ALEXANDRA LANG SUSMAN
GENEVIEVE A. COX
MIRIAM KIM
MISTY M. SANFORD
BRIAN P. DUFF
AIMEE FEINBERG
JOEL D. WHITLEY
KATHARINE L. HALL
KATHERINE KU
KIMBERLY A. CHI
SHOSHANA E. BANNETT
TINA CHAROENPONG
LEE S. TAYLOR
DEREK J. KAUFMAN
KIMBERLY D. ENCINAS
MARCUS J. SPIEGEL
GABRIEL P. SANCHEZ
BETHANY C. WOODARD
PAULA R. LEVY
CONNIE Y. CHIANG
DAVID C. YANG
WILLIAM E. CANO
EMILY PAN
BILL WARD
HENRY E. ORREN
BENJAMIN W. HOWELL
WESLEY SHIH
JACOB S. KREILKAMP
PAUL J. KATZ
TYLER A. RODZEN
JONATHAN M. WEISS
ZACHARY KATZ
DANIEL A. LYONS
ELISABETH J. NEUBAUER
TREVOR D. DRYER
ERIC P. TUTTLE
HEATHER E. TAKAHASHI
KRISTINA L. WILSON
KEVIN A. GOLDMAN
ROBYN KALI BACON
BERNARD A. ESKANDARI
JENNY M. JIANG
KEITH R.D. HAMILTON, II
SORAYA C. KELLY
PATRICK ANDERSON
MARK R. YOHALEM
JEFFREY Y. WU
YUVAL MILLER
MARK R. CONRAD
DANIEL R. McCARTHY

RICHARD D. ESBENSHADE†
ALLISON B. STEIN
PETER R. TAFT†
OF COUNSEL

E. LEROY TOLLES
(1922-2008)

†A PROFESSIONAL CORPORATION

October 22, 2008

WRITER'S DIRECT LINE
(213) 683-9295
(213) 683-5195 FAX
Bart.Williams@mto.com

**BY E-FILING AND HAND DELIVERY**

The Honorable Marilyn Hall Patel
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Universal City Studios Productions LLLP et al. v. RealNetworks, Inc. et al.*, Case No. C-08-4719-MHP
*RealNetworks, Inc. et al. v. DVD Copy Control Association et al.*, Case No. C-08-4548-MHP

Dear Judge Patel:

I am lead counsel for the Motion Picture Studio Plaintiffs (and counterclaim defendants) in these related cases. Mr. Bowser relayed to counsel yesterday that the Court would schedule the preliminary injunction hearing to commence on Tuesday, January 26, 2009. I write to respectfully request that the Court commence the hearing on any of the earlier dates in January that Mr. Bowser said the Court had open (afternoons on January 15, 16, 21, 22 or 23).

I make this request because, on October 15, 2008, the Court in a criminal matter in which I am lead defense counsel, *People v. Bruce Malkenhorst*, Case No. BA-312388 (L.A. Superior Court, Kathleen Kennedy-Powell, J.), scheduled a two-week jury trial to commence on January 26, 2009, the same date as has now been set for the preliminary injunction hearing.

Yesterday afternoon, after Mr. Bowser told us of the Court's decision to start the hearing on January 26, my partner, Glenn Pomerantz, with counsel for RealNetworks on the line, called

6194057.1

Dockets.Justia.com
Mr. Bowser. Mr. Bowser told both counsel about the above dates in January, as well as dates the Court had available later in February. After that call with Mr. Bowser, Mr. Pomerantz told RealNetworks' counsel that we intended to ask for one of the dates that Mr. Bowser provided because of my trial conflict. We had previously agreed with RealNetworks that we would not conduct the preliminary injunction hearing on the dates this Court had available in November (November 18-21), because RealNetworks' lead counsel, James DiBoise, was not available on those dates. This morning, RealNetworks' counsel informed us that RealNetworks will not agree to our request for a hearing date on the earlier dates in January, or starting in February.

There is no prejudice to RealNetworks from this request. RealNetworks has not told us that any of the dates starting January 15 would create a conflict for Mr. DiBoise. RealNetworks' counsel instead has claimed prejudice because hearings before the Court over the course of several afternoon sessions do not allow for a "cohesive" hearing. If the matters currently scheduled before the Court on the mornings in mid-January are resolved or continued, then the parties to this case easily could do full-day hearings on consecutive days starting in mid-January. If those other matters do not go off calendar, there is no real prejudice to anyone – and certainly none that compares to one party not being able to use the counsel of its choice – from proceeding during afternoon sessions. RealNetworks' counsel also suggested, without elaboration, that it will not have sufficient time to prepare for the hearing if it commences on January 15 (or one of the other January dates) rather than January 26. With all due respect to RealNetworks' counsel, it is now October, and a difference of less than two weeks for the start time in January will not prejudice either side in preparing for the hearing.

Finally, RealNetworks' counsel asked us to convey their objection that this request is an impermissible motion for reconsideration. Again, with respect to counsel, the single-page letters that counsel submitted yesterday were not motions, and we did not have the opportunity to apprise the Court of all of the issues implicated by the hearing date. I am disappointed that RealNetworks would not work out the scheduling with us as a simple matter of professional courtesy, and I sincerely apologize for having to burden the Court with this request.

Respectfully submitted,

Bart Williams RKS by permission

Bart H. Williams

cc: All counsel (by email)