

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

PHONE 415.947.2000
FAX 415.947.2099
www.wsgr.com

October 22, 2008

**BY E-FILING AND HAND DELIVERY**
Honorable Marilyn Hall Patel
U.S. District Court, San Francisco Division

    Re:    *RealNetworks v. DVD CCA, et al.*, Case No. C-08-4548-MHP

Dear Judge Patel:

    I write on behalf of Plaintiffs ("Real") to object to the letter submitted today by the Studio Defendants regarding the PI hearing in this case and to oppose the Studio Defendants' request for reconsideration of this Court's ruling.

    Yesterday, in response to the Court's request, each side submitted a one-page letter regarding the parties' discovery/hearing disputes. Real argued that we needed 3 days for a PI hearing, and requested the first 3 consecutive dates on the Court's calendar (January 27-29) for the hearing. In response, the Studios argued that the hearing could be held on two afternoons in December, and specifically opposed Real's requested dates on the grounds that one of the Studios' lawyers (Bart Williams) would be potentially unavailable. With this information before the Court, Your Honor provided instructions to counsel that the Court expected the hearing to take up to 2 days (with a third day in reserve) and selected the dates requested by Real.

    The Studios now seek to reverse the Court's ruling, stating that they believe the Court's procedure for resolution of the various discovery/hearing issues did not allow it to "focus" on the correct hearing date. Real objects to the Studios' request as procedurally improper and for the following additional reasons:

**The dates proposed by the Studios are prejudicial to Real's defense**: First, the Court ruled yesterday that the hearing would likely span 2 and possibly 3 full days. The 5 afternoons (of no more than 2.5 hours each) now proposed by the Studios provide inadequate time under the Court's own ruling, and thus the Studios' request in part seeks to undue the Court's decision as to how much time should be allotted for a full and fair hearing. Further, the Studios' proposed patchwork schedule will impair Real's ability to put on a cohesive defense, especially where Plaintiffs' witnesses are located in Seattle. It is much more difficult and disruptive to company operations to have these witnesses available across 5 afternoons over a 2 week period, rather than for 2 consecutive days. Finally, given the various holiday schedules of potential witnesses, the mid-January dates proposed by the Studios will impact Real's ability to prepare for the hearing.

**Mr. Williams' Schedule Should Not Dictate:** The Studios first claimed they could not agree to dates *in December* because Mr. Williams' trial was then scheduled to go in December. After Real stated it would seek the January dates, the Studios then stated that Mr. Williams' trial had been rescheduled to the January dates that Real sought. The Studios have never explained what efforts, if any, Mr. Williams made to avoid rescheduling his trial for the January 27-29 dates that Real

C:\NrPortbl\PALIB1\CAJ\3507534_2.DOC (3915)

AUSTIN   NEW YORK   PALO ALTO   SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

dockets.Justia.com

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Hon. Marilyn Hall Patel
October 22, 2008
Page 2

requested in light of Mr. Williams' previous trial schedule. Especially under these circumstances of revolving dates for Mr. Williams' schedule, and given the numerous other talented attorneys representing the Studios, there is no reason that Real's ability to prepare and present its defense to the PI motion should be impacted by the schedule of a single attorney.

Finally, the Studios' suggestion that Real has been uncooperative or unprofessional in trying to schedule dates for the PI hearing is itself disappointing. We have worked every possible permutation of hearing dates with the Studios in light of the Court's busy calendar, and have been unable to come up with dates to which both parties can now agree. The Studios' suggestion that the parties moved the hearing from November to accommodate counsel for Real is simply not true. Neither party seriously considered those dates because they did not allow sufficient time for discovery. Rather, as discussed above, Real all along requested the January 27-29 dates to accommodate a reasonable time to present and prepare for the hearing, and in light of Mr. Williams' prior stated conflict. Indeed, the Studios initially agreed that if the Court were amenable to a 2 or 3 day hearing, those dates were acceptable. It was only later that the Studios identified a new conflict with Mr. Williams' schedule, one that would effectively take away any opportunity for full days for the hearing.

Both parties had all of this information prior to the submission of yesterday's letter briefs, and raised this precise issue with the Court consistent with the Court's stated procedure. There is no reason to revisit the issue today, to Real's prejudice.

Very truly yours,

Colleen Bal

cc:     All Counsel