1  JAMES A. DiBOISE, State Bar No. 83296
   Email:  jdiboise@wsgr.com
2  COLLEEN BAL, State Bar No. 167637
   Email:  cbal@wsgr.com
3  MICHAEL A. BERTA, State Bar No. 194650
   Email:  mberta@wsgr.com
4  TRACY TOSH LANE, State Bar No. 184666
   Email:  ttosh@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  One Market Street
   Spear Tower, Suite 3300
7  San Francisco, CA  94105

8  Attorneys for Plaintiffs and Counterclaim Defendants
   REALNETWORKS, INC. and
9  REALNETWORKS HOME ENTERTAINMENT, INC.

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14 REALNETWORKS, INC., a Washington           ) CASE NO.:  C-08-CV-04548-MHP
   corporation; and REALNETWORKS HOME         )
15 ENTERTAINMENT, INC., a Delaware            ) **PLAINTIFFS AND**
   corporation,                               ) **COUNTERCLAIM DEFENDANTS**
16                                            ) **REALNETWORKS, INC. AND**
                Plaintiffs and Counterclaim   ) **REALNETWORKS HOME**
17              Defendants,                   ) **ENTERTAINMENT, INC.'S**
                                              ) **ANSWER TO COUNTER-**
18       v.                                   ) **COMPLAINT**
                                              )
19 DVD COPY CONTROL ASSOCIATION, INC.,        )
   a Delaware nonprofit corporation; DISNEY   ) **DEMAND FOR JURY TRIAL**
20 ENTERPRISES, INC., a Delaware Corporation; )
   PARAMOUNT PICTURES CORP., a Delaware       )
21 corporation; SONY PICTURES ENTER., INC., a )
   Delaware corporation; TWENTIETH CENTURY    )
22 FOX FILM CORP., a Delaware corporation;    )
   NBC UNIVERSAL, INC., a Delaware            )
23 corporation; WARNER BROS. ENTER., INC., a  )
   Delaware corporation; and VIACOM, INC., a  )
24 Delaware corporation,                      )
                                              )
25              Defendants and Counterclaim   )
                Plaintiffs.                   )
26 _____     )

27       Plaintiffs and Counterclaim Defendants RealNetworks, Inc. and RealNetworks Home

28 Entertainment, Inc. (collectively "RealNetworks") hereby answer Defendants and Counterclaim

REALNETWORKS' ANSWER TO THE COUNTER-      -1-                              3509958_3.DOC
COMPLAINT
CASE NO.:  C-08-CV-04548-MHP

1  Plaintiffs' Counter-Complaint (the "Counter-Complaint") for Violation of Digital Millennium
2  Copyright Act, 17 U.S.C. §§ 1201, *et seq.* and for Breach of Contract, dated September 30, 2008,
3  as follows:

4      1.    RealNetworks admits that it announced the release of a software product called
5  RealDVD in September 2008, but denies the remainder of the first sentence of Paragraph 1.  The
6  second sentence contains allegations that constitute legal conclusions for which an answer is
7  neither required nor appropriate, and RealNetworks denies them on that basis.  To the extent an
8  answer is required, RealNetworks denies those allegations.  RealNetworks denies the remainder
9  of the allegations in Paragraph 1.

10      2.    RealNetworks admits that it has publicly stated that its RealDVD product can be
11  used to make a fair-use, backup copy of certain content stored on a DVD to a computer hard
12  drive for later playback by RealDVD.  RealNetworks has also stated that this can be done in a
13  lawful manner.  The remainder of the allegations in Paragraph 2 constitute legal conclusions for
14  which an answer is neither required nor appropriate, and RealNetworks denies them on that
15  basis.  To the extent an answer is required, RealNetworks denies those allegations.

16      3.    RealNetworks does not have knowledge or information sufficient to form a belief
17  as to the allegations of the first three sentences of Paragraph 3, and on that basis denies those
18  allegations.  RealNetworks denies the allegations in the fourth sentence.  RealNetworks admits
19  that it sold RealDVD for $29.99 upon release, and offered up to four additional copies at $19.99
20  for use on additional computers.  RealNetworks also admits that its RealDVD product can be
21  used to make a fair-use, backup copy of certain content stored on a DVD to a computer hard
22  drive for later playback by RealDVD.  RealNetworks also admits that its CEO, Rob Glaser, has
23  publicly stated that RealDVD warns users not to make copies of DVDs that they do not own, and
24  has also stated that the program is not capable of monitoring user behavior, or preventing its
25  improper use.  RealNetworks denies the remainder of the allegations in Paragraph 3.

26      4.    RealNetworks admits that it obtained a license from the DVD Copy Control
27  Association ("DVD-CCA") in August 2007 ("DVD CCA License Agreement"), and that the
28  DVD CCA License Agreement authorized RealNetworks to, among other things, create software

1  to play DVDs that use the Content Scramble System.  RealNetworks also admits that RealDVD
2  can be used to make a fair-use, backup copy of certain content stored on a DVD to a computer
3  hard drive for later playback by RealDVD.  Except as otherwise admitted, RealNetworks denies
4  the allegations in Paragraph 4.

5       5.     RealNetworks denies the allegations in Paragraph 5.

6       6.     RealNetworks denies the first, second and last sentences of Paragraph 6.
7  RealNetworks does not have knowledge or information sufficient to form a belief as to the
8  remainder of the allegations in Paragraph 6, and on that basis denies those allegations.

9       7.     RealNetworks admits that its RealPlayer software product has been downloaded
10 by millions of unique users, that RealNetworks is a maker of lawful products, that RealNetworks
11 enjoys some brand recognition, and that certain users of RealNetworks' products have asked to
12 receive periodic marketing and promotional e-mails from RealNetworks.  RealNetworks denies
13 the remainder of the allegations in Paragraph 7.

14      8.     RealNetworks denies the allegations in Paragraph 8.

15 **THE PARTIES**

16      9.     RealNetworks does not have knowledge or information sufficient to form a belief
17 as to the allegations of Paragraph 9, and on that basis denies those allegations.

18      10.     RealNetworks does not have knowledge or information sufficient to form a belief
19 as to the allegations of Paragraph 10, and on that basis denies those allegations.

20      11.     RealNetworks does not have knowledge or information sufficient to form a belief
21 as to the allegations of Paragraph 11, and on that basis denies those allegations.

22      12.     RealNetworks does not have knowledge or information sufficient to form a belief
23 as to the allegations of Paragraph 12, and on that basis denies those allegations.

24      13.     RealNetworks does not have knowledge or information sufficient to form a belief
25 as to the allegations of Paragraph 13, and on that basis denies those allegations.

26      14.     RealNetworks admits the allegations in Paragraph 14.

27      15.     RealNetworks admits the allegations in Paragraph 15.

28

**JURISDICTION AND VENUE**

16. RealNetworks admits that the Court has subject matter jurisdiction over the claims asserted in the Counter-Complaint.

17. RealNetworks admits that the Court has personal jurisdiction over it, and that venue is proper in the Northern District of California. RealNetworks denies the remainder of the allegations in Paragraph 17.

**BACKGROUND FACTS**

18. RealNetworks admits that Counterclaim Plaintiffs are in the business of developing, producing and/or distributing media content, but does not have knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 18, and on that basis denies them.

19. RealNetworks does not have knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, and on that basis denies them.

20. RealNetworks admits that DVDs are digital storage media capable of holding full-length motion pictures. RealNetworks does not have knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 20, and on that basis denies them.

21. RealNetworks does not have knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 21, and on that basis denies them. RealNetworks denies the remainder of the allegations in Paragraph 21.

22. RealNetworks admits that DVDs are five-inch wide optical disks that are capable of storing digital information. RealNetworks does not have knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 22, and on that basis denies them.

23. RealNetworks does not have knowledge or information sufficient to form a belief as to the allegations in Paragraph 23, and on that basis denies them.

24. RealNetworks admits that digital content released on DVD may be accompanied by the DVD CCA's Content Scramble System ("CSS"). RealNetworks does not have knowledge

1  or information sufficient to form a belief as to the remainder of the allegations in Paragraph 24, and on that basis denies them.

3      25.    RealNetworks admits that CSS has encryption and authentication functionalities, and is licensed for use by the DVD CCA.  RealNetworks denies the remainder of the allegations in Paragraph 25.

6      26.    RealNetworks admits that CSS is licensed for use by the DVD CCA. RealNetworks does not have knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 26, and on that basis denies them.

9      27.    RealNetworks admits that CSS is licensed for use by the DVD CCA. RealNetworks denies the remainder of the allegations in Paragraph 27.

11     28.    RealNetworks does not have knowledge or information sufficient to form a belief as to the allegations in Paragraph 28, and on that basis denies them.

13     29.    RealNetworks admits the allegations in Paragraph 29.

14     30.    RealNetworks admits that its RealDVD product can be used to make a fair-use, backup copy of certain content stored on a DVD to a computer hard drive for later playback by RealDVD consistent with the DVD-CCA License Agreement.  RealNetworks also admits that it offered RealDVD users the option of purchasing up to four additional copies of RealDVD, for use on up to four additional computers, at $19.99 per additional copy.  RealNetworks denies the remainder of the allegations in Paragraph 30.

20     31.    RealNetworks denies the allegations in Paragraph 31.

21     32.    RealNetworks admits that its RealDVD product can be used to make a fair-use, backup copy of certain content stored on a DVD to a computer hard drive for later playback by RealDVD consistent with the DVD-CCA License Agreement.  RealNetworks also admits that RealDVD warns users not to make copies of DVDs that they do not own, and that RealDVD is not capable of monitoring user behavior, or preventing the improper use of RealDVD. RealNetworks denies the remainder of the allegations in Paragraph 32.

27     33.    RealNetworks denies the allegations in Paragraph 33.

|   |   |
|---|---|
| 1 | **FIRST CAUSE OF ACTION** |
| 2 | **(DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA"), 17 U.S.C. §§ 1201, *ET SEQ.*)** |

3  34. RealNetworks incorporates by reference its responses to Paragraphs 1 through 33,
4  inclusive, as though fully set forth herein.

5  35. Paragraph 35 contains allegations that constitute legal conclusions for which an
6  answer is neither required nor appropriate, and RealNetworks denies them on that basis. To the
7  extent the allegations in Paragraph 40 require a response, RealNetworks answers that the actual
8  language of Section 1201(a)(2) of the DMCA, 17 U.S.C. § 1201(a)(2), should determine its
9  meaning.

10  36. Paragraph 36 contains allegations that constitute legal conclusions for which an
11  answer is neither required nor appropriate, and RealNetworks denies them on that basis. To the
12  extent the allegations in Paragraph 36 require a response, RealNetworks answers that the actual
13  language of Section 1201(b) of the DMCA, 17 U.S.C. § 1201(b), should determine its meaning.

14  37. RealNetworks denies the allegations in Paragraph 37.

15  38. RealNetworks denies the allegations in Paragraph 38.

16  39. Paragraph 39 contains allegations that constitute legal conclusions for which an
17  answer is neither required nor appropriate, and RealNetworks denies them on that basis. To the
18  extent that Paragraph 39 contains allegations other than legal conclusions, RealNetworks denies
19  them.

20  40. Paragraph 40 contains allegations that constitute legal conclusions for which an
21  answer is neither required nor appropriate, and RealNetworks denies them on that basis. To the
22  extent that Paragraph 40 contains allegations other than legal conclusions, RealNetworks denies
23  them.

24  41. Paragraph 41 contains allegations that constitute legal conclusions for which an
25  answer is neither required nor appropriate, and RealNetworks denies them on that basis. To the
26  extent that Paragraph 41 contains allegations other than legal conclusions, RealNetworks denies
27  them.

28

1  42. Paragraph 42 contains allegations that constitute legal conclusions for which an answer is neither required nor appropriate, and RealNetworks denies them on that basis. To the extent that Paragraph 42 contains allegations other than legal conclusions, RealNetworks denies them.

### SECOND CAUSE OF ACTION

### (CONTRACT)

43. RealNetworks incorporates by reference its responses to Paragraphs 1 through 33, inclusive, as though fully set forth herein.

44. RealNetworks admits that it signed the DVD CCA License Agreement in August 2007. The remainder of the allegations in the first sentence of Paragraph 49 constitute legal conclusions for which an answer is neither required nor appropriate, and RealNetworks denies them on that basis. RealNetworks does not have knowledge or information sufficient to form a belief as to the allegations in the second sentence, and on that basis denies those allegations. The remainder of the allegations in Paragraph 49 constitute legal conclusions for which an answer is neither required nor appropriate, and RealNetworks denies them on that basis.  To the extent these allegations require a substantive response, RealNetworks denies them.

45. RealNetworks admits that it signed the DVD CCA License Agreement in August 2007. The remainder of the allegations in Paragraph 45 constitute legal conclusions for which an answer is neither required nor appropriate, and RealNetworks denies them on that basis.  To the extent these allegations require a substantive response, RealNetworks denies them.

46. The allegations in Paragraph 46 constitute legal conclusions for which an answer is neither required nor appropriate, and RealNetworks denies them on that basis.  To the extent these allegations require a substantive response, RealNetworks denies them.

47. The allegations in Paragraph 47 constitute legal conclusions for which an answer is neither required nor appropriate, and RealNetworks denies them on that basis.  To the extent these allegations require a substantive response, RealNetworks denies them.

48. The allegations in Paragraph 48 constitute legal conclusions for which an answer is neither required nor appropriate, and RealNetworks denies them on that basis. To the extent these allegations require a substantive response, RealNetworks denies them.

49. The allegations in Paragraph 49 constitute legal conclusions for which an answer is neither required nor appropriate, and RealNetworks denies them on that basis. To the extent these allegations require a substantive response, RealNetworks denies them.

50. The allegations in Paragraph 50 constitute legal conclusions for which an answer is neither required nor appropriate, and RealNetworks denies them on that basis. To the extent these allegations require a substantive response, RealNetworks denies them.

## AFFIRMATIVE AND OTHER DEFENSES

RealNetworks asserts the following affirmative and other defenses. In asserting these defenses, RealNetworks does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Counterclaim Plaintiffs. RealNetworks alleges and states the following upon information and belief except with respect to its own actions:

### FIRST AFFIRMATIVE DEFENSE

### (Unconscionability – All Causes of Action)

As and for an affirmative defense to all Causes of Action in the Counter-Complaint, RealNetworks alleges, without admitting that Counterclaim Plaintiffs were injured or damaged in any manner or amount whatsoever, that Counterclaim Plaintiffs are barred from any and all recovery or relief regarding the CSS License Agreement or regarding any claim of circumvention, because any obligation by RealNetworks under the CSS License Agreement, to the extent that such obligation has not been performed or excused, is unconscionable and unenforceable. Counterclaim Plaintiffs seek to bind RealNetworks to hidden and secret contractual terms which were neither known nor readily available to RealNetworks prior to execution of the CSS License Agreement. For example, RealNetworks was prohibited access to the Technical Specifications prior to execution of the CSS License Agreement, which Technical Specifications Counterclaim Plaintiffs seek to incorporate into the Agreement. Further, there

was no opportunity for RealNetworks to negotiate the terms of the CSS License Agreement, which was presented to RealNetworks on a take-it-or-leave-it basis, and which Counterclaim Plaintiffs now claim contain restrictions that were expressly rejected as proposed amendments to the CSS License Agreement.

## SECOND AFFIRMATIVE DEFENSE

### (License – First Cause of Action)

As and for an affirmative defense to the First Cause of Action in the Counter-Complaint, RealNetworks alleges, without admitting that Counterclaim Plaintiffs were injured or damaged in any manner or amount whatsoever, that Counterclaim Plaintiffs' claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by Counterclaim Plaintiffs. RealNetworks' use of CSS technology falls within the scope of its license under the CSS License Agreement. RealNetworks cannot be found to circumvent CSS technology when it uses that technology pursuant to a valid license.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim – First Cause of Action)

As and for an affirmative defense to the First Cause of Action in the Counter-Complaint, RealNetworks alleges, without admitting that Counterclaim Plaintiffs were injured or damaged in any manner or amount whatsoever, that Counterclaim Plaintiffs have failed to state a claim for circumvention. Counterclaim Plaintiffs have no copyright right implicated by the design and marketing of RealDVD, which affords its users the ability to make a personal back-up copy of DVDs. Those copies are encrypted and locked to the user's hard drive, cannot be uploaded to the Internet, and cannot be accessed over a network. Such activity is "fair use" under applicable law. The CSS technology therefore does not protect a right of a copyright holder under the Copyright Act.

## FOURTH AFFIRMATIVE DEFENSE

### (Innocent Intent – First Cause of Action)

As and for an affirmative defense to the First Cause of Action in the Counter-Complaint, RealNetworks alleges, without admitting that Counterclaim Plaintiffs were injured or damaged in

1  any manner or amount whatsoever, that Counterclaim Plaintiffs' damages, if any, are limited by

2  RealNetworks' innocent intent.  RealDVD implements CSS technology pursuant to a license to

3  such technology, and RealNetworks complies with the requirements of that license.  Further,

4  RealDVD affords its users the ability to make a personal back-up copy of DVDs, which are

5  encrypted and locked to the user's hard drive, and cannot be uploaded to the Internet nor

6  accessed over a network.  RealNetworks has further cautioned users not to copy DVDs that they

7  do not own.

## FIFTH AFFIRMATIVE DEFENSE

### (Copyright Misuse – First Cause of Action)

10  As and for an affirmative defense to all Causes of Action in the Counter-Complaint,

11  RealNetworks alleges, without admitting that Counterclaim Plaintiffs were injured or damaged in

12  any manner or amount whatsoever, that Counterclaim Plaintiffs' claims are barred in whole or in

13  part by the doctrine of copyright misuse.  Counterclaim Plaintiffs are a cartel acting collusively

14  to extend their copyright rights beyond their lawful limits, and to use such rights in a manner that

15  violates antitrust laws and public policy.  For example, Counterclaim Plaintiffs are colluding to

16  impair the rights of consumers to make a fair-use back-up copy of DVDs that they own.

17  Counterclaim Plaintiffs themselves have entered the digital download/copy market, and seek to

18  collect additional money from purchasers of DVDs when the purchaser exercises his/her right to

19  make a fair-use back-up copy of the purchased DVD.  Further, Counterclaim Plaintiffs are

20  seeking to interpret the CSS License Agreement in an unlawful and anti-competitive manner—

21  for example, by prohibiting CSS licensees from developing devices that would compete with

22  Counterclaim Plaintiffs' digital download, managed copy, and burn-to-DVD offerings.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel – All Causes of Action)

25  As and for an affirmative defense to the all Causes of Action in the Counter-Complaint,

26  RealNetworks alleges, without admitting that Counterclaim Plaintiffs were injured or damaged in

27  any manner or amount whatsoever, that Counterclaim Plaintiffs' claims are barred in whole or in

28  part by the doctrine of estoppel.  Counterclaim Plaintiffs seek to impair the rights of consumers

1  to make a fair-use backup copy of DVDs that they own.  Counterclaim Plaintiffs themselves
2  have entered the digital download/copy market, and seek to collect additional money from
3  purchasers of DVDs when the purchaser exercises his/her right to make a fair-use back-up copy
4  of the purchased DVD.  Similarly, Counterclaim Plaintiffs' filing and maintenance of the present
5  lawsuit seeks to improperly restrain the fair-use rights of consumers, which extend to
6  technologies that aid in the exercise of fair use.  Further, Counterclaim Plaintiffs are seeking to
7  interpret and enforce the CSS License Agreement in an unlawful and anti-competitive manner—
8  for example, by prohibiting CSS licensees from developing devices that would compete with
9  Counterclaim Plaintiffs' digital download, managed copy, and burn-to-DVD offerings.  In
10 addition, Counterclaim Plaintiffs are estopped from pursuing the First Cause of Action or any
11 equitable relief under the First Cause of Action against RealNetworks because of Counterclaim
12 Plaintiffs' actions and omissions with respect to Kaleidescape and with respect to proposed
13 amendments to the CSS License Agreement, upon which RealNetworks reasonably relied to its
14 detriment.  Counterclaim Plaintiffs are also estopped from pursuing the Second Cause of Action
15 against RealNetworks because of the final judgment in *DVD Copy Control Association, Inc. v.*
16 *Kaleidescape, Inc*., Santa Clara Court Case No. 1-04-CV031829 and because Counterclaim
17 Plaintiffs had the opportunity but failed to amend the CSS License Agreement with restrictions
18 relevant to Counterclaim Plaintiffs' claims.

19                         **SEVENTH AFFIRMATIVE DEFENSE**
20                         **(Unclean Hands – All Causes of Action)**

21         As and for an affirmative defense to the all Causes of Action in the Counter-Complaint,
22 RealNetworks alleges, without admitting that Counterclaim Plaintiffs were injured or damaged in
23 any manner or amount whatsoever, that Counterclaim Plaintiffs' claims are barred in whole or in
24 part by the doctrine of unclean hands.  Counterclaim Plaintiffs seek to impair the rights of
25 consumers to make a fair-use backup copy of DVDs that they own.  Counterclaim Plaintiffs
26 themselves have entered the digital download/copy market, and seek to collect additional money
27 from purchasers of DVDs when the purchaser exercises his/her right to make a fair-use back-up
28 copy of the purchased DVD.  Further, Counterclaim Plaintiffs are seeking to interpret and

enforce the CSS License Agreement in an unlawful and anti-competitive manner— for example, by prohibiting CSS licensees from developing devices that would compete with Counterclaim Plaintiffs' digital download, managed copy, and burn-to-DVD offerings.

### EIGHTH AFFIRMATIVE DEFENSE
### (Contract of Adhesion – Second Cause of Action)

As and for an affirmative defense to the Second Cause of Action in the Counter-Complaint, RealNetworks alleges, without admitting that Counterclaim Plaintiffs were injured or damaged in any manner or amount whatsoever, that Counterclaim Plaintiffs are barred from any and all recovery or relief regarding the CSS License Agreement, because the CSS License Agreement is a contract of adhesion.  There was no opportunity for RealNetworks to negotiate the terms of the CSS License Agreement, which was presented to RealNetworks on a take-it-or-leave-it basis.  Further, Counterclaim Plaintiffs seek to incorporate hidden and secret contractual terms which were not known nor readily available to RealNetworks prior to execution of the CSS License Agreement, and which were not subject to negotiation by RealNetworks.

### ADDITIONAL DEFENSES

RealNetworks reserves the right to assert additional affirmative defenses once the precise nature of the relevant circumstances or events is determined through discovery.

### JURY DEMAND

RealNetworks demands that the claims asserted in the Counter-Complaint be heard by a jury.

WHEREFORE, RealNetworks prays that:

1. Judgment be entered in favor of RealNetworks, Inc. and RealNetworks Home Entertainment, Inc.;

2. Counterclaim Plaintiffs take nothing from RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. by this Counter-Complaint for Violation of Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq.* and for Breach of Contract, and that the same be dismissed with prejudice;

3. Costs, attorneys' fees, expert witness fees, and court hearing costs incurred herein be awarded to RealNetworks, Inc. and RealNetworks Home Entertainment, Inc.; and

4. The Court award such other relief as it deems just and proper.

Dated: October 31, 2008                              WILSON, SONSINI, GOODRICH & ROSATI

                                                     By:____/s/_ Colleen Bal_____
                                                          Colleen Bal

                                                     Attorneys for Defendants
                                                     REALNETWORKS, INC. and REALNETWORKS
                                                     HOME ENTERTAINMENT, INC.