GLENN D. POMERANTZ (SBN 112503)
Glenn.Pomerantz@mto.com
BART H. WILLIAMS (SBN 134009)
Bart.Williams@mto.com
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

ROBERT H. ROTSTEIN (SBN 72452)
rxr@msk.com
ERIC J. GERMAN (SBN 224557)
ejg@msk.com
BETSY A. ZEDEK (SBN 241653)
baz@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Tel: (310) 312-2000; Fax: (310) 312-3100

GREGORY P. GOECKNER (SBN 103693)
gregory_goeckner@mpaa.org
DANIEL E. ROBBINS (SBN 156934)
dan_robbins@mpaa.org
15301 Ventura Boulevard, Building E
Sherman Oaks, California 91403-3102
Tel: (818) 995-6600; Fax: (818) 285-4403

Attorneys for Studio Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>   vs.<br><br>DVD COPY CONTROL ASSOCIATION, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORP., SONY PICTURES ENTERTAINMENT, INC., TWENTIETH CENTURY FOX FILM CORP, NBC UNIVERSAL, INC., | CASE NO. C 08-4548-MHP<br><br>**ANSWER OF STUDIO DEFENDANTS TO COMPLAINT OF DECLARATORY JUDGMENT PLAINTIFFS AND COUNTERCLAIM-DEFENDANTS REALNETWORKS, INC. AND REALNETWORKS HOME ENTERTAINMENT, INC.** |

| | |
|---|---|
| 1 | WARNER BROS. ENTERTAINMENT, INC., and VIACOM, INC., |
| 2 | |
| 3 | Defendants. |

6254387.1                                      ANSWER OF STUDIO DEFENDANTS

Disney Enterprises, Inc. ("DEI"), Paramount Pictures Corporation (erroneously named in the Complaint as "Paramount Pictures Corp.") ("Paramount"), Sony Pictures Entertainment Inc. (erroneously named in the Complaint as Sony Pictures Entertainment, Inc.) ("Sony Pictures"), Twentieth Century Fox Film Corporation (erroneously named in the Complaint as Twentieth Century Fox Film Corp.) ("Fox"), NBC Universal, Inc. ("NBC Universal"), Warner Bros. Entertainment Inc. (erroneously named in the Complaint as Warner Bros. Entertainment, Inc.) ("Warner Bros."), and Viacom Inc. (erroneously named in the Complaint as Viacom, Inc.) ("Viacom") (collectively, the "Studios") hereby answer the allegations of Declaratory Judgment Plaintiffs and Counterclaim-Defendants RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (jointly, "Real") contained in their Complaint for Declaratory Relief ("Complaint") as follows:

1. The Studios admit that the Complaint purports to institute a declaratory judgment action and that the allegations of the Complaint speak for themselves. Except as specifically admitted, the Studios deny the allegations of Paragraph 1.

**NATURE OF ACTION**

2. The Studios admit that the product marketed by Real as "RealDVD" is used to circumvent the access- and copy-control technological measures on Copy Scramble System ("CSS")-protected DVDs in order to make permanent, playable copies on hard drives. Except as specifically admitted, the Studios are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis deny them.

3. The Studios are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and on that basis deny them.

4. The Studios admit that Walt Disney Pictures, Paramount, Sony Pictures, Fox, Universal City Studios LLLP and Warner Bros. (collectively, the "Beneficiary Claim Plaintiffs") are members of the DVD Copy Control Association ("DVD CCA"); that the DVD CCA is a not-for-profit association; and that the DVD CCA licenses CSS technology to various

types of entities pursuant to a license agreement whose terms vary depending upon the type of license category the particular entity selects (the "DVD CCA License Agreement"). The Studios further admit that the DVD CCA License Agreement confers third-party beneficiary rights on any "Eligible Content Provider," as defined in Section 9.5 of the DVD CCA License Agreement, including the Beneficiary Claim Plaintiffs. Except as specifically admitted, the Studios deny the allegations in Paragraph 4 of the Complaint.

5. The Studios admit that the Beneficiary Claim Plaintiffs have filed a Complaint against Real for breach of contract under the Beneficiary Claim provisions of the DVD CCA License Agreement, and that the allegations of the Beneficiary Claim Plaintiffs' Complaint speak for themselves. The Studios further admit that Universal City Studios Productions LLLP, Paramount, Fox, Sony Pictures Television Inc., Columbia Pictures Industries, Inc., DEI and Warner Bros. (collectively, the "DMCA Plaintiffs") have filed a Complaint against Real for violation of the anti-circumvention provisions of the Digital Millennium Copyright Act ("DMCA"), and that the allegations of the DMCA Plaintiffs' Complaint speak for themselves. The Studios are without knowledge or information sufficient to form a belief as to the truth of the allegation that the DVD CCA "has asserted similarly" against Real and on that basis deny that allegation. Except as specifically admitted, the Studios deny all other allegations in Paragraph 5 of the Complaint.

6. The allegations of Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the Studios deny the allegations in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. The Studios deny that Real properly instituted this action as a declaratory judgment action.

8. The Studios deny that venue was proper in this District when Real filed its Complaint because Real did not properly institute this action as a declaratory judgment action. The Studios further deny that, pursuant to Section 10.4 of the DVD CCA License Agreement,

6254387.1 - 2 - ANSWER OF STUDIO DEFENDANTS

exclusive jurisdiction and venue over any dispute arising out of that agreement exists in the federal and state courts of Santa Clara County, California.

## INTRADISTRICT ASSIGNMENT

9. The Studios admit that, for purposes of Civil Local Rule 3-2(c), assignment over this action and the now-transferred related action filed by the DMCA and Beneficiary Claim Plaintiffs is proper on a District-wide basis.

## THE PARTIES

10. On information and belief, the Studios admit that RealNetworks, Inc. is a Washington corporation with its principal offices in Washington. Except as specifically admitted, the Studios are without knowledge or information sufficient to form a belief as to whether RealNetworks, Inc. is a corporation in good standing, or as to the truth of any other allegations in Paragraph 10 of the Complaint and on that basis deny them.

11. On information and belief, the Studios admit that RealNetworks Home Entertainment, Inc. is a Delaware corporation with its principal offices in Washington. Except as specifically admitted, the Studios are without knowledge or information sufficient to form a belief as to whether RealNetworks Home Entertainment, Inc. is a corporation in good standing, or as to the truth of any other allegations in Paragraph 11 of the Complaint and on that basis deny them.

12. The Studios admit that the DVD CCA is a Delaware not-for-profit corporation that has offices in Morgan Hill, California. The Studios further admit that Real obtained a DVD CCA License under the pretense of purporting to build a DVD player, when in fact Real used the technology it obtained under that License to build an unauthorized DVD *copying* device that is used to circumvent CSS's access- and copy-control technological measures. Except as specifically admitted, the Studios deny the allegations in Paragraph 12 of the Complaint.

13. DEI admits that it is a Delaware corporation and that its principal place of business is in Burbank, California. Except as specifically admitted, DEI denies the allegations in Paragraph 13 of the Complaint.

1    14. Paramount admits that it is a Delaware corporation; that its principal place of business is in Los Angeles, California; that it is in the motion picture business; and that it is a member of the DVD CCA.  Except as specifically admitted, Paramount denies the allegations in Paragraph 14 of the Complaint.

    15. Sony Pictures admits that it is a Delaware corporation; that its principal place of business is in Culver City, California; that it is in the motion picture business; and that it is a member of the DVD CCA.  Except as specifically admitted, Sony Pictures denies the allegations in Paragraph 15 of the Complaint.

    16. Fox admits that it is a Delaware corporation; that its principal place of business is in Los Angeles, California; that it is in the motion picture business; and that it is a member of the DVD CCA.  Except as specifically admitted, Fox denies the allegations in Paragraph 16 of the Complaint.

    17. NBC Universal admits that it is a Delaware corporation; that its principal place of business is in New York, New York; and that certain of its subsidiaries (including without limitation Universal City Studios Productions LLLP and Universal City Studios LLLP) are in the motion picture business.  Except as specifically admitted, NBC Universal denies the allegations in Paragraph 17 of the Complaint.

    18. Warner Bros. admits that it is a Delaware corporation; that its principal place of business is in Burbank, California; that it is in the motion picture business; and that it is a member of the DVD CCA.  Except as specifically admitted, Warner Bros. denies the allegations in Paragraph 18 of the Complaint.

    19. Viacom admits that it is a Delaware corporation; that its principal place of business is in New York, New York; and that it participates, directly or indirectly, in the motion picture business.  Except as specifically admitted, Viacom denies the allegations in Paragraph 19 of the Complaint.

**FACTS**

    20. The Studios admit that they or their subsidiaries distribute movies on DVDs; that the Studios or their subsidiaries use CSS to provide access- and copy-control

technological measures to safeguard against access to and reproduction of their movies released on DVDs; and that manufacturers of authorized DVD player devices utilize technology obtained pursuant to the DVD CCA License Agreement to build licensed player devices. Except as specifically admitted, the Studios deny the allegations of Paragraph 20 of the Complaint.

21.  The Studios admit that the DVD CCA's membership includes representatives of the motion picture, consumer electronics and computer (hardware and software) industries; that the DVD CCA licenses CSS technology directly or indirectly pursuant to the DVD CCA License Agreement, the complete contents of which vary depending upon the category selected by the licensee; and that Exhibit 1 to the Complaint is a portion of the DVD CCA License Agreement that Real entered into. Except as specifically admitted, the Studios deny the allegations of Paragraph 21 of the Complaint.

22.  The Studios admit that the DVD CCA License Agreement is the best evidence of its contents, including without limitation the Beneficiary Claim Plaintiffs' rights under Section 9.5 of the DVD CCA License Agreement. Except as specifically admitted, the Studios deny the allegations in Paragraph 22 of the Complaint.

23.  The Studios admit that, on or about August 13, 2007, Real executed the portion of the DVD CCA License Agreement referenced in Paragraph 21 above. The remaining allegations of Paragraph 23 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the Studios deny the remaining allegations in Paragraph 23 of the Complaint.

24.  The Studios admit that RealDVD is used to circumvent the access- and copy-control technological measures on CSS-protected DVDs in order to make permanent, playable copies on hard drives. Except as specifically admitted, the Studios are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and on that basis deny them.

25.  The Studios admit that in the first half of September 2008, Real announced its intention to release RealDVD by the end of the month of September 2008. Except as specifically admitted, the Studios deny the allegations of Paragraph 25 of the Complaint.

1    26.    The Studios admit that, prior to Real's filing of the Complaint, counsel for the DMCA Plaintiffs and the Beneficiary Claim Plaintiffs advised Real's counsel that his clients intended to file a Complaint against Real in the United States District Court for the Central District of California on September 30, 2008.  Except as specifically admitted, the Studios deny the allegations of Paragraph 26 of the Complaint.

27.    The Studios are without knowledge or information sufficient to form a belief as to what Real believes and on that basis deny Real's allegation about what it believes.  The Studios admit that Real has asserted as its litigating position before this Court that Real does not believe RealDVD violates either the DMCA or the DVD CCA License Agreement.  Except as specifically admitted, the Studios deny the allegations of Paragraph 27 of the Complaint.

28.    The Studios admit that there has been no resolution of the disagreements between the DMCA Plaintiffs and the Beneficiary Claim Plaintiffs, on the one hand, and Real, on the other.  Except as specifically admitted, the Studios deny the allegations of Paragraph 28 of the Complaint.

## FIRST CAUSE OF ACTION

29.    The Studios repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30.    The Studios admit that the Beneficiary Claim Plaintiffs have filed a Complaint for breach of contract against Real and that the allegations of the Complaint speak for themselves.  Except as specifically admitted, the Studios deny the allegations in Paragraph 30 of the Complaint.

31.    The Studios deny the allegations in Paragraph 31 of the Complaint.

## SECOND CAUSE OF ACTION

32.    The Studios repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33.    The Studios admit that Real is a party to a DVD CCA License Agreement.  Except as specifically admitted, the Studios deny the allegations in Paragraph 33 of the Complaint.

| | |
|---|---|
| 1 | 34.   The Studios deny the allegations of Paragraph 34 of the Complaint. |
| 2 | 35.   The Studios deny the allegations of Paragraph 35 of the Complaint. |
| 3 | 36.   The Studios deny the allegations of Paragraph 36 of the Complaint. |

37.   The Studios admit that Real seeks a declaratory judgment through its Complaint. Except as specifically admitted, the Studios deny the allegations of Paragraph 37 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Unclean Hands)

As an affirmative defense to both causes of action in the Complaint, and without admitting that Real properly instituted the Complaint as a declaratory judgment action, the Studios aver that Real's causes of action are barred in whole or in part by the doctrine of unclean hands. Among other things, Real obtained access to the CSS technology based on the pretense that it intended to use that technology to build a DVD player. Real instead used that technology to build a DVD copier, which is used to avoid, bypass, remove, deactivate or otherwise impair access- and copy-control technological measures on CSS-protected DVDs.

### Second Affirmative Defense

(Waiver)

As an affirmative defense to both causes of action in the Complaint, and without admitting that Real properly instituted the Complaint as a declaratory judgment action, the Studios aver that Real's causes of action are barred in whole or in part by the doctrine of waiver. Among other things, Real obtained access to the CSS technology based on the pretense that it intended to use that technology to build a DVD player. Real instead used that technology to build a DVD copier, which is used to avoid, bypass, remove, deactivate or otherwise impair access- and copy-control technological measures on CSS-protected DVDs.

6254387.1                                         - 7 -                    ANSWER OF STUDIO DEFENDANTS

**Third Affirmative Defense**

(Estoppel)

As an affirmative defense to both causes of action in the Complaint, and without admitting that Real properly instituted the Complaint as a declaratory judgment action, the Studios aver that Real's causes of action are barred in whole or in part by the doctrine of estoppel. Among other things, Real obtained access to the CSS technology based on the pretense that it intended to use that technology to build a DVD player. Real instead used that technology to build a DVD copier, which is used to avoid, bypass, remove, deactivate or otherwise impair access- and copy-control technological measures on CSS-protected DVDs.

**Fourth Affirmative Defense**

(Judicial Estoppel)

As an affirmative defense to the second cause of action in the Complaint, and without admitting that Real properly instituted the Complaint as a declaratory judgment action, the Studios aver that Real is judicially estopped from claiming that RealDVD does not circumvent access- and copy-control technological measures that are protected pursuant to the DMCA. The positions that Real takes in its second cause of action regarding the application of the DMCA to RealDVD are inconsistent with positions that Real took in *RealNetworks, Inc. v. Streambox, Inc.*, No. 2:99-CV-02070 (W.D. Wash.). For example, in *RealNetworks, Inc. v. Streambox*, Real took the position that "[u]nder the DMCA, where content owners use measures to prevent the copying or modification of their works, it is unlawful to distribute products that enable end-users to override the content owners' preferences." Based on its contentions in *RealNetworks, Inc. v. Streambox*, Real obtained favorable judicial rulings, in the form of a temporary restraining order and a preliminary injunction. *See* 2000 WL 127311 (W.D. Wash. 2000). In this case, however, Real takes the position that RealDVD is not a circumvention device, even though content owners (including the Studios or their subsidiaries) use CSS to prevent the copying or modification of their works, and RealDVD enables end-users to override the content owners' preferences.

6254387.1                      - 8 -                 ANSWER OF STUDIO DEFENDANTS

**PRAYER FOR RELIEF**

WHEREFORE, the Studios pray for judgment:

1. Dismissing with prejudice Real's Complaint in its entirety;

2. Awarding the Studios their costs, disbursements and reasonable attorney's fees incurred in defending against the Complaint plus interest on any sums awarded thereunder; and

3. Awarding the Studios such other and further relief as this Court deems just and proper, including but not limited to the relief sought in the Counter-Complaint filed in this Court on October 3, 2008 and in the related Complaint filed in the Central District of California and transferred to this Court on October 3, 2008, Case No. C 08-4719 MHP.

DATED: October 31, 2008

MUNGER, TOLLES & OLSON LLP

MITCHELL SILBERBERG & KNUPP LLP

GREGORY P. GOECKNER
DANIEL E. ROBBINS


By: _/s/ Glenn Pomerantz_
       GLENN POMERANTZ

Attorneys for the Studio Defendants

6254387.1

- 9 -   ANSWER OF STUDIO DEFENDANTS