1  JAMES A. DiBOISE, State Bar No. 83296
   Email: jdiboise@wsgr.com
2  COLLEEN BAL, State Bar No. 167637
   Email: cbal@wsgr.com
3  MICHAEL A. BERTA, State Bar No. 194650
   Email: mberta@wsgr.com
4  TRACY TOSH LANE, State Bar No. 184666
   Email: ttosh@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  One Market Street
   Spear Tower, Suite 3300
7  San Francisco, CA 94105

8  Attorneys for Plaintiffs and
   Counterclaim Defendants
9  REALNETWORKS, INC. and
   REALNETWORKS HOME
10 ENTERTAINMENT, INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,<br><br>    Defendants.<br><br>AND RELATED CASES | Case Nos. C08 04548 MHP;<br>     C08 04719 MHP<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND** |

-1-

MOTION FOR LEAVE TO AMEND
CASE NO. C 08-4548 MHP

Dockets.Justia.com

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Fed. R. Civ. P. 15 please take notice that on December 16, 2008, at 9:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Marilyn H. Patel, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, plaintiffs and counterclaim defendants RealNetworks and RealNetworks Home Entertainment, Inc. (collectively, "Real") will move, and hereby do move, for an order granting them leave to file an Amended Complaint for Declaratory Relief.  This motion is based on the following Memorandum of Points and Authorities, the [Proposed] Amended Complaint for Declaratory Relief attached as Exhibit A hereto, and the materials on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     ISSUE TO BE DECIDED (LOCAL RULE 7-4(A)(3))**

Should Real be granted leave to amend its Complaint for Declaratory Relief under Rule 15?

**II.    INTRODUCTION**

Plaintiffs and counterclaim defendants RealNetworks and RealNetworks Home Entertainment, Inc. respectfully move the Court for leave to amend their complaint to add claims closely related to those already asserted.  Real is currently developing a product that shares many of the functionalities of RealDVD, including DVD playback from both a physical drive and from a secure digitally-stored copy of the DVD (the "New Platform").  The New Platform is in the late stages of development and will be ready for release shortly, although no release date has been set.

Real proposes to amend its Complaint for Declaratory Relief filed on September 20, 2008 ("Complaint") so that the Court may determine, at the same time it adjudicates the RealDVD product, that the New Platform also does not violate the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et seq* or fail to comply with the standard-form CSS License Agreement to which Real is licensed.  The proposed Amended Complaint for Declaratory Relief ("Amended Complaint") will not prejudice the defendants.  The case, filed just six weeks ago, is

still in its initial stages; the New Platform raises substantially the same issues as RealDVD; and the defendants have been aware of the existence of the New Platform and Real's desire to add the New Platform to the case for at least the past three weeks.

The Court's decision as to whether Real may amend its complaint is independent from the question of whether the New Platform may be considered at the preliminary injunction hearing scheduled for January 27-29, 2009. Real submits that both questions should be answered in the affirmative, however, because the New Platform has the same functionality as the RealDVD product, and because Real intends to provide discovery regarding the New Platform under the same preliminary injunction schedule agreed upon by the parties for consideration of RealDVD.[1]

Because Real's Amended Complaint meets the standards of Rule 15 and will not materially alter the scope of the preliminary injunction proceedings, Real requests that the Court grant this motion and direct that the New Platform be adjudicated at the preliminary injunction hearing.

## III.   BACKGROUND

Simultaneous with the development of RealDVD, Real conceived of and began developing the New Platform. Like RealDVD, the New Platform provides DVD users with, among other things, the ability to save a personal copy of a DVD they own on a secure hard drive for their own personal use. (Amended Compl., ¶ 2, 24.) The personal copy created by the New Platform both preserves the CSS encryption and adds an additional lawyer of protection beyond that required by the CSS License Agreement. (*Id.*, ¶ 3, 24.) The New Platform therefore protects users from, among other things, damage or loss of a DVD, while ensuring that the

---

[1] The same cannot be said for the DVD Copy Control Association's ("DVD CCA") recent attempt to radically expand the scope of the preliminary injunction hearing. Immediately after the DVD CCA refused Real's request to stipulate to the requested amendment, the DVD CCA filed a its own amended pleading adding numerous counterclaims against Real, accompanied by a defective "Notice" of a new preliminary injunction motion against Real.

encryption protection in the original DVD is not only maintained, but heightened.  (*Id.*, ¶¶ 2-3, 24.)  In all of these ways, the New Platform is functionally identical to RealDVD.  (*Id.*)

Based on these similarities, Real determined after filing its Complaint and reviewing the Studio Defendants' Counter-Complaint that a ruling in this case was likely to affect Real's ability to bring the New Platform to market.  Indeed, the Studio Defendants' Counter-Complaint explicitly requests that the Court preliminarily and permanently enjoin Real from "selling, offering, marketing or otherwise trafficking in RealDVD, or any product with *substantially similar functionality*."  (Counter-Compl., Prayer for Relief ¶ (a) (emphasis added)).  The proposed order submitted by the Studio Defendants in support of their motion for a temporary restraining order requested similar relief.  ([Proposed] Temporary Restraining Order, at 2).  In short, the Studio Defendants have either *already* sought to enjoin the New Platform, or are certain do so upon release.

The Court's statements at the October 7, 2008 TRO hearing further instructed Real with respect to adjudication of its New Platform.  At the hearing, the Court admonished Real for having "rushed to market" with the RealDVD product without seeking "any kind of adjudication."  (Oct. 7, 2008 Tr. at 103-106 ("[O]nce that standstill agreement came to an end, instead of going to court, you rushed to market.")).  Real seeks to avoid the same charge with respect to the New Platform.

Thus, in the interests of efficiency and fairness, Real decided to seek adjudication of the New Platform and RealDVD, products with "substantially similar functionality," alongside each other.  On October 20, Real advised the Studio Defendants of the existence of the New Platform and requested their consent to adjudicate both the New Platform and RealDVD at the January preliminary injunction hearing.   Bal Decl., ¶¶ 2-4.  Although details surrounding the New Platform were and are highly confidential, Real offered on October 20 to provide the Studio Defendants' counsel with details about the New Platform, and agreed that counsel could share that information with one representative from each Studio pending entry of a protective order.  *Id.*, ¶ 4.  The Studios refused this offer, and during a subsequent conversation on October 21,

-4-
MOTION FOR LEAVE TO AMEND
CASE NO.  C 08-4548 MHP

advised Real that they believed the appropriate course of action with respect to the New Platform was for Real to amend its complaint as of right to add the New Platform. *Id.*, ¶¶ 4-5.

However, within an hour or two, defendant DVD CCA filed its answer to the Complaint, thereby preventing Real from amending as of right. Bal Decl., ¶ 6. On November 6, Real provided the DVD CCA and Studio Defendants with a copy of the Amended Complaint, and again sought their consent to file. *Id.*, ¶ 8. By letter dated November 7, the Studio Defendants indicated that they would not consent without more information about the New Platform, ostensibly because their clients could not otherwise make an informed decision. *See* Bal Decl., Ex. 2. They did not acknowledge Real's offer weeks ago to provide details about the New Platform. The DVD CCA sent a similar letter on November 10, also objecting to the filing of the Amended Complaint. Bal Decl., Ex. 3. On the same day, however, the DVD CCA took advantage of Rule 15 to file an Amended Answer, adding counter-claims that Real was never notified about, to replace the Answer that the DVD CCA precipitously filed on October 21, 2008 (to cut off Real's ability to amend as of right).

This motion followed.

**IV.     ARGUMENT**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires" and reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Decisions from the Ninth Circuit and the Northern District of California consistently apply Rule 15(a) to permit amendments with "extreme liberality." *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs, Ltd v. Leighton*, 833 F2d 183, 186 (9th Cir. 1987); *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.* 989 F. Supp. 1237, 1241 (N.D. Cal. 1997); *see also ASM Am., Inc. v. Genus, Inc.*, No. 01-2190 EDL, 2002 U.S. Dist. LEXIS 1351 at *12 (N.D. Cal. Jan. 9, 2002) (allowing defendant to amend counterclaims in light of liberal policy behind Fed. R. Civ. P. 15(a)).

1  Because Rule 15 favors liberal amendment, in the Ninth Circuit the non-moving party
2 bears the burden of demonstrating why leave to amend should be denied.  *See, e.g., DCD*
3 *Programs*, 833 F.2d at 186; *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal.
4 1989).  Four factors are relevant to that burden:  undue delay, bad faith or dilatory motive,
5 futility of amendment, and prejudice to the opposing party.  *Foman*, 371 U.S. at 182.  "These
6 factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of
7 leave to amend."  *DCD Programs*, 833 F.2d at 186.  Here, none of the four factors weighs in
8 favor of denying the requested amendment.

### A. Amendment Will Not Prejudice the Defendants

10  Defendants cannot possibly demonstrate that they will suffer undue prejudice if the
11 requested amendment is allowed.  They are familiar with the nature of the proposed amended
12 facts and claims, which are substantially identical to those relating to RealDVD.  *Morongo Band*
13 *of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990) (proposed amendment was
14 prejudicial where new claims set forth in the amended complaint would have greatly altered the
15 nature of the litigation and would have required defendants to have undertaken, at a late hour, an
16 entirely new course of defense).  Indeed, the Studio Defendants explicitly contemplated these
17 facts and claims when they prayed, in their Counter-Complaint, that the Court enjoin Real from
18 marketing any product that has "substantially similar functionality" as RealDVD.  (Counter-
19 Compl., Prayer for Relief ¶ (a).)  As the proposed Amended Complaint alleges, the New
20 Platform so qualifies.  (Amended Compl., ¶ __.)
21  The requested amendments were also contemplated by the Court's October 7, 2008 ruling
22 on defendants' request for a temporary restraining order.  One of the bases for the Court's
23 decision to grant the TRO was that Real had "rush[ed]" RealDVD to market without taking
24 advantage of "opportunit[ies] . . . to have had these issues resolved" by the Court prior to release.
25 (Oct. 7, 2008 Tr. at 103-104.)  That is precisely what Real is attempting to do now—to resolve
26 any ambiguity or uncertainty about whether the New Platform fails to comply with the CSS
27 License Agreement, or subjects Reals to potential DMCA liability, <u>prior</u> to its release.  That is
28 surely a more efficient path than forcing Real to release the New Platform at some later point,

-6-
MOTION FOR LEAVE TO AMEND
CASE NO.  C 08-4548 MHP

only to have defendants immediately seek to prevent further distribution, either in this Court or elsewhere.

Even if defendants can somehow demonstrate prejudice arising out of the proposed amendments, that prejudice must be weighed against the prejudice to Real if the amendment is not permitted, and the denial must be in the interests of justice. *See* Fed. R. Civ. P. 15(a). The prejudice to Real if it is not allowed to amend will be substantial. If the Company is required to release the New Platform prior to a ruling on the proposed amendments, Real might needlessly incur significant costs and expenses associated with bringing the New Platform to market. And if, as is likely, the New Platform prompts a second fast-track lawsuit by the defendants upon release, those proceedings will present costly and duplicative discovery issues, and may be complicated by questions of collateral estoppel or present the possibility of inconsistent rulings. This prejudice can and should be avoided by permitting the proposed amendments.

### B. Amendment Will Not Be Futile

The Studio Defendants have taken the position that there can be no "actual controversy" about the New Platform as long as they "have no idea what it is." Bal Decl., Ex. 2. They will presumably argue futility on the same basis. It is a losing argument. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A declaratory judgment action requires no more than a definite, concrete controversy between parties having adverse legal interests and the possibility "of specific relief through a decree of a conclusive character." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937); 28 U.S.C. § 2201(a). The test is whether the alleged facts, under all circumstances, show a sufficiently immediate and substantial controversy between the parties. *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Those standards are unquestionably satisfied here. There is no dispute that the New Platform and RealDVD contain substantial similarities, or that Real has a present intention to bring the New Platform to market. (Amended Comp., ¶ 25.) When combined with the defendants' allegations about RealDVD, and their broad request to enjoin the distribution of

-7-
MOTION FOR LEAVE TO AMEND
CASE NO. C 08-4548 MHP

"substantially similar" products, there is an "actual controversy" within the meaning of 28 U.S.C. § 2201. Any claim to the contrary would be nonsensical. As is made clear in the Amended Complaint, the New Platform offers functionality permitting DVD playback from a secure digitally-stored copy of a DVD on a hard drive. (Amended Comp., ¶ 24.) This is the exact functionality that was the basis of the Studio Defendants' request for a TRO against RealDVD. To now claim, after seeing this functionality described in the Amended Complaint, to have "no idea" what the New Platform does, is simply disingenuous.

In any event, the decision in *Fin. Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, No. 06-2451 (N.D. Cal. Dec. 18, 2006) is on point. There, the court permitted amendment of a declaratory complaint based on "broadly" worded patent infringement allegations involving the Internet website www.bankofamerica.com and "related websites." *Id.* at *2-*3. The proposed amendment, the court held, implicated a "related website," and accordingly presented an actual controversy. *Id.* ("Thus, while Ablaise may not have identified the Military Bank Website as infringing, their First Amended Complaint in the Delaware Action is worded so broadly as to implicate it.") The same is true of the defendants' allegations here—they are purposefully worded broadly in an effort to enjoin Real from releasing any product *similar* to RealDVD. Given these allegations, and Real's undisputed intention to release the New Platform, the proposed amendments present an "actual controversy." 28 U.S.C. § 2201(a).

### C.  The Proposed Amendment Is Not the Product of Bad Faith, and Will Not Cause Undue Delay

Real's motives in bringing this motion are the opposite of bad faith. *See DCD Programs,* 833 F.2d at 187 (in order for a court to find that a moving party filed for leave to amend in bad faith, the adverse party must offer evidence that shows "wrongful motive" on the part of the moving party.) As discussed above, the inclusion of the New Platform in these proceedings—including in the preliminary injunction proceedings—will result in significant efficiency gains, and will more closely align Real's intentions concerning the New Platform to the Court's view that disputes over products such as RealDVD and the New Platform should be adjudicated prior to release. It will also align the proceedings with the prayer for relief made by the Defendants to enjoin the distribution of products that have functionality "similar" to RealDVD.

-8-

MOTION FOR LEAVE TO AMEND
CASE NO. C 08-4548 MHP

Finally, adding the New Platform to these proceedings, and adjudicating it alongside RealDVD at the preliminary injunction proceeding, will not cause undue delay.  Real informed the defendants' of the New Platform weeks ago, and offered to provide significant detail about its functionalities.  While discovery has commenced, and is on a fast track, adjudicating the New Platform at the preliminary injunction hearing will not require the defendants to produce *any* new material.  Real is prepared to produce documents relating to the New Platform alongside its productions relating to RealDVD, and seeks no adjustment to the existing schedule.[2]  Given the common questions presented by the two products in question, none will be necessary. *See Solomon v. North Am. Life & Cas. Ins. Co.,* 151 F.3d 1132, 1139 (9th Cir. 1998) (undue delay may result in prejudice when a proposed amendment is asserted at a late stage of the action and would inevitably lead to a delay in the trial and further expense to the opposing party.)

**CONCLUSION**

For the foregoing reasons, Real respectfully requests that the Court grant its Motion for Leave to Amend.

Dated:  November 11, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/
　　　Michael A. Berta

Attorneys for Plaintiffs REALNETWORKS, INC. and REALNETWORKS HOME ENTERTAINMENT, INC.

---

[2] To date, the parties have reached agreement with respect to most aspects of a pre-hearing schedule, including a November 17, 2008 deadline to exchange documents, a December 12 deadline for depositions of fact witnesses; a December 18 deadline for exchange of expert reports; a January 7 deadline for expert depositions, and a briefing schedule.  Real intends to provide information to the Defendants about the New Platform and RealDVD on this same schedule.  The Defendants do not need to provide any additional discovery to Real to accommodate adjudication of the New Platform at the preliminary injunction hearing.