1  JAMES A. DiBOISE, State Bar No. 83296
    Email: jdiboise@wsgr.com
2  COLLEEN BAL, State Bar No. 167637
    Email: cbal@wsgr.com
3  MICHAEL A. BERTA, State Bar No. 194650
    Email: mberta@wsgr.com
4  TRACY TOSH LANE, State Bar No. 184666
    Email: ttosh@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
6  One Market Street
    Spear Tower, Suite 3300
7  San Francisco, CA 94105

8  Attorneys for Plaintiffs and
    Counterclaim Defendants
9  REALNETWORKS, INC. and
    REALNETWORKS HOME
10 ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,<br><br>Defendants.<br><br>AND RELATED CASES | Case Nos. C08 04548 MHP;<br>C08 04719 MHP<br><br>**DECLARATION OF COLLEEN BAL IN SUPPORT OF PLAINTIFFS AND COUNTERCLAIM DEFENDANTS' MOTION FOR LEAVE TO AMEND** |

DECLARATION OF COLLEEN BAL
CASE NOS. 08-cv-04548 MHP
 08-cv-04179 MHP
.

I, Colleen Bal, declare:

1. I am an attorney at law duly licensed to practice in the State of California and before this Court. I am a partner at the law firm of Wilson Sonsini Goodrich & Rosati, and one of the counsel for RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (collectively "Real"), plaintiffs and counterclaim defendants in the above-captioned matter. I make this Declaration in support of Plaintiffs' and Counterclaim Defendants' Administrative Motion for Leave to Amend. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. On the morning of October 20, 2008, I called counsel for the Studio Defendants, Kelly Klaus, to discuss the fact that Real was developing and would soon release a product similar in functionality to RealDVD. I told Mr. Klaus that Real sought to add the new product to the preliminary injunction proceedings, particularly in view of the Court's statement at the October 8, 2008 temporary restraining order hearing that Real had "rushed to market" with RealDVD "and didn't wait for any kind of adjudication." As I indicated to Mr. Klaus at the time, I believed that incorporating the new product into the preliminary injunction proceedings might affect the Studios' view of the scope of discovery and the hearing, and I wanted to give the Studios sufficient notice of the new product so that they could plan accordingly. I also told Mr. Klaus that since the product had not yet been released, information about the product was confidential and extremely sensitive.

3. In response, Mr. Klaus advised me that he would have to talk to the Studios to determine their position with respect to the addition of the new product into the proceedings. He also indicated that he believed he would need to be able to reveal confidential information about the product to his clients so that they could determine their positions on that issue, and he asked that I consider the extent to which Real would permit internal Studio representatives to have access to such information. At some point during our conversation, Mr. Klaus added his colleague Glenn Pomerantz into the discussion. I do not specifically recollect at what point Mr. Pomerantz joined the call.

DECLARATION OF COLLEEN BAL
CASE NOS. 08-cv-04548 MHP
 08-cv-04179 MHP

1

.

4. Later that same day, I called Mr. Klaus to continue our discussions regarding the new product. I told Mr. Klaus that since our call earlier that morning, I had secured Real's agreement to disclose certain confidential information about the new product to at least one internal representative from each of the Studios, who I anticipated would have access to highly confidential information under the yet-to-be negotiated protective order, in addition to outside counsel. I expressly told Mr. Klaus that I was prepared to share that information with him during the telephone call, subject to the restriction that the information could only be shared with one client representative from each of the Defendant Studios, so that he could secure his clients' agreement to include the new product in the preliminary injunction proceedings. Mr. Klaus declined my offer of information, saying that he would have to confer with his clients before receiving it and that he hoped to provide a response to me shortly. I did not receive any further response from Mr. Klaus on the subject.

5. The next day, October 21, 2008, we were directed by the Court's clerk to submit letter briefs regarding various disputes between the parties concerning the scope and length of the preliminary injunction hearing, and related discovery. In its letter (served electronically through the ECF system to all counsel, including counsel for the DVD CCA), Real requested that the new product be added to the preliminary injunction proceedings so that any injunction ruling would apply to both RealDVD and the new product. (Oct. 21, 2008 letter from Colleen Bal to Judge Patel, attached hereto as Ex. 1.). The Court did not address this request in its ruling, which was delivered by the Court's clerk during a telephone conference to Mr. Pomerantz and me late in the afternoon. Real had no opportunity to raise the issue directly with the Court.

6. After the telephonic conference with Mr. Bowser, my colleague Michael Berta and I held a further telephone conference with Mr. Pomerantz to discuss the Court's ruling. Among other things, I reminded Mr. Pomerantz that Real wanted to adjudicate the new product along with RealDVD during the preliminary injunction hearing, and again asked for the Studios' position on that subject. In response, Mr. Pomerantz observed that Real could simply amend its complaint as of right at that point since neither the Studios nor the DVD CCA had answered. He stated that he believed that was the appropriate next step. Within about an hour or two of his

DECLARATION OF COLLEEN BAL  
CASE NOS. 08-cv-04548 MHP  
 08-cv-04179 MHP

2

1 statement, defendant DVD CCA filed its answer, thereby preventing Real from amending its complaint as of right.

2 7. The new product that was the subject of these discussions is referred to in the proposed Amended Complaint as the "New Platform" because it does not yet have a release name. It is not described in great detail because prior to release such detail is highly confidential and competitively sensitive.

8. No longer able to amend as of right, on November 6, 2008 Real sent a draft proposed amended complaint to counsel for the Studios, and asked whether the Studios would stipulate to, or not oppose, its filing.

9. On November 7, Mr. Klaus responded by letter, stating that the Studios could not agree to the proposed amendment because they did not know enough about the new product to determine whether there is an actual controversy. (Nov. 7, 2008 Letter from Kelly Klaus to Michael Berta, attached hereto as Ex. 2.) Mr. Klaus does not acknowledge that I offered to provide him with such information on October 20, or that he declined my offer. In his letter, Mr. Klaus also disputes that I informed him on October 20 of "the fact of the existence of the New Platform and that it would be brought to market shortly." (*Id.*) I did in fact provide him with that information. Consistent with the offer I made weeks ago to Mr. Klaus, Real remains ready to provide confidential information and discovery to the Studios concerning the new product.

10. The DVD CCA sent a similar letter on November 10, indicating that it would not agree to Real's filing an amended complaint. (Nov. 10 Letter from Reginald Steer to Michael Berta, attached hereto as Ex. 3.) This letter is also incorrect in several respects, including in the claim that Real "belatedly" raised the issue of the new product "for the first time" on November 6, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 11th day of November 2008 in San Francisco, California.

/s/
Colleen Bal

DECLARATION OF COLLEEN BAL
CASE NOS. 08-cv-04548 MHP
 08-cv-04179 MHP

3