MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

November 7, 2008

WRITER'S DIRECT LINE
(213) 683-9238
(213) 683-4038 FAX
Kelly.Klaus@mto.com

**VIA EMAIL**

Michael A. Berta, Esq.
Wilson Sonsini Goodrich & Rosati
One Market
Spear Street Tower, Suite 3300
San Francisco, CA 94105-1126

    Re:    *Universal City Studios Productions LLLP et al. v. RealNetworks, Inc. et al.*, N.D. Cal.

Dear Mike:

    I am writing in response to your November 6, 2008 email, requesting the Studio Plaintiffs' consent to Real's filing of an amended declaratory judgment complaint. Our clients cannot consent to the filing of the amended complaint, because Real has not provided them with information they would need to make an informed decision about the amendment.

    Real's proposed amendments relate to something that the amended complaint describes opaquely as the "New Platform." The amended complaint does not provide any facts about what the "New Platform" is – is it computer software? is it computer hardware? is it a combination of the two? – other than to say that the "New Platform" "has similar planned functionality" to RealDVD. Proposed Amendment ¶ 2.

6304707.1

MUNGER, TOLLES & OLSON LLP

Michael A. Berta, Esq.
November 7, 2008
Page 2

The proposed amended complaint misleadingly states that around October 20, "Plaintiffs made known to Defendants the fact of the existence of the New Platform and that it would be brought to market shortly." *Id.* ¶ 25. That is not correct. What really happened on October 20 is that Colleen Bal called us and said that Real had "another product" that Real wanted to add to the Court's consideration of our clients' preliminary injunction motion concerning RealDVD. Colleen did not tell us anything further about the "new product," much less that "it would be brought to market shortly." Colleen said that Real would not provide any information about this "new product" unless we agreed that only "outside counsel" could consider it. We told Colleen there is no way our clients can make an informed decision about whether they object to a "new product," or whether to seek a preliminary injunction restraining its distribution, if they do not know anything about the "new product." We heard nothing further from Real relating to a "new product" until you sent the proposed amendment yesterday that refers to the "New Platform."

Given this history, we do not see how Real can allege, consistent with the Rules, that our clients have made any "claims" relating to the "New Platform," much less a claim that this "New Platform" violates the DMCA or the CSS License. How can Real and our clients have an actual controversy over the "New Platform" when our clients have no idea what it is?

Finally, if Real intends to try to inject the "New Platform" into the scope of the preliminary injunction motion that we have discussed with the Court, the Studios object. The Court told the parties the issues it wants them to address at the scheduled hearing on January 27, 2008, and the "New Platform" is not among them. Real did not say anything about the "New Platform" at the TRO hearing or in any other filing with the Court, and it has not told our clients anything about the "New Platform" either. Moreover, if there is a dispute about a "New Platform," we do not see how that could be worked into and resolved under the current schedule, since there would have to be additional discovery and expert analysis.

In sum, if Real would like to amend its complaint to state that there is an actual controversy regarding the "New Platform," Real should tell our clients what the "New Platform" is, and we will consider Real's request to agree to the filing of an amended complaint. This letter is without waiver of our clients' rights, all of which are expressly reserved.

Sincerely,

Kelly M. Klaus

cc:   All counsel (by email)