JAMES A. DiBOISE, State Bar No. 83296
Email: jdiboise@wsgr.com
COLLEEN BAL, State Bar No. 167637
Email: cbal@wsgr.com
MICHAEL A. BERTA, State Bar No. 194650
Email: mberta@wsgr.com
TRACY TOSH LANE, State Bar No. 184666
Email: ttosh@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105

Attorneys for Plaintiffs and
Counterclaim Defendants
REALNETWORKS, INC. and
REALNETWORKS HOME
ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,<br><br>Defendants.<br><br>AND RELATED CASES | Case Nos. C08 04548 MHP;<br>C08 04719 MHP<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE DVD COPY CONTROL ASSOCIATION, INC.'S MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO CIVIL LOCAL RULES 65-2 AND 7-2 AND F.R.C.P. 7(b)(1)**<br><br>**Before: Hon. Marilyn Hall Patel**<br>**Dept: Courtroom 15**<br>**Date: December 22, 2008**<br>**Time: 2:00 p.m.** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on December 22, 2008 at 2:00 p.m. or at such date and time as the Court may establish, and pursuant to Civil L.R. 65-2 and 7-2, as well as Fed. R. Civ. P. 7(b)(1), Plaintiffs and Counterclaim Defendants RealNetworks ("Real") hereby move before the Honorable Marilyn Hall Patel for an Order striking the Notice of Motion and Motion of DVD Copy Control Association, Inc. for Preliminary Injunction.

This Motion is based on the memorandum immediately below, the argument of counsel and any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

On November 10, 2008, Defendant and Counterclaimant DVD Copy Control Association, Inc. ("DVD CCA") filed with this Court a purported Notice of Motion and Motion for Preliminary Injunction. DVD CCA's one-page filing fails to provide any notice of the grounds upon which its motion is based. It also fails to include any supporting memorandum of points and authorities, stating instead that the motion will be based upon a memorandum to be filed at some indefinite time in the future. Notice at 2 (motion is based upon "the supporting Memorandum of Points and Authorities and related declarations *to be filed on a date to be set by the Court*.") (emphasis added). DVD CCA purports to notice its preliminary injunction motion for January 27, 2009—the same date on which the hearing on the Studio Defendants' preliminary injunction motion is scheduled. However, unlike the Studio Defendants' motion, which follows a fully-briefed and argued motion for temporary restraining order, the factual and legal arguments upon which the DVD CCA seeks to enjoin Real are entirely unknown to Real.

# ARGUMENT

### A. The DVD CCA's Notice of Motion and Motion for Preliminary Injunction Should be Stricken as Failing to Comply with the Federal And Local Rules

The DVD CCA's notice of motion and motion for preliminary injunction is fatally defective in several respects and therefore should be stricken.

First, although the DVD CCA purports to bring its notice of motion and motion pursuant to Rule 65 of the Federal Rules of Civil Procedure and Civil Local Rule 65-2, it wholly fails to comply with the requirements of those rules. Federal Rule of Civil Procedure 7(b) requires that DVD CCA's motion "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). DVD CCA's motion does nothing more than describe the injunction sought, while offering not a single reason why the Court should grant its motion. It therefore does not satisfy the particularity requirements of Rule 7(b)(1), and for this reason alone, should be stricken. *Compare Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1249 (9th Cir. 1982) (65-page memorandum of point and authorities which addressed the substantive legal questions at issue on the motion satisfied Rule 7(b) particularity requirement).

Second, the DVD CCA's notice of motion and motion also fails to comply with the local rules. Pursuant to Civil Local Rule 65-2, the motion is governed by Civil Local Rule 7-2 because the DVD CCA never filed a motion for temporary restraining order. *See* Civil L. R. 65-2 ("Motions for preliminary injunctions unaccompanied by a temporary restraining order are governed by Civil L.R. 7-2."). Among other things, all motions governed by Civil Local Rule 7-2 *must contain the points and authorities relied upon by the moving party in support of the motion*. Civil L.R. 7-2(b)(4) ("In *one filed document* not exceeding 25 pages in length, a motion must contain . . . the points and authorities in support of the motion.")(emphasis added). This rule makes sense. If, as here, the moving party never filed a motion for temporary restraining order, the defending party simply does not and cannot know the legal or factual arguments upon which the injunction is being sought unless the moving party concurrently files the points and

authorities with its motion for preliminary injunction.[1]  Because the DVD CCA did not file a motion for temporary restraining order setting forth its arguments, and also did not file "the points and authorities relied upon" with its notice of motion, its notice fails to comply with Civil L.R. 7-2(b).  For this additional reason, the notice of motion and motion should be stricken.

### B. Allowing the DVD CCA to Proceed on the Defective Notice Would be Prejudicial to Real

Requiring the DVD CCA to comply with the federal and local rules is not mere formality.  To the contrary, the DVD CCA's effort to schedule a hearing on a motion for preliminary injunction against Real without providing Real with timely notice of the facts and arguments upon which the DVD CCA seeks to rely is extremely prejudicial to Real.

The DVD CCA seeks to schedule its unknown motion for preliminary injunction on the same January 27-29, 2009 dates on which the Studio Defendants' motion for preliminary injunction is scheduled to be heard.  But that hearing date – and pre-hearing discovery deadlines agreed upon by Real and the Studio Defendants – came about under very different circumstances than those at issue here.  As this Court and the DVD CCA are aware, the Studio Defendants filed an application for temporary restraining order supported by a 25-page memorandum of points and authorities and several declarations in early October.  *See* Docket No. 8.  The Court heard argument on the Studios' application on October 7, and advised the parties that the restraining order against Real would stay in effect until the Court had a fuller opportunity to consider the issues in the form of an evidentiary preliminary injunction hearing and related briefing.  Thereafter, because Real was on notice of the grounds on which the Studios' motion would be based, Real and the Studios could and did engage in negotiations regarding the length and scope of discovery, the deadlines to exchange documents, witness lists and expert reports, and a

---

[1] In contrast, if the moving party files a motion for temporary restraining order, Local Rule 65-1 requires that such motion be accompanied by "[a] separate memorandum of points and authorities in support of the motion" and "[s]uch other documents in support of the motion which the party wishes the Court to consider."  Thus, the local rules contemplate that the opposing party be put on notice of the legal and factual arguments supporting a request for an injunction with the application for a TRO, or if there is no application for a TRO, at the time the preliminary injunction is noticed.

briefing schedule in advance of the January 27-29, 2008 hearing.  Under that schedule, Real and the Studios are in the process of exchanging documents, will depose each others' witnesses and exchange expert reports from early December to early January, and will simultaneously exchange opening and responsive briefs supplementing the TRO papers in the weeks prior to the January hearing.[2]

The DVD CCA apparently intends to "piggyback" on the existing schedule without having filed any papers in support of a motion for preliminary injunction.  The burden of an additional motion for preliminary injunction while Real is already defending against the Studios' motion would be substantial under any circumstances.  But here, the situation is impossible because the DVD CCA has filed only a placeholder notice of motion and has concealed its arguments in support of the motion.  Thus, Real knows only that it is charged by the DVD CCA with breach of the CSS License Agreement.  There is no way for Real to try to anticipate all the arguments that the DVD CCA might make against Real, particularly where the agreement asserted by the DVD CCA comprises close to 200 pages of convoluted definitions and technical specifications.  Under these circumstances, Real cannot reasonably be expected to depose the DVD CCA's witnesses (or even to know which witnesses are most relevant to the DVD CCA's claims); to provide expert reports addressing the DVD CCA's factual arguments; or to simultaneously exchange opening briefs with the DVD CCA prior to the hearing.

---

[2] Real and the Studios are close to finalizing the pre-hearing deadlines.  The currently contemplated schedule is as follows:

- November 24:  deadline to produce documents
- November 24 and December 1:  deadline to disclose witnesses
- December 1 – December 16:  fact depositions
- December 19:  deadline to exchange expert reports
- December 22 – January 7:  expert depositions
- January 13:  simultaneous opening briefs
- January 20:  simultaneous reply briefs

1    It is precisely for reasons such as these that the local and federal rules require a party seeking a preliminary injunction to give fair and timely notice of its legal and factual arguments to the defending party.  Because DVD CCA's notice of motion and motion for preliminary injunction fails to comply with Local Civil Rules 65-2 and 7-2, and Federal Rule of Civil Procedure 7(b)(1), and clearly prejudices Real's ability to oppose the motion effectively, Real respectfully requests that the Court strike the motion.  If the DVD CCA thereafter files a motion for preliminary injunction that complies with the local and federal rules, the Court and the parties may knowledgeably address at that point when and under what circumstances the motion should be heard.

Dated:   November 17, 2008        WILSON SONSINI GOODRICH & ROSATI
                                  Professional Corporation


                                  By:      /s/
                                        Colleen Bal


                                  Attorneys for Plaintiffs
                                  REALNETWORKS, INC. AND
                                  REALNETWORKS HOME
                                  ENTERTAINMENT, INC.

    I, Michael Berta, am the ECF User whose identification and password are being used to file this Notice of Motion and Motion to Strike DVD Copy Control Association, Inc.'s Motion for Preliminary Injunction Pursuant to Civ. L.R. 65-2 and 7-2 and F.R.C.P. 7(b)(1).  In compliance with General Order 45.X.B, I hereby attest that Colleen Bal has concurred in this filing.

 Dated:  November 17, 2008        WILSON SONSINI GOODRICH & ROSATI
                                  Professional Corporation


                                  By:  /s/
                                        Michael Berta

                                  Attorneys for Plaintiffs and Counterclaim
                                  Defendants