

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

PHONE 415.947.2000
FAX 415.947.2099
www.wsgr.com

November 20, 2008

BY E-FILING AND HAND DELIVERY
Honorable Marilyn Hall Patel
United States District Court

Re:   *RealNetworks v. DVD CCA, et al.*, Case No. C-08-4548-MHP

Dear Judge Patel:

I write on behalf of Plaintiffs ("Real") to address the following disputes:

**I. PROTECTIVE ORDER**: Real has already produced source code to Defendants under an interim protective order. Its proposed final order differs from Defendants' in 2 respects:

<u>Real's Source Code (A Provision; Section 14)</u>:
- Electronic copies – 1 to Studios and 1 to DVD CCA, to be maintained at offices of outside counsel on stand-alone, non-networked computer;
- Hard copies - Real will provide printed portions of the code upon request.

Real's own experts have thus far abided by this proposal and it is consistent with *Collaboration Properties, Inc. v. Tandberg ASA*, 2006 WL 2398766 (N.D. Cal. 2006) (Patel, J.) (limiting production of source code to 1 electronic copy on non-networked computer at office of expert or outside counsel, and 3 hard copies). Defendants' request for 6 electronic copies and unlimited hard copies is too risky. Locating electronic source code at multiple Defendants' experts' offices is also unacceptably risky, especially where Defendants here have declined to disclose Defendants' experts' "confidential" consulting arrangements with unidentified third parties.

<u>"Outside" Counsel (A Provision; Section 2.9)</u>: Studios wish to "retain" in-house counsel at a trade association (MPAA) and give them access as "outside" counsel to Real's confidential information and source code, contrary to the standard N.D. Cal Form. The MPAA is neither a party nor a law firm. It has no need to access Real's confidential information, and is not entitled to use a claimed status as "counsel of record" as a platform for issuing press releases on this matter.

**II. STUDIOS SHOULD PRODUCE DISCOVERY RAISED IN TRO PAPERS**: In their TRO papers, the Studios claimed harm to their "Managed Copy," "Digital Copy," "Burn-to-DVD" and "Digital Download" products, and that harm was incalculable. Studios should produce (a) documents sufficient to show the technology underlying these products and how they comply with the CSS Agreement, and (b) high level reports/estimates of losses due to claimed illegal copying and the calculations of such losses. To address burden, Real seeks these documents from only one relevant custodian at each of the Studio defendants.

**III. DVD CCA SHOULD NOT BE ENTITLED TO SEPARATE PI BRIEFING**: Real moved to strike DVD CCA's 1-page PI motion as failing to include a memorandum of P&A's required by the FRCP and local rules. DVD CCA intends to "remedy" this failure by submitting a PI brief in "mid-December." Real requests that all Defendants be limited to a joint brief so Real is not forced to answer multiple briefs at different times.

AUSTIN   NEW YORK   PALO ALTO   SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Hon. Marilyn Hall Patel
November 20, 2008
Page 2

Very truly yours,

Colleen Bal

cc: All Counsel