MUNGER, TOLLES & OLSON LLP

Re: *Universal City Studios Productions LLLP et al v. RealNetworks, Inc.*, Nos. 08-4548/4719

Dear Judge Patel:

I write on behalf of the Studio Plaintiffs regarding three disputes with Real:

1. **Experts Should Be Able to Review RealDVD Source Code at Their Offices [Protective Order ¶ 14]**: Real refuses to allow the Studios' experts to analyze the RealDVD source code anywhere but at the offices of Studios counsel and insists on prior approval for any printouts. The Studios' proposed ¶ 14, by contrast, allows experts to analyze the code at their offices, with ample protection for Real's code, including access logs and non-networked, password-protected computers kept under lock and key. Real has not objected to either of the Studios' experts.

Real's restrictions on source code review are unfair and prejudicial. A critical issue is how RealDVD operates. Figuring that out from the source code is a monumental task. Real has shown us 9 million+ lines of code and 47,434 files, and it claims it has no design documents that provide a roadmap to the code. Real can educate its experts about its code easily but Real refuses to provide anyone for an informal conversation, or even early deposition, to explain the code to our experts. Hence, our experts are looking for needles in a haystack. Those experts live in Virginia and Santa Barbara. Requiring them to relocate to San Francisco or Los Angeles between now and the expert report date (Dec. 19) is inordinately burdensome.

There is nothing unique about a party (particularly one like Real, that filed a declaratory judgment action) producing source code. The Patent Rules in this District (at the epicenter of the tech industries) provide for it, Patent L.R. 3-4. In the *Microsoft* MDL, in which the undersigned represented Microsoft, Real demanded (and obtained) that its experts be able to review Microsoft's source code at their own offices. The Court should enter our form of ¶ 14.

2. **Whether MPAA Counsel Appearing As Counsel of Record Are Outside Counsel [Protective Order ¶ 2.9]**: Gregory Goeckner and Daniel Robbins have appeared as the Studios' counsel. They also are General Counsel and Deputy G.C., respectively, at the MPAA. Under the Studios' ¶ 2.9, Messrs. Goeckner and Robbins are outside counsel, as they are on the Court's docket. Real insists that they be treated as "house counsel," and that their access to Highly Confidential documents count against the limited number of in-house counsel for each Studio with such access. Real's position is baseless and unfair. MPAA lawyers have appeared as counsel for the Studios for decades. Mr. Goeckner was counsel in *Grokster*; Mr. Robbins has been counsel in other CSS litigation, including cases with Real's lawyers on the other side. (There is nothing unusual about trade association lawyers serving as counsel; RIAA lawyers were counsel to the *Napster* plaintiffs.) Like any other counsel of record, Messrs. Goeckner and Robbins are officers of the Court. Real has offered no reason why they cannot or should not be treated as the outside counsel they are.

3. **Real's Discovery Motion is Meritless**: We met and conferred at length with Real to narrow the document requests to material that was necessary for the preliminary injunction and that could be completed in a limited time. We are doing everything possible to review a mass of data to get it produced next week. Real recently demanded documents regarding (i) losses from piracy and (ii) the technology underlying other digital products. These are irrelevant and highly sensitive documents that have nothing to do with the harm from RealDVD (which documents the Studios have agreed to collect and are reviewing). We can provide Real with published studies regarding internet piracy. Requiring more is burdensome and unnecessary.

MUNGER, TOLLES & OLSON LLP

Respectfully submitted

*[signature]*

Rohit K. Singla