# AKIN GUMP
# STRAUSS HAUER & FELD LLP

━━━━━━━━━━  Attorneys at Law

November 20, 2008

Re:  *RealNetworks, Inc., et al.* v. *DVD CCA, et al.,* Case No. C-08-04548 (and related case)

Dear Judge Patel:

This letter is pursuant to Mr. Bowser's November 11, 2008 instructions to address certain protective order and scheduling disputes between the parties. The parties have met and conferred on several occasions and have reached agreement except as follows:

**Protective Order Dispute**: DVD CCA and Real disagree over one modification to the standard Northern District Stipulated Protective Order ("N.D. Cal. Standard Protective Order"). This modification, Section 14, addresses access to Real's source code. The N.D. Cal. Standard Protective Order does not contain any specific provisions relating to computer source code. It presumes that the restriction of "Highly Confidential – Attorneys' Eyes Only" Information to Outside Counsel and approved Experts under the protocols of the order is sufficient protection. Real is requesting a substantially more onerous level of restriction with respect to its source code. DVD CCA has agreed to more restrictive provisions, but they cannot agree to provisions that would materially impede the analysis of the information by their counsel and experts. (*Compare* section 14 proposals in Ex. A.)

DVD CCA's proposed source code provision calls upon Real to produce limited copies of electronic, searchable source code (3 copies for the Studio Defendants and 3 copies for DVD CCA), which would be accessible only by Outside Counsel and approved Experts in their offices, and subject to strict security requirements including restriction of the source code to a standalone computer that is maintained under lock and key, with the source code protected on the computer by encryption and password protections, and subject to specific limitations on printing, etc. These provisions go substantially beyond the provisions of the N.D. Cal. Standard Protective Order. Real has previously agreed to virtually identical provisions in *Real Networks* v. *Microsoft (In re: Microsoft Antitrust Litigation)* U.S.D.C Maryland Case No. JFM – 04 – 968; as did Wilson Sonsini in this Court in *VMWare* v. *Connectix,* U.S.D.C N.D. Cal. Case No. 02-03705 DLJ.

In contrast, Real's proposal would permit only *one* copy of source code for the Munger Tolles & Olson law firm (representing the Studios) and *one* copy of source code for the White & Case law firm (representing the DVD CCA) and would completely exclude the Akin Gump law firm. Real's proposal also imposes untenable and unjustifed limitations on expert access (i.e. *only* at the Bay Area office of the named firms) and printing necessary for effective analysis, among others. DVD CCA believes that the undertaking required to be signed by each Expert eliminates the need for Real's excessive restrictions.

**Shortened Briefing Time for Real's Motion to Strike**: Based on the call with Mr. Bowser, DVD CCA understood that the Court could not accommodate a shortened schedule and therefore does not join Real's request. Moreover, DVD CCA has informed Real that it intends to file a memorandum of points and authorities in support of its motion for preliminary injunction in accordance with the noticed hearing date. Counsel for the DVD CCA believes that this will moot Real's Motion to Strike.

Dockets.Justia.com

**AKIN GUMP**
**STRAUSS HAUER & FELD** L.L.P.
Attorneys at Law

Honorable Marilyn Hall Patel
November 20, 2008

Very truly yours,

Reginald Steer
Counsel for DVD CCA

ML:wu

cc:    All Counsel of Record

# EXHIBIT A

1   JAMES A. DiBOISE (SBN 83296)
    jdiboise@wsgr.com
2   COLLEEN BAL (SBN 167637)
    cbal@wsgr.com
3   MICHAEL A. BERTA (SBN 194650)
    mberta@wsgr.com
4   TRACY TOSH LANE (SBN 184666)
    tosh@wsgr.com
5   **WILSON SONSINI GOODRICH &**
    **ROSATI PC**
6   One Market Street, Spear Tower, Suite 3300
    San Francisco, CA 94105
7   Tel: (415) 947-2000; Fax: (415) 947-2099
8   Attorneys for Plaintiffs
    **REALNETWORKS, INC. and**
9   **REALNETWORKS HOME**
    **ENTERTAINMENT**
10
11  GLENN D. POMERANTZ (SBN 112503)
    Glenn.Pomerantz@mto.com
12  BART H. WILLIAMS (SBN 134009)
    Bart.Williams@mto.com
13  KELLY M. KLAUS (SBN 161091)
    Kelly.Klaus@mto.com
14  **MUNGER TOLLES & OLSON LLP**
    335 South Grand Avenue, 35th Floor
15  Los Angeles, CA 90071-1560
    Tel: (213) 683-9100; Fax: (213) 687-3702
16
    ROBERT H. ROTSTEIN (SBN 72452)
17  rxr@msk.com
    ERIC J. GERMAN (SBN 224557)
18  ejg@msk.com
    BETSY A. ZEDEK (SBN 241653)
19  baz@msk.com
    **MITCHELL, SILBERBERG & KNUPP LLP**
20  11377 West Olympic Boulevard
    Los Angeles, CA 90064-1683
21  Tel: (310) 312-2000; Fax: (310) 312-3100
22  Attorneys for Defendants
    **PARAMOUNT PICTURES CORP., SONY**
23  **PICTURES ENTERTAINMENT, INC.,**
    **TWENTIETH CENTURY FOX FILM CORP.,**
24  **NBC UNIVERSAL, INC., WARNER BROS.**
    **ENTERTAINMENT, INC., and VIACOM, INC.**

REGINALD D. STEER (SBN 056324)
rsteer@akingump.com
MARIA ELLINIKOS (SBN 235528)
mellinikos@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD**
**LLP**
580 California, 15th Floor
San Francisco, California 94104-1036
Tel: (415) 765-9500; Fax: (415) 765-9501

EDWARD P. LAZARUS (SBN 212658)
elazarus@akingump.com
STEPHEN MICK (SBN 131569)
smick@akingump.com
MICHAEL SMALL (SBN 222768)
msmall@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD**
**LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: (310) 229-1000; Fax: (310) 229-1001

WILLIAM SLOAN COATS (SBN 94864)
wcoats@whitecase.com
MARK WEINSTEIN (SBN 193043)
mweinstein@whitecase.com
MARK F. LAMBERT (SBN 197410)
mlambert@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Tel: (650) 213-0300; Fax: (650) 213-8158

Attorneys for Defendant
**DVD COPY CONTROL ASSOCIATION, INC**

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation, <br><br> Defendants. <br><br> AND RELATED CASES | Case Nos. C08 04548 MHP; C08 04719 MHP <br><br> **[PROPOSED] PROTECTIVE ORDER** |

Plaintiffs RealNetworks, Inc., RealNetworks Home Entertainment, Inc. (collectively "Real"); defendants Paramount Pictures Corp; Sony Pictures Entertainment, Inc.; Twentieth Century Fox Film Corp.; Warner Bros. Entertainment Inc.; Disney Enterprises, Inc.; NBC Universal, Inc, and Viacom, Inc ("collectively, the "Studio Defendants"); and defendant DVD Copy Control Association, Inc. ("DVD CCA") by and through their respective counsel, hereby respectfully request that the Court enter the following Protective Order ("Order").

1.  **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby

-1-

1   stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties

2   acknowledge that this Order does not confer blanket protections on all disclosures or responses to

3   discovery and that the protection it affords extends only to the limited information or items that are

4   entitled under the applicable legal principles to treatment as confidential.  The parties further

5   acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no

6   entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

7   that must be followed and reflects the standards that will be applied when a party seeks permission

8   from the court to file material under seal.

9   **2.**     **DEFINITIONS**

10        2.1     Party: any party to this action, including all of its officers, directors, employees,

11   consultants, retained experts, and outside counsel (and their support staff).

12        2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or

13   manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

14   tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

15        2.3     "Confidential" Information or Items: information (regardless of how generated, stored

16   or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.

17   26(c).

18        2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items:  highly sensitive

19   "Confidential Information or Items" whose disclosure to another Party or nonparty would create a

20   substantial detriment to the disclosing Party that could not be avoided by less restrictive means.

21        2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a

22   Producing Party.

23        2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in

24   this action.

25        2.7     Designating Party: a Party or non-party that designates information or items that it

26   produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential —

27   Attorneys' Eyes Only."

28

-2-

6211061.1

1        2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

2    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

3

4    **2.9 - DISPUTED SECTION:**

5    **A. REAL'S PROPOSED LANGUAGE:**

6    2.9    <u>Outside Counsel</u>: attorneys who are not employees of a Party, but who are employees of a law

7    firm retained to represent or advise a Party in this action.

8    **B. DEFENDANTS' PROPOSED LANGUAGE:**

9    2.9    <u>Outside Counsel</u>: attorneys of record in this action (a)  Akin Gump Strauss Hauer & Feld LLP,

10   White & Case LLP, Munger Tolles & Olson LLP, Mitchell, Silberberg & Knupp LLP, or Wilson

11   Sonsini Goodrich & Rosati, PC; and (b) Daniel Robbins, Esq. and Gregory Goeckner, Esq.

12   **END OF DISPUTED SECTION**

13

14       2.10    <u>House Counsel</u>: (a) attorneys who are employees of a Party; (b) attorneys for an affiliate

15   of one or more Studio Defendants who have signed the "Agreement to Be Bound By Protective Order"

16   (Exhibit A); and (c) for defendant DVD CCA, the DVD CCA's General Counsel, and three (3) counsel

17   for DVD CCA that are not Outside Counsel, who have signed the "Agreement to Be Bound By

18   Protective Order" (Exhibit A).

19       2.11    <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their

20   support staffs).

21       2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the

22   litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

23   consultant in this action and who is not a current employee of a Party or of a competitor of a Party's

24   and who, at the time of retention, is not anticipated to become and employee of a Party or a competitor

25   of a Party. This definition includes a professional jury or trial consultant retained in connection with

26   this litigation.

27

28                                   -3-

6211061.1

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14   <u>Final Disposition</u>: The legal conclusion of this case, whether by final court judgment and the exhaustion of all potential appeals, by voluntary dismissal, or by settlement.

2.15   <u>Source Code</u>: Human-readable computer source code.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

The parties will work in good faith to avoid unnecessary mass, indiscriminate, or routinized designations.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

-4-

1    If it comes to a Party's or a non-party's attention that information or items that it designated for

2    protection do not qualify for protection at all, or do not qualify for the level of protection initially

3    asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

4    mistaken designation.

5    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see,

6    e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that

7    qualifies for protection under this Order must be clearly so designated before the material is disclosed

8    or produced.

9    Designation in conformity with this Order requires:

10    (a)    <u>for information in documentary form</u> (apart from transcripts of depositions or

11    other pretrial or trial proceedings):  The Producing Party must affix the legend "Confidential" or

12    "Highly Confidential – Attorneys' Eyes Only" at the top or bottom of each page that contains Protected

13    Material.

14    A Party or non-party that makes original documents or materials available for inspection need

15    not designate them for protection until after the inspecting Party has indicated which material it would

16    like copied and produced.  During the inspection and before the designation, all of the material made

17    available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only."  After the

18    inspecting Party has identified the documents it wants copied and produced, the Producing Party must

19    determine which documents, or portions thereof, qualify for protection under this Order, then, before

20    producing the specified documents, the Producing Party must affix the appropriate legend

21    ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") at the top of each page that contains

22    Protected Material.

23    (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the

24    Party or A Party or non-Party must either (1) state on the record, before the close of the deposition,

25    hearing, or other proceeding, that the testimony or portions of the testimony shall be designated

26    "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or (2) provide written notice to all

27    Parties, within 10 days after receipt of the official transcript, that the testimony shall be designated

28

6211061.1

1  "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  The Parties shall treat the testimony

2  as "Highly Confidential – Attorneys' Eyes Only" until the expiration of the 10 day period.

3   Transcript pages containing Protected Material must be marked with the legend "Confidential"

4  or "Highly Confidential – Attorneys' Eyes Only" as instructed by the Party or non-Party.

5   (c) for information produced in some form other than documentary, and for any

6  other tangible item, that the Producing Party affix in a prominent place on the exterior of the container

7  or containers in which the information or items is stored the legend "Confidential" or "Highly

8  Confidential – Attorneys' Eyes Only."

9   (d) for information produced in electronic form on a computer readable medium

10  (e.g., CD-ROM), that the Producing Party affix in a prominent place on the storage medium on which

11  the information is stored, and on any container(s) for such medium, the legend "Confidential" or

12  "Highly Confidential – Attorneys' Eyes Only."

13   5.3 Inadvertent Failure to Designate.  If timely corrected, an inadvertent failure to designate

14  qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does

15  not, standing alone, waive the Designating Party's right to secure protection under this Order for such

16  material.  If material is appropriately designated as "Confidential" or "Highly Confidential –

17  Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely

18  notification of the designation, must make reasonable efforts to assure that the material is treated in

19  accordance with the provisions of this Order.

20  **6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

21   6.1 Timing of Challenges.  Unless a prompt challenge to a Designating Party's

22  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

23  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its

24  right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

25  original designation is disclosed.

26   6.2 Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's

27  confidentiality designation must do so in good faith and must begin the process by conferring directly

28

-6-

6211061.1

1   (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the

2   Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the

3   confidentiality designation was not proper and must give the Designating Party an opportunity to

4   review the designated material, to reconsider the circumstances, and, if no change in designation is

5   offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next

6   stage of the challenge process only if it has engaged in this meet and confer process first.

7        6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality

8   designation after considering the justification offered by the Designating Party may, within fifteen (15)

9   days of the conclusion of the meet and confer process, file and serve a motion under Civil Local Rule 7

10   (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material

11   and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a

12   competent declaration that affirms that the movant has complied with the meet and confer

13   requirements imposed in the preceding paragraph and that sets forth with specificity the justification

14   for the confidentiality designation that was given by the Designating Party in the meet and confer

15   dialogue.  Any opposition to such a motion is due five (5) business days after its service.  Any reply is

16   due three (3) business days after service of the opposition.

17        The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

18   Until the court rules on the challenge, all parties shall continue to afford the material in question the

19   level of protection to which it is entitled under the Producing Party's designation.  The parties shall

20   attempt in good faith to combine as many disputed issues as possible when bringing a motion under

21   this section 6.3.

22   **7.**    <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

23        7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or

24   produced by another Party or by a non-party in connection with this case only for prosecuting,

25   defending, appealing, or attempting to settle this litigation.  For the avoidance of doubt. a Receiving

26   Party may not use Protected Material for any business, commercial, or competitive purpose, or during

27   the course of any other case, litigation, or proceeding, whether or not factually related to this action.

28                            -7-

6211061.1

1   Such Protected Material may be disclosed only to the categories of persons and under the conditions

2   described in this Order. When the litigation has been terminated, a Receiving Party must comply with

3   the provisions of section 12, below (FINAL DISPOSITION).

4        Protected Material must be stored and maintained by a Receiving Party at a location and in a

5   secure manner that ensures that access is limited to the persons authorized under this Order.

6        7.2   Disclosure of "Confidential" Information.  Unless otherwise ordered by the Court or

7   permitted in writing by the Designating Party, a Receiving Party may disclose any information or item

8   designated "Confidential" only to:

9            (a)   the Receiving Party's Outside Counsel of record in this action, as well as

10  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

11  litigation;

12           (b)   the officers, directors, and employees (including House Counsel) of the

13  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the

14  "Agreement to Be Bound by Protective Order" (Exhibit A);

15           (c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is

16  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

17  Protective Order" (Exhibit A);

18           (d)   the Court and its personnel;

19           (e)   court reporters and their staffs, to whom disclosure is reasonably necessary for

20  this litigation;

21           (f)   Professional Vendors to whom disclosure is reasonably necessary for this

22  litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A),

23  provided that all Protected Material is retrieved by the party furnishing it upon completion of the

24  services;

25           (g)   during or in preparation for their depositions, witnesses in the action to whom

26  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective

27  Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

28

-8-

6211061.1

1  Protected Material must be separately bound by the court reporter and may not be disclosed to anyone

2  except as permitted under this Stipulated Protective Order.; and

3          (h)     an author, signatory, or prior recipient of the document or the original source of

4  the information.

5          7.3    Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information.  Unless

6  otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

7  may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only

8  to:

9          (a)     the Receiving Party's Outside Counsel of record in this action, as well as

10  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

11  litigation, and three (3) House Counsel per Party who have signed the "Agreement to Be Bound By

12  Protective Order" (Exhibit A);

13          (b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is

14  reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective

15  Order" (Exhibit A);

16          (c)     the Court and its personnel;

17          (d)     court reporters, their staffs, and Professional Vendors to whom disclosure is

18  reasonably necessary for this litigation; and

19          (e)     an author, signatory, or prior recipient of the document or the original source of

20  the information.

21          Where the Protected Material is Source Code, and notwithstanding any provision of this section

22  to 7.3 that is to the contrary, disclosure shall be limited as set forth in section 14.

23  **8.    IDENTIFICATION OF EXPERTS AND CONSULTANTS AND DESIGNATED HOUSE
        COUNSEL**

24          A Party desiring to disclose any information or item designated "Confidential" or "Highly

25  Confidential – Attorneys' Eyes Only" to an Expert or House Counsel under Section 2.10(b) or (c) shall

26  first obtain from the Expert or House Counsel under Section 2.10(b) or (c) a signed undertaking in the

27  form of Exhibit A hereto and a current resume (curriculum vitae).  For experts, but not for House

28                                                    -9-

6211061.1

1  Counsel under Section 2.10(b) or (c), a copy of said undertaking and resume shall be served upon

2  counsel for the Designating Party with a cover letter identifying each company for which the expert

3  has done work in the past five years or with which the expert has an agreement to do work in the

4  future. For House counsel, a cover letter listing the names and entities by whom they are employed

5  shall be served upon counsel for the Designating Party. The Designating Party shall then have three

6  business days to serve a written objection to disclosure. Any written objection shall state with

7  specificity the reason(s) for such objection. If counsel for Designating Party objects within three

8  business days, there shall be no disclosure to such Expert or House Counsel under Section 2.10(b) or

9  (c), except by agreement of the Parties or by order of the Court. If an objection to disclosure is made

10 within the three-day period, counsel for the Parties shall meet and confer to reach an agreement.

11 Failing that and for good cause shown, the Party proposing the Expert or House Counsel under Section

12 2.10(b) or (c) may file a motion seeking permission to make the disclosure. On any such motion, the

13 Designating Party shall bear the burden of showing why disclosure to the Expert or House Counsel

14 under Section 2.10(b) or (c) should be precluded.

15      Once the Parties have completed the Preliminary Injunction proceedings anticipated at the time

16 of the entry of this Order, all actions under this Section 8 that are required to be undertaken within

17 three business days may thereafter be undertaken with five business days.

18 **9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**

19      **LITIGATION.**

20      If a Receiving Party is served with a subpoena or an order issued in other litigation that would

21 compel disclosure of any Protected Material designated in this action as "Confidential" or "Highly

22 Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party

23 immediately in writing and in no event more than three business days after receiving the subpoena or

24 order. Such notification must include a copy of the subpoena or court order.

25      The Receiving Party also must immediately in writing inform the party who caused the

26 subpoena or order to issue in the other litigation that some or all of the material covered by the

27 subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of

28

-10-

6211061.1

this Order promptly to the Party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**12.     FINAL DISPOSITION**

Even after Final Disposition of this action (as defined above), the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after a Final Disposition of this action, each Receiving Party must return to the Producing Party or destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

-11-

1   compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.

2   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

3   certification to the Producing Party by the 90-day deadline affirming that all Protected Material it

4   received has been returned or destroyed and that the Receiving Party, in addition to any individual to

5   which the Receiving Party was entitled under this order to disclose Protected Material, has not retained

6   any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the

7   Protected Material. Notwithstanding this provision Counsel are entitled to retain an archival copy of

8   all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product

9   (including exhibits, deposition exhibits, and trial exhibits), even if such materials contain Protected

10   Material. Any such archival copies that contain or constitute Protected Material remain subject to the

11   confidentiality obligations of this Order.

12   **13.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

13          Inadvertent production of any document that a party later claims should not have been

14   produced because of a privilege, including but not limited to the attorney-client privilege or work

15   product doctrine (Inadvertently Produced Privileged Document"), will not be deemed to waive any

16   privilege. The designating party may request the return of any Inadvertently Produced Privileged

17   Document. A request for the return of an Inadvertently Produced Privileged Document shall identify

18   the document inadvertently produced and the basis for withholding such document from production. If

19   a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced

20   Privileged Document then in the custody of another party or nonparty, such other party shall within ten

21   (10) business days return to the requesting party or nonparty the Inadvertently Produced Privileged

22   Document and all copies thereof and shall destroy any documents summarizing or referring to such

23   Inadvertently Produced Privileged Document. The party returning such material may then move the

24   Court for an order compelling production of the material, but that party shall not assert as a ground for

25   entering such an order the fact or circumstances of the inadvertent production. Without limiting this

26   Paragraph, Federal Rule of Evidence 502, as adopted in S.2450 (111th Congress, 2d Session) on

27   September 19, 2008 shall be deemed to apply in this litigation.

28                                        -12-

**14.    DISPUTED SECTION:**

**A.    REAL'S PROPOSED LANGUAGE:**

**14.    SOURCE CODE MATERIALS**

Human-readable source code designated by a Producing Party as "Highly Confidential – Attorneys' Eyes Only -- Source Code" shall be produced to the Receiving Party's Outside Counsel and approved Experts in computer searchable format sufficient to allow a user to search and view the Source Code.

Production of Real's Source Code to Receiving Parties shall be subject to the following conditions:

(a)    All electronic copies of Source Code (including any summary or derivative works that replicate or summarize, in whole in part, such materials) must, except when in use, be password-protected and encrypted by using symmetric key encryption with a key length of at least 128-bits. Such encryption may be accomplished by using PGP, TrueCrypt or other encryption software that permits symmetric key encryption with a key length of at least 128-bits.

(b)    All electronic copies of Source Code to be made available to Receiving Parties shall be loaded and maintained on only one computer at the offices of Munger Tolles & Olson LLP and only one computer at the offices of White & Case LLP (i) in a secure location, under lock and key, in such a manner as to prevent misappropriation of the Source Code; and, (ii) on a stand-alone computer that is not connected to any computer network.  No person from or on behalf of the Receiving Parties is permitted to print or make any copies of any portion of this Source Code.

(c)    Printed copies of selected portions of the source code may be made by counsel for Real for review by Outside Counsel and approved Experts for Receiving Party.  Copies of selected portions of the source code may only include such portions of the source code that require explanation and analysis in deposition, as part of any hearing in this matter or are otherwise reasonably necessary for analysis.  In no instance shall any portion of Real's Digital Rights Management (Real's proprietary copy management system and license key management system) source code be printed or copied.  For

-13-

6211061.1

those select portions of source code that outside counsel and/or approved experts desire to be printed, they shall assert their good faith belief that such portion of the source code will be necessary for examination in deposition, for use in any hearing in this matter or otherwise reasonably necessary for analysis in writing to counsel for Real. Upon receipt of such request, counsel for Real shall cause to be printed, on copy-protected paper, one copy for use by outside counsel to the DVD CCA, one copy for use by outside counsel for the Studio Defendants, and two copies to be used by approved experts (for a maximum of four total copies). Each page of any printed copy shall be marked "Confidential – SOURCE CODE - Attorneys' Eyes Only." Printed copies of portions of the Source Code that are removed from Real or Real's Outside Counsel's office shall be kept in a locked container in a locked room at the offices of either the Receiving Party's Outside Counsel or Receiving Party's approved expert. Any printed copies shall be destroyed as soon as they are no longer needed and Real's counsel shall be so notified of said destruction.

(d)      Only approved Experts and Outside Counsel may have access to Source Code on behalf of Receiving Party. Employees of the Receiving Party, including House Counsel, shall not be allowed access to Source Code, whether in electronic or printed form, under any circumstances.

(e)      The Receiving Party agrees to be strictly liable for any damages, including consequential damages, caused by the failure of the Receiving Party, its Outside Counsel or its Experts to protect the confidentiality of the Source Code.

**B.      DEFENDANTS' PROPOSED LANGUAGE:**

**14.      SOURCE CODE MATERIALS**

a)      <u>Production of Source Code</u>. RealNetworks shall produce Human-readable source code designated as "Highly Confidential – Attorneys' Eyes Only" ("Source Code") in native electronic format to the defendants. Three copies of the Source Code shall be provided to the Studio Defendants collectively, and three copies to the DVDCCA.

b)      <u>Access to Source Code</u>.

i)      The Source Code shall be treated as "Highly Confidential — Attorney's Eyes Only," in all respects except as specified in this section.

-14-

6211061.1

ii)      Documentation of Source Code, "readme" files, comments and the like shall not be treated as Source Code but instead as "Highly Confidential — Attorneys' Eyes Only."

iii)      Access to Source Code shall not be permitted to House counsel or Vendors retained for duplicating or document assembly services.

c)      Protections for Source Code

i)      Defendants shall maintain the Source Code on password-protected, non-networked computers kept in a secure location, under lock and key.

ii)      Precautions shall be taken to keep the Source Code secure and to limit access to the source code to authorized personnel.

iii)      No additional copies of the Source Code or copies of printouts of the Source Code may be made.

iv)      All electronic copies of Source Code maintained by the defendants must, except when in use, be encrypted with a key length of at least 128-bits, such as for example using PGP, TrueCrypt or other comparable encryption tools.

v)      All accesses by defendants' experts and consultants shall be logged with the date, time, and individual.  RealNetworks may seek to review the logs only if it can establish probable cause to suspect the expert or consultant violated the terms of this Order with respect to Source Code.

vi)      Printers may be connected to such computers, and software to assist in the analysis of the Source Code may be loaded onto such computers.

d)      Printouts

i)      Portions of the Source Code may be printed only when necessary in good faith for the analysis of the Source Code, for the preparation of pleadings or other submissions to the Court, or for use in a deposition or other proceeding in this litigation.

ii)      All printouts shall be maintained at the offices of defendants consultants, experts, or outside counsel under lock and key.

iii)      All printouts shall be made on non-white paper and destroyed once they are no longer needed.

-15-

6211061.1

iv)   All printouts by a defendant's experts or consultants shall be logged with the date, time, individual, and files printed.  RealNetworks may seek to review the logs only if it can establish probable cause to suspect the expert or consultant violated the terms of this Order with respect to the Source Code.

e)   <u>Termination of Litigation</u>

i)   At the conclusion of all proceedings in this Court, all copies of the Source Code, including printouts, in the possession of defendants, their counsel, experts, or consultants, shall be promptly destroyed.  Defendants' outside counsel, however, may maintain a copy and necessary printouts of the Source Code, during any appeals in this litigation.

(f)   Employees of the Receiving Party, including House Counsel, shall not be allowed access to Source Code, whether in electronic or printed form, under any circumstances.

**END OF DISPUTED SECTION 14**

**15.   <u>MISCELLANEOUS</u>**

15.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2   <u>Use of Party's Own Materials</u>.  Nothing in this Order shall restrict a Party's ability to use and disclose its own designated materials as it chooses.  Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or non-Parties to disclose such materials in violation of this Order.

15.3   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

15.4   <u>Effective Pending Approval</u>.  The parties agree that, pending approval by the Court, this Stipulated Supplemental Protective Order shall be effective as if approved and, specifically, that any

-16-

violation of its terms shall be subject to the same sanctions and penalties as if this Stipulated Supplemental Protective Order had been entered by the Court.

15.5    Retained Jurisdiction.  The Court shall retain jurisdiction to enforce this Stipulated Supplemental Protective Order after Final Disposition, unless the Order is vacated.

15.6    Modification.  In the event any party seeks to amend or vary the terms of this Protective Order, said party shall make such request in the form of a written stipulation or noticed motion.

**IT IS SO ORDERED**.

Dated: _____,    _____
                                     Marilyn Hall Patel
                                     United States District Judge

-17-

6211061.1

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *RealNetworks, Inc., et al.* v. *DVD Copy Control Association, et al.*, Case No. 08-CV-04548 MHP.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner, nor take any actions that would lead to the disclosure of, any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Printed Name: _____

Address: _____

Present Employer: _____

Designated as Expert for (if applicable): _____

Date: _____

City and State where sworn and signed: _____

Signature: _____

A-1

6211061.1