REGINALD D. STEER (SBN 056324)
rsteer@akingump.com
MARIA ELLINIKOS (SBN 235528)
mellinikos@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, 15th Floor
San Francisco, California 94104-1036
Telephone:       (415) 765-9500
Facsimile:        (415) 765-9501

EDWARD P. LAZARUS (SBN 212658)
elazarus@akingump.com
STEPHEN MICK (SBN 131569)
smick@akingump.com
MICHAEL SMALL (SBN 222768)
msmall@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:       (310) 229-1000
Facsimile:        (310) 229-1001

WILLIAM SLOAN COATS (SBN 94864)
wcoats@whitecase.com
MARK WEINSTEIN (SBN 193043)
mweinstein@whitecase.com
MARK F. LAMBERT (SBN 197410)
mlambert@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Telephone:       (650) 213-0300
Facsimile:        (650) 213-8158

Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, et al.<br><br>Defendants.<br><br>And Related Cases | Case No. C08 04548 MHP<br>Case No. C08 04719 MHP (related case)<br><br>**OPPOSITION OF DVD COPY CONTROL ASSOCIATION, INC. TO MOTION OF REALNETWORKS, INC. AND REALNETWORKS HOME ENTERTAINMENT, INC. TO STRIKE MOTION FOR PRELIMINARY INJUNCTION** |

1      Defendant and Counterclaimant DVD Copy Control Association, Inc. ("DVD CCA") submits
2 this memorandum of points and authorities in opposition to the Motion to Strike DVD Copy Control
3 Association, Inc.'s Motion for Preliminary Injunction filed November 17, 2008 by RealNetworks, Inc.
4 and RealNetworks Home Entertainment, Inc. (together, "Real").  *See* Case No. C08 04548 MHP,
5 Docket No. 65.  DVD CCA filed the Notice of Motion in order to provide the Court and the parties
6 with formal notice that it, too, seeks preliminary relief in this case and intends to fully participate in the
7 briefing and hearing schedule already established by this Court.  That DVD CCA would elect to
8 participate in the preliminary injunction hearing should come as no surprise.

9      DVD CCA is the first named defendant in the action filed by Real, in which Real requests, *inter
10 alia*, a declaration that its product, RealDVD, does not violate the CSS License Agreement ("License
11 Agreement") it entered into with DVD CCA.  DVD CCA has counterclaimed for breach of the License
12 Agreement and violation of the covenant of good faith and fair dealing.  Moreover, in opposing the
13 Application for Temporary Restraining Order brought by the Studios, Real's defense relied heavily on
14 its purported compliance with that License  Agreement.  *See* Real's Opposition to Defendants'
15 Application for a Temporary Restraining Order (Dkt. No. 22; filed October 6, 2008) at 3-9.  Thus,
16 whether RealDVD complies with the License Agreement is at the heart of this litigation.

17      Real has insisted on taking expedited discovery from DVD CCA, including having served
18 interrogatories that inquire, among other things, what provisions of the Agreement DVD CCA
19 contends RealDVD violates.  *See* Declaration of Reginald D. Steer ("Steer Decl.") at ¶ 2, Exhibit A
20 (Plaintiffs' First Set of Interrogatories to DVD CCA, dated November 7, 2008).  Moreover, Real has
21 moved to amend its complaint to cover a vaguely described "New Platform" and urges the Court to
22 determine at the preliminary injunction hearing whether its "New Platform" violates the DVD CCA
23 License Agreement.  Real's Notice of Motion and Motion for Leave to Amend (Dkt. No. 62; filed
24 November 11, 2008).   Nevertheless, Real has consistently asserted that DVD CCA cannot participate
25 in that preliminary injunction proceeding without obtaining leave of the Court.  Steer Decl. at ¶¶ 3-4,
26 Exhibits B, C.

27
28

2

OPPOSITION OF DVD CCA TO MOTION OF REALNETWORKS                    Case No. C08 04548 MHP
TO STRIKE MOTION FOR PRELIMINARY INJUNCTION                         Case No. C08 04719 MHP

Counsel for DVD CCA entered their appearance in this litigation on October 16, 2008, well after the Studios had filed for and obtained a Temporary Restraining Order and after the preliminary injunction hearing dates of January 27-29, 2009 were identified. *See* Dkt. No. 47. After it was determined that preliminary injunction briefs would be exchanged simultaneously on January 13, 2009, with response briefs to be exchanged simultaneously on January 20, 2009, DVD CCA filed and served the Notice of Motion and Motion for Preliminary Injunction that is at issue. Dkt. No. 61. The Notice of Motion and Motion states that "the supporting Memorandum of Points and Authorities and related declarations are to be filed on a date set by the Court." *Id.* at 2. DVD CCA took this approach in order to synchronize with the existing schedule, assure that the parties address the issues in the most efficient manner and give Real ample time to prepare.

## ARGUMENT

All of Real's objections to DVD CCA's notice of its preliminary injunction motion should be rejected because the rules Real cites do not logically apply in the circumstances that exist in this litigation.

First, Real's argument that the notice does not adequately specify the grounds for the motion is simply wrong. The notice specifically requests the Court to determine that RealDVD violates the License Agreement. Having first sued DVD CCA for a declaration that RealDVD *does not* violate the License Agreement, Real's assertion that it does not know what grounds DVD CCA will assert is nonsensical. Moreover, Real has served DVD CCA with discovery, including broad document requests and interrogatories that ask DVD CCA to identify the provisions it claims are breached by RealDVD.

Second, the fact that DVD CCA is noticing its preliminary injunction motion to be heard at the same time as the Studios' motion is no ground for Real to complain. To the contrary, DVD CCA has made every effort to defend the integrity of its License Agreement without disturbing the schedule for conducting preliminary injunction discovery, briefing and hearing the motion established by the Court and counsel for the other parties. Thus, DVD CCA's notice states that it will brief the preliminary injunction motion on the same schedule as the other parties. Dkt. No. 61 at 2.

3

OPPOSITION OF DVD CCA TO MOTION OF REALNETWORKS                Case No. C08 04548 MHP
TO STRIKE MOTION FOR PRELIMINARY INJUNCTION                     Case No. C08 04719 MHP

1    Third, contrary to Real's argument, nothing requires DVD CCA to have sought a TRO before
2  moving for a preliminary injunction.  This Court's grant of a TRO on the Studios' motion obviated any
3  need for DVD CCA to seek a TRO, because all of the temporary relief at issue was already achieved.
4  However, the TRO will expire upon the Court's determination of the preliminary injunction motion,
5  and thus DVD CCA has an urgent and significant interest in ensuring that a preliminary injunction be
6  entered.  As a full party to the litigation, both on Real's claim and its own counterclaim, DVD CCA has
7  every right to brief and participate in its request for the entry of preliminary relief.  Under these
8  circumstances, Real's procedural assertion is nonsensical.

9    Fourth, Real's argument that it will be prejudiced if DVD CCA is allowed to "piggyback" on
10  the existing schedule also is meritless.  Real ignores the fact that, under Local Rule 7-2, on which it
11  purports to rely, DVD CCA could simply serve its motion papers 35 days in advance of the hearing
12  date (i.e., on December 23, 2008) and take its place at the table.  Indeed, were it not for the Court's
13  existing order establishing a briefing schedule for the preliminary injunction hearing, that is exactly
14  what DVD CCA would do.  The fact that DVD CCA provided much earlier notice of its request for a
15  preliminary injunction benefits Real; it does not prejudice it.

16    In short, DVD CCA has proceeded with the goal of maximizing the efficient coordination of
17  this action, and reducing duplicative hearings and extra filings.  For all the foregoing reasons, DVD
18  CCA respectfully requests that the Court deny Real's motion.

Dated:  December 1, 2008        Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

WHITE & CASE LLP


By _____/s/_____
                Reginald D. Steer
Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.

4

OPPOSITION OF DVD CCA TO MOTION OF REALNETWORKS          Case No. C08 04548 MHP
TO STRIKE MOTION FOR PRELIMINARY INJUNCTION              Case No. C08 04719 MHP