1  GLENN D. POMERANTZ (SBN 112503)
   Glenn.Pomerantz@mto.com
2  BART H. WILLIAMS (SBN 134009)
   Bart.Williams@mto.com
3  KELLY M. KLAUS (SBN 161091)
   Kelly.Klaus@mto.com
4  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
5  Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
6  Telephone:   (213) 683-9100
   Facsimile:   (213) 687-3702
7
   ROBERT H. ROTSTEIN (SBN 72452)
8  rxr@msk.com
   ERIC J. GERMAN (SBN 224557)
9  ejg@msk.com
   BETSY A. ZEDEK (SBN 241653)
10 baz@msk.com
   MITCHELL SILBERBERG & KNUPP LLP
11 11377 West Olympic Boulevard
   Los Angeles, California 90064-1683
12 Tel: (310) 312-2000; Fax: (310) 312-3100

13 GREGORY P. GOECKNER (SBN 103693)
   gregory_goeckner@mpaa.org
14 DANIEL E. ROBBINS (SBN 156934)
   dan_robbins@mpaa.org
15 15301 Ventura Boulevard, Building E
   Sherman Oaks, California 91403-3102
16 Tel: (818) 995-6600; Fax: (818) 285-4403

17 Attorneys for Studio Plaintiffs and Declaratory
   Judgment Defendants
18

19                    UNITED STATES DISTRICT COURT

20                    NORTHERN DISTRICT OF CALIFORNIA

21

| | |
|---|---|
| 22  REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS  23  HOME ENTERTAINMENT, INC., a Delaware corporation,  24                     Plaintiffs,  25          vs.  26  DVD COPY CONTROL ASSOCIATION,  27  INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORP.,  28  SONY PICTURES ENTERTAINMENT, | CASE NO. C 08-4548-MHP  **DECLARATION OF GLENN D. POMERANTZ IN SUPPORT OF MOTION PICTURE STUDIO PLAINTIFFS' OPPOSITION TO REAL'S MOTION TO AMEND DECLARATORY JUDGMENT COMPLAINT**  DATE: December 22, 2008  TIME: 9:00 a.m.  CTRM: 15 (Hon. Marilyn Hall Patel) |

| | | |
|---|---|---|
| 1 | INC., TWENTIETH CENTURY FOX FILM CORP, NBC UNIVERSAL, INC., WARNER BROS. ENTERTAINMENT, INC., and VIACOM, INC., | |
| 2 | | |
| 3 | Defendants. | |
| 4 | | CASE NO. C 08-04719 MHP |
| 5 | UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, UNIVERSAL CITY STUDIOS LLLP, PARAMOUNT PICTURES CORPORATION, TWENTIETH CENTURY FOX FILM CORPORATION, SONY PICTURES TELEVISION INC., COLUMBIA PICTURES INDUSTRIES, INC., SONY PICTURES ENTERTAINMENT INC., DISNEY ENTERPRISES, INC., WALT DISNEY PICTURES and WARNER BROS. ENTERTAINMENT INC., | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | Plaintiffs, | |
| 12 | vs. | |
| 13 | REAL NETWORKS, INC. and REAL NETWORKS HOME ENTERTAINMENT, INC., | |
| 14 | | |
| 15 | Defendants. | |

6500219.1

DECLARATION OF GLENN POMERANTZ ISO OPPOSITION TO REAL'S MOTION TO AMEND

I, GLENN D. POMERANTZ, declare as follows:

1. I am a partner in the law firm of Munger, Tolles & Olson LLP, counsel of record to the motion picture studio plaintiffs and declaratory judgment defendants ("Studios" or "Plaintiffs") in this action. The contents of this declaration are within my personal knowledge, except as to those matters identified on information and belief, and as to those matters I believe them to be true. If called as a witness in this action, I could and would testify competently to the contents of this declaration.

2. The first time that defendant and declaratory judgment plaintiff RealNetworks, Inc. ("Real" or "Defendant") informed counsel for the Studios about the product that Real refers to as the "New Platform" was on October 20, 2008. On that day, Real's counsel, Colleen Bal, spoke to my partner, Kelly Klaus, by telephone. I am informed and believe that during that conversation, Ms. Bal told Mr. Klaus that Real was developing what she referred to as a "new product" and that Real wanted to add this new product to the Studios' preliminary injunction motion. Ms. Bal did not provide any information about the new product, including what it does or when Real plans to release it, during this conversation.

3. Mr. Klaus and I had another telephone conference with Ms. Bal on October 20. We told her that there was no way our clients could make an informed decision about whether they had a legal objection to this new product unless the clients themselves knew what the product was. Ms. Bal stated that Real would only provide additional information about the new product if the Studios agreed that such information would be limited to the Studios' outside counsel at Munger, Tolles & Olson and Mitchell Silberberg & Knupp. Ms. Bal specifically stated that Real would not allow the Studios' outside counsel of record who work at the Motion Picture Association of America, Inc., Gregory Goeckner and Dan Robbins, to review any of this information.

4. I am informed and believe that on October 21, Ms. Bal called Mr. Klaus and told him that she thought she could convince her client to allow one in-house lawyer at each Studio to have access to information about the new product. Ms. Bal said that such information could not be shared within any Studio beyond that one in-house counsel.

1       5.      On November 6, Ms. Bal's partner, Michael Berta, sent us Real's Proposed Amended Complaint and requested the Studios' consent to its filing. The Proposed Amended Complaint for the first time referred to the new product as the "New Platform." On November 7, Mr. Klaus of our firm sent a letter to Berta, explaining that our clients could not consent to Real's filing of the amended complaint because our clients still did not know what that product was and therefore whether they had a legal objection to it. A true and correct copy of Mr. Klaus's November 7 letter to Mr. Berta is attached hereto as Exhibit A.

        6.      On November 15, I spoke to Ms. Bal by telephone regarding the schedule for preliminary injunction discovery. During that call, Ms. Bal again raised the issue of the New Platform and indicated that Real wanted it to be part of the preliminary injunction proceedings. I reiterated to Ms. Bal that because Real had failed to tell our clients anything about the New Platform, our clients could not know if they had a legal objection to the New Platform and, if they did, whether they would want to seek a preliminary injunction to restrain its distribution. Ms. Bal identified a document that Real had produced in discovery concerning the New Platform. Real had designated the document "Highly Confidential" under the Protective Order. Because of this designation, I told Ms. Bal that we were not able to disclose the document to our client representatives who would need to evaluate the New Platform in order to determine whether the Studios object to it. Ms. Bal asked me who those representatives were. I told her that I did not have a list of those individuals but that at each Studio, the list likely would include a mix of people involved in business issues, with the advice of legal counsel. Ms. Bal told me she thought there should be a way for all those representatives to have access to information about the New Platform and at the same time preserve Real's confidentiality interests. I told Ms. Bal that Real should make a proposal for how to accomplish that. As of this date, Real's counsel has not made such a proposal.

        7.      Real has produced documents to the Studios as part of preliminary injunction discovery. I am informed by my colleagues who have been involved in the review of these documents, and based thereon I believe, that there are some documents in Real's preliminary injunction discovery production that appear to discuss a product that is different from RealDVD,

1  and that presumably is the "New Platform" referred to in Real's Proposed Amended Complaint.
2  Our firm has not located any documents in Real's production that are specification or architecture
3  documents that explain the technology underlying the New Platform's operation.  Real has not
4  produced any product samples of the New Platform.  From our firm's review of Real's
5  documents, it appears that Real has designated all documents concerning the New Platform
6  "Highly Confidential," which means that we are precluded from sharing these documents with
7  any persons inside the Studios other than a limited number of in-house counsel authorized to
8  review "Highly Confidential" documents.

9         8.     The parties have reached general agreement regarding a discovery and briefing
10 schedule for the preliminary injunction motion.  The Court currently has calendared that motion
11 for hearing January 27-29, 2009, although my partner Bart Williams, who is the Studios' lead
12 counsel, has requested that the Court move that hearing to an earlier date in January because of a
13 conflict with a previously scheduled trial date in a criminal case in another court where Mr.
14 Williams is lead trial counsel for the defendant. (The Studios also would be amenable to a
15 hearing on any open dates starting in mid-February.)  Under the agreed-upon schedule, the parties
16 have exchanged documents and are scheduled to conduct fact depositions during the period
17 December 1-16.  Expert reports are due to be served on December 19, and expert depositions are
18 to conclude by January 7, 2009.  Opening briefs on the motion are due on January 13.

19     I declare under penalty of perjury under the laws of the United States that the foregoing is
20 true and correct and that this declaration was executed this 1st day of December 2008 at Los
21 Angeles, California.

22

23                                 */s/*
                            GLENN D. POMERANTZ