| | |
|---|---|
| REGINALD D. STEER (SBN 056324) <br> rsteer@akingump.com <br> MARIA ELLINIKOS (SBN 235528) <br> mellinikos@akingump.com <br> **AKIN GUMP STRAUSS HAUER & FELD LLP** <br> 580 California Street, 15th Floor <br> San Francisco, California 94104-1036 <br> Telephone:  (415) 765-9500 <br> Facsimile:  (415) 765-9501 <br><br> EDWARD P. LAZARUS (SBN 212658) <br> elazarus@akingump.com <br> STEPHEN MICK (SBN 131569) <br> smick@akingump.com <br> MICHAEL SMALL (SBN 222768) <br> msmall@akingump.com <br> **AKIN GUMP STRAUSS HAUER & FELD LLP** <br> 2029 Century Park East, Suite 2400 <br> Los Angeles, California 90067-3012 <br> Telephone:  (310) 229-1000 <br> Facsimile:  (310) 229-1001 | WILLIAM SLOAN COATS (SBN 94864) <br> wcoats@whitecase.com <br> MARK WEINSTEIN (SBN 193043) <br> mweinstein@whitecase.com <br> MARK F. LAMBERT (SBN 197410) <br> mlambert@whitecase.com <br> **WHITE & CASE LLP** <br> 3000 El Camino Real <br> 5 Palo Alto Square, 9th Floor <br> Palo Alto, California 94306 <br> Telephone:  (650) 213-0300 <br> Facsimile:  (650) 213-8158 |

Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, et al. <br><br> Defendants. <br><br> And Related Cases | Case No. C08 04548 MHP <br> Case No. C08 04719 MHP (related case) <br><br> **JOINDER OF DEFENDANT AND COUNTERCLAIMANT DVD COPY CONTROL ASSOCIATION, INC. IN MOTION PICTURE STUDIOS' OPPOSITION TO REALNETWORKS, INC. AND REALNETWORKS HOME ENTERTAINMENT, INC.'S MOTION FOR LEAVE TO AMEND** |

1

JOINDER OF DVD CCA IN MOTION PICTURE STUDIOS'     Case No. C08 04548 MHP
OPPOSITION TO REAL'S MOTION FOR LEAVE TO AMEND     Case No. C08 04719 MHP

Dockets.Justia.com

DVD Copy Control Association, Inc. ("DVD CCA") joins in the Motion Picture Studios' Opposition to Real's Motion to Amend Declaratory Judgment Complaint and adopts the arguments and supporting evidence set forth therein, as its own.

In addition, the DVD CCA categorically denies the assertion contained in the Motion for Leave to Amend filed by RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (together "Real") and the Bal Declaration filed in support of that Motion that DVD CCA "precipitously" filed its answer to Real's Complaint on October 21, 2008 in order to prevent Real from amending as of right. *See* Motion at 5; Bal Decl., ¶ 6. Nothing could be further from the truth. In fact, DVD CCA answered on October 21 because its Answer was due on October 20 and, in response to a request for extension from DVD CCA's counsel, Real's counsel had refused to provide more than a one-day extension of time to respond to the Complaint, except on conditions that were unacceptable to DVD CCA. Declaration of Reginald D. Steer, ¶ 2, Exhibit A. It is also baffling that Real would accuse DVD CCA of trying to cut off its right to amend when, at the time DVD CCA filed its answer, Real's counsel had never mentioned that Real was considering amending its complaint and had not made known to DVD CCA any information about the so-called "New Platform" that is the subject of its proposed amendment. *Id.,* ¶ 3.

It is unusual to oppose a motion to amend the complaint when litigation is at an early stage, but this is not the usual situation. Here, the parties are working on a demanding schedule to prepare for a preliminary injunction hearing involving a high-technology product. Real's proposed Amended Complaint tells the reader almost nothing about the second high-technology product it wants to bring into the case – the"New Platform" -- other than that Real alleges it "is developing the New Platform" (Proposed Amended Complaint, ¶ 11) and that it functions "like" the first product (RealDVD). Yet Real wants to have the New Platform's compliance with the CSS License Agreement adjudicated on the same preliminary injunction schedule as applies to RealDVD. As Real's Motion states, "Real proposes to amend its Complaint for Declaratory Relief filed on September 20, 2008 ("Complaint") so that the Court may determine, <u>at the same time it adjudicates the RealDVD product</u>, that the New Platform also does not violate the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et*

2

JOINDER OF DVD CCA IN MOTION PICTURE STUDIOS'  
OPPOSITION TO REAL'S MOTION FOR LEAVE TO AMEND

Case No. C08 04548 MHP  
Case No. C08 04719 MHP

*seq* or fail to comply with the standard-form CSS License Agreement to which Real is licensed." Motion at 2 (emphasis added). To allow this would be unfair to DVD CCA and the Studios. Real admits that, "The Court's decision as to whether Real may amend its complaint is independent from the question of whether the New Platform may be considered at the preliminary injunction hearing scheduled for January 27-29, 2009." Motion at 3. However, Real's assertion that both questions should be answered in the affirmative is wrong.

The Motion to Amend should be denied because Real has offered no reason at all for its failure to include the vaguely-described "New Platform" in its Complaint and because, as explained in the Studios' Opposition, there is no basis for Real's proposed allegation that the DVD CCA contends that the New Platform violates the CSS License Agreement. Nor can there be, because DVD CCA has been left to guess what the New Platform is, what it does and how it does it. *See* Proposed Amendment ¶ 5. Indeed, Real's submission nowhere suggests that Real ever provided any description of the New Platform to DVD CCA, beyond vague references to its existence.

On the other hand, DVD CCA respectfully submits that even if the Court were to allow the requested amendment, it should not allow the preliminary injunction proceeding to be expanded to include the New Platform. Having been sued by Real and having filed its own counterclaims for breach of contract and breach of the covenant of good faith and fair dealing, DVD CCA intends to protect the integrity of its License Agreement by participating in the briefing and argument of the preliminary injunction proceedings. DVD CCA has been participating in discovery, but has not received from Real any discovery other than what has been provided to the Studios. Therefore, DVD CCA would be prejudiced for the same reasons shown by the Studios. *See* Studios' Opposition at 7-8.

Dated: December 1, 2008            Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP
WHITE & CASE LLP

By _____/s/_____
          Reginald D. Steer
Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.

3

JOINDER OF DVD CCA IN MOTION PICTURE STUDIOS'                    Case No. C08 04548 MHP
OPPOSITION TO REAL'S MOTION FOR LEAVE TO AMEND                   Case No. C08 04719 MHP