| | |
|---|---|
| 1 | JAMES A. DiBOISE, State Bar No. 83296 |
| | Email: jdiboise@wsgr.com |
| 2 | COLLEEN BAL, State Bar No. 167637 |
| | Email: cbal@wsgr.com |
| 3 | MICHAEL A. BERTA, State Bar No. 194650 |
| | Email: mberta@wsgr.com |
| 4 | TRACY TOSH LANE, State Bar No. 184666 |
| | Email: ttosh@wsgr.com |
| 5 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 6 | One Market Street |
| | Spear Tower, Suite 3300 |
| 7 | San Francisco, CA 94105 |
| 8 | Attorneys for Plaintiffs and |
| | Counterclaim Defendants |
| 9 | REALNETWORKS, INC. and |
| | REALNETWORKS HOME |
| 10 | ENTERTAINMENT, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 13 | REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation, | Case Nos. C08 04548 MHP; C08 04719 MHP |
| 14 | | |
| 15 | Plaintiffs, | **NOTICE OF MOTION AND MOTION TO DISMISS DVD COPY CONTROL ASSOCIATION, INC.'S SECOND COUNTERCLAIM AND TO STRIKE AFFIRMATIVE DEFENSES** |
| 16 | | |
| 17 | v. | |
| 18 | DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation, | **Before: Hon. Marilyn Hall Patel**<br>**Dept: Courtroom 15**<br>**Date: February 9, 2009**<br>**Time: 2:00 p.m.** |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |
| 26 | AND RELATED CASES | |

MOTION TO DISMISS COUNTERCLAIM AND
STRIKE AFFIRMATIVE DEFENSES
CASE NOS.: C08 04548 MHP; C08 04719 MHP

3539919_2.DOC

Dockets.Justia.com

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on February 9, 2009 at 2:00 p.m. or at such date and time as the Court may establish, Plaintiffs and Counterclaim Defendants RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (collectively, "Real") will and hereby do move before the Honorable Marilyn Hall Patel for an Order (1) dismissing with prejudice DVD Copy Control Association, Inc.'s Second Counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing pursuant to Fed. R. Civ. P. 12(b)(6), and (2) striking the Second and Third Affirmative Defenses contained in the Amended Answer and Counterclaims of Defendant and Counterclaimant DVD Copy Control Association, Inc. ("DVD CCA").

This Motion is based on this Notice of Motion and Motion, including the Memorandum of Points and Authorities set forth below, the pleadings and papers on file with the Court, the argument of counsel and on any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

In response to Real's Complaint seeking a judgment declaring that its License Agreement with Defendant and Counterclaimant DVD Copy Control Association, Inc. ("DVD CCA") permits Real to manufacture and offer for sale its Real DVD product, DVD CCA has interposed three affirmative defenses and two counterclaims. Amended Answer and Counterclaims of Defendant and Counterclaimant DVD Copy Control Association, Inc. ("Answer") at 9-17. In this motion, Real seeks to (1) dismiss DVD CCA's second counterclaim for failure to state a claim on which relief may be granted, and (2) strike DVD CCA's Second and Third Affirmative Defenses for failing to provide Real with fair notice of the defense as required by Fed. R. Civ. P. 8(b).

## ARGUMENT

### I. DVD CCA'S SECOND COUNTERCLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

In response to Real's Complaint, DVD CCA interposed two counterclaims: the first for breach of its CSS License Agreement with Real, and the second for breach of the implied covenant of good faith and fair dealing in that agreement. Real seeks to dismiss the second of these counterclaims for failure to state a claim on which relief may be granted on two grounds: first, that DVD CCA's claim for breach of the implied covenant of good faith and fair dealing merely duplicates its claim for breach of contract; and second, that as a signatory to a contract of adhesion drafted solely by DVD CCA, Real cannot as a matter of law have agreed to the implied covenant suggested by DVD CCA's allegations.

#### A. DVD CCA's Second Counterclaim Merely Duplicates Its Claim for Breach of Contract and Should Be Dismissed

DVD CCA's claim for breach of the implied covenant of good faith and fair dealing relies on the same five alleged acts as its breach of contract claim. Under California law, which governs the Agreement, License Agreement §10.4(a), the implied covenant claim must therefore be dismissed. A claim for "breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself[.]" *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (1990) (demurrer properly sustained where implied covenant claim was duplicative of claim for breach of contract). Accordingly, "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages . . . already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id*. at 1395. *Accord Bionghi v. Metropolitan Water District of Southern California*, 70 Cal. App. 4th 1358, 1370 (1999) (affirming summary judgment for defendant where implied covenant claim "relies on the same acts, and seeks the same damages, as its claim for breach of contract"); *Guz v. Bechtel National, Inc.,* 24 Cal. 4th 317, 352-53 (2000) ("to the extent the implied covenant claim seeks simply to invoke terms to which the parties did agree, it is superfluous";

affirming summary judgment for defendant). Courts in this Circuit have not hesitated to dismiss clearly duplicative claims under these precedents. *See, e.g. Diaz v. Federal Express Corp.*, 373 F. Supp. 2d 1034, 1066 (C.D. Cal. 2005) (granting summary judgment for defendant on implied covenant claim based on allegations in complaint); *see also Hogue v. City of Holtville*, 2008 WL 1925249, at *3-4 (S.D. Cal. 2008) (granting motion to dismiss implied covenant claim).

Here, DVD CCA's claim for breach of the covenant of good faith and fair dealing alleges no act by Real beyond the acts alleged in its breach of contract claim: developing, designing, manufacturing, distributing and using Real DVD. Compare Answer paragraphs 21 and 27:

> 21. RealNetworks has materially breached the CSS License Agreement by, in and among other ways, developing and distributing RealDVD, which (a) includes functionality prohibited by the CSS License Agreement, (b) fails to implement CSS in the manner required by the CSS License Agreement, (c) fails to effectively prevent the creation of permanent copies of CSS protected DVD content onto personal computers, and (d) fails to require authentication and play back of CSS protected DVD content from a physical DVD disc.

> 27. RealNetworks has breached the covenant of good faith and fair dealing implied in the CSS License Agreement by, in and among other ways, developing and distributing Real DVD, which (a) includes functionality prohibited by the CSS License Agreement, (b) fails to implement CSS in the manner required by the CSS License Agreement, (c) fails to effectively prevent the creation of permanent copies of CSS protected DVD content onto personal computers, and (d) fails to require authentication and play back of CSS protected DVD content from a physical DVD disc.

And compare Answer paragraph 22 with paragraph 29:

> 22. RealNetworks is not a CSS Licensee in the CSS Decryption Module Membership Category; by developing, designing, manufacturing and using Real DVD, which constitutes a CSS Decryption Module, it has violated the scope of its CSS License Agreement.

> 29. RealNetworks has breached the covenant of good faith and fair dealing implied in the CSS License Agreement by, in and among other ways, developing Real DVD, which is a CSS Decryption module.

The relief to which DVD CCA alleges it is entitled under its implied covenant claim similarly adds nothing to its claim for relief for breach. Compare Answer ¶ 23 with ¶ 30. Thus, DVD CCA has "not even attempted to plead a basis for recovery of anything other than ordinary contract damages and [its] claim is simply duplicative of [its] contract causes of action and thus may be disregarded." *Careau*, 222 Cal. App. 3d at 1392.

1    **B.     As the Drafter of a Contract of Adhesion, DVD CCA Is Not Entitled to Dictate the Meaning of Any Implied Covenant of Good Faith and Fair Dealing**

Not only has DVD CCA failed to state a claim for a breach of the implied covenant of good faith and fair dealing, as discussed above, but DVD CCA also <u>cannot</u> state such a claim with respect to the contract at issue.  As DVD CCA itself explained to this Court, anyone who wants to manufacture a product used for playing back CSS protected DVD content will be granted permission to use CSS under the CSS License Agreement, a "uniform and non-discriminatory license."   Answer at 2.  Because it is a non-negotiable, standardized form agreement, all licensees "are subject to the same structure for the license's use."  Answer at 3.  DVD CCA cannot dispute that the CSS License Agreement is a "standardized contract, imposed upon the subscribing party without an opportunity to negotiate the terms" – the very definition of a contract of adhesion.  *Intershop Communications AG v. Martinez*, 104 Cal.App.4th 191, 201 (Cal. App. 2002), *citing Neal v. State Farm Ins. Co.*, 188 Cal.App.2d 690, 694 (Cal. App. 1961); *Armendariz v. Foundation Health PsychCare Services, Inc.*, 24 Cal.4th 83, 113 (Cal. 2000); *Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807, 817 (Cal. 1981).  In addition to DVD CCA's acknowledgment of the standardized format of its license in the Counterclaim, the License Agreement itself confirms its adhesive nature.  *See* CSS License Agreement ¶ 1.11 ("CSS Agreement" shall mean an agreement between Licensor and another party that contains the *same terms* as this Agreement.") (emphasis added).[1]

When construing contracts of adhesion, California courts look to the language of the agreement interpreted in light of the reasonable expectations of the adhering parties, and not "from the subjective intent of the people who drew up those policies of adhesion." *State Farm and Casualty Co. v. Keenan*, 171 Cal.App.3d 1, 14 (Cal. App. 1985).   Furthermore, any

---

[1] The Court may properly consider the CSS License Agreement to be incorporated by reference into DVD CCA's counterclaims, since DVD CCA has specifically alleged that Real breached or is in violation of the requirements of these documents.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Doing so does not require the Court to convert Real's motion to dismiss to one for summary judgment. *Ritchie*, 342 F.3d at 908.

1  ambiguity in a contract of adhesion must be construed against the drafter.  *Badie v. Bank of*

2  *America*, 67 Cal.App.4th 779, 801 (Cal.App. 1 Dist. 1998).  Given these principles, the DVD

3  CCA should not benefit, as a matter of law, from allegedly implied terms it did not explicitly

4  include in the standardized contract it drafted.

5       While a covenant of good faith and fair dealing is implied by law in every contract, it

6  "exists merely to prevent one contracting party from unfairly frustrating the other party's right to

7  receive the *benefits of the agreement actually made*."  *Guz*, 24 Cal.4th at 349 (emphasis in

8  original) (approving denial of summary judgment on implied covenant claim).  Hence, the

9  covenant "cannot impose substantive duties or limits on the contracting parties beyond those

10  incorporated in the specific terms of their agreement." *Id.*  As drafter of the CSS License

11  Agreement, DVD CCA had every opportunity to expressly define the substantive duties and

12  limits on the contracting parties.  Thus, DVD CCA cannot now turn to an implied covenant to

13  supplement the terms it failed to include.

14       Allegations asserting a breach of the implied covenant of good faith and fair dealing must

15  show that:

16  
17  
18  
> [T]he conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which *unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party* thereby depriving that party of the benefits of the agreement.

19

20  *Careau*, 222 Cal.App.3d at 1395.

21       The allegations here appear to suggest that by signing up for a license, Real agreed that

22  the purpose of the license was to prevent consumer copying of any kind of audio-visual works

23  contained on DVDs.  *See* Answer ¶¶ 1, 6-8, 11.  DVD CCA has presented no adequate basis for

24  such an allegation.  Real had to accept the License Agreement on a take-it-or-leave-it basis, and

25  therefore could only ascertain DVD CCA's intentions and expectations from the express

26  language of the contract itself.  Moreover, because the License Agreement is a contract of

27  adhesion, if there is any ambiguity regarding the fundamental purpose of the CSS License

28

1  Agreement, it is only "'poetic justice' … if such ambiguity is construed in favor of the

2  [licensee]." *Tahoe National Bank v. Phillips*, 4 Cal.3d 11, 20 (Cal. 1971).

3       For these reasons, DVD CCA cannot claim that Real agreed to anything beyond the

4  express terms of the contract at issue. Even if the CSS License Agreement was not a contract of

5  adhesion, Real cannot be held to an implied covenant that DVD CAA has constructed solely

6  from its own interpretation of the purposes of that agreement where those purposes are nowhere

7  evidenced in the contract's expressed terms. As Real had no opportunity to negotiate explicit

8  terms, it would be unfair to impose any additional obligations based on contractual purposes that

9  Real also had no opportunity to define or ascertain. Real respectfully requests that the Court

10  reject any such attempt by DVD CCA by dismissing this claim with prejudice.

## II. DVD CCA'S SECOND AND THIRD AFFIRMATIVE DEFENSES SHOULD BE STRICKEN AS INSUFFICIENTLY PLED

13       In its Answer to Real's Complaint, DVD CCA interposed three affirmative defenses,

14  which read in their entirety as follows:

### First Affirmative Defense: Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense: Unclean Hands

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense: Waiver and Estoppel

Plaintiffs' claims are barred by the doctrines of Waiver and Estoppel.

*Amended Answer and Counterclaims of Defendant and Counterclaimant DVD Copy Control Association, Inc.* ("Answer") at 9.

23       Real seeks to strike the Second and Third Affirmative Defenses for failing to provide

24  Real with fair notice of the defense as required by Fed. R. Civ. P 8(b).[2]

    **A.**    **DVD CCA's Affirmative Defenses are Appropriately Stricken as Failing to Provide Fair Notice**

---

[2] DVD CCA's First Affirmative Defense is properly considered denied or avoided pursuant to Fed. R. Civ. P. 8(b)(6).

Under the Federal Rules of Civil Procedure, a Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has held that under the Federal Rules of Civil Procedure, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshack v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Affirmative defenses that consist of nothing more than a mere reference to a doctrine—such as the doctrines of unclean hands, waiver, and estoppel—do not provide fair notice, and are properly stricken. *Qarbon.com Inc. v. EHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) (striking affirmative defenses of unclean hands, waiver and estoppel). DVD CCA's Second and Third Affirmative Defenses provide no more than a bare mention of the doctrines of unclean hands, waiver and estoppel, and should be stricken.

**B.    Any Amendment to the Challenged Affirmative Defenses Must Set Forth the Elements of the Defense Asserted and Supporting Factual Allegations**

If DVD CCA is to provide Real with fair notice of its affirmative defenses, it must, at a minimum, "set out the elements of the affirmative defense and some factual allegations that meet those elements." *Hynix Semiconductor Inc. v. Rambus Inc.*, 2007 WL 4062845 at * 8 (N.D. Cal. 2007) (striking affirmative defense of unclean hands), citing *Qarbon.com*, 315 F.Supp.2d at 1049; *see also Sun Microsystems, Inc. v. Datram Corp.*, 1997 WL 50272 at *4 (N.D. Cal. 1997) (declining to strike affirmative defense of estoppel where elements of defense set forth). Real respectfully requests that the Court's order striking DVD CCA's Second and Third Affirmative Defenses also directs that, if DVD CCA wished to amend those defenses, DVD CCA must indicate the elements of the defense and provide factual allegations sufficient to meet those elements.

//
//
//
//
//

## CONCLUSION

For the foregoing reasons, Real respectfully requests that this Court (1) dismiss with prejudice DVD CCA's Second Counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing and (2) strike DVD CCA's Second and Third Affirmative Defenses.

Dated: December 4, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: _____/s/_____
    Michael A. Berta

Attorneys for Plaintiffs
REALNETWORKS, INC. AND
REALNETWORKS HOME ENTERTAINMENT, INC.