JAMES A. DiBOISE, State Bar No. 83296
Email: jdiboise@wsgr.com
COLLEEN BAL, State Bar No. 167637
Email: cbal@wsgr.com
MICHAEL A. BERTA, State Bar No. 194650
Email: mberta@wsgr.com
TRACY TOSH LANE, State Bar No. 184666
Email: ttosh@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105

Attorneys for Plaintiffs and
Counterclaim Defendants
REALNETWORKS, INC. and
REALNETWORKS HOME
ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>          Plaintiffs,<br><br>    v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,<br><br>          Defendants.<br><br>AND RELATED CASES | Case Nos. C08 04548 MHP;<br>             C08 04719 MHP<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**<br><br>Before: Hon. Marilyn Hall Patel<br>Dept: Courtroom 15<br>Date: December 22, 2008<br>Time: 2:00 p.m. |

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
CASE NOS.: C08 04548 MHP; C08 04719 MHP

3547111_1.DOC

Dockets.Justia.com

**INTRODUCTION**

In their Opposition, the Studio Defendants (joined by the DVD CCA), fail to offer any valid justification for denying Real's motion for leave to amend its complaint to add claims regarding its New Platform. The Defendants also fail to offer any valid reason for refusing to adjudicate Real's New Platform in any preliminary injunction proceeding before this Court. Real seeks to add claims related to a product that (1) shares the very functionality that the Studio Defendants have asserted breaches Real's obligations under the CSS License Agreement and violates the Digital Millenium Copyright Act; (2) falls within the scope of the Studio Defendants' counterclaims; and (3) falls within the scope of the preliminary injunctive relief sought by the Studio Defendants. The Studio Defendants' asserted grounds for refusing to adjudicate the New Platform – futility and prejudice – have no merit. First, amendment is not futile because the Proposed Amended Complaint alleges facts that establish the existence of a real case or controversy between Real and the Studios. Second, any prejudice at issue here regarding including Real's New Platform in a preliminary injunction proceeding is solely prejudice to Real, since the Studio Defendants have essentially sought to enjoin the functionality of the New Platform while at the same time refusing to recognize the existence of the New Platform.

Although Defendants are opposing Real's amendment of its Complaint, Defendants' opposition is primarily directed toward not including the New Platform in the preliminary injunction proceedings. In that vein, Defendants' assert that they do not have enough information regarding the New Platform to adequately evaluate the product, and that the compressed schedule in this case does not permit them to discover such information before the January 27-29 preliminary injunction hearing. The facts show Defendants' complaints to be groundless:

- First, Real made an early production of the source code for the New Platform on November 13, 2008 (the same day it produced the source code for RealDVD and as early as possible, given the Studio Defendants' prior refusal to identify experts (*see* Lane Decl., Ex. A)). On that date, Real also provided Defendants' counsel

and their expert with a detailed "User Guide" to the product, which provided details regarding the New Platform product and its functionality.[1] Real has also produced numerous documents providing an overview of the New Platform product, which described the product and its core features. *See e.g.*, Lane Decl., Exs. C and D. Real has also offered for deposition witnesses who can testify regarding the New Platform product. Lane Decl. at ¶ 6. Defendants have as much information, if not more, regarding the New Platform product as they did regarding RealDVD when they expeditiously moved for a TRO.

- Second, Real has offered to postpone the January 27-29, 2008 Preliminary Injunction hearing to a date to be agreed upon by the Court and the parties to accommodate the addition of the New Platform product, and to adjust the discovery schedule accordingly. Lane Decl., Ex. E. Defendants refused to even negotiate this offer. *Id.* at ¶ 7.

These facts make clear that Defendants do not have grounds to oppose the inclusion of the New Platform product in this case or in the preliminary injunction proceeding, but instead simply do not want to adjudicate the New Platform in order to exacerbate the uncertainty Real faces as it seeks to go about its business in uncertain economic times. Real's motion should be granted, and the New Platform included in any preliminary injunction proceeding, particularly because courts in this district consistently permit amendments with "extreme liberality." (Motion at 5 (citing cases).)

## ARGUMENT

### A. Real's Proposed Amendment Alleges an Actual Case or Controversy and Is Not Futile

The Studio Defendants' arguments regarding the futility of amendment ignore two key facts evincing the definite and concrete dispute between Real and the Studio Defendants as to whether the New Platform violates the CSS License Agreement or the DMCA, even though Real

---

[1] Declaration of Tracy Tosh Lane ("Lane Dec."), Ex. B.

1  repeatedly referred to those facts in its Motion.  (Motion at 4, 6-7.)  The Studio Defendants'
2  Opposition takes no account of the fact that their Counter-Complaint explicitly requests that the
3  Court *enjoin Real from selling any product with substantially similar functionality to*
4  *RealDVD* (Counter-Compl., Prayer for Relief ¶ (a)).  Defendants likewise ignore the
5  undisputable fact that they had also requested similar relief when moving for a temporary
6  restraining order against Real.  ([Proposed] Temporary Restraining Order at 2.)  Nor do they
7  attempt to address the fact that this Court recently admonished Real for having "rushed to
8  market" with the RealDVD product without seeking "any kind of adjudication."  (Motion at 4,
9  citing Oct. 7, 2008 Tr. at 103-106.)

10  Instead, the Opposition focuses on what is more properly a discovery question, *i.e.*
11  whether Real has provided the Studio Defendants with a description of the New Platform that
12  they consider adequate to determine whether their legal objections to RealDVD also apply to the
13  New Platform.  Opp. at 6.  In fact, Real has provided Defendants with more than enough
14  information to evaluate their position regarding the New Platform product.  Defendants have had
15  access to the source code for the New Platform product as well as a detailed User Guide for the
16  product for nearly a month.  On November 13, Real's counsel specifically directed Defendants'
17  counsel and expert to the New Platform source code and handed them the User Guide.  Lane
18  Decl. at ¶ 3.  Defendants have also requested (and been provided) specific print outs of New
19  Platform source code so that their experts could examine the "copy" and "save" functions of that
20  product.  *Id*. at ¶ 4.  Further, Real has produced hundreds of documents relating to the New
21  Platform product, including product overviews and a requirements document which provide
22  details regarding the software and hardware features of the product.  *Id*. at ¶ 5, Exs. C and D.
23  Finally, Real has offered technical witnesses regarding the New Platform product for deposition.
24  *Id*. at ¶ 6.  Despite these facts, Defendants continue to insist that they do not know what the New
25  Platform product is and cannot determine whether they object to it, and that thus, there is no
26  justiciable controversy to support a declaratory judgment claim.
27  As this Court has recently emphasized, however, the Supreme Court made clear that an
28  "all of the circumstances" test must be used to establish a justiciable controversy, rendering

1  clearly insufficient the Studio Defendants' selective approach to the relevant facts.  *Network*
2  *Video Techs., Inc. v. Nitek Int'l, LLC*, NO. C 08-2208 MHP, 2008 WL 4679541 at * 3 (N.D. Cal.
3  Oct. 21, 2008) (citations omitted); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S.Ct.
4  764, 771 (2007).  The question to be decided in order to determine whether Real's Proposed
5  Amendment would be futile is not simply whether "there *can be* an actual controversy where the
6  declaratory judgment defendant knows nothing about the plaintiff's product," as the Studio
7  Defendants would have it.  (Opp. at 6 (emphasis added).)  Rather, the question is whether there *is*
8  "a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a
9  declaratory judgment" under the facts alleged in light of all of the particular circumstances faced
10 by the parties.  *MedImmune*, 127 S.Ct. at 771.  Here, the Studio Defendants have clearly
11 indicated that they are seeking injunctive relief not only as to RealDVD, but as to any product
12 with substantially similar functionality.  (Counter-Compl., Prayer for Relief ¶ (a)); [Proposed]
13 Temporary Restraining Order at 2.)   Real has clearly stated that the New Platform includes
14 precisely the same functionality that was the basis of the Studio Defendants' request for a TRO
15 against RealDVD.  ([Proposed] Amended Comp., ¶ 24.)   Real has a present intention to bring
16 the New Platform to market.  ([Proposed] Amended Comp., ¶ 25.)  And the Court made clear it
17 disapproved when Real "rush[ed]" RealDVD to market without taking advantage of
18 opportunities to adjudicate uncertainties about whether that product complies with the CSS
19 License Agreement or subjects Real to potential DMCA liability *prior* to the product's release.
20 (Oct. 7 Tr. at 103-104.)  In light of all of these facts, there can be no doubt that the Studio
21 Defendants will seek to enjoin Real from releasing the New Platform.  The Studio Defendants
22 need not explicitly indicate that they will do so for this Court to find that there is a justiciable
23 controversy as to the New Platform.  *Network Video*, 2008 WL 4679541 at *5-6 ("The DJ Act
24 cannot be read so narrowly as to require that a party actually be confronted with an express threat
25 of ligitation.").  Nor does the Court need to wait to exercise jurisdiction until after Real has
26 released the New Platform.  The act in dispute can be "of sufficient immediacy and reality to
27 warrant the issuance of a declaratory judgment" even where the conduct has not yet occurred
28 where the defendant has engaged in similar conduct.  *Hulteen v. AT&T Corp.*, 498 F.3d 1001,

1004 n.1 (9th Cir. 2007) (en banc) (quotations omitted) (exercising jurisdiction over declaratory judgment claim based on an act that had not yet occurred where defendant had engaged in similar conduct with other plaintiffs).

Real's Proposed Amendment alleges facts that show a sufficiently immediate and substantial controversy between the parties to warrant the issuance of a declaratory judgment. Amendment would not be futile and should not be denied on that basis.

### B. The Addition of Substantially Identical Claims Regarding a Second Product Will Not Prejudice the Defendants

Defendants also argue that the Proposed Amendment and the addition of the New Platform to the preliminary injunction proceeding will prejudice Defendants. Defendants *sole basis* for asserting prejudice is the timing of the preliminary injunction hearing and the compressed schedule leading up to that hearing. Despite being subject to a TRO with respect to RealDVD, *Real has offered to postpone the preliminary injunction hearing to accommodate the New Platform product and adjust the schedule accordingly*. The Defendants refused this offer. Defendants' claimed prejudice is thus manufactured and cannot form a basis for denying Real's motion to amend.

On the other hand, Real will be prejudiced if the Proposed Amendment is denied and the New Platform is not included in the preliminary injunction proceeding. Real is in the untenable position of being forced to launch the New Platform to determine whether Defendants object to it. When Defendants assert their inevitable objection, Real will have to either accept a ruling that was made without the opportunity to present the New Platform to the Court, or re-litigate the same issues as the Studio Defendants seek a second bite at the apple. Such follow-on duplicative litigation will only delay Real's ability to get its product to market, jeopardizing Real's first mover advantage with respect to the New Platform and allowing the Studio Defendants to continue to litigate Real's products in the press, unfairly and irreparably damaging their commercial viability.

For these reasons, Real's motion to amend should be granted. *See Millar v. Bay Area Rapid Transit Dist.*, 236 F.Supp.2d 1110, 1113 (N.D. Cal. 2002) (including harm to the plaintiff

1  caused by denial of leave to amend in factors to be considered when evaluating request for leave
2  to amend).  And, Real requests that it be allowed to present the New Platform to the Court in any
3  preliminary injunction proceeding against Real in whatever time frame the Court deems proper,
4  taking into account the legitimate concerns of the parties and the continuing temporary
5  injunction in place against Real.

## CONCLUSION

For the foregoing reasons, and those stated in its Motion for Leave to Amend, Real respectfully requests that this Court grant it leave to amend its complaint and direct that the New Platform be adjudicated at the preliminary injunction hearing.

Dated:   December 8, 2008              WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation


                                        By: /s/_____
                                            Tracy Tosh Lane

                                        Attorneys for Plaintiffs
                                        REALNETWORKS, INC. AND
                                        REALNETWORKS HOME
                                        ENTERTAINMENT, INC.

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
CASE NOS.:  C08 04548 MHP; C08 04719 MHP                    -6-                          3547111_1.DOC