| | |
|---|---|
| 1 | JAMES A. DiBOISE, State Bar No. 83296<br>Email: jdiboise@wsgr.com |
| 2 | COLLEEN BAL, State Bar No. 167637<br>Email: cbal@wsgr.com |
| 3 | MICHAEL A. BERTA, State Bar No. 194650<br>Email: mberta@wsgr.com |
| 4 | TRACY TOSH LANE, State Bar No. 184666<br>Email: ttosh@wsgr.com |
| 5 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| 6 | One Market Street<br>Spear Tower, Suite 3300 |
| 7 | San Francisco, CA 94105 |
| 8 | Attorneys for Plaintiffs and<br>Counterclaim Defendants |
| 9 | REALNETWORKS, INC. and<br>REALNETWORKS HOME |
| 10 | ENTERTAINMENT, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 13 | REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,<br><br>Defendants.<br><br>AND RELATED CASES | Case Nos. C08 04548 MHP;<br>C08 04719 MHP<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DVD COPY CONTROL ASSOCIATION, INC.'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**Before: Hon. Marilyn Hall Patel**<br>**Dept: Courtroom 15**<br>**Date: December 22, 2008**<br>**Time: 2:00 p.m.** | |

REPLY IN SUPPORT OF MOTION TO STRIKE
PRELIMINARY INJUNCTION MOTION
CASE NOS.: C08 04548 MHP; C08 04719 MHP

3544565_1.DOC

**INTRODUCTION**

The DVD CCA claims that it should be allowed to piggyback onto the schedule negotiated by Real and the Studio Defendants in order to reduce "extra filings," maximize "efficient coordination" (Opp. at 4) and that the DVD CCA's improper and incomplete one-page Motion for Preliminary Injunction was filed to give Real "ample time to prepare" to respond. (Opp. at 3; Notice at 2). None of these claims have merit. Rather, the DVD CCA's proposed end-run around the Local Rules would both multiply the filings that Real must oppose and would prejudice Real's ability to efficiently coordinate its response to the Studio Defendants' preliminary injunction papers. Further, the DVD CCA's view of "ample time to prepare" is to cut in half the minimum 35-day noticed motion period required in this District. The DVD CCA seeks to grant itself the right to wait until the eleventh hour to file a memorandum identifying any basis for its claims that the DVD CCA is entitled to claim relief at the preliminary injunction proceeding on January 27, 2009 – claims that are dubious from the get-go since the DVD CCA claims to be moving for injunctive enforcement on a contract of adhesion.

At a minimum, the DVD CCA should have followed the procedural rules applicable to a motion—rules that ensure fair and timely notice to the party defending a motion for preliminary injunction of the legal and factual arguments it will have to counter. Indeed, the DVD CCA previously represented to this Court that the DVD CCA would at least comply with the 35-day schedule for noticed motions (*see* Steer Decl., Ex. C at 1), but is now stating that it will not file any papers at all until mid-January on the schedule agreed by Real and the Studio Defendants. (Opp. at 2). The DVD CCA's attempt to piggyback on the Studio Defendants' motion and negotiated schedule is both presumptuous and unfair. Real negotiated the schedule for the Studio Defendants' motion based on the assumption that Real would be defending against the grounds laid out in the TRO application by one moving party in one brief. Not two moving parties, with two separate briefs, appendices, witnesses and theories. If the DVD CCA wished to avoid extra filings and achieve efficient coordination, it should at least be required to join with the Studio Defendants on one brief with one set of witnesses. Further, the DVD CCA should be required to file a memorandum 35 days in advance of any preliminary injunction hearing setting

1  forth the basis for its claim for preliminary injunctive relief so that Real can assess whether to
2  seek leave of Court to modify the schedule.  This is what is required of all movants, and the
3  DVD CCA has no justification for being treated any differently.

4  **ARGUMENT**

5  In response to Real's Motion to Strike its preliminary injunction motion, the DVD CCA
6  merely avers that the rules governing preliminary injunction motions in this Court do not apply
7  to the DVD CCA "in the circumstances that exist in this litigation."  None of the four arguments
8  DVD CCA advances in support of this extraordinary assertion provide any justification for
9  excusing it from compliance with the Rules; indeed, each of the arguments illustrates why the
10 Rules are necessary to ensure adequate notice to a party defending a motion for preliminary
11 injunction, particularly in the circumstances of this litigation.

12 First, the DVD CCA asserts that its placeholder "motion," which reveals only that it
13 intends to ask the Court to determine that RealDVD violates the CSS License Agreement,
14 adequately specifies the grounds for its motion.  (Opp. at 3.)   That is simply not true: the DVD
15 CCA's "notice" leaves Real to guess at how many and which specific provisions of the
16 agreement the DVD CCA will ask the Court to determine Real has violated.  This is especially so
17 where even the identity of the operative agreement is an issue in dispute, since many of the close
18 to 200 pages of convoluted definitions and technical specifications authored by the DVD CCA
19 were even not provided to Real until after execution of the License Agreement itself.  In any
20 event, the unsurprising fact that Real believes it is *not* in breach of the CSS License Agreement,
21 and has brought an action against the DVD CCA for a declaratory judgment to that effect, does
22 not render Real clairvoyant and therefore able to discern what the DVD CCA is thinking.  Nor
23 should Real have to serve (and hope for a timely and adequate response to) discovery to obtain
24 adequate notice as to the grounds for the DVD CCA's motion.

25 Second, the fact that the DVD CCA purports to force itself into the schedule for
26 conducting discovery, briefing, and argument already established for the Studio Defendants'
27 motion (Opp. at 3) provides no comfort to Real, but rather is cause for concern.  The schedule to
28 which Real agreed for the Studio Defendants' motion presumed two parties, not three,

1  particularly where the third party indicates it will conceal the grounds for its motion for as long
2  as possible.

3  Third, the fact that the DVD CCA believes it has an "urgent and significant interest" in
4  the entry of a preliminary injunction (Opp. at 4) does not translate into a right to append its
5  motion to that of the Studio Defendants by means of a skeletal notice, with the required
6  supporting memorandum to follow nearly two months later and a mere two weeks prior to the
7  hearing.  (Motion at 4 n.2.)  The DVD CCA presumably determined the grounds for its motion
8  when deciding to bring it; the mystery is why it has decided to conceal those grounds from Real
9  for as long as possible, while simultaneously attempting to take advantage of the opportunity to
10 have its motion heard promptly by the Court.  Since the DVD CCA did not state any grounds at
11 all, its Notice is simply defective and should be stricken.

12 Fourth, the fact that the DVD CCA provided the barest notice of its intention to move for
13 a preliminary injunction on November 17 by filing a one-page document, rather than waiting
14 until 35 days before the hearing, or December 23, provides no actual benefit to Real under the
15 "circumstances that exist in this litigation."   If the DVD CCA is permitted to join the briefing
16 schedule currently contemplated for the Studio Defendants' motion, the DVD CCA will not have
17 to file an opening brief until January 13—leaving Real in the dark.  That is hardly an efficient
18 approach to a substantive and significant motion—once again illustrating the need for adequate
19 notice at the beginning, rather than near the end, of the preliminary injunction process.

20 The rules are not a mere formality, and the DVD CCA should not be permitted to flout
21 them at Real's expense.  For the foregoing reasons, and those stated in its Motion to Strike, Real
22 respectfully requests that this Court strike the DVD CCA's Motion for Preliminary Injunction.  If
23 the DVD CCA thereafter files a motion for preliminary injunction that complies with applicable
24 local and federal rules, the Court and the parties may address at that point when the motion
25 should be heard.
26 //
27 //
28 //

| | |
|---|---|
| Dated:   December 8, 2008 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By: /s/ _____<br>         Michael Berta<br><br>Attorneys for Plaintiffs<br>REALNETWORKS, INC. AND<br>REALNETWORKS HOME<br>ENTERTAINMENT, INC. |