

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
PHONE 415.947.2000
FAX 415.947.2099
www.wsgr.com

December 21, 2008

**BY E-FILING AND HAND DELIVERY**
Honorable Marilyn Hall Patel
United States District Court
Courtroom 15, 18th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   *RealNetworks v. DVD CCA, et al.*, Case No. C-08-4548-MHP

Your Honor:

I write on behalf of the RealNetworks ("Real") parties to this litigation.

Two motions are set for argument on Monday, December 22, 2008. Those motions raise issues relating to the schedule for, and scope of, the preliminary injunction evidentiary hearing set for January 27, 28 and 29, 2009. The parties have also briefed certain issues in letters submitted to the Court on November 20 that have not been completely resolved, and two additional issues have arisen in the course of the expedited discovery; some of these issues also relate to the schedule for, and scope of, the preliminary injunction hearing. To identify the issues we would ask the Court to consider Monday afternoon, we list them here:

Regarding the conduct of the preliminary injunction evidentiary hearing:

1. How should the briefing schedule and allocation of time at the hearing be affected by the DVD CCA's intention to participate. (*See* Real's Motion to Strike the DVD CCA's Motion for Preliminary Injunction)
2. How should Real's unreleased hardware product (referred to as the New Platform in the proposed amended complaint) be included in the preliminary injunction hearing? ( *See* Real's Motion for Leave to Amend its Complaint; Real's October 21, 2008 letter brief).
3. Should the Studios be permitted to expand the scope of the preliminary injunction hearing to additional technologies beyond CSS that the Studios recently indicated they contend Real circumvents? (This issue is new to the Court and is briefly addressed below).

Regarding discovery:

4. The terms of the Protective Order (*see* parties' November 20 letter briefs);
5. Whether the Studios should be required to produce documents related to their purported harm (*see* Parties' November 20 letter briefs);
6. Whether Real can take depositions pursuant to Rule 30(b)(6) of the DVD CCA and two Studio defendants. The parties have disagreed as to whether the Court's permission to

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Hon. Marilyn Hall Patel
December 21, 2008
Page 2

       allow 6 depositions in addition to witnesses identified as providing testimony (live or by declaration) at the hearing includes depositions of organizational defendants. Real is seeking only to take 3 such depositions (Real has also sought a document authentication deposition of a third party for a total of 4 depositions). In contrast, the Studio Defendants have requested six additional depositions.

7.    The status of Nicole Hamilton (Ms. Hamilton is a former Real employee involved in the initial development of the Real products and is privy to extensive attorney-client privileged communications. The scheduling of her deposition was raised by the Studios in a letter brief submitted to the Court on Friday, December 19. Real is filing a separate written response to the Studios' submission prior to Monday's hearing.).

       As to issue 3 above, it would be fundamentally unfair to include issues related to technologies in the scheduled preliminary injunction hearing beyond the CSS technology that was at issue in the TRO proceeding and in the Studios' counterclaims. Real did not learn until December 8th – from a passing reference in an interrogatory response – that the Studios contend that there are technologies in addition to CSS that Real purportedly circumvents. In that response, the Studios stated that there might be other technologies, and that "examples" of such technologies were named "ARccOS" and "Ripguard." The Studios did not include any "ARccOS" or "Ripguard" issues in their counterclaims nor in their TRO pleadings, and Real did not learn until this past Thursday – after the scheduled close of fact discovery – that the Studios intend to inject these technologies into the PI proceedings. Further, the Studios have not produced any documents regarding these technologies or any fact witness testimony on these issues. Accordingly, Real has received no notice and no discovery regarding what "ARccOS" or "Ripguard" (or any other unnamed technology) are, how they relate to the technology licensed by Real through the CSS license, or how they otherwise relate to these proceedings.

       Real proposes that the preliminary injunction hearing be conducted in two stages so that Real can fairly respond regarding these additional technologies. The scheduled hearing should proceed to address whether Real's products comply with the CSS License and thus do not violate the DMCA, and whether the Studios have carried their burden of proof on the evidentiary and legal requirements for the issuance of a preliminary injunction. Real respectfully requests that the Court reserve the right to schedule a second hearing if appropriate, after any necessary additional discovery occurs, on any issues involving technologies other than CSS. Real is now operating under a TRO premised on purported CSS circumvention. Fairness requires that Real be afforded a preliminary injunction hearing on CSS. Fairness likewise dictates that Real not be forced to address additional technologies of which it has had no discovery unless and until such discovery has occurred.

       We also respectfully invite the Court's consideration of the use of a Magistrate Judge to assist the parties in resolving their discovery disputes.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Hon. Marilyn Hall Patel
December 21, 2008
Page 3

Very truly yours,

/s/
Leo Cunningham

cc:   All Counsel