

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

PHONE 415.947.2000
FAX 415.947.2099
www.wsgr.com

December 22, 2008

**BY E-FILING AND HAND DELIVERY**
Honorable Marilyn Hall Patel
United States District Court

    Re:    *RealNetworks v. DVD CCA, et al.*, **Case No. C-08-4548-MHP**

Your Honor:

    I write on behalf of Plaintiffs ("Real") to respond to the December 19, 2008 letter from Rohit Singla regarding the deposition of Nicole Hamilton.

    Real is not interfering with the deposition of Ms. Hamilton. Indeed, as Mr. Singla points out, Ms. Hamilton is represented by independent counsel, Peter Chu, who has been handling all communication regarding Ms. Hamilton's deposition.[1] Mr. Chu was not selected by Real and has no relationship with Real or Wilson Sonsini. *See* Exhibit 2 hereto, Chu Declaration ("Chu Decl.") at ¶ 2. Mr. Chu has objected to proceeding with Nicole Hamilton's deposition on the schedule the Studios have sought to impose because she is currently unemployed and dependant upon temporary consulting assignments for her livelihood, and would lose needed income if she took time out with no notice for deposition. Chu Decl. at ¶ 5. Ms. Hamilton's declaration confirms her employment difficulties, and also avers that she never agreed with Mr. Singla to any date for her deposition. *See* Exhibit 3 hereto, Hamilton Declaration at ¶¶ 1-3. It is worth noting that the Studios initially expected Ms. Hamilton's deposition in San Francisco (she lives in or near Seattle) based on defective subpoenas served with virtually no notice. *See* Exhibit 4 hereto, Lane Declaration ("Lane Decl."), Exs. A and B. With respect to defendants' latest subpoena for Ms. Hamilton's deposition, which purported to schedule a deposition upon three business days notice, Mr. Chu served formal objections and indicated Ms. Hamilton was unavailable on that date. Chu Decl., Exs. B and C. Mr. Chu has also requested that Mr. Singla "cease his repeated telephonic contacts" with Ms. Hamilton, as such conduct threatens to violate the Washington Rules of Professional Conduct. *Id.* at ¶ 6.

    Finally, Mr. Singla is correct that Wilson Sonsini initially indicated that we represented Ms. Hamilton. At the time the representation was made, Wilson Sonsini understood that Ms. Hamilton wished to be represented both by Real's counsel and her own independent counsel with

---

[1] Attached hereto as Exhibit 1 is a letter to the Court from Mr. Chu addressing Mr. Singla's letter.

AUSTIN   NEW YORK   PALO ALTO   SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Honorable Marilyn H. Patel
December 22, 2008
Page 2

respect to her deposition, as she is in possession of a great deal of Real's confidential and privileged information. Lane Decl. at ¶ 2. Mr. Singla's declaration makes clear that the Studios agree that Ms. Hamilton possesses Real's privileged and confidential information by virtue of her role at Real. Given her possession of such information, the Studios' lawyer's *ex parte* contact of Ms. Hamilton may well have been inappropriate, and Real has not received any further information about that contact, which it requested on December 12, 2008. *See* Lane Decl., Ex. C.

In short, Real has no objection to proceeding with Ms. Hamilton's deposition provided there is no intrusion into privileged communications, and Real has done nothing to interfere with scheduling the deposition.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

James A. DiBoise

cc:   All Counsel