# EXHIBIT 2

Document1 (8)

Dockets.Justia.com

1  | D.C. PETER CHU, State Bar No. 26431
   | Email:  peter.chu@cojk.com
2  | PAM K. JACOBSON, State Bar No. 31810
   | Email:  pam.jacobson@cojk.com
3  | DAVID PATRICK SHELDON , State Bar No. 39633
   | Email:  david.sheldon@cojk.com
4  | CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
   | 1420 5th Ave Ste 2800
5  | Seattle, WA  98101-1344

6  | Attorneys for Non-Party
   | NICOLE HAMILTON

7

8

9  | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  REALNETWORKS, INC., a Washington corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation, | **Case Nos.:  C08 04548 MHP,**<br>**C08 04719 MHP Consolidated**<br><br>**DECLARATION OF PETER CHU** |
| Plaintiffs and Counterclaim Defendants, | |
| v. | |
| DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware corporation, | |
| Defendants and Counterclaim Plaintiffs. | |
| AND RELATED CASES | **Western District of Washington, Seattle**<br>**Case Nos.:  Hereinabove** |

27

28

DECLARATION OF PETER CHU
CASE NOS.: C08 04548 MHP; C08 04719 MHP
3040PL3.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE:  206.682.8100

1

2

3  I, Peter Chu, declare as follows:

4       1.    I am an attorney duly licensed to practice law in the State of Washington and in

5  the United States District Court for the Western District of Washington, Seattle Division.  I am a

6  member of the law firm Christensen O'Connor Johnson Kindness PLLC, and I represent

7  Non-Party Nicole Hamilton.  I make this Declaration, using facts within my personal knowledge,

8  in response to the "Declaration of Rohit K. Singla Regarding Deposition of Nicole Hamilton."

9       2.    As an initial matter, I must correct the intimation by Mr. Singla that I was selected

10  by RealNetworks, Inc. et al. (hereinafter "RealNetworks") to represent Ms. Hamilton.  I have no

11  prior relationship with RealNetworks or any of its counsel in this litigation.  By reputation, Ms.

12  Hamilton contacted me and requested representation to protect her from the parties of this

13  litigation.

14       3.    Mr. Singla declared that "[m]ore importantly, … Mr. Chu will [not] discuss the

15  scheduling of Ms. Hamilton's deposition."  That is incorrect.  Enclosed please find Exhibit A,

16  which lists pieces of e-mail that I sent to Mr. Singla regarding the scheduling of Ms. Hamilton's

17  deposition.  Even Paragraph 14 of Mr. Singla's own Declaration confirms I had numerous

18  conversations with Mr. Singla to schedule Ms. Hamilton's deposition.

19       4.    Mr. Singla declared that "[w]e served multiple subpoenas for Ms. Hamilton's

20  deposition on Mr. Chu."  That is incorrect.  I was served with one and only one subpoena on

21  Friday, December 12, 2008, which commanded Ms. Hamilton's compliance three working days

22  later on Wednesday, December 17, 2008.  See Exhibit B.  Given voluminous defects and

23  objectionable queries, I served Studio Defendants' counsel with Responses/Objections.  See

24  Exhibit C.

25       5.    I objected to proceeding with Ms. Hamilton's deposition on the dates Mr. Singla

26  has sought to impose because Ms. Hamilton is current unemployed and dependant upon

27  temporary jobs for her livelihood, and would lose the needed income if she were to take time out

28

DECLARATION OF PETER CHU
CASE NOS.: C08 04548 MHP; C08 04719 MHP
\3094PL3.DOC

-1-

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

1   for deposition without sufficient notice.  I also objected to the risk of cost uncertainty to my

2   client for identifying, locating, collecting, reviewing and copying the documents for Mr. Singla.

3          6.      To protect my client, Ms. Hamilton, I asked Mr. Singla to cease his repeated

4   telephonic contacts into the State of Washington to her without the presence of her counsel after

5   Mr. Singla ascribed certain statements made by Ms. Hamilton regarding her availability.  See

6   Exhibit D.  The State of Washington prohibits methods of obtaining evidence that violate the

7   legal rights of a third person.  See Washington RPC 4.4 "Respect for Rights of Third Persons."

8          7.      Given that Studio Defendants' counsel issued the subpoena invoking the power of

9   United Stated District Court, Western District of Washington, Seattle Division, to subject Ms.

10  Hamilton, a non-party, to a discovery process between the parties, it is respectfully submitted

11  that the propriety of the subpoena is a matter for that court, which now has exclusive jurisdiction

12  over the subpoena.

13

14         I declare under penalty of perjury that the foregoing is true and correct.  Executed at

15  Seattle, Washington on December 22, 2008.

16
                                CHRISTENSEN O'CONNOR
17                              JOHNSON KINDNESS PLLC

18

19
                                By: _____
20                                  D.C. Peter Chu, WSBA #26,431
                                    Attorneys for Non-Party
21                                  Nicole Hamilton

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DECLARATION OF PETER CHU
CASE NOS.:  C08 04548 MHP; C08 04719 MHP
\3094PL3.DOC

-3-

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE:  206.682.8100

From: Peter Chu [mailto:peter.chu@cojk.com]
Sent: Tuesday, December 09, 2008 2:11 PM
To: Singla, Rohit
Cc: Lynch, Rebecca
Subject: RE: Hamilton deposition


Hi Rohit, Rebecca,  Thank you for taking my call.  It was a pleasure.
Please let us plan deposition after December.

Peter Chu
Christensen O'Connor Johnson Kindness PLLC
206.695.1636


From: Peter Chu [mailto:peter.chu@cojk.com]
Sent: Tuesday, December 09, 2008 7:04 PM
To: Singla, Rohit
Cc: Lynch, Rebecca
Subject: RE: Hamilton deposition


Hi Rohit, Becca, Missed your call as I was at a client site. Please let
me call you tomorrow. Regarding your discussion with Nicole, please
refrain unless her counsel is present. Thank you.

Peter Chu
Christensen O'Connor Johnson Kindness PLLC
206.695.1636


**From:** Peter Chu [mailto:peter.chu@cojk.com]
**Sent:** Wednesday, December 10, 2008 7:37 PM
**To:** Singla, Rohit
**Cc:** Lynch, Rebecca
**Subject:** RE: Hamilton deposition

Hi Rohit, Becca, I have not been able to get a hold of Nicole.  December 16 is out as she need time for her
interview.  I asked that you consider time for deposition after Deember.  Thank you.

Peter Chu
Christensen O'Connor Johnson Kindness PLLC
206.695.1636

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

DECLARATION OF PETER CHU                                          -4-
CASE NOS.:  C08 04548 MHP; C08 04719 MHP
\3094PL3.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^LLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE:  206.682.8100

AO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF WASHINGTON, SEATTLE DIVISION

REALNETWORKS, INC., REALNETWORKS HOME
ENTERTAINMENT, INC.

V.

DVD COPY CONTROL ASSOCIATION, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C 08-4548-MHP, C 08-4719-MHP Consolidated

Northern District of California

TO:  Nicole Hamilton, c/o D.C. Peter Chu, Christensen O'Connor Johnson Kindness PLLC, 1420 Fifth
Avenue, Suite 2800, Seattle, WA 98101-2347

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Graham & Dunn PC, Pier 70, 2801 Alaskan Way Suite 300, Seattle, WA 98121 | Dec. 17, 2008, 9:30 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Graham & Dunn PC, Pier 70, 2801 Alaskan Way Suite 300, Seattle, WA 98121 | Dec. 17, 2008, 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiffs | DATE December 11, 2008 |
|---|---|
| *Rebecca Lynch / by JAR* | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Rebecca Gose Lynch, Munger, Tolles & Olson, 560 Mission Street, 27th Floor, San Francisco, CA  94105-
2907, (415) 512-4043

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE                                    SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1. The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2. The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

3. The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

4. "YOU" or "YOUR" means Nicole Hamilton and any of her employees, officers, directors, agents, attorneys and representatives.

5. "REAL" means, collectively, RealNetworks, Inc., Real Networks Home Entertainment, Inc., and any of their predecessors, successors, parents, subsidiaries, divisions, affiliates, or other entities within their operation or control, and their respective present or former officers, directors, employees, agents and advisors.

6. "REALDVD" means the DVD-copying product marketed by Real as RealDVD, whether termed RealDVD, Vegas, or any other name.

7. The term "DOCUMENTS" shall mean all handwritten, printed, graphic, typed, electronically recorded, sound recorded, electronically stored or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, assimilated or made, in any form which is or was in YOUR actual or constructive possession, custody or control, whether the original, draft or any carbon, photographic or other copy, reproduction, or facsimile thereof, including, but not limited to, any and all records, files, writings, letters, minutes, correspondence, advertisements, mailgrams, telegrams, bulletins, instructions,

6535641.1

resolutions, charts, literature, work assignments, reports, sales brochures, memoranda, notations of telephone or personal conversations or conferences, messages, transcripts, contracts, agreements, canceled checks, interoffice communications, calendars, daytimers, diaries, logs, notes, notebooks, ledgers, cards, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, records, statistics, speeches, and other writings, computer tapes, audio tapes, videotapes, sound records, audio files, audio-visual files, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, or any other tangible thing. The term DOCUMENTS shall also mean each copy which is not identical to the original or to any other identified copy, including all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not. The term DOCUMENTS includes electronically stored information.

8.     These requests apply to all documents in YOUR possession, custody or control, and includes documents in the possession, custody or control of YOUR employees, officers, directors, agents, attorneys and representatives.

9.     A request for any document shall be deemed to include a request for any or all transmittal sheets, cover letters, exhibits, enclosures or attachments to such document, in addition to the document in its full and unexpurgated form.

10.     Pursuant to Federal Rule of Civil Procedure 34(b)(i), YOU shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this Request. In either case, documents contained in file folders, loose-leaf binders and notebooks with tabs or labels identifying such documents are to be produced intact with such file folders, loose-leaf binders, or notebooks. In producing documents, all documents which are

6535641.1

physically attached to each other shall be left so attached. Documents which are segregated or separated from other documents, shall be left so segregated or separated.

     11.    Pursuant to Federal Rule of Civil Procedure 34(b)(ii) YOU shall produce electronically stored information as follows:

     a. <u>Email</u>: In single page TIFF images with Optical Character Recognition ("OCR"), and with related, extracted text and associated metadata (for example, but not limited to, date, time, to, from, cc, bcc fields, internal path showing mail "folder" names, and source custodian name) in a Concordance load file format with Opticon image cross reference file, indicating beginning and ending pages of each message and each attachment, with attachments identified so as to enable the undersigned issuing attorneys to electronically identify their parent e-mails and with records for which you request special treatment (such as confidential records) identified with field flags. Alternatively, emails may be produced in native format.

     b. <u>E- files, such as Microsoft word documents, Adobe Acrobat pdf's, Excel or other spreadsheet files</u>: in single page TIFF images with OCR, and with related, extracted text, with tracked changes, and associated metadata (for example, but not limited to, date last modified, date created, author, file type [e.g., .doc or .xls], full file path, and source custodian name) in a Concordance load file format with Opticon image cross reference file, indicating beginning and ending pages of each document, with records for which you request special treatment (such as confidential records) identified with field flags, and, the same for Excel and spreadsheet files, so long as the image to be produced communicates all essential substance of the spreadsheet workbooks, including but not limited to essential formulas and hidden data. Alternatively, e-files may be produced in native format.

6535641.1

    c. <u>Databases</u>: native format or exported to a standard output file type which preserves data content and is readable by other common applications (e.g., Access or SQL).

    Notwithstanding the foregoing, if any electronically stored information is produced in a form that is not reasonably useable by the undersigned, the undersigned reserves the right to request that such electronically stored information be delivered in different form so that it is reasonably useable, including, but not limited to, native form. If you find any part of this specification unclear, or if you contend it is burdensome, we ask that you communicate with the undersigned at your earliest possible convenience to discuss the forms and volume of electronically stored information to be collected and produced.

12.    For each document requested herein that you presently contend you are not required to disclose because of any alleged "privilege" or "immunity," identify each such document as follows:

    A.    State the subject matter of the writing;

    B.    State the purpose for which the communication was requested or prepared;

    C.    State the date the writing was prepared and the date it bears;

    D.    Identify each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of the writing;

    E.    Identify each person to whom the writing was addressed and each person to whom the original or a copy of the writing was sent;

    F.    Identify each person who was present when the writing was prepared;

    G.    Identify such person who has seen the writing;

    H.    Identify each person who has custody of the original or a copy of the writing;

6535641.1

     I.       Identify each person referred to in immediately proceeding subparagraphs C, D, E, F, and G by stating his or her full name, job title, and business address, both currently and at the time he or she first had any involvement with the writing; and

     J.       State the privilege or immunity asserted.

## **DOCUMENT REQUESTS**

1.     DOCUMENTS relating to REALDVD.

2.     DOCUMENTS relating to the product termed "Facet" that was or is in development by REAL.

3.     DOCUMENTS relating to the membership of REAL in the DVD CCA.

4.     DOCUMENTS relating to the CSS license between REAL and the DVD CCA.

6535641.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT C**

DECLARATION OF PETER CHU                    -5-
CASE Nos.:  C08 04548 MHP; C08 04719 MHP
\3094PL3.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE:  206.682.8100

1    D.C. PETER CHU, State Bar No. 26431
     Email:  peter.chu@cojk.com
2    PAM K. JACOBSON, State Bar No. 31810
     Email:  pam.jacobson@cojk.com
3    DAVID PATRICK SHELDON , State Bar No. 39633
     Email:  david.sheldon@cojk.com
4    CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
     1420 5th Ave Ste 2800
5    Seattle, WA  98101-1344

6    Attorneys for Non-Party
     NICOLE HAMILTON
7

8

9                        UNITED STATES DISTRICT COURT

10        WESTERN DISTRICT OF WASHINGTON, SEATTLE DIVISION

11

12   REALNETWORKS, INC., a Washington          **MISC.**
     corporation; and REALNETWORKS HOME
13   ENTERTAINMENT, INC., a Delaware           **NON-PARTY NICOLE HAMILTON'S**
     corporation,                              **RESPONSES AND OBJECTIONS TO**
                                               **SUBPOENA**
14
                        Plaintiffs,
15
16           v.

17   DVD COPY CONTROL ASSOCIATION, INC.,
     a Delaware nonprofit corporation, DISNEY
     ENTERPRISES, INC., a Delaware corporation;
18   PARAMOUNT PICTURES CORP., a Delaware
     corporation; SONY PICTURES ENTER., INC., a
19   Delaware corporation; TWENTIETH CENTURY
     FOX FILM CORP., a Delaware corporation;
20   NBC UNIVERSAL, INC., a Delaware
     corporation; WARNER BROS. ENTER. INC., a
21   Delaware corporation; and VIACOM, Inc., a
     Delaware corporation,
22
                        Defendants.
23

24   _____

25   AND RELATED CASES                         **Northern District of California**

26                                             **Case Nos.:  C08 04548 MHP,**
                                                            **C08 04719 MHP Consolidated**
27

28

NICOLE HAMILTON'S OBJECTIONS TO              CHRISTENSEN          LAW OFFICES
SUBPOENA Case Nos.:  C08 04548 MHP; C08      OCONNOR       1420 Fifth Avenue, Suite 2800
04719 MHP                                    JOHNSON           Seattle, WA  98101-2347
3040PL2.DOC                                  KINDNESS PLLC   TELEPHONE:  206.682.8100

1

2     Pursuant to Federal Rule of Civil Procedure 45 and the Local Rules of the issuing Court,

3  Nicole Hamilton, a non-party to this action, hereby objects and responds to defendants' Disney

4  Enterprises, Inc., Paramount Pictures Corp., Sony Pictures Entertainment, Inc., Twentieth

5  Century Fox Film Corp., NBC Universal, Inc., Warner Bros. Entertainment, Inc., and Viacom,

6  Inc. (collectively, the "Studio Defendants") Subpoena, dated December 11, 2008, as follows:

7                              **GENERAL OBJECTIONS**

8     Hamilton makes the following General Objections, whether or not separately set forth in

9  response to each and every instruction, definition, and request made in the Subpoena.

10     1.     Hamilton objects to the Subpoena for being defective including but not limited to

11  its form and contents, its issuance, and its service.

12     2.     Hamilton objects to the production of business records at the time and date

13  specified.  Hamilton invites counsel for the Studio Defendants to contact her counsel to arrange

14  for a mutually agreeable date, time and location for the production.

15     3.     Hamilton objects to the deposition occurring on the date and at the time and

16  location specified.  Hamilton invites counsel for the Studio Defendants to contact her counsel to

17  arrange for a mutually agreeable date, time and location for her deposition.

18     4.     Hamilton objects to the Subpoena on the grounds that it is overly broad, unduly

19  burdensome, and oppressive, and does not comply with the admonition of Fed. R. Civ. P. 45

20  (c)(1) that a subpoena to non-parties shall "avoid imposing undue burden or expense on a person

21  subject to that subpoena."

22     5.     Hamilton objects to the production of business records as if she were a party to

23  the actions.

24     6.     Hamilton objects to the deposition unless the scope of the deposition excludes

25  information learned from her without the presence of her counsel in accordance with the

26  admonition of Rules of Professional Conduct Secs 1.18 and 4.4 of the State of Washington.  To

27  the extent Hamilton agrees to the deposition, she will be deposed pursuant to an appropriate

28  protective order.

NICOLE HAMILTON'S OBJECTIONS TO
SUBPOENA CASE NOS.:  C08 04548 MHP; C08
04719 MHP
\3094PL2.DOC

-1-

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS‸‸‸

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

7.    Hamilton objects to the deposition unless the recording method of the deposition is restricted to stenographic method.  To the extent Hamilton agrees to the deposition, she will be deposed pursuant to an appropriate protective order.

8.    Hamilton objects to the Instructions on the grounds that they are unduly burdensome on a non-party such as herself.

9.    Hamilton objects to each document request calling for "all" documents pertaining to a specific subject, on the ground that such language is overbroad and unduly burdensome.

10.    Hamilton objects to the definition of "REALDVD" as overbroad, vague, ambiguous and unduly burdensome.

11.    Hamilton objects to the definition of "YOU" and "YOUR" as overbroad, vague, ambiguous and unduly burdensome.  Hamilton will understand those terms to refer only to herself.

12.    Hamilton objects to the definition of "REAL" as overbroad, vague, ambiguous and unduly burdensome.  Hamilton will understand "REAL" to refer to RealNetworks, Inc. and RealNetworks Home Entertainment, Inc.

13.    Hamilton objects to the Subpoena to the extent that it seeks documents or information not relevant or reasonably calculated to lead to the discovery of admissible evidence.

14.    Hamilton objects to the Subpoena to the extent that it calls for documents that are publicly available and/or equally available to the Studio Defendants, or calls for documents that are available to the Studio Defendants from party sources, on the grounds that such requests subject Hamilton to unreasonable and undue annoyance, oppression, burden and expense.  The Studio Defendants should obtain responsive documents from such sources before putting non-party Hamilton to the burden and expense of locating and producing responsive documents.

15.    Hamilton objects to the Subpoena on the ground that the cost and the risk of cost uncertainty of identifying, locating, collecting, reviewing and copying the documents, and other associated costs of production, may be substantial and should be paid by the Studio Defendants, the interested party seeking the discovery.

NICOLE HAMILTON'S OBJECTIONS TO SUBPOENA Case Nos.: C08 04548 MHP; C08 04719 MHP
\3094Pl2.DOC

-2-

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS℠

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE: 206.682.8100

16. Hamilton objects to the production of documents that contain commercial, trade secret, personal or other confidential information. To the extent Hamilton agrees to produce such documents, she will produce them pursuant to an appropriate protective order.

17. Hamilton objects to the Subpoena to the extent that it purports to require Hamilton to produce documents in violation of a legal or contractual obligation of nondisclosure to plaintiff RealNetworks or any third party. Hamilton will not produce such documents without either the consent of such a relevant third party, or a Court order compelling production.

18. Hamilton objects to the Subpoena to the extent that it seeks documents or information that would constitute an expert opinion, as Hamilton has not been retained as an expert. To the extent Hamilton agrees to the deposition, she will be deposed pursuant to an appropriate protective order.

19. Hamilton objects to all requests to the extent they seek documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or exemption. The production of any document constituting or containing any such privileged information will be inadvertent and not intended to, and shall not be deemed to, waive or abridge any applicable privilege or protection as to either that document or any other document or communication.

20. Hamilton objects to the Subpoena and all instructions and definitions contained in it to the extent that it purports to impose any requirement or discovery obligation on Hamilton other than those set forth in the Federal Rules of Civil Procedure, the applicable rules of Court, and pertinent case law.

21. Hamilton objects to producing electronically stored information in the form provided in Paragraph 11 of the Subpoena because it would be overly burdensome.

22. Hamilton's failure to object to the Subpoena on a particular ground shall not be construed as a waiver of her right to object on that ground or any additional ground at any time. Hamilton reserves the right to modify, supplement or amend any or all of these objections, and in particular reserves all objections as to the relevancy, materiality and admissibility of her documents or the subject matter thereof, in addition to all objections as to burden, vagueness,

NICOLE HAMILTON'S OBJECTIONS TO
SUBPOENA CASE NOS.: C08 04548 MHP; C08
04719 MHP
\3094PL2.DOC                                    -3-                    CHRISTENSEN          LAW OFFICES
                                                                      O'CONNOR       1420 Fifth Avenue, Suite 2800
                                                                      JOHNSON           Seattle, WA 98101-2347
                                                                      KINDNESS PLLC   TELEPHONE: 206.682.8100

1  overbreadth, and ambiguity, and all rights to object on any ground to the use of any document, or

2  the subject matter thereof, in any subsequent proceeding, including without limitation the trial of

3  this, or any other, action.

4  **OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS**

5  Hamilton incorporates the above General Objections into its objections to each and every

6  request in the Subpoena. Hamilton also makes the following additional objections to certain

7  specific document requests.

8  **DOCUMENT REQUEST NO. 1:**

9  DOCUMENTS relating to REALDVD.

10  **RESPONSE TO DOCUMENT REQUEST NO. 1:**

11  In addition to her General Objections, Hamilton objects to this request to the extent it

12  seeks documents protected from discovery by the attorney-client privilege or the work product

13  doctrine.

14  Subject to her General and Specific Objections, Hamilton will meet and confer with the

15  Studio Defendants concerning the scope of this request.

16  **DOCUMENT REQUEST NO. 2:**

17  DOCUMENTS relating to the product termed "Facet" that was or is in development by

18  REAL.

19  **RESPONSE TO DOCUMENT REQUEST NO. 2:**

20  In addition to her General Objections, Hamilton objects to this request to the extent it

21  seeks documents protected from discovery by the attorney-client privilege or the work product

22  doctrine. Hamilton also objects to this request to the extent that the Studio Defendants are

23  successful in their efforts to preclude consideration of "the product termed 'Facet'" at the

24  preliminary injunction hearing.

25  Subject to her General and Specific Objections, Hamilton will meet and confer with the

26  Studio Defendants concerning the scope of this request.

27  **DOCUMENT REQUEST NO. 3:**

28  DOCUMENTS relating to the membership of REAL in the DVD CCA.

NICOLE HAMILTON'S OBJECTIONS TO
SUBPOENA CASE Nos.: C08 04548 MHP; C08
04719 MHP
\3094PL2.DOC                                                    -4-                    CHRISTENSEN          LAW OFFICES
                                                                                       O'CONNOR      1420 Fifth Avenue, Suite 2800
                                                                                       JOHNSON        Seattle, WA 98101-2347
                                                                                       KINDNESS^PLLC  TELEPHONE: 206.682.8100

1  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

2      In addition to her General Objections, Hamilton objects to this request to the extent it

3  seeks documents protected from discovery by the attorney-client privilege or the work product

4  doctrine.  Hamilton also objects to this request on the ground that it seeks documents that are

5  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6      Subject to her General and Specific Objections, Hamilton will meet and confer with the

7  Studio Defendants concerning the scope of this request.

8  **DOCUMENT REQUEST NO. 4:**

9      DOCUMENTS relating to the CSS license between REAL and the DVD CCA.

10  **RESPONSE TO DOCUMENT REQUEST NO. 4:**

11      In addition to her General Objections, Hamilton objects to this request to the extent it

12  seeks documents protected from discovery by the attorney-client privilege or the work product

13  doctrine.  Hamilton also objects to this request on the ground that it seeks documents that are

14  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15      Subject to her General and Specific Objections, Hamilton will meet and confer with the

16  Studio Defendants concerning the scope of this request.

17  Dated:  December 16, 2008

18                          CHRISTENSEN O'CONNOR
19                          JOHNSON KINDNESS PLLC

20

21  By:
22                          D.C. Peter Chu, WSBA #26,431
                            Attorneys for Non-Party
23                          Nicole Hamilton

24

25

26

27

28

1

**EXHIBIT D**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF PETER CHU
CASE NOS.: C08 04548 MHP; C08 04719 MHP
\3094PL3.DOC

-6-

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS℠

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

---

From: Peter Chu [mailto:peter.chu@cojk.com]
Sent: Tuesday, December 09, 2008 7:04 PM
To: Singla, Rohit
Cc: Lynch, Rebecca
Subject: RE: Hamilton deposition


Hi Rohit, Becca, Missed your call as I was at a client site. Please let
me call you tomorrow. Regarding your discussion with Nicole, please
refrain unless her counsel is present. Thank you.

Peter Chu
Christensen O'Connor Johnson Kindness PLLC
206.695.1636