# EXHIBIT 4

Document1 (8)

Dockets.Justia.com

1   JAMES A. DiBOISE, State Bar No. 83296
    Email:  jdiboise@wsgr.com
2   COLLEEN BAL, State Bar No. 167637
    Email:  cbal@wsgr.com
3   MICHAEL A. BERTA, State Bar No. 194650
    Email:  mberta@wsgr.com
4   TRACY TOSH LANE, State Bar No. 184666
    Email:  ttosh@wsgr.com
5   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
6   One Market Street
    Spear Tower, Suite 3300
7   San Francisco, CA 94105

8   Attorneys for Plaintiffs and
    Counterclaim Defendants
9   REALNETWORKS, INC. and
    REALNETWORKS HOME
10  ENTERTAINMENT, INC.

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  REALNETWORKS, INC., a Washington          Case Nos. C08 04548 MHP;
    Corporation; and REALNETWORKS HOME                   C08 04719 MHP
14  ENTERTAINMENT, INC., a Delaware
    corporation,                              **DECLARATION OF TRACY TOSH RE**
15                                            **NICOLE HAMILTON DEPOSITION**
                Plaintiffs,
16                                            **Before:  Hon. Marilyn Hall Patel**
         v.                                   **Dept:   Courtroom 15**
17                                            **Date:   December 22, 2008**
    DVD COPY CONTROL ASSOCIATION, INC., a     **Time:   2:00 p.m.**
18  Delaware nonprofit corporation, DISNEY
    ENTERPRISES, INC., a Delaware corporation;
19  PARAMOUNT PICTURES CORP., a Delaware
    corporation; SONY PICTURES ENTER., INC., a
20  Delaware corporation; TWENTIETH CENTURY
    FOX FILM CORP., a Delaware corporation; NBC
21  UNIVERSAL, INC., a Delaware corporation;
    WARNER BROS. ENTER. INC., a Delaware
22  corporation; and VIACOM, Inc., a Delaware
    Corporation,
23
                Defendants.
24

25

26  AND RELATED CASES

27

28

1.    I am an attorney at law duly licensed to practice in the State of California and before this Court. I am Of Counsel at the law firm of Wilson Sonsini Goodrich & Rosati, and one of the counsel for RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (collectively "Real"), plaintiffs and counterclaim defendants in the above-captioned matter. I make this Declaration in response to the December 19, 2008 letter to the Court from Rohit K. Singla regarding the deposition of Nicole Hamilton. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.    On December 5, 2008, Wilson Sonsini informed counsel for defendants that it represented Nicole Hamilton, a former employee of Real. When this representation was made, Wilson Sonsini understood that Ms. Hamilton recognized Real's concerns about preserving attorney-client information, and wished for Wilson Sonsini to co-represent her with respect to her deposition along with independent counsel of her choosing. Ms. Hamilton's independent counsel is Peter Chu of Christensen O'Connor Johnson Kindness. Counsel on this case have no prior relationship with Mr. Chu, and Mr. Chu was not retained by either Wilson Sonsini or Real.

3.    Attached hereto as Exhibit A is a true and correct copy of the Notice of Issuance of Deposition Subpoena to Third Party Nicole Hamilton and accompanying documents served by the movie studio defendants on or around December 5, 2008.

4.    Attached hereto as Exhibit B is a true and correct copy of a Subpoena for the deposition of Nicole Hamilton served by the movie studio defendants on or around December 9, 2008.

5.    Attached hereto as Exhibit C is a true and correct copy of a letter dated December 12, 2008, from Tracy Tosh Lane to Rebecca G. Lynch.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on December 22, 2008.

_Tracy Tosh Lane_
Tracy Tosh Lane

# EXHIBIT A

1  GLENN D. POMERANTZ (SBN 112503)        ROBERT H. ROTSTEIN (SBN 72452)
   Glenn.Pomerantz@mto.com                  rxr@msk.com
2  BART H. WILLIAMS (SBN 134009)           ERIC J. GERMAN (SBN 224557)
3  Bart.Williams@mto.com                    ejg@msk.com
   KELLY M. KLAUS (SBN 161091)             BETSY A. ZEDEK (SBN 241653)
4  Kelly.Klaus@mto.com                      baz@msk.com
   MUNGER, TOLLES & OLSON LLP              MITCHELL SILBERBERG & KNUPP LLP
5  355 South Grand Avenue, 35th Floor      11377 West Olympic Boulevard
   Los Angeles, CA 90071-1560              Los Angeles, California 90064-1683
6  Tel: (213) 683-9100; Fax: (213) 687-3702   Tel: (310) 312-2000; Fax: (310) 312-3100

7

8  GREGORY P. GOECKNER (SBN 103693)
   gregory_goeckner@mpaa.org
9  DANIEL E. ROBBINS (SBN 156934)
   dan_robbins@mpaa.org
10 15301 Ventura Boulevard, Building E
   Sherman Oaks, California 91403-3102
11 Tel: (818) 995-6600; Fax: (818) 285-4403

12 Attorneys for Defendants/Counterclaim-Plaintiffs/Plaintiffs
13 COLUMBIA PICTURES INDUSTRIES, INC., DISNEY
   ENTERPRISES, INC., PARAMOUNT PICTURES CORP.,
14 SONY PICTURES ENTERTAINMENT, INC., SONY
   PICTURES TELEVISION INC., TWENTIETH CENTURY
15 FOX FILM CORP., NBC UNIVERSAL, INC., WALT
   DISNEY PICTURES, WARNER BROS.
16 ENTERTAINMENT, INC., UNIVERSAL CITY STUDIOS
17 PRODUCTIONS LLLP, UNIVERSAL CITY STUDIOS
   LLLP, AND VIACOM, INC.

18

19                    UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21 REALNETWORKS, INC., et al.,          CASE NO. C 08-4548-MHP

22          Plaintiffs,                 Consolidated with Case No. C 08-04719-MHP

23     vs.                              **NOTICE OF ISSUANCE OF**
                                        **DEPOSITION SUBPOENA TO THIRD**
24 DVD COPY CONTROL ASSOCIATION,        **PARTY NICOLE HAMILTON**
25 INC., et al.

26          Defendants.

27 AND CONSOLIDATED ACTIONS.

28

   6531434.1                                    NOTICE OF ISSUANCE OF DEPOSITION SUBPOENA
                                                    TO THIRD PARTY NICOLE HAMILTON

1   <u>**NOTICE OF DEPOSITION OF THIRD PARTY NICOLE HAMILTON**</u>

2   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3           PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules

4   of Civil Procedure, Defendants Disney Enterprises, Inc., Paramount Pictures Corp., Sony Pictures

5   Entertainment, Inc., Twentieth Century Fox Film corp., NBC Universals, Inc., Warner Bros.

6   Entertainment, Inc., and Viacom, Inc. (collectively, "the Studios") will take the deposition of

7   Nicole Hamilton on December 9, 2008, beginning at 9:30 a.m., at the offices of Munger, Tolles &

8   Olson, LLP, 560 Mission Street, 27th Floor, California, 94105. The subpoena also requests that

9   the deponent bring to the deposition the documents and materials set forth in Exhibit A.

10          Said deposition will be taken under oath before a certified shorthand reporter

11  authorized to administer oaths and may be video recorded in its entirety. In the event the

12  deposition is not concluded on December 9, 2008, the continuation of the deposition will be

13  rescheduled for a mutually agreeable date and time.

14

15  DATED: December 5, 2008          MUNGER, TOLLES & OLSON LLP

16

17  By: _____
                      JONATHAN H. BLAVIN

18

19  Attorneys for Defendants/Counterclaim-
    Plaintiffs/Plaintiffs COLUMBIA PICTURES
    INDUSTRIES, INC., DISNEY
20  ENTERPRISES, INC., PARAMOUNT
    PICTURES CORP., SONY PICTURES
21  ENTERTAINMENT, INC., SONY
    PICTURES TELEVISION INC.,
22  TWENTIETH CENTURY FOX FILM
    CORP., NBC UNIVERSAL, INC., WALT
23  DISNEY PICTURES, WARNER BROS.
    ENTERTAINMENT, INC., UNIVERSAL
24  CITY STUDIOS PRODUCTIONS LLLP,
    UNIVERSAL CITY STUDIOS LLLP, AND
25  VIACOM, INC.

26

27

28

6531434.1                     - 1 -      NOTICE OF ISSUANCE OF DEPOSITION SUBPOENA
                                           TO THIRD PARTY NICOLE HAMILTON

✦ AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON, SEATTLE DIVISION

REALNETWORKS, INC., REALNETWORKS HOME
ENTERTAINMENT, INC.

**SUBPOENA IN A CIVIL CASE**

V.

DVD COPY CONTROL ASSOCIATION, INC., et al.

Case Number:[1] C 08-4548-MHP, C 08-4719-MHP Consolidated

Northern District of California

TO: Nancy Hamilton, 16645 NE 46th Street, Redmond, WA 98052-5441

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>560 Mission Street, 27th Floor, San Francisco, CA 94105 | DATE AND TIME<br>December 9, 2008, 9:30 am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A.

| PLACE<br>560 Mission Street, 27th Floor, San Francisco, CA 94105 | DATE AND TIME<br>December 9, 2008, 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiffs | DATE<br>December 5, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan H. Blavin, Munger, Tolles & Olson, 560 Mission Street, 27th Floor, San Francisco, CA 94105-2907, (415) 512-4011

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.<br>www.FormsWorkflow.com

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.  The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.  The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

3.  The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

4.  "YOU" or "YOUR" means Nicole Hamilton and any of her employees, officers, directors, agents, attorneys and representatives.

5.  "REAL" means, collectively, RealNetworks, Inc., Real Networks Home Entertainment, Inc., and any of their predecessors, successors, parents, subsidiaries, divisions, affiliates, or other entities within their operation or control, and their respective present or former officers, directors, employees, agents and advisors.

6.  "REALDVD" means the DVD-copying product marketed by Real as RealDVD, whether termed RealDVD, Vegas, or any other name.

7.  The term "DOCUMENTS" shall mean all handwritten, printed, graphic, typed, electronically recorded, sound recorded, electronically stored or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, assimilated or made, in any form which is or was in YOUR actual or constructive possession, custody or control, whether the original, draft or any carbon, photographic or other copy, reproduction, or facsimile thereof, *including, but not limited to*, any and all records, files, writings, letters, minutes, correspondence, advertisements, mailgrams, telegrams, bulletins, instructions,

6535641.1

resolutions, charts, literature, work assignments, reports, sales brochures, memoranda, notations of telephone or personal conversations or conferences, messages, transcripts, contracts, agreements, canceled checks, interoffice communications, calendars, daytimers, diaries, logs, notes, notebooks, ledgers, cards, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, records, statistics, speeches, and other writings, computer tapes, audio tapes, videotapes, sound records, audio files, audio-visual files, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, or any other tangible thing. The term DOCUMENTS shall also mean each copy which is not identical to the original or to any other identified copy, including all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not. The term DOCUMENTS includes electronically stored information.

       8.    These requests apply to all documents in YOUR possession, custody or control, and includes documents in the possession, custody or control of YOUR employees, officers, directors, agents, attorneys and representatives.

       9.    A request for any document shall be deemed to include a request for any or all transmittal sheets, cover letters, exhibits, enclosures or attachments to such document, in addition to the document in its full and unexpurgated form.

      10.    Pursuant to Federal Rule of Civil Procedure 34(b)(i), YOU shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this Request. In either case, documents contained in file folders, loose-leaf binders and notebooks with tabs or labels identifying such documents are to be produced intact with such file folders, loose-leaf binders, or notebooks. In producing documents, all documents which are

6535641.1

physically attached to each other shall be left so attached. Documents which are segregated or separated from other documents, shall be left so segregated or separated.

      11.    Pursuant to Federal Rule of Civil Procedure 34(b)(ii) YOU shall produce electronically stored information as follows:

      a. <u>Email</u>: In single page TIFF images with Optical Character Recognition ("OCR"), and with related, extracted text and associated metadata (for example, but not limited to, date, time, to, from, cc, bcc fields, internal path showing mail "folder" names, and source custodian name) in a Concordance load file format with Opticon image cross reference file, indicating beginning and ending pages of each message and each attachment, with attachments identified so as to enable the undersigned issuing attorneys to electronically identify their parent e-mails and with records for which you request special treatment (such as confidential records) identified with field flags. Alternatively, emails may be produced in native format.

      b. <u>E-files, such as Microsoft word documents, Adobe Acrobat pdf's, Excel or other spreadsheet files</u>: in single page TIFF images with OCR, and with related, extracted text, with tracked changes, and associated metadata (for example, but not limited to, date last modified, date created, author, file type [e.g., .doc or .xls], full file path, and source custodian name) in a Concordance load file format with Opticon image cross reference file, indicating beginning and ending pages of each document, with records for which you request special treatment (such as confidential records) identified with field flags, and, the same for Excel and spreadsheet files, so long as the image to be produced communicates all essential substance of the spreadsheet workbooks, including but not limited to essential formulas and hidden data. Alternatively, e-files may be produced in native format.

6535641.1

c. Databases: native format or exported to a standard output file type which preserves data content and is readable by other common applications (e.g., Access or SQL).

Notwithstanding the foregoing, if any electronically stored information is produced in a form that is not reasonably useable by the undersigned, the undersigned reserves the right to request that such electronically stored information be delivered in different form so that it is reasonably useable, including, but not limited to, native form. If you find any part of this specification unclear, or if you contend it is burdensome, we ask that you communicate with the undersigned at your earliest possible convenience to discuss the forms and volume of electronically stored information to be collected and produced.

12.     For each document requested herein that you presently contend you are not required to disclose because of any alleged "privilege" or "immunity," identify each such document as follows:

A.     State the subject matter of the writing;

B.     State the purpose for which the communication was requested or prepared;

C.     State the date the writing was prepared and the date it bears;

D.     Identify each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of the writing;

E.     Identify each person to whom the writing was addressed and each person to whom the original or a copy of the writing was sent;

F.     Identify each person who was present when the writing was prepared;

G.     Identify such person who has seen the writing;

            H.      Identify each person who has custody of the original or a copy of the writing;

            I.      Identify each person referred to in immediately proceeding subparagraphs C, D, E, F, and G by stating his or her full name, job title, and business address, both currently and at the time he or she first had any involvement with the writing; and

            J.      State the privilege or immunity asserted.

## DOCUMENT REQUESTS

1.    DOCUMENTS relating to REALDVD.

2.    DOCUMENTS relating to the product termed "Facet" that was or is in development by REAL.

3.    DOCUMENTS relating to the membership of REAL in the DVD CCA.

4.    DOCUMENTS relating to the CSS license between REAL and the DVD CCA.

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3         I, the undersigned, declare that I am over the age of 18 and not a party to the
     within cause. I am employed by Munger, Tolles & Olson LLP in the County of San Francisco,
4    State of California. My business address is 355 S. Grand Avenue, 35th Floor, Los Angeles,
     California 90071.
5

6         On December 5, 2008, I served upon the interested party(ies) in this action the
     foregoing document(s) described as:

7         **NOTICE OF ISSUANCE OF DEPOSITION SUBPOENA TO**
     **THIRD PARTY NICOLE HAMILTON**
8

9    ☐   By placing ☐ the original(s) ☐ a true and correct copy(ies) thereof, as set out below, in an
         addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the
10       address(es) set forth on the attached service list.

11   ☐   **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such
         envelope(s) to be placed in interoffice mail for collection and deposit in the United States
12       Postal Service at 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California, on
         that same date, following ordinary business practices. I am familiar with Munger, Tolles
13       & Olson LLP's practice for collection and processing correspondence for mailing with the
         United States Postal Service; in the ordinary course of business, correspondence placed in
14       interoffice mail is deposited with the United States Postal Service with first class postage
         thereon fully prepaid on the same day it is placed for collection and mailing.
15

16   ☒   **BY ELECTRONIC MAIL (AS INDICATED ON ATTACHED SERVICE LIST)** By
         sending a copy of said document by electronic mail for instantaneous transmittal.

17   ☒   **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to
         be sent a true and correct copy(ies) of said document via facsimile transmission. The
18       transmission was reported as complete and without error. A true and correct copy of the
         machine's transmission report, indicating the date and time that the transmission was
19       completed without error is attached to this proof of service and is incorporated herein by
         this reference. The telephone number of the facsimile machine I used was (213) 683-
20       9510  This facsimile machine complies with Rule 2003(3) of the California Rules of
         Court.
21

22   ☐   (STATE) I declare under penalty of perjury that the foregoing is true and correct.

23   ☒   (FEDERAL) I declare that I am employed in the office of a member of the bar of this
         court at whose direction the service was made.
24

25        Executed on December 5, 2008, at Los Angeles, California.

26                                        _____
27                                                  Jillian Song

28

     6545922.1                          - 1 -                    PROOF OF SERVICE

1

## SERVICE LIST

2  James A. DiBoise (jdiboise@wsgr.com)          Reginald D. Steer (rsteer@akingump.com)
   Colleen Bal (cbal@wsgr.com)                   Maria Ellinikos (mellinikos@akingump.com)
3  Michaela. Berta (mberta@wsgr.com)             Akin Gump Strauss Hauer &Feld LLP
   Tracy Tosh Lane (ttosh@wsgr.com)              580 California, 15th Floor
4  Wilson Sonsini Goodrich & Rosati PC           San Francisco, California 94104-1036
   One Market Street, Spear Tower, Suite 3300    Tel: (415) 765-9500; Fax: (415) 765-9501
5  San Francisco, CA 94105
6  Tel: (415) 947-2000; Fax: (415) 947-2099

7  Edward P. Lazarus (elazarus@akingump.com)     William Sloan Coats (wcoats@whitecase.com)
   Stephen Mick (smick@akingump.com)             Mark Weinstein (mweinstein@whitecase.com)
8  Michael Small (msmall@akingump.com)           Mark F. Lambert (mlambert@whitecase.com)
   Akin Gump Strauss Hauer & Feld LLP            White & Case LLP
9  2029 Century Park East, Suite 2400            3000 El Camino Real
   Los Angeles, California 90067-3012            5 Palo Alto Square, 9th Floor
10 Tel: (310) 229-1000; Fax: (310) 229-1001      Palo Alto, California 94306
                                                 Tel: (650) 213-0300; Fax: (650) 213-8158
11

12 **Courtesy Copy**
   Robert H. Rotstein (rxr@msk.com)
13 Eric J. German (ejg@msk.com)
   Betsy A. Zedek (baz@msk.com)
14 Mitchell, Silberberg & Knupp LLP
   11377 West Olympic Boulevard
15 Los Angeles, CA 90064-1683
   Tel: (310) 312-2000; Fax: (310) 312-3100
16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

AO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON, SEATTLE DIVISION

REALNETWORKS, INC., REALNETWORKS HOME
ENTERTAINMENT, INC.

V.

DVD COPY CONTROL ASSOCIATION, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C 08-4548-MHP, C 08-4719-MHP Consolidated
Northern District of California

TO:   Nicole Hamilton, c/o D.C. Peter Chu, Christensen O'Connor Johnson Kindness PLLC, 1420 Fifth
Avenue, Suite 2800, Seattle, WA 98101-2347

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 560 Mission Street, 27th Floor, San Francisco, CA 94105 | Dec. 16, 2008, 9:30 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| 560 Mission Street, 27th Floor, San Francisco, CA 94105 | Dec. 16, 2008, 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | December 9, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rebecca Gose Lynch, Munger, Tolles & Olson, 560 Mission Street, 27th Floor, San Francisco, CA 94105-2907, (415) 512-4043

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                                _____
                                                                ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A

**DEFINITIONS AND INSTRUCTIONS**

1.      The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.      The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

3.      The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

4.      "YOU" or "YOUR" means Nicole Hamilton and any of her employees, officers, directors, agents, attorneys and representatives.

5.      "REAL" means, collectively, RealNetworks, Inc., Real Networks Home Entertainment, Inc., and any of their predecessors, successors, parents, subsidiaries, divisions, affiliates, or other entities within their operation or control, and their respective present or former officers, directors, employees, agents and advisors.

6.      "REALDVD" means the DVD-copying product marketed by Real as RealDVD, whether termed RealDVD, Vegas, or any other name.

7.      The term "DOCUMENTS" shall mean all handwritten, printed, graphic, typed, electronically recorded, sound recorded, electronically stored or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, assimilated or made, in any form which is or was in YOUR actual or constructive possession, custody or control, whether the original, draft or any carbon, photographic or other copy, reproduction, or facsimile thereof, including, but not limited to, any and all records, files, writings, letters, minutes, correspondence, advertisements, mailgrams, telegrams, bulletins, instructions,

resolutions, charts, literature, work assignments, reports, sales brochures, memoranda, notations of telephone or personal conversations or conferences, messages, transcripts, contracts, agreements, canceled checks, interoffice communications, calendars, daytimers, diaries, logs, notes, notebooks, ledgers, cards, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, records, statistics, speeches, and other writings, computer tapes, audio tapes, videotapes, sound records, audio files, audio-visual files, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, or any other tangible thing. The term DOCUMENTS shall also mean each copy which is not identical to the original or to any other identified copy, including all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not. The term DOCUMENTS includes electronically stored information.

8.    These requests apply to all documents in YOUR possession, custody or control, and includes documents in the possession, custody or control of YOUR employees, officers, directors, agents, attorneys and representatives.

9.    A request for any document shall be deemed to include a request for any or all transmittal sheets, cover letters, exhibits, enclosures or attachments to such document, in addition to the document in its full and unexpurgated form.

10.    Pursuant to Federal Rule of Civil Procedure 34(b)(i), YOU shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this Request. In either case, documents contained in file folders, loose-leaf binders and notebooks with tabs or labels identifying such documents are to be produced intact with such file folders, loose-leaf binders, or notebooks. In producing documents, all documents which are

physically attached to each other shall be left so attached. Documents which are segregated or separated from other documents, shall be left so segregated or separated.

      11.    Pursuant to Federal Rule of Civil Procedure 34(b)(ii) YOU shall produce electronically stored information as follows:

      a. <u>Email</u>: In single page TIFF images with Optical Character Recognition ("OCR"), and with related, extracted text and associated metadata (for example, but not limited to, date, time, to, from, cc, bcc fields, internal path showing mail "folder" names, and source custodian name) in a Concordance load file format with Opticon image cross reference file, indicating beginning and ending pages of each message and each attachment, with attachments identified so as to enable the undersigned issuing attorneys to electronically identify their parent e-mails and with records for which you request special treatment (such as confidential records) identified with field flags. Alternatively, emails may be produced in native format.

      b. <u>E- files, such as Microsoft word documents, Adobe Acrobat pdf's, Excel or other spreadsheet files</u>: in single page TIFF images with OCR, and with related, extracted text, with tracked changes, and associated metadata (for example, but not limited to, date last modified, date created, author, file type [e.g., .doc or .xls], full file path, and source custodian name) in a Concordance load file format with Opticon image cross reference file, indicating beginning and ending pages of each document, with records for which you request special treatment (such as confidential records) identified with field flags, and, the same for Excel and spreadsheet files, so long as the image to be produced communicates all essential substance of the spreadsheet workbooks, including but not limited to essential formulas and hidden data. Alternatively, e-files may be produced in native format.

     c. <u>Databases</u>: native format or exported to a standard output file type which preserves data content and is readable by other common applications (e.g., Access or SQL).

     Notwithstanding the foregoing, if any electronically stored information is produced in a form that is not reasonably useable by the undersigned, the undersigned reserves the right to request that such electronically stored information be delivered in different form so that it is reasonably useable, including, but not limited to, native form. If you find any part of this specification unclear, or if you contend it is burdensome, we ask that you communicate with the undersigned at your earliest possible convenience to discuss the forms and volume of electronically stored information to be collected and produced.

    12.    For each document requested herein that you presently contend you are not required to disclose because of any alleged "privilege" or "immunity," identify each such document as follows:

     A.    State the subject matter of the writing;

     B.    State the purpose for which the communication was requested or prepared;

     C.    State the date the writing was prepared and the date it bears;

     D.    Identify each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of the writing;

     E.    Identify each person to whom the writing was addressed and each person to whom the original or a copy of the writing was sent;

     F.    Identify each person who was present when the writing was prepared;

     G.    Identify such person who has seen the writing;

     H.    Identify each person who has custody of the original or a copy of the writing;

c. <u>Databases</u>: native format or exported to a standard output file type which preserves data content and is readable by other common applications (e.g., Access or SQL).

Notwithstanding the foregoing, if any electronically stored information is produced in a form that is not reasonably useable by the undersigned, the undersigned reserves the right to request that such electronically stored information be delivered in different form so that it is reasonably useable, including, but not limited to, native form. If you find any part of this specification unclear, or if you contend it is burdensome, we ask that you communicate with the undersigned at your earliest possible convenience to discuss the forms and volume of electronically stored information to be collected and produced.

12.    For each document requested herein that you presently contend you are not required to disclose because of any alleged "privilege" or "immunity," identify each such document as follows:

A.    State the subject matter of the writing;

B.    State the purpose for which the communication was requested or prepared;

C.    State the date the writing was prepared and the date it bears;

D.    Identify each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of the writing;

E.    Identify each person to whom the writing was addressed and each person to whom the original or a copy of the writing was sent;

F.    Identify each person who was present when the writing was prepared;

G.    Identify such person who has seen the writing;

H.    Identify each person who has custody of the original or a copy of the writing;

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3          I, the undersigned, declare that I am over the age of 18 and not a party to the
within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San Francisco,
4 State of California.  My business address is 560 Mission Street, 27th Floor, San Francisco,
California  94105.

5          On December 9, 2008, I served upon the interested party(ies) in this action the
6 foregoing document(s) described as:

7          **NOTICE OF ISSUANCE OF DEPOSITION SUBPOENA A TO**
**THIRD PARTY NICOLE HAMILTON**

8

9    ☐  By placing ☐ the original(s) ☐ a true and correct copy(ies) thereof, as set out below, in an
addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the
10 address(es) set forth on the attached service list.

11   ☐  **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such
envelope(s) to be placed in interoffice mail for collection and deposit in the United States
12 Postal Service at 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California, on
that same date, following ordinary business practices.  I am familiar with Munger, Tolles
13 & Olson LLP's practice for collection and processing correspondence for mailing with the
United States Postal Service; in the ordinary course of business, correspondence placed in
14 interoffice mail is deposited with the United States Postal Service with first class postage
thereon fully prepaid on the same day it is placed for collection and mailing.

15

16   ☒  **BY ELECTRONIC MAIL (AS INDICATED ON ATTACHED SERVICE LIST)** By
sending a copy of said document by electronic mail for instantaneous transmittal.

17   ☐  **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to
be sent a true and correct copy(ies) of said document via facsimile transmission.  The
18 transmission was reported as complete and without error.  A true and correct copy of the
machine's transmission report, indicating the date and time that the transmission was
19 completed without error is attached to this proof of service and is incorporated herein by
this reference.  The telephone number of the facsimile machine I used was (213) 683-
20 9510.  This facsimile machine complies with Rule 2003(3) of the California Rules of
Court.

21

22   ☐  **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

23   ☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

24

25          Executed on December 9, 2008, at San Francisco, California.

26                                         _Laurie Stoker_
                                          _____
27                                         Laurie Stoker

28

6074055.1                              - 1 -                        PROOF OF SERVICE

1

## SERVICE LIST

2

James A. DiBoise (jdiboise@wsgr.com)                Reginald D. Steer (rsteer@akingump.com)
Colleen Bal (cbal@wsgr.com)                          Maria Ellinikos (mellinikos@akingump.com)
3
Michaela. Berta (mberta@wsgr.com)                    Akin Gump Strauss Hauer &Feld LLP
Tracy Tosh Lane (ttosh@wsgr.com)                     580 California, 15th Floor
4
Wilson Sonsini Goodrich & Rosati PC                  San Francisco, California 94104-1036
One Market Street, Spear Tower, Suite 3300           Tel: (415) 765-9500; Fax: (415) 765-9501
5
San Francisco, CA 94105
6
Tel: (415) 947-2000; Fax: (415) 947-2099

7
Edward P. Lazarus (elazarus@akingump.com)            William Sloan Coats (wcoats@whitecase.com)
Stephen Mick (smick@akingump.com)                    Mark Weinstein (mweinstein@whitecase.com)
8
Michael Small (msmall@akingump.com)                  Mark F. Lambert (mlambert@whitecase.com)
Akin Gump Strauss Hauer & Feld LLP                   White & Case LLP
9
2029 Century Park East, Suite 2400                   3000 El Camino Real
Los Angeles, California 90067-3012                   5 Palo Alto Square, 9th Floor
10
Tel: (310) 229-1000; Fax: (310) 229-1001             Palo Alto, California 94306
                                                     Tel: (650) 213-0300; Fax: (650) 213-8158
11

12
**Courtesy Copy**
Robert H. Rotstein (rxr@msk.com)
13
Eric J. German (ejg@msk.com)
Betsy A. Zedek (baz@msk.com)
14
Mitchell, Silberberg & Knupp LLP
11377 West Olympic Boulevard
15
Los Angeles, CA 90064-1683
Tel: (310) 312-2000; Fax: (310) 312-3100
16

17

18

19

20

21

22

23

24

25

26

27

28

6074055.1

PROOF OF SERVICE

# EXHIBIT C



WSGR  Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

PHONE 415.947.2000
FAX 415.947.2099
www.wsgr.com

TRACY TOSH LANE
Internet: ttosh@wsgr.com
Direct Dial: (415) 2022

December 12, 2008

VIA E-MAIL AND FACSIMILE

Rebecca G. Lynch
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907

**Re:    RealNetworks, Inc. v. DVD CCA, et al., C08 04548 MHP (N.D. Ca.)**

Dear Ms. Lynch,

I am writing regarding the contacts made by you and your firm with Ms. Nicole
Hamilton.  Your firm was aware, actually or constructively, <u>before</u> you called Ms. Hamilton with
Mr. Singla, that she possesses information confidential to Real that is absolutely protected from
disclosure by both the attorney work-product doctrine and the attorney-client privilege.  As you
also knew, Ms. Hamilton cannot waive these protections and privileges – they are Real's.  That
knowledge obligated you to refrain from contacting Ms. Hamilton without counsel for Real
present.  You did so anyway, and you had a far more extensive conversation than that which is
described in your December 8 letter.

In fact, during your multiple contacts with Ms. Hamilton, we understand that she
explicitly stated that she was uncomfortable proceeding without a lawyer and that she possessed
Real confidential information.  Instead of immediately ceasing contact, as is required by your
ethical obligations, you continued the conversation.  And, as Mr. Singla has admitted, you
attempted to secure an informal, in person meeting with Ms. Hamilton to further your improper
contact with her by representing to her that Real's counsel would be present, even though you
knew that Real had no knowledge you were even speaking with Ms. Hamilton.

As Mr. Singla should know, improper contact with a witness in possession of privileged
information is grounds for disqualification.  We intend to pursue this matter to its conclusion.  In

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Rebecca G. Lynch
December 12, 2008
Page 2

order to assess the potential damage, please collect and provide to us all documents and
communications in the possession of Defendants or their attorneys referring or relating to your
contact with Ms. Hamilton. Also provide us with a sworn statement detailing all information
obtained from Ms. Hamilton by Defendants and counsel in any conversations since the
commencement of this litigation. Upon our receipt of this information, we will inform you of
what remedies we intend to seek, if any.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Tracy Tosh Lane

TTL:caj

cc:     James A. DiBoise
cc:     Colleen Bal