| | |
|---|---|
| REGINALD D. STEER (SBN 056324)<br>rsteer@akingump.com<br>MARIA ELLINIKOS (SBN 235528)<br>mellinikos@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>580 California, 15th Floor<br>San Francisco, California 94104-1036<br>Telephone:     (415) 765-9500<br>Facsimile:      (415) 765-9501<br><br>EDWARD P. LAZARUS (SBN 212658)<br>elazarus@akingump.com<br>STEPHEN MICK (SBN 131569)<br>smick@akingump.com<br>MICHAEL SMALL (SBN 222768)<br>msmall@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>2029 Century Park East, Suite 2400<br>Los Angeles, California 90067-3012<br>Telephone:     (310) 229-1000<br>Facsimile:      (310) 229-1001 | WILLIAM SLOAN COATS (SBN 94864)<br>wcoats@whitecase.com<br>MARK WEINSTEIN (SBN 193043)<br>mweinstein@whitecase.com<br>MARK F. LAMBERT (SBN 197410)<br>mlambert@whitecase.com<br>**WHITE & CASE LLP**<br>3000 El Camino Real<br>5 Palo Alto Square, 9th Floor<br>Palo Alto, California 94306<br>Telephone:     (650) 213-0300<br>Facsimile:      (650) 213-8158 |

Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, et al.<br><br>            Defendants.<br><br>And Related Counterclaims. | Case No. C08 04548 MHP<br><br>**ANSWER OF DVD COPY CONTROL ASSOCIATION, INC. TO AMENDED COMPLAINT FOR DECLARATORY RELIEF; COUNTERCLAIMS** |

1

ANSWER OF DVD COPY CONTROL ASSOCIATION, INC. TO AMENDED COMPLAINT FOR
DECLARATORY RELIEF; COUNTERCLAIMS
CASE NO. C08 04548 MHP

Dockets.Justia.com

## **PRELIMINARY STATEMENT**

Today, hundreds of millions of people throughout the world take for granted the DVD technology that allows them to watch movies and television programs at their convenience. But this stunningly successful technological breakthrough – virtually unimaginable a generation ago – did not develop spontaneously. It is the product of a delicate set of compromises achieved through painstaking negotiation among the companies that produce the content for DVDs and the consumer electronics and information technology companies that make the devices consumers use to play back and enjoy the content of their DVDs.

All three industries recognized a common interest – shared with consumers – to achieve a single format (the DVD) for delivering digital content to the public. To achieve this uniformity, however, the content providers needed strong assurance that the content delivery system would render it very difficult for the typical consumer to make unauthorized copies of the content providers' copyrighted materials. The consumer electronics and information technology companies, for their part, needed a content protection system that would not add unduly to the price of their products.

Enormous effort across industries produced a solution to the problem of protecting copyrighted works at a manageable cost – the DVD-Video Content Scramble System (CSS). Under this patented system (which was designed by Matsushita Electric Industrial Co., Ltd. and Toshiba Corporation in 1996), the video data on every CSS protected DVD is encrypted – that is, the data on the disc is scrambled so that it cannot be copied or played coherently without first being decrypted through a process employing a set of decryption "keys." Under a uniform and non-discriminatory license, anyone wanting to manufacture a product (hardware, software or other related technology) used for playing back CSS protected DVD content would be able to license these decryption keys and the authorized methods and processes for decryption. In exchange for this permission to use CSS, licensees would simply have to pay an administrative fee and agree to observe detailed specifications for the decryption and descrambling processes in order to achieve CSS's underlying goal of facilitating ready playback of the DVD while preventing consumer copying of the underlying content. To this end, the specifications require, *inter alia*, that Licensees design their devices to follow a strict

authentication protocol and to playback DVD content only when the physical DVD disc is present in the device. Licensees pay no royalty whatsoever for using the CSS license and all are subject to the same structure for the license's use.

Plaintiffs in this action seek commercial gain by refusing to play by the rules that govern all their potential competitors. By becoming a CSS licensee, they have obtained the essential decryption keys permitting playback of DVD content. But they have deployed these keys in products for DVD playback that violate the license agreement's numerous protections against digital to digital copying. Plaintiffs falsely justify their flagrant breaches of the License Agreement based on a state court judgment – currently on appeal and, thus, not final – erroneously holding that CSS Licensees are not required to comply with the restrictions contained in a document entitled the "CSS General Specifications." Plaintiffs' violations of the license agreement, however, extend far beyond breaches solely of the CSS General Specifications and, accordingly, are not excused even under the decision on which they rely. Quite simply, Plaintiffs have created products that vitiate the central purpose of the License Agreement and undermine the delicate set of compromises and understandings that, heretofore, have nurtured the success of DVD-related businesses.

## ANSWER

Defendant and Counterclaimant DVD Copy Control Association, Inc. ("DVD CCA"), submits this Answer and Counterclaims in response to the Amended Complaint for Declaratory Relief of RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. ("Plaintiffs" or collectively, "Real"). Each paragraph of the Answer responds to the correspondingly numbered paragraph of the Amended Complaint.

1. The allegations contained in Paragraph 1 of the Amended Complaint constitute legal conclusions for which an answer is neither required nor appropriate. To the extent an answer is required, DVD CCA denies the allegations contained in Paragraph 1.

## NATURE OF THE ACTION

2. The first sentence of Paragraph 2 of the Amended Complaint is a legal conclusion for which an answer is neither required nor appropriate. To the extent an answer is required, DVD CCA denies the allegations contained in that sentence. DVD CCA admits the remainder of the allegations in Paragraph 2 on information and belief.

3. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3.

4. DVD CCA admits that it is a not-for-profit corporation that licenses certain technology known as the Content Scramble System ("CSS") pursuant to an agreement known as the CSS License Agreement; admits that Defendants Paramount Pictures Corp., Sony Pictures Entertainment, Inc., Twentieth Century Fox Film Corp., and Warner Bros. Entertainment Inc., are members of the DVD CCA; and upon information and belief, admits the allegations in the second sentence of Paragraph 4 referring to Defendants Paramount Pictures Corp., Sony Pictures Entertainment, Inc., Twentieth Century Fox Film Corp. and Warner Bros. Entertainment Inc.[1] Except as expressly admitted, DVD CCA denies the allegations of Paragraph 4.

5. DVD CCA admits that judgment was entered last year in an action in California Superior Court, Santa Clara County, entitled *DVD Copy Control Association, Inc. v. Kaleidescape, Inc.*, No. 1:04 CV 031829, which is currently being appealed. DVD CCA denies that the Studio Defendants acted or spoke on behalf of DVD CCA concerning RealDVD or the "New Platform", which DVD CCA is informed and believes, is referred to by Real as "Facet." DVD CCA admits that it contends that RealDVD violates the CSS License Agreement and, based upon information and belief, also contends that Facet violates the CSS License Agreement. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations referring to the Studio Defendants and denies the remaining allegations of Paragraph 5.

---

[1] Defendants Paramount Pictures Corp.; Sony Pictures Entertainment, Inc.; Twentieth Century Fox Film Corp.; Warner Bros. Entertainment Inc.; Disney Enterprises, Inc.; NBC Universal, Inc., and Viacom, Inc. are referred to collectively herein as the "Studio Defendants."

6. Answering Paragraph 6, DVD CCA avers that it has not asserted any claim against Plaintiffs at this time under the Digital Millenium Copyright Act ("DMCA"); therefore, insofar as the Complaint purports to state a claim against DVD CCA under the DMCA, it is not ripe for adjudication. DVD CCA admits that there exists an actual and justiciable controversy between Plaintiff RealNetworks, Inc. and DVD CCA relating to their respective rights and legal duties under the CSS License Agreement.

## JURISDICTION AND VENUE

7. DVD CCA admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 1367(a).

8. DVD CCA admits that venue is authorized in this judicial district. The remainder of the allegations contained in Paragraph 8 of the Complaint constitute legal conclusions for which an answer is neither required nor appropriate; insofar as any such allegations may be construed to require a response, DVD CCA denies them.

## INTRADISTRICT ASSIGNMENT

9. Paragraph 9 does not contain any allegation of fact that requires a response from DVD CCA.

## THE PARTIES

10. DVD CCA admits the first sentence of paragraph 10 on information and belief. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 10.

11. DVD CCA admits the first sentence of paragraph 11 on information and belief. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 11.

12. DVD CCA admits that it is a Delaware nonprofit corporation with offices located in Morgan Hill, California and admits that it entered into a written CSS License Agreement with RealNetworks, Inc. Except as expressly admitted, DVD CCA denies the allegations of Paragraph 12.

13. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 13. DVD CCA denies the allegations of the last sentence of Paragraph 13.

14. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 14. DVD CCA admits the allegations of the last sentence of Paragraph 14.

15. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 15. DVD CCA admits the allegations of the last sentence of Paragraph 15.

16. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 16. DVD CCA admits the allegations of the last sentence of Paragraph 16.

17. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 17. DVD CCA denies the allegations of the last sentence of Paragraph 17.

18. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 18. DVD CCA admits the allegations of the last sentence of Paragraph 18.

19. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 19. DVD CCA denies the allegations of the last sentence of Paragraph 19 of the Complaint.

## FACTS

A.  **The CSS License Agreement and The DVD CCA.**

20. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations pertaining to the Studio Defendants in Paragraph 20. DVD CCA admits that motion picture content has been scrambled using CSS and stored on DVD discs that have been provided to customers, and that the content cannot be viewed unless it is descrambled for playback. DVD CCA admits that

6

1   manufacturers of hardware and software that allows playback of DVD content protected by CSS must
2   have access to the CSS technology and that legitimate access to the CSS technology is obtained
3   through a valid license from DVD CCA. Except as expressly admitted, DVD CCA denies the
4   allegations of Paragraph 20.

5         21.    DVD CCA admits that it was formed with the cooperation of members of the motion
6   picture, consumer electronics and information technology industries. DVD CCA admits that it
7   licenses, through the CSS License Agreement, certain technology to manufacturers of devices and
8   software used to play back video content stored on DVD discs that has been scrambled using CSS.
9   Except as expressly admitted, DVD CCA denies the allegations of Paragraph 21.

10         22.    DVD CCA admits the allegations in the first sentence of Paragraph 22 of the Complaint.
11   On information and belief, DVD CCA admits the allegations of the second sentence of Paragraph 22
12   that refer to Defendants Paramount Pictures Corp.; Sony Pictures Entertainment, Inc.; Twentieth
13   Century Fox Film Corp.; and Warner Bros. Entertainment Inc. Except as expressly admitted, DVD
14   CCA denies the allegations of Paragraph 22.

15         23.    DVD CCA admits the allegations in the first sentence of Paragraph 23. The allegation
16   in the second sentence of Paragraph 23 states a legal conclusion to which no response is required;
17   insofar as that sentence may be construed to require a response, DVD CCA denies it.

18         **B.**    **Development Of The RealDVD And New Platform Systems.**
19         24.    DVD CCA is without knowledge or information sufficient to form a belief as to the
20   allegations in Paragraph 24.

21         25.    Upon information and belief, DVD CCA admits that Plaintiffs previously notified
22   certain Studio Defendants that the RealDVD system would be released by September 30, 2008 and that
23   counsel for Plaintiffs on approximately October 20, 2008 mentioned the existence of a second product.
24   Except as so admitted, DVD CCA denies the allegations in Paragraph 25.

25         **C.**    **The Legal Dispute With The Studio Defendants**
26         26.    DVD CCA admits the allegations in the second sentence of Paragraph 26. Answering
27   the first sentence, DVD CCA denies that the Studio Defendants acted or spoke on behalf of DVD CCA

28
7
ANSWER OF DVD COPY CONTROL ASSOCIATION, INC. TO AMENDED COMPLAINT FOR
DECLARATORY RELIEF; COUNTERCLAIMS
CASE NO. C08 04548 MHP

and is without knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence.

27. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 27.

28. Upon information and belief, DVD CCA admits the allegations in Paragraph 28 that efforts between the Studio Defendants and the Plaintiffs have failed; insofar as this paragraph may be interpreted to refer to assertions of rights as between DVD CCA and Plaintiffs under the DMCA, DVD CCA avers that it has not asserted any claim against Plaintiffs at this time under the Digital Millenium Copyright Act ("DMCA"), and insofar as the Complaint purports to state a claim against DVD CCA under the DMCA, it is not ripe for adjudication.

## FIRST CAUSE OF ACTION

(Declaratory Relief under Contract Claim)

29. DVD CCA incorporates by reference its responses contained in Paragraphs 1 through 28 as if fully set forth herein.

30. DVD CCA admits that there is an actual and justiciable controversy relating to the legal rights and duties of Plaintiffs and DVD CCA under the CSS License Agreement. DVD CCA is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 30.

31. DVD CCA is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31, except denies that its conduct has caused or may cause any harm to Plaintiffs.

## SECOND CAUSE OF ACTION

(Declaratory Relief under the Digital Millennium Copyright Act, 17 U.S.C. § 1201)

32. DVD CCA incorporates by reference its responses contained in Paragraphs 1 through 28 and 30 through 31 as if fully set forth herein.

33. DVD CCA admits that RealNetworks has executed a CSS License Agreement with DVD CCA. Except as specifically admitted, DVD CCA denies the allegations of Paragraph 33.

8

34.     The allegations contained in the first sentence of Paragraph 34 constitute legal conclusions for which an answer is not required or appropriate; insofar as those allegations may be construed to require a response, DVD CCA denies them. DVD CCA denies the allegations contained in the second sentence of Paragraph 34.

35.     The allegations contained in the first sentence of Paragraph 35 of the Complaint constitute legal conclusions for which an answer is not required or appropriate; insofar as those allegations may be construed to require a response, DVD CCA denies them. DVD CCA denies the allegations contained in the second sentence of Paragraph 35.

36.     The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions for which an answer is not required or appropriate; insofar as those allegations may be construed to require a response, DVD CCA denies them.

37.     Answering Paragraph 37, DVD CCA avers that Plaintiffs' alleged Second Cause of Action, insofar as it purports to state a claim against DVD CCA, is not ripe for adjudication in that DVD CCA has not asserted any claim against RealNetworks under the Digital Millenium Copyright Act at this time. The allegations in the first sentence of Paragraph 37 constitute legal conclusions for which an answer is not required or appropriate; insofar as those allegations may be construed to require a response, DVD CCA denies them. DVD CCA denies the allegations in the second and third sentences of Paragraph 37 insofar as they purport to apply to DVD CCA. DVD CCA denies that its conduct has caused or may cause any harm to Plaintiffs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense: Unclean Hands

Plaintiffs' claims are barred by the doctrine of unclean hands because, inter alia, at the time Real contracted with DVD CCA, it was aware of DVD CCA's interpretation of the contract, did not intend to abide by that interpretation, did not disclose its intent, and obtained DVD CCA's confidential

9

information concerning CSS, including confidential information that is part of the contract, on the false premise that it would abide by the DVD CCA's interpretation.

### Third Affirmative Defense: Waiver and Estoppel

Plaintiffs' claims are barred by the doctrines of Waiver and Estoppel because, inter alia, Real entered into a contract with DVD CCA fully understanding DVD CCA's interpretation of that contract and did not disclose that Real intended to assert a contractual interpretation that vitiates the fundamental purpose of the contract as DVD CCA intended it.

### COUNTERCLAIMS

DVD CCA counterclaims against RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. as follows:

### NATURE OF ACTION

1. This is an action for injunctive relief and damages arising from RealNetworks's breach of its written license agreement with DVD CCA and breach of the implied covenant of good faith and fair dealing which requires Real not to engage in conduct that damages DVD CCA's ability to obtain the benefits of that license agreement.

### JURISDICTION AND VENUE

2. The court has jurisdiction over these counterclaims under 28 U.S.C. § 1367(a). Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(2).

### THE PARTIES

3. DVD CCA is a Delaware not-for-profit corporation with its headquarters and principal place of business in Morgan Hill, California. It is responsible for developing, evaluating and licensing copy control and related technologies to participants at various levels in the Digital Versatile Disc ("DVD") industry. DVD CCA is the licensor of the Content Scramble System, a system for protecting audio-visual works contained on DVDs to facilitate consumer playback of the content while preventing consumer copying and redistribution of the audio-visual works on the DVDs. DVD CCA licenses the Content Scramble System technology to companies that manufacture hardware and software products that playback CSS protected DVDs to viewers, recordable discs and related products, and to motion

10

ANSWER OF DVD COPY CONTROL ASSOCIATION, INC. TO AMENDED COMPLAINT FOR
DECLARATORY RELIEF; COUNTERCLAIMS
CASE NO. C08 04548 MHP

picture studios and other companies whose audio-visual works are protected using the Content Scramble System.

4. Upon information and belief, RealNetworks, Inc. is a Washington corporation with a place of business in Seattle, Washington and RealNetworks Home Entertainment, Inc. is a Delaware corporation with a place of business in Seattle, Washington. RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. are collectively referred to herein as "Real."

## THE CSS TECHNOLOGY AND LICENSE

5. DVDs provide high quality images, such as motion pictures, digitally formatted on a convenient 5-inch disc that is resistant to wear and damage and allows for many attractive consumer features not available in other video formats. DVD video discs containing copyrighted works protected with the Content Scramble System, such as movies and other motion pictures, are licensed for playback by devices that also implement the licensed Content Scramble System technology.

6. The Content Scramble System technology and its associated license and specifications (collectively "CSS") has played an essential part in enabling the owners of motion picture content to provide consumers access to high quality DVD motion pictures for home viewing on their video systems and computers. CSS was designed to protect the intellectual property of the content owners while simultaneously placing all manufacturers of CSS playback products on a "level playing field" of specified implementation rules. As a technical and licensing matter, CSS is a two-part system. First, content owners are able to put their content, in encrypted form using CSS, onto DVD discs. Second, manufacturers of playback products include CSS decryption and descrambling capability in their products so that consumers can use them to view and hear the CSS protected content on the DVDs. Such manufacturers of playback products must obtain licenses from DVD CCA in order to use CSS.

7. CSS has been critical to the success of the DVD video business. Because DVDs are "digital," content from a single disc that is not protected by a system like CSS could be used as a perfect master for an unlimited number of exact copies. Without the kind of protection that CSS provides, the threat of widespread copying would have been an insurmountable obstacle to the release

ANSWER OF DVD COPY CONTROL ASSOCIATION, INC. TO AMENDED COMPLAINT FOR
DECLARATORY RELIEF; COUNTERCLAIMS
CASE NO. C08 04548 MHP

of motion picture content on DVD. CSS prevents, for example, the uploading of playable copies of DVDs onto the Internet where rampant theft might occur, copying DVDs to provide playable copies to friends who have not purchased the DVD, and creating and storing permanent, playable copies of borrowed or rented DVDs on personal computer systems. Without these important limitations on the potential for copyright infringement, the motion picture studios would never have agreed to accept the DVD as a means of distributing movies, and consumers everywhere would have suffered.

8. Personal computers and similar systems pose serious challenges for protecting the copyrighted content of a DVD. Because the information traveling through such a system can be directly accessed by a consumer – who can store, copy or modify information in a variety of ways – CSS imposes stringent authentication rules that require any DVD playback device or software to be CSS-compliant; i.e., they must follow the CSS rules that prohibit the making of permanent copies of the DVD, and are specifically designed to ensure that the original DVD is present in the drive tray during any playback operation. These CSS rules are imposed by the CSS Specifications as part of the License Agreement.

9. The contract between DVD CCA and RealNetworks which RealNetworks executed on August 13, 2007 is a written agreement which sets forth the terms and conditions under which DVD CCA grants the right to use or implement the CSS technology. Under Paragraph 4.2 of the CSS License Agreement, RealNetworks is required to comply with these CSS Specifications. The CSS Specifications include the Procedural Specifications, "CSS General Specifications," "DVD Video Descrambler," "Authenticator Module for CSS Decryption Module," and "Authenticator Module for DVD Drive" – all of which the DVD CCA delivered to RealNetworks. Together, the CSS License Agreement and the CSS Specifications listed above are defined by the CSS License Agreement as "the Agreement" between DVD CCA and Real.

10. The Agreement requires particular hardware and software features to prevent copying, and generally requires all such hardware and software to be designed to effectively frustrate efforts to defeat the copy protection. RealNetworks agreed pursuant to the Agreement to implement certain

12

features. One such feature required by the Agreement is that end users have the physical DVD disc in the disc drive during authentication and playback.

## REALNETWORKS HAS BREACHED THE CSS LICENSE AGREEMENT

11. The Agreement between DVD CCA and RealNetworks allows RealNetworks to manufacture only DVD Video Descramblers ("Descramblers"), Authenticator Modules for CSS Encryption Modules, and Authenticator Modules for DVD Drives ("Authenticators") in accordance with CSS Specifications. Under the Agreement, RealNetworks is not licensed to develop, design, manufacture or use DVD Products that are in Membership Categories that RealNetworks did not select as part of its licensing. The DVD CCA imposes these license restrictions and requirements in order to maintain the content integrity and security provided by the CSS technology.

12. RealNetworks has developed a software product known as RealDVD that runs on personal computers running the Microsoft Windows operating system. DVD CCA is informed and believes that Real also has developed a product known as the "New Platform" or "Facet," which is a device consisting of hardware and software designed to implement the functionality of RealDVD, which includes the making of permanent, playable copies of CSS protected DVDs that may be played back without the physical DVD.

13. RealNetworks is a sophisticated company. DVD CCA is informed and believes that, as it developed RealDVD and the New Platform, RealNetworks received guidance from attorneys, who advised Real Networks on the legal issues posed by RealDVD and the New Platform under the CSS licensing structure and the Agreement.

14. DVD CCA is informed and believes that RealDVD and the New Platform operate as follows: after a user inserts a physical DVD into the DVD-ROM drive of a personal computer running RealDVD or a New Platform device, the user is presented with the option of copying the contents of the DVD onto the computer or New Platform device hard drive (or other storage media incorporated in the New Platform device). After the DVD has been copied using RealDVD or the New Platform, the copy is available for playback through the RealDVD or New Platform user interface and can be played back without the physical DVD. RealDVD and the New Platform thus allow users to create permanent

13

libraries of playable motion pictures on their hard drives or other storage devices, without regard to whether they actually own or have rented or borrowed the DVDs, creating a further risk of distribution or access of those copies to other users. These actions are directly contrary to the essential purpose and intent of CSS and constitute a serious breach of the CSS License.

15. RealNetworks is in breach of Section 4.2 of the CSS License Agreement, which requires a licensee to comply with the CSS Specifications, because RealDVD and the New Platform violate requirements set forth in at least the following:

    a. "Authenticator Module for CSS Decryption Module";

    b. "DVD Video Descrambler";

    c. "CSS General Specifications"; and

    d. Procedural Specifications.

16. Pursuant to these provisions of the Agreement, a CSS compliant DVD Product must playback CSS protected content through direct interaction with, and transmission of data from, a DVD that is in a DVD drive at the time of playback, without making a permanent, playable copy of the content. RealNetworks is also in violation of at least Section 2.1 of the CSS License Agreement because RealDVD and the New Platform each constitute a CSS Decryption Module, and RealNetworks failed to join the CSS Decryption Module Manufacturer Membership Category.

17. RealDVD is designed and marketed as an inexpensive, easy to use software product that facilitates a casual DVD user's ability to make free, playable copies of CSS-protected DVDs on a hard disk drive or other storage media, including copies made from DVDs that the user does not own or possess at the time of playback. DVD CCA is informed and believes, and therefore alleges, that the New Platform is a device that is designed and will be marketed as an alternative to legitimate, CSS compliant DVD players, and that the New Platform also facilitates a casual DVD user's ability to make free, playable copies of CSS-protected DVDs on a hard disk drive or other storage media, including copies made from DVDs that the user does not own or possess at the time of playback. Accordingly, these breaches seriously threaten the fundamental balance of interests that has enabled motion picture companies and others to distribute copyrighted content to the public on DVD, and the level playing

14

ANSWER OF DVD COPY CONTROL ASSOCIATION, INC. TO AMENDED COMPLAINT FOR
DECLARATORY RELIEF; COUNTERCLAIMS
CASE NO. C08 04548 MHP

field that the CSS license creates among all Licensees and potential Licensees. This balance can be preserved only if the integrity of CSS is respected by all who license it.

18. RealNetworks's breaches therefore cause irreparable harm to the integrity and security afforded by the CSS system and cause irreparable harm to the interests of providers of copyrighted content on DVD, creators of hardware and software for playback of CSS protected DVDs and the public, to whom content is made available on DVD because of the CSS technology.

19. DVD CCA first learned of RealDVD in early September of 2008, at or around the time of its announcement by RealNetworks and first learned of the existence of the New Platform in October 2008.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

20. DVD CCA realleges and incorporates by reference paragraphs 1 through 19 above.

21. The CSS License Agreement is a valid and binding written contract between DVD CCA and RealNetworks. DVD CCA has performed all of its obligations under the Agreement.

22. RealNetworks has materially breached the CSS License Agreement by, in and among other ways, developing and distributing RealDVD and the New Platform, each of which (a) includes functionality prohibited by the Agreement, (b) fails to implement CSS in the manner required by the Agreement, (c) fails to effectively prevent the creation of permanent, playable copies of CSS protected DVD content onto personal computers, and (d) fails to require authentication and play back of CSS protected DVD content from a physical DVD disc.

23. RealNetworks is not a CSS Licensee in the CSS Decryption Module Manufacturer Membership Category; by developing, designing, manufacturing and using Real DVD, which constitutes a CSS Decryption Module, it has violated the scope of its Agreement.

24. As a direct and proximate result of RealNetworks's breaches of the Agreement, DVD CCA has suffered damages in an amount according to proof at trial. In addition, DVD CCA is suffering irreparable injury as a direct and proximate result of RealNetworks's breaches of the Agreement and is entitled to a declaration of its right to terminate the Agreement; alternatively, DVD

15

CCA is entitled to specific performance and injunctive relief pursuant to Section 9.2 of the CSS License Agreement and applicable law.

## SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

25.  DVD CCA realleges and incorporates by reference paragraphs 1 through 19 and 21 through 24, above.

26.  At the time it entered into the Agreement, RealNetworks was well aware that DVD CCA interpreted the contract to require that the physical DVD be in a playback device's disc drive during authentication, descrambling and playback and to require that the playback device not copy CSS protected content to a computer hard drive or other media for subsequent playback without the DVD disc. Nevertheless, RealNetworks executed the CSS License Agreement in order to obtain CSS technology from DVD CCA, with the intent of creating products that defied what it knew to be DVD CCA's interpretation of the contractual requirements. RealNetworks achieved its objective: both Real DVD and the New Platform implement CSS to copy CSS protected DVD content to a computer hard drive or other storage media, thereby enabling a user to play back the DVD at a later time, without need for the physical DVD itself. Prior to entering into the Agreement, RealNetworks never communicated to DVD CCA that it intended to construe the contract as allowing for the copying of DVD content to a computer hard drive or other storage media for playback without the DVD.

27.  RealNetworks has breached the covenant of good faith and fair dealing implied in the Agreement by frustrating DVD CCA's contractual expectation that, to accomplish the purpose of the Agreement to prevent casual consumers from making unauthorized copies of DVD content, RealNetworks would use the CSS technology it obtained from DVD CCA under the license to produce devices that require the physical presence of a DVD in a playback device's disk drive when the device plays DVDs, and that do not save protected content to a computer hard drive or other storage media for subsequent playback without the DVD.

28.  As a direct and proximate result of RealNetworks's breaches of the Agreement and the covenant of good faith and fair dealing, DVD CCA has suffered damages according to proof at trial. In

16

ANSWER OF DVD COPY CONTROL ASSOCIATION, INC. TO AMENDED COMPLAINT FOR
DECLARATORY RELIEF; COUNTERCLAIMS
CASE NO. C08 04548 MHP

addition, DVD CCA is suffering irreparable injury as a direct and proximate result of RealNetworks's breaches of the Agreement and the covenant of good faith and fair dealing and is entitled to a declaration of its right to terminate the Agreement; alternatively, DVD CCA is entitled to specific performance and injunctive relief pursuant to Section 9.2 of the CSS License Agreement and applicable law.

**WHEREFORE**, Defendant DVD CCA prays that, subject to any applicable requirements of Section 6.6 of DVD CCA's Bylaws, the Court:

A. Enter judgment in favor of DVD CCA, and against Plaintiffs on the Complaint, thereby dismissing Plaintiffs' Complaint in its entirety, with prejudice, and Plaintiffs taking nothing by way of their claims;

B. Enter judgment in favor of DVD CCA and against RealNetworks on DVD CCA's counterclaims for breach of contract and breach of the covenant of good faith and fair dealing, including a declaration that RealNetworks is in material breach of the CSS License Agreement and that DVD CCA may terminate the CSS License Agreement with RealNetworks;

C. Order RealNetworks to be temporarily and permanently enjoined from producing or selling RealDVD;

D. Order RealNetworks to pay DVD CCA the damages sustained by DVD CCA as a result of RealNetworks's production of RealDVD, in breach of RealNetworks's obligations under the CSS License Agreement;

E. Award DVD CCA costs of suit; and

Award DVD CCA such other relief as this Court deems proper under the circumstances.

Dated: January 12, 2009

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

WHITE & CASE LLP

By _____/s/_____
Reginald D. Steer
Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.

17

ANSWER OF DVD COPY CONTROL ASSOCIATION, INC. TO AMENDED COMPLAINT FOR DECLARATORY RELIEF; COUNTERCLAIMS
CASE NO. C08 04548 MHP