1   GLENN D. POMERANTZ (SBN 112503)          ROBERT H. ROTSTEIN (SBN 72452)
    Glenn.Pomerantz@mto.com                  rxr@msk.com
2   BART H. WILLIAMS (SBN 134009)            ERIC J. GERMAN (SBN 224557)
    Bart.Williams@mto.com                    ejg@msk.com
3   KELLY M. KLAUS (SBN 161091)              MITCHELL SILBERBERG & KNUPP LLP
    Kelly.Klaus@mto.com                      11377 West Olympic Boulevard
4   MUNGER, TOLLES & OLSON LLP               Los Angeles, California 90064-1683
    355 South Grand Avenue, 35th Floor       Tel: (310) 312-2000; Fax: (310) 312-3100
5   Los Angeles, CA 90071-1560
    Tel: (213) 683-9100; Fax: (213) 687-3702
6

7   GREGORY P. GOECKNER (SBN 103693)
    gregory_goeckner@mpaa.org
8   DANIEL E. ROBBINS (SBN 156934)
    dan_robbins@mpaa.org
9   15301 Ventura Boulevard, Building E
    Sherman Oaks, California 91403-3102
10  Tel: (818) 995-6600; Fax: (818) 285-4403

11  Attorneys for Defendants/Counterclaim-Plaintiffs/Plaintiffs
    COLUMBIA PICTURES INDUSTRIES, INC., DISNEY
12  ENTERPRISES, INC., PARAMOUNT PICTURES CORP.,
    SONY PICTURES ENTERTAINMENT, INC., SONY
13  PICTURES TELEVISION INC., TWENTIETH CENTURY
    FOX FILM CORP., NBC UNIVERSAL, INC., WALT
14  DISNEY PICTURES, WARNER BROS.
    ENTERTAINMENT, INC., UNIVERSAL CITY STUDIOS
15  PRODUCTIONS LLLP, UNIVERSAL CITY STUDIOS
    LLLP, AND VIACOM, INC.
16

17                 UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19  REALNETWORKS, INC., et al.,          CASE NO. C 08-4548-MHP

20              Plaintiffs,              Consolidated with Case No. C 08-04719-MHP

21       vs.                             ANSWER OF STUDIO DEFENDANTS TO
                                         AMENDED COMPLAINT OF
22  DVD COPY CONTROL ASSOCIATION,        DECLARATORY JUDGMENT PLAINTIFFS
    INC., et al.                         AND COUNTERCLAIM-DEFENDANTS
23                                       REALNETWORKS, INC. AND
                Defendants.              REALNETWORKS HOME
24                                       ENTERTAINMENT, INC.

25  ─────────────────────────────
    AND CONSOLIDATED ACTIONS.
26

27

Mitchell      28
Silberberg &
Knupp LLP

2087738.1

Dockets.Justia.com

1    Disney Enterprises, Inc. ("DEI"), Paramount Pictures Corporation (erroneously named in

2    the Complaint as "Paramount Pictures Corp.") ("Paramount"), Sony Pictures Entertainment Inc.

3    (erroneously named in the Complaint as Sony Pictures Entertainment, Inc.) ("Sony Pictures"),

4    Twentieth Century Fox Film Corporation (erroneously named in the Complaint as Twentieth

5    Century Fox Film Corp.) ("Fox"), NBC Universal, Inc. ("NBC Universal"), Warner Bros.

6    Entertainment Inc. (erroneously named in the Complaint as Warner Bros. Entertainment, Inc.)

7    ("Warner Bros."), and Viacom Inc. (erroneously named in the Complaint as Viacom, Inc.)

8    ("Viacom") (collectively, the "Studios") hereby answer the allegations of Declaratory Judgment

9    Plaintiffs and Counterclaim-Defendants RealNetworks, Inc. and RealNetworks Home

10   Entertainment, Inc. (jointly, "Real") contained in their Amended Complaint for Declaratory Relief

11   ("Complaint") as follows:

12   1.    The Studios admit that the Complaint purports to institute a declaratory judgment

13   action and that the allegations of the Complaint speak for themselves.  Except as specifically

14   admitted, the Studios deny the allegations of Paragraph 1.

15                              **NATURE OF ACTION**

16   2.    The Studios admit and allege that the product marketed by Real as "RealDVD" is

17   used to circumvent the access- and copy-control technological measures on DVDs protected by

18   Copy Scramble System ("CSS") or other technologies in order to make permanent, playable

19   copies on hard drives.  The Studios admit and allege that the product referred to by Real as the

20   "New Platform" (the "New Platform") is designed to circumvent the access- and copy-control

21   technological measures on DVDs protected by CSS or other technologies in order to make

22   permanent, playable copies on hard drives.  Except as specifically admitted, the Studios are

23   without knowledge or information sufficient to form a belief as to the truth of the allegations in

24   Paragraph 2 of the Complaint and on that basis deny them.

25   3.    The Studios deny the allegations of Paragraph 3 of the Complaint.

26   4.    The Studios admit that Walt Disney Pictures, Paramount, Sony Pictures, Fox,

27   Universal City Studios LLLP and Warner Bros. (collectively, the "Beneficiary Claim Plaintiffs")

28   are members of the DVD Copy Control Association ("DVD CCA"); that the DVD CCA is a not-

Mitchell
Silberberg &
Knupp LLP

2087738.1

1   Agreement portion of the DVD CCA License Agreement, exclusive jurisdiction and venue over

2   any dispute arising out of that agreement exists in the federal and state courts of Santa Clara

3   County, California.

**INTRADISTRICT ASSIGNMENT**

5        9.     The Studios admit that, for purposes of Civil Local Rule 3-2(c), assignment over

6   this action and the now-transferred related action filed by the DMCA and Beneficiary Claim

7   Plaintiffs is proper on a District-wide basis.

**THE PARTIES**

9        10.    On information and belief, the Studios admit that RealNetworks, Inc. is a

10   Washington corporation with its principal offices in Washington. Except as specifically admitted,

11   the Studios are without knowledge or information sufficient to form a belief as to whether

12   RealNetworks, Inc. is a corporation in good standing, or as to the truth of any other allegations in

13   Paragraph 10 of the Complaint and on that basis deny them.

14        11.    On information and belief, the Studios admit that RealNetworks Home

15   Entertainment, Inc. is a Delaware corporation with its principal offices in Washington. Except as

16   specifically admitted, the Studios are without knowledge or information sufficient to form a belief

17   as to whether RealNetworks Home Entertainment, Inc. is a corporation in good standing, or as to

18   the truth of any other allegations in Paragraph 11 of the Complaint and on that basis deny them.

19        12.    The Studios admit that the DVD CCA is a Delaware not-for-profit corporation that

20   has offices in Morgan Hill, California. The Studios further admit that Real obtained a DVD CCA

21   License under the pretense of purporting to build a DVD player, when in fact Real used the

22   technology it obtained under that License to build unauthorized DVD copying devices that are

23   used to circumvent CSS's access- and copy-control technological measures. Except as

24   specifically admitted, the Studios deny the allegations in Paragraph 12 of the Complaint.

25        13.    DEI admits that it is a Delaware corporation and that its principal place of business

26   is in Burbank, California. Except as specifically admitted, DEI denies the allegations in

27   Paragraph 13 of the Complaint.

28

Mitchell
Silberberg &
Knupp LLP

2087738.1

ANSWER OF STUDIO DEFENDANTS TO AMENDED COMPLAINT

1   for-profit association; and that the DVD CCA licenses CSS technology to various types of entities

2   pursuant to a license agreement whose terms vary depending upon the type of license category the

3   particular entity selects (the "DVD CCA License Agreement").  The Studios further admit that the

4   DVD CCA License Agreement confers third-party beneficiary rights on any "Eligible Content

5   Provider," as defined in Section 9.5 of the document labeled CSS License Agreement portion of

6   the DVD CCA License Agreement, including the Beneficiary Claim Plaintiffs.  Except as

7   specifically admitted, the Studios deny the allegations in Paragraph 4 of the Complaint.

8          5.     The Studios admit that the Beneficiary Claim Plaintiffs have filed a Complaint

9   against Real for breach of contract under the Beneficiary Claim provisions of the DVD CCA

10  License Agreement, and that the allegations of the Beneficiary Claim Plaintiffs' Complaint speak

11  for themselves.  The Studios further admit that Universal City Studios Productions LLLP,

12  Paramount, Fox, Sony Pictures Television Inc., Columbia Pictures Industries, Inc., DEI and

13  Warner Bros. (collectively, the "DMCA Plaintiffs") have filed a Complaint against Real for

14  violation of the anti-circumvention provisions of the Digital Millennium Copyright Act

15  ("DMCA"), and that the allegations of the DMCA Plaintiffs' Complaint speak for themselves.

16  The Studios are without knowledge or information sufficient to form a belief as to the truth of the

17  allegation that the DVD CCA "has asserted similarly" against Real and on that basis deny that

18  allegation.  Except as specifically admitted, the Studios deny all other allegations in Paragraph 5

19  of the Complaint.

20         6.     The allegations of Paragraph 6 of the Complaint are legal conclusions to which no

21  response is required.  To the extent that a response is required, the Studios deny the allegations in

22  Paragraph 6 of the Complaint.

23                          **JURISDICTION AND VENUE**

24         7.     The Studios deny that Real properly instituted this action as a declaratory judgment

25  action.

26         8.     The Studios deny that venue was proper in this District when Real filed its

27  Complaint because Real did not properly institute this action as a declaratory judgment action.

28  The Studios further deny that, pursuant to Section 10.4 of the document labeled CSS License

Mitchell
Silberberg &
Knupp LLP

ANSWER OF STUDIO DEFENDANTS TO AMENDED COMPLAINT

14.     Paramount admits that it is a Delaware corporation; that its principal place of business is in Los Angeles, California; that it is in the motion picture business; and that it is a member of the DVD CCA.  Except as specifically admitted, Paramount denies the allegations in Paragraph 14 of the Complaint.

15.     Sony Pictures admits that it is a Delaware corporation; that its principal place of business is in Culver City, California; that it is in the motion picture business; and that it is a member of the DVD CCA.  Except as specifically admitted, Sony Pictures denies the allegations in Paragraph 15 of the Complaint.

16.     Fox admits that it is a Delaware corporation; that its principal place of business is in Los Angeles, California; that it is in the motion picture business; and that it is a member of the DVD CCA.  Except as specifically admitted, Fox denies the allegations in Paragraph 16 of the Complaint.

17.     NBC Universal admits that it is a Delaware corporation; that its principal place of business is in New York, New York; and that certain of its subsidiaries (including without limitation Universal City Studios Productions LLLP and Universal City Studios LLLP) are in the motion picture business.  Except as specifically admitted, NBC Universal denies the allegations in Paragraph 17 of the Complaint.

18.     Warner Bros. admits that it is a Delaware corporation; that its principal place of business is in Burbank, California; that it is in the motion picture business; and that it is a member of the DVD CCA.  Except as specifically admitted, Warner Bros. denies the allegations in Paragraph 18 of the Complaint.

19.     Viacom admits that it is a Delaware corporation; that its principal place of business is in New York, New York; and that it participates, directly or indirectly, in the motion picture business.  Except as specifically admitted, Viacom denies the allegations in Paragraph 19 of the Complaint.

### FACTS

20.     The Studios admit that they or their subsidiaries distribute movies on DVDs; that the Studios or their subsidiaries use CSS to provide access- and copy-control technological

1   measures to safeguard against unauthorized access to and reproduction of their movies released on

2   DVDs; and that manufacturers of authorized DVD player devices utilize technology obtained

3   pursuant to the DVD CCA License Agreement to build licensed player devices. Except as

4   specifically admitted, the Studios deny the allegations of Paragraph 20 of the Complaint.

5       21.   The Studios admit that the DVD CCA's membership includes representatives of the

6   motion picture, consumer electronics and computer (hardware and software) industries; that the

7   DVD CCA licenses CSS technology directly or indirectly pursuant to the DVD CCA License

8   Agreement, the complete contents of which vary depending upon the category selected by the

9   licensee; and that Exhibit 1 to the Complaint is a portion of the DVD CCA License Agreement

10  that Real entered into. Except as specifically admitted, the Studios deny the allegations of

11  Paragraph 21 of the Complaint.

12      22.   The Studios admit that the DVD CCA License Agreement is the best evidence of

13  its contents, including without limitation the Beneficiary Claim Plaintiffs' rights under Section 9.5

14  of the document labeled CSS License Agreement portion of the DVD CCA License Agreement.

15  Except as specifically admitted, the Studios deny the allegations in Paragraph 22 of the Complaint.

16      23.   The Studios admit that, on or about August 13, 2007, RealNetworks, Inc. executed

17  the portion of the DVD CCA License Agreement referenced in Paragraph 21 above. The

18  remaining allegations of Paragraph 23 of the Complaint are conclusions of law to which no

19  response is required. To the extent a response is required, the Studios deny the remaining

20  allegations in Paragraph 23 of the Complaint.

21      24.   The Studios admit and allege that RealDVD is used to circumvent the access- and

22  copy-control technological measures on DVDs protected by CSS or other technologies in order to

23  make permanent, playable copies on hard drives. The Studios admit and allege that the New

24  Platform is designed to circumvent the access- and copy-control technological measures on DVDs

25  protected by CSS or other technologies in order to make permanent, playable copies on hard

26  drives. The Studios deny that RealDVD and the New Platform preserve the CSS encryption of

27  copied CSS-protected DVDs or enhance the original protections. Except as specifically admitted

28

Mitchell
Silberberg &
Knupp LLP

2087738.1

ANSWER OF STUDIO DEFENDANTS TO AMENDED COMPLAINT

1    or denied, the Studios are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in Paragraph 24 of the Complaint and on that basis deny them.

3        25.    The Studios admit that in the first half of September 2008, Real announced its

4    intention to release RealDVD by the end of the month of September 2008.  The Studios admit that

5    on October 20, 2008, Plaintiffs informed Studios' counsel that Plaintiffs were contemplating an

6    attempt to add an unidentified "second product" as a subject of this litigation.  Except as

7    specifically admitted, the Studios deny the allegations of Paragraph 25 of the Complaint.

8        26.    The Studios admit that, prior to Real's filing of the Complaint, counsel for the

9    DMCA Plaintiffs and the Beneficiary Claim Plaintiffs advised Real's counsel that his clients

10    intended to file a Complaint against Real in the United States District Court for the Central

11    District of California on September 30, 2008.  The Studios further allege that RealDVD and the

12    New Platform are designed to circumvent the access- and copy-control technological measures on

13    DVDs protected by CSS or other technologies in order to make permanent, playable copies on

14    hard drives.  Except as specifically admitted, the Studios deny the allegations of Paragraph 26 of

15    the Complaint.

16        27.    The Studios are without knowledge or information sufficient to form a belief as to

17    what Real believes and on that basis deny Real's allegation about what it believes.  The Studios

18    admit that Real has asserted as its litigating position before this Court that Real does not believe

19    RealDVD or the New Platform violate either the DMCA or the DVD CCA License Agreement.

20    Except as specifically admitted, the Studios deny the allegations of Paragraph 27 of the

21    Complaint.

22        28.    The Studios admit that there has been no resolution of the disagreements between

23    the DMCA Plaintiffs and the Beneficiary Claim Plaintiffs, on the one hand, and Real, on the other.

24    Except as specifically admitted, the Studios deny the allegations of Paragraph 28 of the

25    Complaint.

26                            **FIRST CAUSE OF ACTION**

27        29.    The Studios repeat and incorporate their responses to the allegations contained in

28    Paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

Mitchell
Silberberg &
Knupp LLP

2087738.1

ANSWER OF STUDIO DEFENDANTS TO AMENDED COMPLAINT

30.    The Studios admit that the Beneficiary Claim Plaintiffs have filed a Complaint for breach of contract against Real and that the allegations of the Complaint speak for themselves. Except as specifically admitted, the Studios deny the allegations in Paragraph 30 of the Complaint.

31.    The Studios deny the allegations in Paragraph 31 of the Complaint.

## SECOND CAUSE OF ACTION

32.    The Studios repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33.    The Studios admit that Real is a party to a DVD CCA License Agreement.  Except as specifically admitted, the Studios deny the allegations in Paragraph 33 of the Complaint.

34.    The Studios deny the allegations of Paragraph 34 of the Complaint.

35.    The Studios deny the allegations of Paragraph 35 of the Complaint.

36.    The Studios deny the allegations of Paragraph 36 of the Complaint.

37.    The Studios admit that Real seeks a declaratory judgment through its Complaint. Except as specifically admitted, the Studios deny the allegations of Paragraph 37 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Unclean Hands)

As an affirmative defense to both causes of action in the Complaint, and without admitting that Real properly instituted the Complaint as a declaratory judgment action, the Studios aver that Real's causes of action are barred in whole or in part by the doctrine of unclean hands.  Among other things, Real obtained access to the CSS technology based on the pretense that it intended to use that technology to build a DVD player.  Real instead used that technology to build DVD copiers, which are used to avoid, bypass, remove, deactivate or otherwise impair access- and copy-control technological measures on DVDs protected by CSS or other technologies.

**Second Affirmative Defense**

(Waiver)

As an affirmative defense to both causes of action in the Complaint, and without admitting that Real properly instituted the Complaint as a declaratory judgment action, the Studios aver that Real's causes of action are barred in whole or in part by the doctrine of waiver. Among other things, Real obtained access to the CSS technology based on the pretense that it intended to use that technology to build a DVD player. Real instead used that technology to build DVD copiers, which are used to avoid, bypass, remove, deactivate or otherwise impair access- and copy-control technological measures on DVDs protected by CSS or other technologies.

**Third Affirmative Defense**

(Estoppel)

As an affirmative defense to both causes of action in the Complaint, and without admitting that Real properly instituted the Complaint as a declaratory judgment action, the Studios aver that Real's causes of action are barred in whole or in part by the doctrine of estoppel. Among other things, Real obtained access to the CSS technology based on the pretense that it intended to use that technology to build a DVD player. Real instead used that technology to build DVD copiers, which are used to avoid, bypass, remove, deactivate or otherwise impair access- and copy-control technological measures on DVDs protected by CSS or other technologies.

**Fourth Affirmative Defense**

(Judicial Estoppel)

As an affirmative defense to the second cause of action in the Complaint, and without admitting that Real properly instituted the Complaint as a declaratory judgment action, the Studios aver that Real is judicially estopped from claiming that RealDVD and the New Platform do not circumvent access- and copy-control technological measures that are protected pursuant to the DMCA. The positions that Real takes in its second cause of action regarding the application of the DMCA to RealDVD and the New Platform are inconsistent with positions that Real took in *RealNetworks, Inc. v. Streambox, Inc.*, No. 2:99-CV-02070 (W.D. Wash.). For example, in *RealNetworks, Inc. v. Streambox*, Real took the position that "[u]nder the DMCA, where content

1  owners use measures to prevent the copying or modification of their works, it is unlawful to

2  distribute products that enable end-users to override the content owners' preferences." Based on

3  its contentions in *RealNetworks, Inc. v. Streambox*, Real obtained favorable judicial rulings, in the

4  form of a temporary restraining order and a preliminary injunction. *See* 2000 WL 127311 (W.D.

5  Wash. 2000).  In this case, however, Real takes the position that RealDVD and the New Platform

6  are not circumvention devices, even though content owners (including the Studios or their

7  subsidiaries) use CSS and other technologies to prevent the unauthorized copying or modification

8  of their works, and both RealDVD and the New Platform enable end-users to override the content

9  owners' preferences.

10  **PRAYER FOR RELIEF**

11      WHEREFORE, the Studios pray for judgment:

12      1.    Dismissing with prejudice Real's Complaint in its entirety;

13      2.    Awarding the Studios their costs, disbursements and reasonable attorney's fees

14  incurred in defending against the Complaint plus interest on any sums awarded thereunder; and

15      3.    Awarding the Studios such other and further relief as this Court deems just and

16  proper, including but not limited to the relief sought in the Counter-Complaint filed in this Court

17  on October 3, 2008 and in the related Complaint filed in the Central District of California and

18  transferred to this Court on October 3, 2008, Case No. C 08-4719 MHP.

19

20  Dated:  January 12, 2009        MITCHELL SILBERBERG & KNUPP LLP

21

22      By:  _____/s/_____

23      Robert H. Rotstein
    Attorneys for Studio Defendants

24

25

26

27

28