1   JAMES A. DiBOISE, State Bar No. 83296
    Email: jdiboise@wsgr.com
2   COLLEEN BAL, State Bar No. 167637
    Email: cbal@wsgr.com
3   MICHAEL A. BERTA, State Bar No. 194650
    Email: mberta@wsgr.com
4   TRACY TOSH LANE, State Bar No. 184666
    Email: ttosh@wsgr.com
5   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
6   One Market Street
    Spear Tower, Suite 3300
7   San Francisco, CA 94105

8   Attorneys for Plaintiffs and
    Counterclaim Defendants
9   REALNETWORKS, INC. and
    REALNETWORKS HOME
10  ENTERTAINMENT, INC.

11                              UNITED STATES DISTRICT COURT

12                             NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME 14  ENTERTAINMENT, INC., a Delaware corporation, 15                       Plaintiffs, 16          v. 17  DVD COPY CONTROL ASSOCIATION, INC., a 18  Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; 19  PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a 20  Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC 21  UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware 22  corporation; and VIACOM, Inc., a Delaware Corporation, 23                       Defendants. 24 25 26  AND RELATED CASES | Case Nos. C08 04548 MHP;                C08 04719 MHP  **NOTICE OF MOTION AND MOTION TO DISMISS DVD COPY CONTROL ASSOCIATION, INC.'S SECOND COUNTERCLAIM**  **Before: Hon. Marilyn Hall Patel Dept: Courtroom 15 Date: February 23, 2009 Time: 2:00 p.m.** |

27

28

MOTION TO DISMISS SECOND COUNTERCLAIM
CASE NOS.: C08 04548 MHP; C08 04719 MHP

3576113_2.DOC

Dockets.Justia.com

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on February 23, 2009 at 2:00 p.m. or at such date and time as the Court may establish, Plaintiffs and Counterclaim Defendants RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (collectively, "Real") will and hereby do move before the Honorable Marilyn Hall Patel for an Order dismissing with prejudice DVD Copy Control Association, Inc.'s Second Counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing (filed with this Court on January 12, 2009) pursuant to Fed. R. Civ. P. 12(b)(6).

This Motion is based on this Notice of Motion and Motion, including the Memorandum of Points and Authorities set forth below, the pleadings and papers on file with the Court, the argument of counsel and on any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

In response to Real's Amended Complaint seeking a judgment declaring that its License Agreement with Defendant and Counterclaimant DVD Copy Control Association, Inc. ("DVD CCA") permits Real to manufacture, distribute and offer for sale both the RealDVD product and the yet-to-be-released product referred to in the Amended Complaint as the New Platform, DVD CCA makes two counterclaims. Answer of DVD Copy Control Association, Inc. to Amended Complaint for Declaratory Relief; Counterclaims ("Counterclaims") at 10-17. In this motion, Real seeks to dismiss with prejudice DVD CCA's second counterclaim for failure to state a claim on which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). As a signatory to a contact of adhesion drafted solely by DVD CCA, Real cannot as a matter of law have agreed to the implied covenant alleged by DVD CCA.

**II.  DVD CCA CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED**

DVD CCA has not and cannot state a claim for breach of the implied covenant of good faith and fair dealing. As DVD CCA itself explained to this Court, anyone who wants to manufacture a product used for playing back CSS-protected DVD content will be granted

1   permission to use CSS under the CSS License Agreement, a "uniform and non-discriminatory

2   license." Counterclaims at 2. Because it is a non-negotiable, standardized form agreement, all

3   licensees "are subject to the same structure for the license's use." Counterclaims at 3. DVD

4   CCA cannot dispute that the CSS License Agreement is a "standardized contract, imposed upon

5   the subscribing party without an opportunity to negotiate the terms" – the very definition of a

6   contract of adhesion. *Intershop Commc'ns AG v. Martinez*, 104 Cal.App.4th 191, 201 (Cal. App.

7   2002), *citing Neal v. State Farm Ins. Co.*, 188 Cal.App.2d 690, 694 (Cal. App. 1961);

8   *Armendariz v. Found. Health PsychCare Serv., Inc.*, 24 Cal.4th 83, 113 (Cal. 2000); *Graham v.*

9   *Scissor-Tail, Inc.*, 28 Cal.3d 807, 817 (Cal. 1981). In addition to DVD CCA's acknowledgment

10  of the standardized format of its license in the Counterclaims, the License Agreement itself

11  confirms its adhesive nature. *See* License Agreement ¶ 1.11 ("CSS Agreement" shall mean an

12  agreement between Licensor and another party that contains the *same terms* as this Agreement.")

13  (emphasis added).[1]

14      When construing contracts of adhesion, California courts look to the language of the

15  agreement interpreted in light of the reasonable expectations of the *adhering* parties (*i.e.* Real)

16  and not "from the subjective intent of the people who drew up those policies of adhesion" (*i.e.*

17  DVD CCA). *State Farm and Casualty Co. v. Keenan*, 171 Cal.App.3d 1, 14 (1985).

18  Furthermore, any ambiguity in a contract of adhesion must be construed against the drafter.

19  *Badie v. Bank of America*, 67 Cal.App.4th 779, 801 (1998). Given these principles, the DVD

20  CCA should not benefit, as a matter of law, from allegedly implied terms it did not explicitly

21  include in the standardized contract it drafted.

22      While a covenant of good faith and fair dealing is implied by law in every contract, it

23  "exists merely to prevent one contracting party from unfairly frustrating the other party's right to

24  receive the *benefits of the agreement actually made*." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317,

25

---

26  [1] The Court may properly consider the CSS License Agreement to be incorporated by reference into DVD CCA's counterclaims, since DVD CCA has specifically alleged that Real
27  breached or is in violation of the requirements of these documents. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Doing so does not require the Court to convert Real's motion to
28  dismiss to one for summary judgment. *Ritchie*, 342 F.3d at 908.

1   349 (2000) (emphasis in original) (approving denial of summary judgment on implied covenant

2   claim).  Hence, the covenant "cannot impose substantive duties or limits on the contracting

3   parties beyond those incorporated in the specific terms of their agreement." *Id.*  Allegations

4   asserting a breach of the implied covenant of good faith and fair dealing must show that:

> [T]he conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which *unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party* thereby depriving that party of the benefits of the agreement.

9   *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990).  As drafter of

10  the CSS License Agreement, DVD CCA had every opportunity to expressly define the

11  substantive duties and limits on the contracting parties.  Thus, DVD CCA cannot now turn to an

12  implied covenant to supplement the terms it failed to include.

13       DVD CCA attempts to fashion an enforceable covenant of good faith and fair dealing by

14  alleging that: (1) Real was aware when it entered the License Agreement that DVD CCA

15  interpreted the contract to prohibit DVD playback devices from copying CSS protected content

16  to a computer hard drive or other media for subsequent playback with the DVD disc; (2) prior to

17  entering the License Agreement, Real never communicated to DVD CCA "that it intended to

18  construe the contract as allowing for the copying of DVD content to a computer hard drive or

19  other storage media for playback without the DVD"; and (3) Real executed the License

20  Agreement "with the intent of creating products that defied what it knew to be DVD CCA's

21  interpretation of the contractual requirements."  Counterclaims ¶ 26.  Even taken as true, these

22  allegations cannot and do not establish an enforceable implied covenant.

23       First, as DVD CCA admits, the parties never reached agreement on the so-called

24  requirements or purposes that DVD CCA would have this Court imply.  To the contrary, prior to

25  entering the agreement, DVD CCA alleges that the parties held diametrically opposite

26  interpretations concerning the requirements DVD CCA now asks the Court to impose.

27  Counterclaims ¶ 26.  Because the parties did not reach agreement on those terms or purposes

28  DVD CCA now seeks to imply, DVD CCA's proposed covenant cannot be implied as a matter

1  of law.  *See Guz,* 24 Cal.4th at 349.  Further, since Real had no opportunity to negotiate explicit
2  terms, it would be unfair to impose any additional obligations based on contractual purposes with
3  which Real did not agree.  Indeed, because the License Agreement is a contract of adhesion, if
4  there is any ambiguity regarding the meaning or fundamental purpose of the CSS License
5  Agreement, it is only "'poetic justice' … if such ambiguity is construed in favor of the
6  [licensee]." *Tahoe Nat'l Bank v. Phillips*, 4 Cal.3d 11, 20 (Cal. 1971).

7  Second, because the License Agreement is a contract of adhesion, the Agreement must be
8  interpreted to comport with the adhering party's (*i.e.*, Real's) reasonable interpretation, and *not*
9  the interpretation of DVD CCA, *i.e.*, the party which drafted the contract of adhesion and
10 omitted the terms it now seeks to imply.  *State Farm,* 171 Cal.App.3d at 14.  Thus, even if Real
11 were aware of DVD CCA's interpretation of the Agreement at the time Real entered into it, as
12 DVD CCA alleges, that would be of no moment.  Real's reasonable interpretation, based on the
13 actual language of the License Agreement and informed by the decision of the California
14 Superior Court in *DVD Copy Control Ass'n, Inc. v. Kaleidescape*, Inc., No. 1-04-CV031829
15 (Cal. Super. Ct. Santa Clara Cty., Mar. 29, 2007), controls.[2]  As DVD CCA admits, Real
16 construed the License Agreement to permit "the copying of DVD content to a computer hard
17 drive or other storage media for playback with the DVD."  Counterclaims, ¶26.  Real cannot be
18 held to an implied covenant that DVD CCA has constructed solely from its own interpretation of
19 the purposes of that License Agreement that are nowhere evidenced in the contract's expressed
20 terms, particularly where DVD CCA's interpretation directly contradicts the *Kaleidescape*
21 ruling.

---

[2] *See* Reporter's Transcript of Proceedings Held on March 29, 2007, *DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc.*, No. 1-04-CV031829 (Cal. Super. Ct. Santa Clara Cty., Mar. 29, 2007) and Addendum to Statement of Decision, *DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc.*, No. 1-04-CV031829 (Cal. Super. Ct. Santa Clara Cty., Apr. 13, 2007). The Court may properly take judicial notice of the *Kaleidescape* decision, without converting this motion to one for summary judgment. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[J]udicial notice may be taken of orders and decisions taken by other courts and administrative agencies.").

## III. CONCLUSION

For the foregoing reasons, Real respectfully requests that this Court dismiss with prejudice DVD CCA's Second Counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

Dated:   January 16, 2009                                WILSON SONSINI GOODRICH & ROSATI
                                                         Professional Corporation


                                                         By:       /s/
                                                              Colleen Bal

                                                         Attorneys for Plaintiffs
                                                         REALNETWORKS, INC. AND
                                                         REALNETWORKS HOME
                                                         ENTERTAINMENT, INC.