

650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811
www.wsgr.com

January 23, 2009

**BY E-FILING AND HAND DELIVERY**
Honorable Marilyn Hall Patel
United States District Court
Courtroom 15, 18th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

    Re:    *RealNetworks v. DVD CCA, et al.*, Case No. C-08-4548-MHP

Your Honor:

    I write on behalf of Plaintiffs ("Real") to request that either: (1) the Studio Defendants be precluded from asserting, at the March 3 preliminary injunction hearing, any theories of circumvention based on ARccOS or RipGuard technologies (the two technologies about which the Studios only began making claims in mid-December, as an addition to the CSS technology that was the subject of the TRO), or (2) the current preliminary injunction hearing date and corresponding schedule be postponed approximately six weeks. Such relief is required because—whether intended by the Studios or not—the Studios' discovery positions (delaying document production and seeking to forbid sharing documents with Real's approved experts) have left Real with insufficient time to prepare to meet the Studios' arguments based on those technologies.

    At the December 22 hearing, the Court ordered the parties to produce additional documents by January 9, 2009. The parties subsequently conferred regarding the deadlines for document production and other pre-hearing dates, and Real produced the remaining documents that the Studios requested consistent with the agreed-upon timeline. In contrast to the Studios, Real has produced (1) the requested documents regarding the development of both the Facet and RealDVD products; (2) the source code for RealDVD and the current and an historical version of the Facet source code; (3) witnesses for deposition on the development and operation of both Facet and RealDVD; and (4) executable copies of the RealDVD software and an inspection of Facet hardware. Much of this discovery had already been provided to the Studios by November of last year. In short, Real has fully complied with its discovery obligations and provided the information the Studios need to prepare for a hearing on Real's Facet and RealDVD products.

    In contrast, Real has been deprived of basic and essential information about ARccOS and RipGuard. As of the close of business yesterday, January 22, 2009, the Studios had not produced a single document since the December 22 hearing, and had never produced any documents at any

AUSTIN    NEW YORK    PALO ALTO    SAN DIEGO    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

Dockets.Justia.com

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Honorable Marilyn Hall Patel
January 23, 2009
Page 2

time regarding ARccOS or RipGuard. Nor had the Studios offered any dates for any of the Rule 30(b)(6) depositions that were discussed at the December 22 hearing and that Real requested weeks ago. Late last night, for the first time since the December 22nd hearing and only after Real requested that the Studios agree to the appointment of a discovery magistrate, the Studios finally began producing a subset of documents that purportedly contain some information about ARccOS and RipGuard. The Studios concede that last night's production is not complete have not stated when they will finish producing documents. Real also has no information from the Studios concerning whether the Studios' production will contain the specific technical documents regarding ARccOS and RipGuard that Real has been requesting since well before the December 22 hearing.

Even if the Studio Defendants were to produce all relevant documents immediately, Real cannot conduct fact depositions until Real has had adequate time to review these documents. Real also cannot timely prepare expert reports since the experts have no documents or testimony to examine regarding the Studios' claimed technologies, and the Studios now contend that Real's long-approved technical expert should not be permitted access to any ARccOS or RipGuard related documents. Until these tasks are completed, Real also cannot prepare two rounds of briefing for the Court and prepare for the hearing that is scheduled for March 3.

To allow for a fair adjudication of the Studios' preliminary injunction motion, either the Studio Defendants should be precluded from asserting circumvention theories based on the ARccOS and RipGuard technologies at the March 3 hearing, or the hearing should be continued.

If the Court determines that an extension of the hearing date is appropriate, Real proposes the following schedule and requests that it be entered as an Order of the Court:

| ACTION | DATE |
| --- | --- |
| Production of all additional documents | Feb. 2, 2009 |
| Identify additional witnesses to testify (live or by declaration) at hearing | Feb. 9, 2009 |
| Depositions of fact witnesses | Completed by February 18, 2009 |
| Exchange expert reports | Feb. 20 and Feb 27 (rebuttal), 2009 (5 pm) |
| Expert depositions | March 2 – March 10 , 2009 |
| Opening briefs | March 17, 2009 (5 pm) |

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Honorable Marilyn Hall Patel
January 23, 2009
Page 3

| Responsive briefs | March 31, 2009 (5 pm) |
|---|---|
| Exchange names of trial witnesses and depo designations | April 1, 2009 |
| Exchange counter designations; exchange demonstratives | April 8, 2009 |
| Hearing | Begins April 14, 2009 |

      Finally, we regret that we have not been able to conduct the expedited discovery required by this case amicably. We have asked the Studios to agree to the appointment of a Magistrate Judge or other referee who can assist both sides in expeditiously resolving discovery disputes. The Studio Defendants have refused to agree to the appointment of a discovery official. We request that the Court designate someone to hereafter mediate or resolve the parties' discovery disputes on an expedited basis.

      We appreciate the Court's consideration of this matter.

      Sincerely,

      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

      Leo Cunningham