1  JAMES A. DiBOISE, State Bar No. 83296
   Email:  jdiboise@wsgr.com
2  LEO CUNNINGHAM, State Bar No. 121605
   Email:  lcunningham@wsgr.com
3  COLLEEN BAL, State Bar No. 167637
   Email:  cbal@wsgr.com
4  MICHAEL A. BERTA, State Bar No. 194650
   Email:  mberta@wsgr.com
5  TRACY TOSH LANE, State Bar No. 184666
   Email: ttosh@wsgr.com
6  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
7  One Market Street
   Spear Tower, Suite 3300
8  San Francisco, CA 94105

9  Attorneys for Plaintiffs and
   Counterclaim Defendants
10 REALNETWORKS, INC. and
   REALNETWORKS HOME
11 ENTERTAINMENT, INC.

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,<br><br>　　　　　　　Defendants.<br><br>AND RELATED CASES | Case Nos. C08 04548 MHP;<br>　　　　　　　C08 04719 MHP<br><br>**DECLARATION OF TRACY TOSH LANE IN SUPPORT OF PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MOTION TO SHORTEN TIME AND MOTION TO PRECLUDE OR CONTINUE** |

DECLARATION OF TRACY TOSH LANE
CASE NOS. 08-cv-04548 MHP
 08-cv-04179 MHP
 .

I, Tracy Tosh Lane, declare:

1. I am an attorney at law duly licensed to practice in the State of California and before this Court. I am a lawyer at the law firm of Wilson Sonsini Goodrich & Rosati, and one of the counsel for RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (collectively "RealNetworks"), plaintiffs and counterclaim defendants in the above-captioned matter. I make this Declaration in support of RealNetworks' Motion to Preclude Claims Based on Non-CSS Technologies or, Alternatively, to Continue the Preliminary Injunction Hearing, and for the Appointment of a Discovery Referee ("Motion to Preclude or Continue"). This declaration also supports RealNetworks' Motion to Shorten Time. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. On December 18, 2008, Rohit Singla, counsel for the Studio Defendants, sent an email to RealNetworks counsel indicating, for the first time during these proceedings, that the Studio Defendants intended to pursue circumvention claims at the preliminary injunction hearing premised on technologies known as ARccOS and RipGuard. Exhibit A hereto is a true and correct copy of that communication. At the time RealNetworks received notice of these new claims, which formed no part of the earlier TRO proceedings, the hearing was scheduled to begin in approximately five weeks. While the Studio Defendants had first mentioned ARccOS and RipGuard DVD in two sentences in an interrogatory response served December 8, 2008, the Studio Defendants never indicated until Mr. Singla's email that they intended to pursue these theories at the preliminary injunction hearing, and indeed, had not produced a single document addressing these technologies.

3. RealNetworks responded by indicating that this late notification represented a dramatic shift in these proceedings, and would require significant additional discovery given that RealNetworks knows next to nothing about the ARccOS and RipGuard technologies.

4. Four days later, on December 22, 2008, the Court permitted the Studio Defendants to include claims based on ARccOS and RipGuard in the preliminary injunction proceedings and further ordered that the parties produce additional documents to each other on or before January 9, 2009 and otherwise work out between themselves a practicable discovery

DECLARATION OF TRACY TOSH LANE _
CASE NOS. 08-cv-04548 MHP
08-cv-04179 MHP

1

.

1  schedule. Exhibit B hereto is a true and correct copy of relevant portions of the Court's
2  December 22 ruling. Subsequently, the parties discussed extending the January 9 production
3  deadline to on or about January 14, and tentatively agreed to a pre-hearing and briefing schedule.
4  However, given the tardiness of the Studio Defendants' prior document production,
5  RealNetworks made clear that its agreement to the tentative schedule was dependant upon the
6  Studios' completion of their document production on or around January 14, 2009.
7      5.    In order to prepare its defenses to the new ARccOS and RipGuard claims,
8  RealNetworks requested the production of, among other things, (i) a set of all technical
9  specifications for each version and implementation of the technologies known as ARccOS,
10 RipGuard DVD, and any other technology that the defendants claim RealDVD or Facet
11 circumvents; (ii) documents sufficient to show all DVD titles that have used any implementation
12 or version of ARccOS, and all DVD titles and/or Drives that have implemented RipGuard DVD,
13 including documents showing why the Studios implemented ARccOS on some DVD titles but
14 not others, and RipGuard on some DVD titles and/or drives but not others; and (iii) internal
15 correspondence discussing either ARccOS or RipGuard.
16     6.    The parties met and conferred on January 8 regarding additional discovery
17 requests. Real agreed to produce the categories of documents sought by the Studio Defendants.
18 The Studio Defendants, however, refused to produce basic categories of ARccOS and RipGuard
19 information, including their license agreements to utilize ARccOS and RipGuard and
20 information regarding the prevalence of their use of these technologies. With respect to the
21 refusal to produce technical documents relating to these technologies, the Studios' counsel
22 Lawrence Barth represented that the Studio Defendants did not have technical information
23 relating to ARccOS and RipGuard, as these technologies are simply a "black box" to the Studios.
24 On January 13, 2009, Real requested that the Studio Defendants agree to the appointment of a
25 Magistrate Judge to handle discovery disputes and informed the Studio Defendants that it
26 intended to move the Court for such appointment. After this request, the Studio Defendants for
27 the first time agreed in theory to produce documents in response to the majority of Real's
28 document requests, but the Studios stated that production would nevertheless not be forthcoming

DECLARATION OF TRACY TOSH LANE     2
CASE NOS. 08-cv-04548 MHP
 08-cv-04179 MHP

1  because ARccOS and RipGuard documents were subject to third-party confidentiality, and that
2  permission—which might be difficult and time consuming to receive—would be required to
3  produce anything. Studio counsel subsequently confirmed in an email that they did not even
4  send any documents potentially under confidentiality restrictions to Macrovision (RipGuard) or
5  Sony DADC (ARccOS) to obtain permission to produce them to RealNetworks until January 20,
6  2009.

7       7.     In the meantime, the Studio Defendants requested the production of documents
8  relating to RealNetworks' Facet product. In response to these requests, on January 15, 2009
9  RealNetworks produced (among other things) 11,486 pages of material relating to Facet. That
10  material was in addition to the thousands of pages of Facet-related material that RealNetworks
11  produced in November. RealNetworks' production is complete and in need of no additional
12  augmentation.

13       8.     That has also been the case for each of Real's prior productions. During the
14  course of this action, RealNetworks has produced in a timely fashion (1) documents regarding
15  the development of Facet and RealDVD; (2) the source code for RealDVD and current and
16  historical version of the Facet source code; (3) multiple witnesses for depositions on the
17  development and operation of both Facet and RealDVD, including the managers who lead the
18  projects, and the principal engineers who wrote and designed the projects; and (4) executable
19  copies of the RealDVD software and a prototype of the Facet product (for inspection). Notably,
20  RealNetworks produced documents relating to its Facet product in November 2008 alongside its
21  RealDVD product, before it moved to amend its complaint to include Facet.

22       9.     The same cannot be said for the Studio Defendants' productions. As of the close
23  of business on January 22, RealNetworks had yet to receive from the Studio Defendants a single
24  document relating to ARccOS or RipGuard. On the evening of January 22, after yet another
25  complaint from RealNetworks regarding the fact that the Studios had not produced any
26  information regarding ARccOS and RipGuard, the Studio Defendants produced approximately
27  28,000 pages of material purportedly relating to ARccOS and RipGuard. This production is
28

DECLARATION OF TRACY TOSH LANE    3
CASE NOS. 08-cv-04548 MHP
 08-cv-04179 MHP

1  neither complete nor adequate.  Exhibit C is a true and correct copy of the letter accompanying
2  this initial production.

3      10.   Indeed, Rebecca Lynch, counsel for the Studio Defendants, has indicated that she
4  does not know when the Studio Defendants will complete their production.  The production to
5  date, moreover, appears to have been designated in such a fashion as to preclude RealNetworks'
6  employees, including key technical employees, from reviewing the material.  A preliminary
7  review of this first production indicates that all documents have been marked either "highly
8  confidential" under the provisional protective order or marked "Attorneys' Eyes Only" – which
9  is a designation that does not exist under the protective order.

10     11.   Further, the Studio Defendants have attempted to prevent even RealNetworks'
11 experts from reviewing this material.  On January 22, RealNetworks was informed by counsel
12 for the Studio Defendants that they may seek to preclude one or more of RealNetworks'
13 disclosed and long-approved experts from being permitted access to any ARccOS or RipGuard
14 related documents.  Exhibit D is a true and correct copy of that communication.

15     12.   Without the ability to discuss these ARccOS and RipGuard materials with our
16 clients' technical people or disclosed and approved experts, it will be impossible for
17 RealNetworks to adequately prepare for the preliminary injunction hearing without the relief
18 requested in the accompanying motions.  RealNetworks knows next to nothing about these
19 technologies, as was made clear during the depositions of RealNetworks' employees Phil Barrett,
20 Jeffrey Chasen, Jim Brennan and Jeffrey Buzzard.  Exhibits E - H are true and correct copies of
21 relevant portions of the transcripts of these depositions.

22     13.   By contrast, the Studio Defendants have deep and longstanding experience with
23 the ARccOS and RipGuard technologies.   Third-party documents provided by Macrovision
24 Corporation reveal that some of the Studios have been utilizing RipGuard since at least 2004.
25 Similarly, it is widely reported that ARccOS was created by a corporate affiliate of defendant
26 Sony, known as Sony DADC.

27     14.   In addition, it is simply not true, as Studios counsel Mr. Barth represented to
28 RealNetworks on January 8, 2009 that the Studio Defendants do not know what ARccOS and

1  RipGuard are, how they work and that they are simply a "black box" to the Studios.  The Studio
2  Defendants subsequently agreed to produce technical documents relating to these technologies
3  but stated they required third-party review and approval to do so.

4      15.     In addition to failing to timely produce documents to RealNetworks, the Studio
5  Defendants have stymied RealNetworks' efforts to take the Rule 30(b)(6) depositions that were
6  explicitly discussed during the December 22, 2008 proceeding.  After the close of business on
7  January 23, 2009, the Studio Defendants informed Real that they would not even serve
8  objections to RealNetworks' 30(b)(6) depositions until Monday, January 26, 2009, and would
9  only make deponents available on a limited number of topics, on unspecified future dates.  This
10 means that, among other things, the Studio Defendants have refused to provide witnesses on
11 several topics, have designated multiple witnesses to cover the same topics, and have split topics
12 in such a way as to seek to force Real to forego much of the testimony it has sought by way of
13 30(b)(6) depositions.   Exhibit I is a true and correct copy of this communication.

14     16.     On January 23 RealNetworks filed a letter brief with the Court pursuant to its
15 instruction during the TRO hearing to raise disputes in that fashion.  A true and correct copy of
16 that letter brief is attached hereto as Exhibit J.  That letter brief requested identical relief as does
17 this motion—it was simply converted into a formal motion after RealNetworks received the
18 Court's clarifying instruction that disputes such as this not be raised in a letter.

19     17.     On the morning of January 26, as RealNetworks was preparing to file this motion,
20 counsel for the Studio Defendants indicated that an additional, yet still incomplete, production
21 had been delivered by messenger.  RealNetworks has had no time to review this new production,
22 and has been told that additional productions may occur at the end of this week.

23     **Fulfillment of the Requirements of Local Rule 6-3, Motion to Change Time**

24     18.     On January 26, 2009, RealNetworks filed its Motion to Preclude or Continue.  If
25 that motion is not heard on an expedited basis, RealNetworks will suffer substantial and
26 potentially irreparable harm.  The Studio Defendants have not produced to RealNetworks
27 documents and witnesses relating ARccOS and RipGuard with sufficient time for RealNetworks
28

DECLARATION OF TRACY TOSH LANE        5
CASE NOS. 08-cv-04548 MHP
 08-cv-04179 MHP

to prepare for the preliminary injunction proceedings, at least not if those claims are allowed to be heard.

19. The reasons for shortening of time are set forth above, alongside identification of the substantial harm and prejudice that would befall RealNetworks if the motions are not granted.

20. To date, the parties have been unable to agree to hear these matters on shortened time. On January 23, 2009, Colleen Bal contacted opposing counsel to stipulate to a shortening of time. Counsel for the Studio Defendants have not responded. Counsel for Real subsequently discussed this issue with DVD Copy Control Association, Inc.'s counsel on January 26, 2009. At the time of filing, neither the Studio Defendants nor the DVD Copy Control Association, Inc. has agreed to Real's proposal to shorten time.

21. As directed by the Court in the December 22, 2008 hearing, counsel for RealNetworks has met and conferred with opposing counsel to attempt resolve each of the discovery issues. Unfortunately, no resolution was achieved. It is RealNetworks' position that it is entitled to the discovery it has requested regarding ARccOS and RipGuard. It is the Studio Defendants' position that not all of the requested documents are relevant, that they require third party approval to produce such documents, and apparently, that they need not be produced in a timely fashion.

22. The previous time modifications in this case are as follows: On October 22, the parties stipulated to an extension of time for the Studio Defendants to answer the complaint and for RealNetworks to answer the counter-complaint. On December 22, 2008, the Court changed the commencement date of the preliminary injunction proceedings from January 26, 2008 to March 3, 2009. I am unaware of any additional Court-approved stipulations or ordered time modifications.

23. The requested shortened time to respond to RealNetworks' Motion to Preclude or Continue would have little or no impact on this case. If granted, the Motion to Preclude or Continue would limit the issues before the court during the March 3, 2009 preliminary injunction proceedings, or would result in a continuance of those proceedings until April 14.

1
2   I declare under penalty of perjury under the laws of the United States that the foregoing is
3   true and correct and that this declaration was executed this 26th day of January 2009 in San
4   Francisco, California.
5
6                                                    /s/Tracy Tosh Lane
                                                        Tracy Tosh Lane
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28