JAMES A. DiBOISE (SBN 83296)
jdiboise@wsgr.com
LEO CUNNINGHAM (SBN 121605)
lcunningham@wsgr.com
COLLEEN BAL (SBN 167637)
cbal@wsgr.com
MICHAEL A. BERTA (SBN 194650)
mberta@wsgr.com
TRACY TOSH LANE (SBN 184666)
ttosh@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI PC**
One Market Street, Spear Tower, Suite 3300
San Francisco, CA 94105
Tel: (415) 947-2000; Fax: (415) 947-2099

Attorneys for Plaintiffs
**REALNETWORKS, INC. and REALNETWORKS HOME ENTERTAINMENT**

GLENN D. POMERANTZ (SBN 112503)
Glenn.Pomerantz@mto.com
BART H. WILLIAMS (SBN 134009)
Bart.Williams@mto.com
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
**MUNGER TOLLES & OLSON LLP**
335 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Tel: (213) 683-9100; Fax: (213) 687-3702

ROBERT H. ROTSTEIN (SBN 72452)
rxr@msk.com
ERIC J. GERMAN (SBN 224557)
ejg@msk.com
BETSY A. ZEDEK (SBN 241653)
baz@msk.com
**MITCHELL, SILBERBERG & KNUPP LLP**
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Tel: (310) 312-2000; Fax: (310) 312-3100

Attorneys for Defendants
**PARAMOUNT PICTURES CORP., SONY PICTURES ENTERTAINMENT, INC., TWENTIETH CENTURY FOX FILM CORP., NBC UNIVERSAL, INC., WARNER BROS. ENTERTAINMENT, INC., and VIACOM, INC.**

REGINALD D. STEER (SBN 056324)
rsteer@akingump.com
MARIA ELLINIKOS (SBN 235528)
mellinikos@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California, 15th Floor
San Francisco, California 94104-1036
Tel: (415) 765-9500; Fax: (415) 765-9501

EDWARD P. LAZARUS (SBN 212658)
elazarus@akingump.com
STEPHEN MICK (SBN 131569)
smick@akingump.com
MICHAEL SMALL (SBN 222768)
msmall@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: (310) 229-1000; Fax: (310) 229-1001

WILLIAM SLOAN COATS (SBN 94864)
wcoats@whitecase.com
MARK WEINSTEIN (SBN 193043)
mweinstein@whitecase.com
MARK F. LAMBERT (SBN 197410)
mlambert@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Tel: (650) 213-0300; Fax: (650) 213-8158

Attorneys for Defendant
**DVD COPY CONTROL ASSOCIATION, INC**

DISCOVERY PROTECTIVE ORDER
CASE NO. C08 04548 MHP

Dockets.Justia.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,<br><br>Defendants. | Case Nos. C08 04548 MHP; C08 04719 MHP<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| AND RELATED CASES | |

Plaintiffs RealNetworks, Inc., RealNetworks Home Entertainment, Inc. (collectively "Real"); defendants Paramount Pictures Corp; Sony Pictures Entertainment, Inc.; Twentieth Century Fox Film Corp.; Warner Bros. Entertainment Inc.; Disney Enterprises, Inc.; NBC Universal, Inc, and Viacom, Inc ("collectively, the "Studio Defendants"); and defendant DVD Copy Control Association, Inc. ("DVD CCA") by and through their respective counsel, hereby respectfully request that the Court enter the following Protective Order ("Order").

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby

stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.  DEFINITIONS**

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: highly sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial detriment to the disclosing Party that could not be avoided by less restrictive means.

2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9   Outside Counsel: attorneys who are not employees of a Party, but who are employees of a law firm retained to represent or advise a Party in this action.

2.10   House Counsel: (a) attorneys who are employees of a Party; (b) attorneys for an affiliate of one or more Studio Defendants who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A); and (c) for defendant DVD CCA, the DVD CCA's General Counsel, and three (3) counsel for DVD CCA that are not Outside Counsel, who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A).

2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14   Final Disposition:  The legal conclusion of this case, whether by final court judgment and the exhaustion of all potential appeals, by voluntary dismissal, or by settlement.

2.15   Source Code:  Human-readable computer source code.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts,

-3-

summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

The parties will work in good faith to avoid unnecessary mass, indiscriminate, or routinized designations.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

-4-

        (a)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings):  The Producing Party must affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the top or bottom of each page that contains Protected Material.

    A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") at the top of each page that contains Protected Material.

        (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-Party must either (1) state on the record, before the close of the deposition, hearing, or other proceeding, that the testimony or portions of the testimony shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or (2) provide written notice to all Parties, within 10 days after receipt of the official transcript, that the testimony shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  The Parties shall treat the testimony as "Highly Confidential – Attorneys' Eyes Only" until the expiration of the 10-day period.

    Transcript pages containing Protected Material must be marked with the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as instructed by the Party or non-Party.

        (c)    <u>for information produced in some form other than documentary, and for any other tangible item</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

-5-

(d) for information produced in electronic form on a computer readable medium (e.g., CD-ROM), that the Producing Party affix in a prominent place on the storage medium on which the information is stored, and on any container(s) for such medium, the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

5.3 Inadvertent Failure to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may, within fifteen (15)

days of the conclusion of the meet and confer process, file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  Any opposition to such a motion is due five (5) business days after its service.  Any reply is due three (3) business days after service of the opposition.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.  The parties shall attempt in good faith to combine as many disputed issues as possible when bringing a motion under this Section 6.3.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, appealing, or attempting to settle this litigation.  For the avoidance of doubt, a Receiving Party may not use Protected Material for any business, commercial, or competitive purpose, or during the course of any other case, litigation, or proceeding, whether or not factually related to this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "Confidential" Information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

1  (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staffs, to whom disclosure is reasonably necessary for this litigation;

(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that all Protected Material is retrieved by the party furnishing it upon completion of the services;

(g) during or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.;

(h) an author, signatory, or prior recipient of the document or the original source of the information; and

(i) Gary Paul Goeckner, Esq. or Daniel Ernest Robbins, Esq. for the Motion Picture Corporation of America.

7.3 <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

-8-
DISCOVERY PROTECTIVE ORDER
CASE NO. C08 04548 MHP

1  may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only
2  to:
3       (a)    the Receiving Party's Outside Counsel of record in this action, as well as
4  employees of said Counsel to whom it is reasonably necessary to disclose the information for this
5  litigation, and two (2) House Counsel per Party who have signed the "Agreement to Be Bound by
6  Protective Order" (Exhibit A), except that DVD CCA shall be permitted four (4) House Counsel; and
7  RealNetworks, Inc. and RealNetworks Home Entertainment Inc. collectively shall be permitted three
8  (3) House Counsel;
9       (b)    Gary Paul Goeckner, Esq. or Daniel Ernest Robbins, Esq. for the Motion Picture
10 Association of America;
11      (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is
12 reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective
13 Order" (Exhibit A);
14      (d)    the Court and its personnel;
15      (e)    court reporters, their staffs, and Professional Vendors to whom disclosure is
16 reasonably necessary for this litigation; and
17      (f)    an author, signatory, or prior recipient of the document or the original source of
18 the information.
19     7.4    In accordance with the record of the hearing before this Court on December 22, 2008,
20 notwithstanding the above Sections 7.2 and 7.3, each of the Studio Defendants may designate two (2)
21 business personnel within that studio who may have access to a description of how Real's products at
22 issue in this litigation, RealDVD and the New Platform, operate provided that they comply with this
23 Protective Order.
24      For the avoidance of doubt, before those business personnel may be permitted access to
25 any Highly Confidential information, they must first fully review this Protective Order, agree to the
26 order, and sign the "Agreement to Be Bound by Protective Order" (Exhibit A). The Outside Counsel
27 must then disclose the names of such business personnel to Real in addition to their respective current
28

-9-

resumes (curriculum vitae) and signed "Agreements to Be Bound by Protective Order." Real shall then have three (3) business days to serve a written objection to disclosure. Any written objection shall state with specificity the reason(s) for such objection. If counsel for Real objects within three business days, there shall be no disclosure to such business personnel, except by agreement of the Parties or by order of the Court. If an objection to disclosure is made within the three-day period, counsel for the Parties shall meet and confer to reach an agreement. Failing that and for good cause shown, the Party proposing the business personnel may file a motion seeking permission to make the disclosure. On any such motion, Real shall bear the burden of showing why disclosure to the business personnel should be precluded.

Where the Protected Material is Source Code, and notwithstanding any provision of Section 7.3 or 7.4 that is to the contrary, disclosure shall be limited as set forth in Section 14.

**8.    IDENTIFICATION OF EXPERTS AND CONSULTANTS AND DESIGNATED HOUSE COUNSEL**

A Party desiring to disclose any information or item designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to an Expert or House Counsel under Section 2.10(b) or (c) shall first obtain from the Expert or House Counsel under Section 2.10(b) or (c) a signed undertaking in the form of Exhibit A hereto and a current resume (curriculum vitae). For experts, but not for House Counsel under Section 2.10(b) or (c), a copy of said undertaking and resume shall be served upon counsel for the Designating Party with a cover letter identifying each company for which the expert has done work in the past five years or with which the expert has an agreement to do work in the future. For House counsel, a cover letter listing the names and entities by whom they are employed shall be served upon counsel for the Designating Party. The Designating Party shall then have three business days to serve a written objection to disclosure. Any written objection shall state with specificity the reason(s) for such objection. If counsel for Designating Party objects within three business days, there shall be no disclosure to such Expert or House Counsel under Section 2.10(b) or (c), except by agreement of the Parties or by order of the Court. If an objection to disclosure is made within the three-day period, counsel for the Parties shall meet and confer to reach an agreement.

1  Failing that and for good cause shown, the Party proposing the Expert or House Counsel under Section
2  2.10(b) or (c) may file a motion seeking permission to make the disclosure. On any such motion, the
3  Designating Party shall bear the burden of showing why disclosure to the Expert or House Counsel
4  under Section 2.10(b) or (c) should be precluded.

5      Once the Parties have completed the Preliminary Injunction proceedings anticipated at the time
6  of the entry of this Order, all actions under this Section 8 that are required to be undertaken within
7  three business days may thereafter be undertaken with five business days.

8  **9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

10      If a Receiving Party is served with a subpoena or an order issued in other litigation that would
11  compel disclosure of any Protected Material designated in this action as "Confidential" or "Highly
12  Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party
13  immediately in writing and in no event more than three business days after receiving the subpoena or
14  order. Such notification must include a copy of the subpoena or court order.

15      The Receiving Party also must immediately in writing inform the party who caused the
16  subpoena or order to issue in the other litigation that some or all of the material covered by the
17  subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of
18  this Order promptly to the Party in the other litigation that caused the subpoena or order to issue.

19      The purpose of imposing these duties is to alert the interested parties to the existence of this
20  Protective Order and to afford the Designating Party in this case an opportunity to try to protect its
21  confidentiality interests in the court from which the subpoena or order issued. The Designating Party
22  shall bear the burdens and the expenses of seeking protection in that court of its confidential material –
23  and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in
24  this action to disobey a lawful directive from another court.

25  **10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**
26      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
27  Material to any person or in any circumstance not authorized under this Order, the Receiving Party

must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

**11.    FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**12.    FINAL DISPOSITION**

Even after Final Disposition of this action (as defined above), the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after a Final Disposition of this action, each Receiving Party must return to the Producing Party or destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 90-day deadline affirming that all Protected Material it received has been returned or destroyed and that the Receiving Party, in addition to any individual to which the Receiving Party was entitled under this order to disclose Protected Material, has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material remain subject to the confidentiality obligations of this Order.

13.  **INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

Inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine (Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. The designating party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party shall within ten (10) business days return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof and shall destroy any documents summarizing or referring to such Inadvertently Produced Privileged Document. The party returning such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. Without limiting this Paragraph, Federal Rule of Evidence 502, as adopted in S.2450 (111th Congress, 2d Session) on September 19, 2008 shall be deemed to apply in this litigation.

14.  **SOURCE CODE MATERIALS**

Human-readable source code designated by a Producing Party as "Highly Confidential – Attorneys' Eyes Only -- Source Code" shall be produced to the Receiving Party's Outside Counsel and approved Experts.

Production of Real's Source Code to Receiving Parties shall be subject to the following conditions:

(a)  All electronic copies of Source Code (including any summary or derivative works that replicate or summarize, in whole or in part, such materials) must, except when in use, be password-protected and encrypted by using symmetric key encryption with a key length of at least 128-bits.

-13-

1  Such encryption may be accomplished by using PGP, TrueCrypt or other encryption software that
2  permits symmetric key encryption with a key length of at least 128-bits.

3      (b)    All electronic copies of Source Code to be made available to Receiving Parties shall be
4  loaded and maintained on only one computer at the offices of Munger Tolles & Olson LLP, only one
5  computer at the offices of White & Case LLP in Palo Alto, only one computer at the offices of Akin
6  Gump Strauss Hauer & Feld, and on only two computers total in offices of Defendants' approved
7  experts (for a total of only five electronic copies of source code).  Each copy of source code shall be
8  kept (i) in a secure location, under lock and key, in such a manner as to prevent misappropriation of the
9  Source Code; and, (ii) on a stand-alone computer that is not connected to any computer network but
10 may be connected to a stand-alone printer.  Software to assist in the analysis of the Source Code may
11 be loaded onto the computers containing electronic copies of Source Code.

12     (c)    Subject to the restrictions in Section 14, printed copies of selected portions of the source
13 code may be made at the offices wherein the computer copy resides provided that the printed copy is
14 made on copy-protected paper, that the printed copy shall not leave the premises of that office and that
15 all printouts shall be logged with the date, time, individual and files printed.  Each page of any printed
16 copy shall be marked "Confidential – SOURCE CODE - Attorneys' Eyes Only."

17     (d)    Outside Counsel for and/or approved experts of a Receiving Party may utilize a printed
18 copy of portions of the source code outside of that Receiving Party's offices as set forth in §14(b),
19 *supra*, for the following limited purposes: to have portions of the source code that require explanation
20 and analysis in deposition or as part of any hearing in this matter.  In no instance shall any portion of
21 Real's Digital Rights Management (Real's proprietary copy management system and license key
22 management system) source code be printed or copied.  For those select portions of source code that
23 Outside Counsel and/or approved experts desire to be printed and taken outside of one of the locations
24 specified in § 14(b), they shall (1) maintain a log of all selected portions of source code removed
25 specifying the contents removed, the dates in which the contents are not in the specified offices, and
26 the person in whose custody the source code will be kept; (2) maintain any such source code using all
27 reasonable precautions, including securely under lock and key where feasible; and (3) provide a notice

-14-

to Real affirming their good faith belief that the portions of source code will be necessary for examination in deposition or for use in any hearing in this matter and identifying the individual in whose custody the printed copies of source code shall be kept. The Receiving Party is not required to specify in the notice to Real the specific source code content that has been removed. Each page of any printed copy shall be marked "Confidential – SOURCE CODE - Attorneys' Eyes Only." Any printed copies shall be destroyed as soon as they are no longer needed and Real's counsel shall be so notified of said destruction.

(e) Only approved Experts and Outside Counsel may have access to Source Code on behalf of the Receiving Party. Employees of the Receiving Party, including House Counsel, shall not be allowed access to Source Code, whether in electronic or printed form, under any circumstances. Nor shall Daniel Ernest Robbins or Gary Paul Goeckner be permitted access to Source Code.

(f) At the conclusion of all proceedings in this Court, all copies of the Source Code, including printouts, in the possession of defendants, their counsel, experts, or consultants, shall be promptly destroyed. Defendants' Outside Counsel, however, may maintain a copy and necessary printouts of the Source Code, during any appeals in this litigation.

**15. MISCELLANEOUS**

15.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2 Use of Party's Own Materials. Nothing in this Order shall restrict a Party's ability to use and disclose its own designated materials as it chooses. Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or non-Parties to disclose such materials in violation of this Order.

15.3 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

-15-

15.4    Effective Pending Approval.  The parties agree that, pending approval by the Court, this Stipulated Supplemental Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulated Supplemental Protective Order had been entered by the Court.

15.5    Retained Jurisdiction.  The Court shall retain jurisdiction to enforce this Stipulated Supplemental Protective Order after Final Disposition, unless the Order is vacated.

15.6    Modification.  In the event any party seeks to amend or vary the terms of this Protective Order, said party shall make such request in the form of a written stipulation or noticed motion.

| | |
|---|---|
| Date:  January 27, 2009 | WILSON SONSINI GOODRICH & ROSATI<br>Profession Corporation<br><br>/s/  Michael A. Berta<br>       MICHAEL A. BERTA<br><br>Attorneys for Plaintiffs REALNETWORKS, INC. and REALNETWORKS HOME ENTERTAINMENT |
| Date:  January 27, 2009 | MUNGER TOLLES & OLSON LLP<br><br>/s/  Glenn D. Pomerantz<br>       GLENN D. POMERANTZ<br><br>Attorneys for Defendants PARAMOUNT PICTURES CORP., SONY PICTURES ENTERTAINMENT, INC., TWENTIETH CENTURY FOX FILM CORP., NBC UNIVERSAL, INC., WARNER BROS. ENTERTAINMENT, INC., and VIACOM, INC. |

| | |
|---|---|
| Date: January 27, 2009 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/  Reginald D. Steer.<br>    REGINALD D. STEER<br><br>Attorneys for Defendant DVD COPY CONTROL ASSOCIATION, INC |

**IT APPEARING GOOD CAUSE HAS BEEN SHOWN AND PURSUANT TO STIPULATION IT IS SO ORDERED**.

Dated: January 28, 2009 ,  _____
Marilyn Hall Patel
United States District Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]*
*[Stamp: IT IS SO ORDERED / Judge Marilyn H. Patel]*

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *RealNetworks, Inc., et al.* v. *DVD Copy Control Association, et al.,* Case No. 08-CV-04548 MHP.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner, nor take any actions that would lead to the disclosure of, any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Printed Name: _____

Address: _____

Present Employer: _____

Designated as Expert for (if applicable): _____

Date: _____

City and State where sworn and signed: _____

Signature: _____

A-1

I, Michael A. Berta, am the ECF User whose identification and password are being used to file this STIPULATED [PROPOSED] PROTECTIVE ORDER.  In compliance with General Order 45.X.B, I hereby attest that Glenn D. Pomerantz and Reginald D. Steer have concurred in this filing.

Dated January 27, 2009                    WILSON SONSINI GOODRICH & ROSATI
                                                                         Professional Corporation

By:  /s/ Michael A. Berta_____
      Michael A. Berta

Attorneys for Plaintiffs and Counterclaim Defendants REALNETWORKS, INC. and REALNETWORKS HOME ENTERTAINMENT, INC.

A-2