GLENN D. POMERANTZ (SBN 112503)
Glenn.Pomerantz@mto.com
BART H. WILLIAMS (SBN 134009)
Bart.Williams@mto.com
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Tel: (213) 683-9100; Fax: (213) 687-3702

ROBERT H. ROTSTEIN (SBN 72452)
rxr@msk.com
ERIC J. GERMAN (SBN 224557)
ejg@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Tel: (310) 312-2000; Fax: (310) 312-3100

GREGORY P. GOECKNER (SBN 103693)
gregory_goeckner@mpaa.org
DANIEL E. ROBBINS (SBN 156934)
dan_robbins@mpaa.org
15301 Ventura Boulevard, Building E
Sherman Oaks, California 91403-3102
Tel: (818) 995-6600; Fax: (818) 285-4403

Attorneys for
Motion Picture Studio Parties

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DVD COPY CONTROL ASSOCIATION, INC., et al. <br><br> Defendants. <br><br> AND CONSOLIDATED ACTION | CASE NO. C 08-4548-MHP <br><br> Consolidated with Case No. C 08-04719-MHP <br><br> **MOTION PICTURE STUDIO PARTIES' RESPONSE TO REALNETWORKS' MOTION TO EXTEND PRELIMINARY INJUNCTION SCHEDULE OR EXCLUDE TOPICS** <br><br> **PUBLIC REDACTED VERSION** |

7037309.1

MOTION PICTURE STUDIOS' RESPONSE
TO REAL'S MOT. TO EXTEND TIME

Real paints a false and misleading picture of discovery. The reality is that Real has been seeking to delay discovery and to delay this litigation for its own strategic ends. In the meantime, the Studios' interests continue to be harmed by Real's failure to respect the DMCA.

Real waited weeks, until January 5, to serve its specific requests regarding ARccOS/RipGuard documents. The Studios have nonetheless already produced more than 5,000 documents on ARccOS/RipGuard, almost everything that Real has requested and more than Real said it needed at the December hearing. The Studios identified *nine* potential witnesses to testify on Real's 30(b)(6) topics. Real has declined to proceed with *even one* of these depositions, even on topics unrelated to ARccOS and RipGuard. Real waited until January 9 to request documents from Sony DADC and Macrovision, the companies who developed those technologies. Macrovision then quickly produced its documents and offered a Rule 30(b)(6) witness to testify regarding RipGuard. *Real refused the deposition.*

The Studios even offered to delay the hearing three weeks until the week of March 23, which would more than compensate for any supposed document delay. But Real refused this compromise. It wants even more delay: a *six*-week extension because of a *two*-week delay in the production of ARccOS/RipGuard documents. Similarly, Real's request for a Magistrate Judge is not designed to accelerate matters (Real's papers do not even identify a live discovery dispute), but to perpetuate delay by inviting the parties to litigate every discovery dispute. The parties can be and will be ready to proceed in March.

Meanwhile, we learned just this morning, that although the Court expressly enjoined Real from "offering. . . or otherwise trafficking in software products known as RealDVD or any products substantially similar" and although Real has insisted to this Court

**REDACTED**

Real has been traveling the world — Japan, Korea, China, California, Las Vegas — on an aggressive sales campaign

**REDACTED**

This kind of conduct is the reason the Studios oppose further delay.

**Why Real Wants Further Delay and the Studios Oppose It.** Why is Real, which is under a TRO, dragging its heels and trying to delay the preliminary injunction hearing? It appears that Real wants additional time to

**REDACTED**

The Studios oppose a lengthy extension because Real's actions described above — **REDACTED** — prejudices the Studios' interests. Real is also out in the marketplace developing customer lists and actively servicing and supporting more than 3,000 existing copies of RealDVD, which continue to be used to copy countless protected DVDs. Notwithstanding the TRO, Real's staff continues to help people copy hard-to-copy DVDs, to reinstall RealDVD, and to run the metadata servers used by RealDVD for each DVD it copies. *Id.*, ¶¶ 6-7. Moreover, Real is actively marketing RealDVD, all in violation of the DMCA and this Court's TRO.[1] Its employees and highest-ranking officers (right up to the CEO) are also engaged in a public relations campaign to convince the public that — despite long-standing consumer expectations that DVDs cannot be copied — ripping DVDs is legal and will be found to be legal by this Court. *See id.* at ¶ 8-9.

---

[1] Contrary to what Real's counsel told the Court, marketing of circumvention products violates the DMCA. *See Epic Games, Inc. v. Altmeyer*, 2008 WL 4853634 at * 7 (S.D. Ill. 2008) (enjoining defendant under DMCA from "performing, advertising, marketing, distributing, and selling" a circumvention product); *United States v. Elcom Ltd.*, 203 F. Supp. 2d 1111, 1120 (N.D. Cal. 2002) ("Congress banned" the "trafficking in and marketing of devices primarily designed to circumvent the use restriction protective technologies.").

**Real's Knowledge of RipGuard and ARccOS.** The fundamental premise of Real's motion — that it knows nothing about RipGuard and ARccOS — is demonstrably false. Real asks the Court to believe that, until the December 22 hearing, Real "knew next to nothing about" ARccOS and RipGuard. *See* Real's Motion to Extend Time (hereinafter, "Motion") at 2:16. But Real has produced numerous documents in which

**REDACTED**

**The Current Status of Discovery.** In Real's fictional account, the six Motion Picture Studio Plaintiffs have produced only a trickle of documents and witnesses, while Real has been chomping at the bit to proceed with discovery. The reality is the opposite.

- ***The Studios Have Produced Thousands of ARccOS and RipGuard Documents***: The Studios have produced more than 5,000 documents concerning ARccOS/RipGuard. We started collecting documents on these subjects immediately after the December 22 hearing only to have Real then demand additional categories of documents on *January 5*, weeks after the December 22 hearing. Declaration of Rebecca Gose Lynch In Support of Studios' Response to Real's Motion to Extend Time (hereinafter, "Lynch Decl."), ¶¶ 2-3. The Studios worked expeditiously, nonetheless, to negotiate a reasonable scope of production and then gather and

produce these documents as soon as possible. *Id.*, ¶¶ 3-11. That production is virtually complete, with only a handful of additional documents that will be produced within days and that provide no excuse for Real sitting on its hands. *Id.*, ¶ 11.

- ***Macrovision, the Manufacturer of RipGuard, Produced Its Documents and Made a Witness Available, but Real Declined to Proceed:*** Real insists it needs the technical specifications for RipGuard and ARccOS, but it is the manufacturers of these products, Sony DADC[2] and Macrovision, that have this information. Real waited until *January 9* to subpoena these companies. Even so, those third party companies have moved expeditiously and Real received Macrovision's documents on January 19. We are informed that production of Sony DADC's documents will be completed in days, on the timeline to which Real and Sony DADC independently agreed. Moreover, Macrovision, which makes RipGuard, offered Real a 30(b)(6) witness on January 23, but *Real declined the deposition. Id.*, ¶ 12.

- ***The Studios Have Repeatedly Identified Witnesses on Rule 30(b)(6) Topics, But Real Will Not Schedule Even One Deposition***: In December, Real served Rule 30(b)(6) notices with more than 50 different topics to two Studios. The Studios quickly identified three witnesses to testify on many of these topics, but Real declined to proceed. On December 22, the Court made it clear that Real could depose six *individuals*. How did Real respond? It served *three* new Rule 30(b)(6) notices, containing a combined total of 27 topics. Last Friday, we identified nine witnesses from those three Studios and asked Real to pick whom it wished to depose. We are still waiting for Real to schedule *just one* of these depositions, even on topics unrelated to ARccOS and RipGuard (further belying Real's protestation that it cannot possibly take any depositions without every single ARccOS and RipGuard document produced).

- ***Real Is Withholding Key Discovery and Redesigning***

**REDACTED**

---

[2] Real insinuates that Sony DADC is part of Sony Pictures, but it is not. It is a separate company which Sony Pictures does not control.

**REDACTED**

**Appointment of a Magistrate Judge Will Only Invite Discovery Disputes.** There is no need for a Magistrate to hear discovery disputes. Real's motion does *not* identify any discovery that the Studios have failed to produce. The parties have not been inundating the Court with discovery letters. The major disputes have either been substantive (*e.g.*, should the hearing include Facet or ARccOS/RipGuard) or related to scheduling. Those disputes would not benefit from a Magistrate Judge. The only discovery dispute either side has identified in their respective papers is the *Studios'* complaint that RealNetworks has refused to provide some discrete items, *i.e.*, **REDACTED** This dispute is simple to resolve and does not require a Magistrate. Moreover, this is an expedited preliminary injunction proceeding. Neither party should expect the kind of complete and exhaustive discovery now that could follow the preliminary injunction hearing. The appointment of a Magistrate would be an invitation to both sides to litigate every single discovery dispute, leading only to further delay of the proceedings.

**In conclusion,** Real's motion should be denied; Real should be ordered to proceed with discovery promptly; to take the depositions it needs; to produce the basic materials that the Studios need **REDACTED** and to have its lawyers stop spending their days drafting meet-and-confer letters and start reviewing documents and taking and defending depositions. Only that way will the parties bring these preliminary injunction proceedings to conclusion.

DATED: January 30, 2009

MUNGER, TOLLES & OLSON LLP

By: /s/
ROHIT K. SINGLA

Attorneys for Motion Picture Studio Parties