Realnetworks, Inc. et al v. DVD Copy Control Association, Inc. et al
Case3:08-cv-04548-MHP   Document118-4   Filed02/02/09   Page1 of 5
Doc. 118 Att. 3

# EXHIBIT D

```
                                                         Pages 1 - 82

                        United States District Court

                       Northern District of California

                   Before The Honorable Marilyn Hall Patel

RealNetworks, Incorporated, )
et al.,                     )
                            )
         Plaintiff,         )
                            )
   vs.                      )    No. C08-4548 MHP
                            )
DVD Copy Control            )    and related
Association, Incorporated,  )
et al.,                     )    No. C08-4719 MHP
                            )
         Defendant.         )
_____)
                                 San Francisco, California
                                 Monday, December 22, 2008
```

### Reporter's Transcript Of Proceedings

**Appearances:**

For Plaintiff:        Wilson, Sonsini, Goodrich & Rosati
                      650 Page Mill Road
                      Palo Alto, California   94304-1050
              By:     **Michael A. Berta, Esquire**
                      **James DiBoise, Esquire**
                      **Leo Cunningham, Esquire**
                      **Tracy Tosh Lane, Esquire**

For Defendants:       White & Case
                      3000 El Camino Real
                      Five Palo Alto Square, 9th Floor
                      Palo Alto, California   94306
              By:     **Mark Frederick Lambert, Esquire**

(Appearances continued on next page.)

Reported By:          *Sahar McVickar, RPR, CSR No. 12963*
                      *Official Reporter, U.S. District Court*
                      *For the Northern District of California*

                      (Computerized Transcription By Eclipse)

1   again. That is immutable. That is the fundamental
2   characteristic of the product.
3          THE COURT: Yes.
4          MR. WILLIAMS: I just want to be clear: We would
5   not take the position that the Facet product falls under the
6   ambit of the Court's order that you've already issued unless
7   it's fully litigated properly where we know what the product
8   is. So we would not take that position, we do recognize that
9   that would be unreasonable.
10         THE COURT: But what I understand Mr. Cunningham is
11  saying is that at least now the way that the TRO is crafted,
12  and perhaps what you are seeking, you know, for the preliminary
13  injunction, is broad enough that it would, in fact, cover this,
14  albeit not naming the product itself.
15         MR. WILLIAMS: I think that's right. But then
16  issue, would -- if it played out the way we think would be
17  appropriate, if and when the product is released, then our
18  client would have the opportunity to move on that and say that
19  it either does or does not fall under the order.
20         THE COURT: Well, how long would it take, given
21  whatever else you think you need, and given the fact that this
22  iteration is going to be reiterated and reiterated and
23  reiterated, perhaps, but I don't know how long they anticipate
24  for this to be a work in progress, but, I think Mr. Cunningham
25  is suggesting that the way that it operates is known now and is

1  tell our clients today what Facet does, at least as far as what
2  we understand, that is, the highly confidential designation.
3  We can bypass that in order to describe to our clients and the
4  operations people what it does, as a general matter; number
5  two, that the they point us to the source code sections that
6  are the actual source code for the product; number three, that
7  we be permitted to get all of the technical specifications, the
8  current ones for the Facet product, not ones that are outdated.
9          *THE COURT:* All of this by when?
10         *MR. WILLIAMS:* Immediately.
11         Number 4; that we be permitted to redepose the two
12 witnesses who are the supposed experts on Facet who told us
13 that the technical specifications that we were looking at were
14 not the current versions; number 5, that they give us access to
15 prototypes for the product, or at least one or two so that we
16 can actually test the product --
17         *THE COURT:* To your experts.
18         *MR. WILLIAMS:* To our experts.
19         *THE COURT:* And not to the --
20         *MR. WILLIAMS:* Correct. Not to our operations
21 people, correct, so that we can test it in the same way that
22 our experts test --
23         *MR. DIBOISE:* Your Honor, with respect to the
24 specifications issue that has been raised by the studios here,
25 Mr. Barrett, who is the most senior executive at Real DVD

# CERTIFICATE OF REPORTER

I, Sahar McVickar, Official Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing. The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

/s/ Sahar McVickar
---

Sahar McVickar, RPR, CSR No. 12963

December 29, 2008

*Sahar McVickar, C.S.R. No. 12963, RPR*
*Official Court Reporter, U.S. District Court*
*(415) 626-6060*