| | | |
|---|---|---|
|1| GLENN D. POMERANTZ (SBN 112503) | ROBERT H. ROTSTEIN (SBN 72452) |
| | Glenn.Pomerantz@mto.com | rxr@msk.com |
|2| BART H. WILLIAMS (SBN 134009) | ERIC J. GERMAN (SBN 224557) |
| | Bart.Williams@mto.com | ejg@msk.com |
|3| KELLY M. KLAUS (SBN 161091) | MITCHELL SILBERBERG & KNUPP LLP |
| | Kelly.Klaus@mto.com | 11377 West Olympic Boulevard |
|4| MUNGER, TOLLES & OLSON LLP | Los Angeles, California 90064-1683 |
| | 355 South Grand Avenue, 35th Floor | Tel: (310) 312-2000; Fax: (310) 312-3100 |
|5| Los Angeles, CA 90071-1560 | |
| | Tel: (213) 683-9100; Fax: (213) 687-3702 | |

7  GREGORY P. GOECKNER (SBN 103693)
   gregory_goeckner@mpaa.org
8  DANIEL E. ROBBINS (SBN 156934)
   dan_robbins@mpaa.org
9  15301 Ventura Boulevard, Building E
   Sherman Oaks, California 91403-3102
10 Tel: (818) 995-6600; Fax: (818) 285-4403

11 Attorneys for Defendants/Counterclaim-Plaintiffs/Plaintiffs
   COLUMBIA PICTURES INDUSTRIES, INC., DISNEY
12 ENTERPRISES, INC., PARAMOUNT PICTURES CORP.,
   SONY PICTURES ENTERTAINMENT, INC., SONY
13 PICTURES TELEVISION INC., TWENTIETH CENTURY
   FOX FILM CORP., NBC UNIVERSAL, INC., WALT
14 DISNEY PICTURES, WARNER BROS.
   ENTERTAINMENT, INC., UNIVERSAL CITY STUDIOS
15 PRODUCTIONS LLLP, UNIVERSAL CITY STUDIOS
   LLLP, AND VIACOM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., et al., | CASE NO. C 08-4548-MHP |
| Plaintiffs, | **DECLARATION OF REBECCA GOSE LYNCH IN SUPPORT OF STUDIOS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME FOR HEARING OF MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE** |
| vs. | |
| DVD COPY CONTROL ASSOCIATION, INC., et al. | |
| Defendants. | Ctrm: 15 (Hon. Marilyn Hall Patel) |
| AND CONSOLIDATED ACTIONS. | |

7218598.1

LYNCH DECL. ISO ADMINISTRATIVE MOTION
FOR ORDER SHORTENING TIME

# DECLARATION OF REBECCA GOSE LYNCH

I, Rebecca Gose Lynch, declare:

1. I am an attorney associated with the law firm of Munger, Tolles & Olson LLP, counsel of record for Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corp., Sony Pictures Entertainment, Inc., Sony Pictures Television Inc., Twentieth Century Fox Film Corp., NBC Universal, Inc., Walt Disney Pictures, Warner Bros. Entertainment, Inc., Universal City Studios Productions LLLP, Universal City Studios LLLP, and Viacom, Inc. ("the Studios") in the above-captioned matter. I make this Declaration based upon my own personal knowledge, and if called upon to do so, I could and would testify competently to the matters stated herein.

2. The Studios are requesting shortened time for their Motion For Sanctions For Spoliation Of Evidence ("Motion") because it would be impossible to hear the Motion on a full 35-day notice period in time for adequate preparation for the April 1, 2009 preliminary injunction hearing in this matter. The Studios were unable to file this motion earlier because the evidence relating to spoliation has only recently come to light and the Studios have been attempting to meet and confer with RealNetworks over the past few weeks on these issues. Moreover, the Studios' Motion seeks evidentiary and other sanctions to remedy Real's spoliation activities. The requested remedies include adverse inferences and the exclusion of certain testimony and evidence, all of which will bear on both sides' preparation for the preliminary injunction hearing.

3. If this Motion were noticed on the normal 35-day schedule, it would not be heard until April 6, 2009, which would be after the preliminary injunction hearing itself. The schedule proposed in the application strikes a balance between ensuring sufficient preparation for the preliminary injunction hearing and allowing sufficient time for Real to oppose the Studios' Motion.

4. On February 23, 2009, I spoke with Tracy Tosh Lane, counsel for Real, and asked her to stipulate to shortened time for hearing of the Studios' spoliation motion, as well

1. as the proposed briefing and hearing schedule set forth in the Studios' accompanying application. The next day, Ms. Tosh Lane sent me an email stating that Real declined to stipulate to shortened time because Real did not believe that these issues needed to be decided prior to the hearing nor did it have the time to respond to the spoliation issues. Attached hereto as Exhibit A is a true and correct copy of that email.

5. There has been one previous schedule modification in this matter, which occurred when the Court continued the preliminary injunction hearing from January 27 to April 1, 2009. The April 1 hearing will remain on calendar and is unchanged by the schedule proposed in the application.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct and that this Declaration was executed this 25th day of February, 2009, in San Francisco, California.

*/s/*
REBECCA GOSE LYNCH