| | |
|---|---|
| REGINALD D. STEER (SBN 056324)<br>rsteer@akingump.com<br>MARIA ELLINIKOS (SBN 235528)<br>mellinikos@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>580 California, 15th Floor<br>San Francisco, California 94104-1036<br>Telephone:    (415) 765-9500<br>Facsimile:    (415) 765-9501<br><br>EDWARD P. LAZARUS (SBN 212658)<br>elazarus@akingump.com<br>STEPHEN MICK (SBN 131569)<br>smick@akingump.com<br>MICHAEL SMALL (SBN 222768)<br>msmall@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>2029 Century Park East, Suite 2400<br>Los Angeles, California 90067-3012<br>Telephone:    (310) 229-1000<br>Facsimile:    (310) 229-1001 | WILLIAM SLOAN COATS (SBN 94864)<br>wcoats@whitecase.com<br>MARK WEINSTEIN (SBN 193043)<br>mweinstein@whitecase.com<br>MARK F. LAMBERT (SBN 197410)<br>mlambert@whitecase.com<br>**WHITE & CASE LLP**<br>3000 El Camino Real<br>5 Palo Alto Square, 9th Floor<br>Palo Alto, California 94306<br>Telephone:    (650) 213-0300<br>Facsimile:    (650) 213-8158 |

Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>    v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, et al.<br><br>            Defendants.<br><br>And Related Counterclaims.<br><br>AND RELATED CASES | Case No. C08 04548 MHP;<br>         C08 04719 MHP<br><br>**PUBLIC REDACTED VERSION:**<br>**NOTICE OF JOINDER AND JOINDER OF DVD COPY CONTROL ASSOCIATION, INC. IN MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE** |

JOINDER IN MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. C08 04548 MHP; C08 04719 MHP

## NOTICE OF JOINDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant and Counterclaimant DVD Copy Control Association, Inc. ("DVD CCA") hereby joins in the Motion of Defendants Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corp., Sony Pictures Entertainment, Inc., Sony Pictures Television Inc., Twentieth Century Fox Film Corp., NBC Universal, Inc., Walt Disney Pictures, Warner Bros. Entertainment, Inc., Universal City Studios Productions LLP, Universal City Studios LLP, and Viacom, Inc. (collectively, "the Studios") for Sanctions for Spoliation of Evidence (Dkt. No. 129).

DVD CCA joins in the Studios' request for relief and, additionally, specifically requests that the Court issue sanctions for spoliation that include an order barring Plaintiffs from introducing testimony to contradict the testimony of Nicole Hamilton on the following points:



1

JOINDER IN MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. C08 04548 MHP

### JOINDER

Although DVD CCA joins in the arguments set forth in support of the Motion for Sanctions for Spoliation of Evidence, it notes specifically that the issues presented in the Motion are of exceptional seriousness. This is not a case of misplaced or accidentally discarded material – it is a matter of purposeful destruction designed to eliminate unfavorable documents.



The Court need not find bad faith by the offending party before issuing sanctions for destruction of evidence; willfulness or fault can suffice. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 n.2 (9th Cir. 1992) (*citing Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988)). There is no question that the destruction here was willful, but truly, it was also done in bad faith.

Sanctions are necessary to prevent Real's improper conduct from tainting the proceedings.

Thus, if it is allowed to rebut Ms. Hamilton's testimony with

2

JOINDER IN MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. C08 04548 MHP

1  other testimony – and create the proverbial "swearing contest" – Real will have directly benefited from
2  its own improper conduct.
3        To prevent that result, DVD CCA respectfully requests that the Court enter an order precluding
4  Real from offering contrary testimony in response to the following facts established by Ms. Hamilton
5  or other testimony.[1]



3

JOINDER IN MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. C08 04548 MHP

[REDACTED]

The exclusion of witness testimony is a well-recognized sanction for spoilation. *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368-69 (9th Cir. 1992). It is particularly appropriate here, where the evidence demonstrates that Real purposefully destroyed evidence to distort the evidence available through discovery. *See Toste v. Lewis Controls, Inc.*, 1996 U.S. Dist. LEXIS 2359, 1996 WL 101189, *2 (N.D. Cal. Feb. 27, 1996) ("[A] party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed.").

For the foregoing reasons, DVD CCA respectfully request that the Court grant this motion and award the remedies set forth above and the moving papers previously filed the Studios.

Dated: March 2, 2009

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

WHITE & CASE LLP

By _____/s/_____

Reginald D. Steer
Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.