1  LEO P. CUNNINGHAM, State Bar No. 121605
   Email: lcunningham@wsgr.com
2  COLLEEN BAL, State Bar No. 167637
   Email: cbal@wsgr.com
3  MICHAEL A. BERTA, State Bar No. 194650
   Email: mberta@wsgr.com
4  TRACY TOSH LANE, State Bar No. 184666
   Email: ttosh@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  One Market Street
   Spear Tower, Suite 3300
7  San Francisco, CA 94105

8  Attorneys for Plaintiffs and
   Counterclaim Defendants
9  REALNETWORKS, INC. and
   REALNETWORKS HOME
10 ENTERTAINMENT, INC.

11             UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13 REALNETWORKS, INC., a Washington          ) Case Nos. C08 04548 MHP;
   Corporation; and REALNETWORKS HOME       )            C08 04719 MHP
14 ENTERTAINMENT, INC., a Delaware           )
   corporation,                              ) **OPPOSITION TO DEFENDANTS'**
15                                           ) **MOTION TO SHORTEN TIME ON**
              Plaintiffs,                    ) **MOTION FOR SANCTIONS AND**
16                                           ) **SPOLIATION**
       v.                                    )
17                                           ) Date:        TBD
   DVD COPY CONTROL ASSOCIATION, INC., a     ) Time:        TBD
18 Delaware nonprofit corporation, DISNEY    ) Courtroom:   15
   ENTERPRISES, INC., a Delaware corporation;)
19 PARAMOUNT PICTURES CORP., a Delaware      ) Before: Hon. Marilyn Hall Patel
   corporation; SONY PICTURES ENTER., INC., a)
20 Delaware corporation; TWENTIETH CENTURY   )
   FOX FILM CORP., a Delaware corporation; NBC)
21 UNIVERSAL, INC., a Delaware corporation;  )
   WARNER BROS. ENTER. INC., a Delaware      )
22 corporation; and VIACOM, Inc., a Delaware )
   Corporation,                              )
23                                           )
              Defendants.                    )
24                                           )
                                             )
25                                           )
                                             )
26 AND RELATED CASES                         )
                                             )
27                                           )

28

OPP. TO MOTION TO SHORTEN TIME ON MOTION                                3616129_1.DOC
FOR SANCTIONS AND SPOLIATION,
CASE NOS.: C08 04548 MHP; C08 04719 MHP

Pursuant to Civil L.R. 6-3, RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. ("Real" or the "Company") hereby respectfully submit this Opposition to the Motion for Order Shortening Time on Hearing on Motion for Sanctions and Spoliation of Evidence ("Motion to Shorten Time") filed by Defendants (the "Studios").

## INTRODUCTION

In less than a month, the Court will hear the Studios' motion for a preliminary injunction. Between now and that hearing, the parties will conduct at least ten depositions, submit two rounds of substantive briefing, and engage in intensive pre-hearing preparation. Amidst these pressing deadlines, the Studios filed a Motion for Sanctions and sought to have it heard on shortened time. The Studios contend the motion supposedly raises issues that must be resolved in advance of the injunction hearing.

The motion – and especially its timing – are tactical: the Studios hope to divert Real's resources from the work required to complete discovery and prepare for the injunction hearing. Indeed, the papers submitted by the Studio acknowledge that they have been focused on this issue for "weeks" (Motion to Shorten Time at 1), yet all of a sudden there will be "substantial harm or prejudice" if the Motion for Sanctions is not briefed and heard before the injunction hearing. If there were any potential harm or prejudice here, it would be to Real if the Motion for Sanctions were expedited.

Time need not be, and should not be, shortened. Time need not be shortened because, contrary to the Studios' speculation, Real long ago instructed its employees to maintain relevant documents and the document "status quo" is being maintained by Real. Real will submit evidence to the Court to refute the assertions in the Studios' motion and, respectfully, Real believes the Court will not issue any sanctions when the full record is examined.

Time should not be shortened because a proper adjudication of the issues requires a much fuller factual record. The Court should not consider the issue until after the injunction hearing, when the Court will have a full record with complete witness testimony. After that time, the Court will be in a position to assess whether there has been any spoliation and whether any sanctions are appropriate. Accordingly, Real respectfully requests that the Court deny the

Studios' Motion to Shorten Time and, following the injunction hearing, determine the timing of an opposition by Real and any hearing, if necessary.

## BACKGROUND

The injunction hearing is now scheduled for April 1, 2009. Discovery has been ongoing and the parties must complete significant remaining discovery before the hearing. The parties have produced approximately 243,233 pages of documents (including 149,088 by Real), responded to 261 interrogatories and 97 requests for admission, and have deposed 19 percipient witnesses. On February 20, the parties exchanged nine expert reports and are in the process of scheduling and taking depositions of these experts prior to the injunction hearing.

On February 20, counsel for the Studios informed Real that they intended to seek relief from the Court on various outstanding document production issues. On February 23, Real responded with a comprehensive response on these issues. Later that day, the Studios informed Real that they found the responses "unsatisfactory" and that they were "concerned regarding Real's failure to implement a litigation hold and the failure to locate important documents." On February 25, the Studios filed a Motion for Sanctions and Spoliation of Evidence ("Motion for Sanctions") as well as its Motion to Shorten Time.

Real is currently maintaining all documents related to this case. On October 6, 2008, Real's legal department distributed document preservation memos to members of the RealDVD teams (both Vegas and Facet); key executives; Real's IT personnel; and Mr. Wolpert. These memos instructed recipients to "preserve all documents and electronic and hard copy data from July 2007 to the present relating to any aspect of RealDVD, the CSS License Agreement and the DVD CCA." Further, on October 8, 2008, Real's CEO, not its legal department, emailed every employee in the Company about the lawsuit and that email reiterated that all employees were to "retain all email and documents relating to RealDVD."

Therefore, the Studios' speculation, which forms the basis of much of their Motion for Sanctions – that "it appears Real *still* has not implemented a document preservation policy" (Motion for Sanctions at 2; (original emphasis)) and that "Real did not instruct key employees to preserve evidence" (*id.* at 5) – is wrong. The document "status quo" is being – and will continue

to be – maintained by Real. At the proper time determined by the Court, Real will submit declarations on these and other points, which we believe will demonstrate there has been no spoliation.

## ARGUMENT

### THE STUDIOS WILL NOT SUFFER "SUBSTANTIAL HARM OR PREJUDICE" IF THE SANCTIONS MOTION IS HEARD AFTER THE INJUNCTION HEARING

The Studios move to shorten time pursuant to Local Rule 6-3, which requires the moving party to (i) set forth with particularity, the reasons for the requested enlargement or shortening of time and (ii) identify the substantial harm or prejudice that would occur if the Court did not change the time. Civil L.R. 6-3(a)(1), (3). To meet it burden, the Studios assert only one possible "harm or prejudice" – *i.e.*, that the Motion for Sanctions should be heard before the injunction hearing because "the requested remedies include adverse inferences and the exclusion of certain testimony and evidence, all of which will bear on both sides' preparation for the preliminary injunction hearing." Motion to Shorten Time at 1.

The only harm or prejudice here will be to Real if it is required to divert its resources before the injunction hearing to submit materials to the Court in response to the Studios' motion. Real anticipates that it will need to submit numerous factual declarations from Real employees in opposition to the motion. Requiring Real to oppose the motion now will plainly prejudice its preparation for the injunction hearing. The Studios are well aware of this – it must be their goal – since they admit they have been considering this course of action for "weeks" yet waited until the critical weeks immediately preceding the injunction hearing to file their motion.

Moreover, for two reasons, there is no actual urgency here, and, in fact, these issues are most appropriately briefed and argued after the preliminary injunction hearing. First, as explained above, Real is maintaining the status quo with respect to its documents by taking reasonable steps to maintain documents. Therefore, the documents that exist today are being maintained to the best of Real's ability.

Second, spoliation motions are most appropriately heard after the development of a full factual record and at or around the time of trial. *See, e.g., In re Napster, Inc. Copyright Litig.*, 462

F. Supp. 2d 1060, 1077 (N.D. Cal. 2006) (declining to issue sanctions "when the full evidentiary record has not yet been considered by the court or by a jury" because the Court could not "determine the extent of prejudice created by [one party's] failure to preserve its emails"); *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, No. 05-CV-74594, 2008 WL 5111894, at *2 (E.D. Mich. Dec. 2, 2008) (spoliation sanctions denied because class and merits discovery was still ongoing: "A motion for sanctions for spoliation is more appropriate later in the case when the court is considering motions in limine and other trial administration topics."); *Kia Motors Am., Inc. v. Autoworks Distrib.*, No. 06-156, 2007 WL 4372954, at *7 (D. Minn. Dec. 7, 2007) (same).

That is especially appropriate here. Real does not believe that the issues raised by the Studios will impact the injunction motion or hearing in any meaningful way. *See Kia*, 2007 WL 4372954, at *7 (admonishing party who filed sanctions motion concurrent with summary judgment proceedings because "[t]he timing of the motion clearly served to distract the parties from the merits of the summary judgment motion, something that can hardly be said to serve the best interests of either party."). But there is no reason for the parties or the Court to speculate about, or try to determine, that before the injunction hearing. The Court will be in a position to assess whether either party's conduct in discovery or retention of documents creates any prejudice or preclusion issues after hearing the evidence introduced by the parties at the injunction hearing. The Court can and should consider any preclusion or other remedy after hearing from the witnesses.

Indeed, the particular remedies sought by the Studios will be most properly considered after the injunction hearing if at all. The Studios seek a preservation order. Although the parties may disagree as to each other's prior retention efforts, Real is currently preserving, and will continue to preserve, relevant documents, and there is no need for such an order at this time.

The Studios also seek an order precluding Real from impeaching the testimony of a vindictive former employee, Nicole Hamilton[1]; an inference that Real understood ARccOS/RipGuard to be copy protection technologies and sought to circumvent them; and an

---

[1] Ms. Hamilton would be contradicted by multiple witnesses on various points including her false testimony that anyone directed the deletion of email. The parties' dispute about Real's right to further question Ms. Hamilton in deposition is being raised separately to the Court.

order precluding Real from offering testimony of Todd Basche and Richard Wolpert. Respectfully, the Court should hear the testimony from these witnesses and evidence on these topics at the injunction hearing, including, as the Court deems appropriate, testimony regarding any alleged spoliation. After hearing the testimony, the Court will be in a position determine whether any evidence should not be considered, or should be given lesser weight, in adjudicating the injunction motion. *See, e.g., Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial."); *Ticketmaster L.L.C. v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1103 n.2 (C.D. Cal. 2007) ("in the preliminary injunction context, the Court is not strictly bound by all rules of evidence").

The Studios also seek to re-depose Phil Barrett on issues relating to spoliation and Facet "as ordered by the Court at the December 22, 200[8] hearing." Motion for Sanctions at 1. Real disagrees with the Studios' characterization of the December 22, 2008 order. Even if the Studios had made a sufficient showing to require Mr. Barrett to be available for further questioning, there is no need for that subsequent deposition to take place prior to the hearing on the preliminary injunction motion.

## CONCLUSION

The Court should deny the Motion to Shorten Time, as the Studios have not shown that they will suffer "substantial harm or prejudice." Real respectfully submits that the Court should order any opposition and hearing on the Motion for Sanctions to be filed and held after the injunction hearing, if necessary. Alternatively, the Court should hear the Motion for Sanctions on a regular briefing and hearing schedule, which will result in a hearing on April 6, after the injunction hearing and will reduce the burden on Real as it prepares for the injunction hearing.

Dated: March 2, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____/s/ Leo Cunningham_____

Attorneys for Plaintiffs and Counterclaim Defendants