1  LEO P. CUNNINGHAM, State Bar No. 121605
   Email: lcunningham@wsgr.com
2  COLLEEN BAL, State Bar No. 167637
   Email: cbal@wsgr.com
3  MICHAEL A. BERTA, State Bar No. 194650
   Email: mberta@wsgr.com
4  TRACY TOSH LANE, State Bar No. 184666
   Email: ttosh@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  One Market Street
   Spear Tower, Suite 3300
7  San Francisco, CA 94105

8  Attorneys for Plaintiffs and
   Counterclaim Defendants
9  REALNETWORKS, INC. and
   REALNETWORKS HOME
10 ENTERTAINMENT, INC.

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13 REALNETWORKS, INC., a Washington          Case Nos. C08 04548 MHP;
   Corporation; and REALNETWORKS HOME                  C08 04719 MHP
14 ENTERTAINMENT, INC., a Delaware
   corporation,                              **DECLARATION OF DALE DEWHITT**
15                                           **IN SUPPORT OF PLAINTIFFS**
                  Plaintiffs,                **REALNETWORKS, INC. AND**
16                                           **REALNETWORKS HOME**
            v.                               **ENTERTAINMENT, INC.'S**
17                                           **OPPOSITION TO MOTION FOR**
   DVD COPY CONTROL ASSOCIATION, INC., a     **SANCTIONS AND SPOLIATION**
18 Delaware nonprofit corporation, DISNEY
   ENTERPRISES, INC., a Delaware corporation; Date:      March 16. 2009
19 PARAMOUNT PICTURES CORP., a Delaware      Time:       2:00 p.m.
   corporation; SONY PICTURES ENTER., INC., a Courtroom:  15
20 Delaware corporation; TWENTIETH CENTURY
   FOX FILM CORP., a Delaware corporation; NBC **[PUBLIC REDACTED VERSION]**
21 UNIVERSAL, INC., a Delaware corporation;
   WARNER BROS. ENTER. INC., a Delaware
22 corporation; and VIACOM, Inc., a Delaware
   Corporation,
23
                  Defendants.
24

25

26 AND RELATED CASES

27

28

DeWhitt Decl. In Support of Opp. to Motion
for Sanctions and Spoliation,
Case Nos.: C08 04548 MHP; C08 04719 MHP

I, Dale DeWhitt, declare:

1. I am the Director of Human Resources for plaintiff and counterclaim defendant RealNetworks, Inc. ("Real"). I have personal knowledge of the facts set forth herein, and if called to testify, could and would testify competently thereto.

2. I have been employed by Real since March, 10 2008. In my capacity as Director of Human Resources for Real, I am involved in inter-departmental transfers and, when necessary, terminating Real employees.

3. 

4. The evening before Ms. Hamilton was transferred to the Helix team, on Tuesday, June 17, 2008, I sent an email to Ms. Hamilton's soon-to-be former supervisors (Messrs. Barrett and Wood) and new supervisors (Messrs. Mathew and Klingert) confirming her transfer, and asking all concerned to ensure that Ms. Hamilton handed off all of her work product to her former supervisor, Mr. Wood.

| | |
|---|---|
| 1 | 5. ████████████████████████████████████ |
| 2 | ████████████████████████████████████████ |
| 3 | ████████████████████████████████████████ |
| 4 | ████████████████████████████████████████ |
| 5 | ████████████████████████████████████████ |
| 6 | ████████████████████████████████████████ |
| 7 | ████████████████████████████████████████ |
| 8 | ████████████████████████████████████████ |
| 9 | ████████████████████████████████████████ |
| 10 | ████████████████████████████████████████ |
| 11 | ████████████████████████████████████████ |
| 12 | ████████████████████████████████████████ |
| 13 | ████████████████████████████████████████ |
| 14 | ████████████████████████████████████████ |
| 15 | 6. ████████████████████████████████████ |
| 16 | ████████████████████████████████████████ |
| 17 | ████████████████████████████████████████ |
| 18 | ████████████████████████████████████████ |
| 19 | ████████████████████████████████████████ |
| 20 | ████████████████████████████████████████ |
| 21 | ████████████████████████████████████████ |
| 22 | ████████████████████████ |
| 23 | 7. ████████████████████████████████████ |
| 24 | ████████████████████████████████████████ |
| 25 | ████████████████████████████████████████ |
| 26 | ████████████████████████████████████████ |
| 27 | ████████████████████████████████████████ |
| 28 | ████████████████████████████████████████ |

DeWhitt Decl. In Support of Opp. to Motion for Sanctions and Spoliation,
Case Nos.: C08 04548 MHP; C08 04719 MHP

-2-

1 ████████████████████████████████████████████
2 ████████████████████████████████████████████
3 ████████████████████████████████████████████
4 ████████████████████████████████████████████
5 ████████████████████████████████████████████
6 ████████████████████████████████████████████
7 ████████████████████████████████████████████
8 ████████████████████████████████████████████
9 ████████████████████████████████████████████
10 ████████████████████████████████████████ During my inspection of her office, I did not see any other notebooks. To my knowledge, nobody entered Ms. Hamilton's locked office for approximately three months.

13  8. ████████████████████████████████████
14 ████████████████████████████████████████████
15 ████████████████████████████████████████████
16 ████████████████████████████████████████████
17 ████████████████████████████████████████████
18 ██████████████████████████ I subsequently mailed her at least two packages, and the issue was ultimately resolved.

20  9. ███████████████████████████ in late December, Mr. Mathew contacted me and said that Real's Facilities department was seeking to assign Ms. Hamilton's former office to a new hire. At about the same time, members from Real's Facilities department inquired whether the office could be re-assigned to someone else, and I approved the request. ████████████████████████████████████████████
25 ████████████████████████████████████ I was not aware that Ms. Hamilton was involved in the RealDVD litigation and did not become aware of this fact until February 2009. In regards to any work product from her previous department, I believed that my prior instructions that Ms. Hamilton turn over any Facet work product and documents to

Mr. Wood had been followed. I likewise believed that the single notebook that Ms. Hamilton had provided to us on the day of her termination was not relevant to her work on the Facet project because she had been re-assigned from the Facet team three months before her termination. I assumed that whatever information this notebook contained was relevant to her work for Mr. Mathew and Mr. Klingert in the Helix group.

10. I do not know what happened to the notebook that Mr. Mathew placed on the desk in the office, but I never instructed anyone to destroy that notebook.

11. At no point has Ms. Hamilton told me that she had been instructed to destroy documents relevant to the litigation or otherwise. Had she done so, I would have considered such allegations to be very serious and would have had my department conduct a thorough investigation. Moreover, at no point did I receive any reports indicating that Ms. Hamilton believed the work she was performing on Facet was illegal or unethical. In fact, if Ms. Hamilton believed the Facet program to be illegal, or if she believed she had observed any unethical or illegal actions of her colleagues, she would have had an obligation under Real's code of ethics, with which all employees are required to abide, to report her concerns either to me or another supervisor or to Real's anonymous online third-party ethics violation reporting service, "EthicsPoint". To my knowledge, Ms. Hamilton never raised or expressed any such concerns to anyone at Real during the term of her employment.

12. I have never instructed anyone to destroy any materials that I believed might have been relevant to this litigation.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct of my own personal knowledge, and that this declaration is executed this 11th day of March, 2009 at Seattle, Washington.

_____
Dale DeWhitt

# EXHIBIT A

| | |
|---|---|
| 1 | JAMES A. DiBOISE, State Bar No. 83296<br>Email: jdiboise@wsgr.com |
| 2 | COLLEEN BAL, State Bar No. 167637<br>Email: cbal@wsgr.com |
| 3 | MICHAEL A. BERTA, State Bar No. 194650<br>Email: mberta@wsgr.com |
| 4 | TRACY TOSH LANE, State Bar No. 184666<br>Email: ttosh@wsgr.com |
| 5 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| 6 | One Market Street<br>Spear Tower, Suite 3300 |
| 7 | San Francisco, CA 94105 |
| 8 | Attorneys for Plaintiffs and<br>Counterclaim Defendants |
| 9 | REALNETWORKS, INC. and<br>REALNETWORKS HOME |
| 10 | ENTERTAINMENT, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,<br><br>Defendants.<br><br>AND RELATED CASES | | Case Nos. C08 04548 MHP;<br>C08 04719 MHP<br><br>**NOTICE OF MANUAL FILING EXHIBIT A TO THE DECLARATION OF DALE DEWHITT IN SUPPORT OF PLAINTIFFS REALNETWORKS, INC. AND REALNETWORKS HOME ENTERTAINMENT INC.'S OPPOSITION TO MOTION FOR SANCTIONS AND SPOLIATION**<br><br>[CONFIDENTIAL-FILED UNDER SEAL] |

## NOTICE OF MANUAL FILING

Regarding:

**CONFIDENTIAL VERSION**: EXHIBIT A TO THE DECLARATION OF DALE DEWHITT IN SUPPORT OF PLAINTIFFS REALNETWORKS, INC. AND REALNETWORKS HOME ENTERTAINMENT INC.'S OPPOSITION TO MOTION FOR SANCTIONS AND SPOLIATION

The foregoing document is being filed under seal in paper form only and is being maintained in the case file in the Clerk's office. If you are a party in one or more of the above-captioned actions, these materials will be served on you shortly. For information on retrieving this filing directly from the Court, please see the Court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

The manual filing is necessary because the document is filed under seal.

Dated: March 11, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: /s/ Tracy Tosh Lane
    Tracy Tosh Lane

Attorneys for Plaintiffs
REALNETWORKS, INC. AND
REALNETWORKS HOME
ENTERTAINMENT, INC.