1 LEO P. CUNNINGHAM, State Bar No. 121605
Email: lcunningham@wsgr.com
2 COLLEEN BAL, State Bar No. 167637
Email: cbal@wsgr.com
3 MICHAEL A. BERTA, State Bar No. 194650
Email: mberta@wsgr.com
4 TRACY TOSH LANE, State Bar No. 184666
Email: ttosh@wsgr.com
5 WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
6 One Market Street
Spear Tower, Suite 3300
7 San Francisco, CA 94105

8 Attorneys for Plaintiffs and
Counterclaim Defendants
9 REALNETWORKS, INC. and
REALNETWORKS HOME
10 ENTERTAINMENT, INC.

11 UNITED STATES DISTRICT COURT

12 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME 14  ENTERTAINMENT, INC., a Delaware corporation, <br>15                 Plaintiffs, <br>16        v. <br>17  DVD COPY CONTROL ASSOCIATION, INC., a 18  Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; 19  PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a 20  Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC 21  UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware 22  corporation; and VIACOM, Inc., a Delaware Corporation, <br>23 <br>24                 Defendants. | Case Nos. C08 04548 MHP;  <br>C08 04719 MHP <br><br>**DECLARATION OF JOHN MOORE IN SUPPORT OF PLAINTIFFS REALNETWORKS, INC. AND REALNETWORKS HOME ENTERTAINMENT, INC.'S OPPOSITION TO MOTION FOR SANCTIONS AND SPOLIATION** <br><br>Date:         March 16. 2009 <br>Time:        2:00 p.m. <br>Courtroom:  15 <br><br>**[PUBLIC REDACTED VERSION]** |

25

26 AND RELATED CASES

27

28

Moore Decl. In Support of Opp. to Motion
for Sanctions and Spoliation,
Case Nos.: C08 04548 MHP; C08 04719 MHP

Dockets.Justia.com

I, John Moore, declare:

1. I am a Software Developer for plaintiff and counterclaim defendant RealNetworks, Inc. ("Real"). I am currently a member of the engineering team responsible for developing Real's yet-to-be released integrated hardware product known by the code name Facet. I have personal knowledge of the facts set forth herein, and if called to testify, could and would testify competently thereto.

2. I have been employed by Real since 2005. I have been a member of the Facet team since [October] 2007 and have interacted with other members of the Facet development team, including Phil Barrett, Jeff Albertson, Martin Schwarz, Jason Cohen, Steve Hastings, Christine McKee, and Nicole Hamilton. I report directly to Jim Brennan, who is the Software Lead for Facet.

3. On or about October 6, 2008 I received an email from Real's legal department regarding the preservation of documents for this litigation. In addition, I recall Phil Barrett instructing the members of the Facet development team to preserve all documents and emails relating to the project.

4. Although I received these litigation hold instructions, they did not require me to alter my regular practices. My ordinary practices are not to regularly delete work-related messages from my email inbox or sent mail. In fact, I generally save everything that is work related. With respect to other electronic files, I generally save documents to local files on my hard drive. I do not delete files from these local files. I do not generally maintain any hard copy documents. Because I do not delete emails or otherwise destroy documents in the ordinary course of business, I believe I have preserved the documents that I have sent or received that may be related to this litigation.

5. I have never been told by anyone to delete any email, whether with respect to this litigation or with respect to anything else on the Facet project. Although members of the Facet development team discussed minimizing the use of words like "ripping" in our correspondence because the term could be misconstrued, I was never told to delete emails that contained the words "rip," "ripper," or "ripping." Similarly, although some members of the Facet development

1 | team discussed not describing ARccOS as "Digital Rights Management" or "DRM" because we
2 | believed that to be an inaccurate description, I was never told to delete emails containing those
3 | phrases. Phil Barrett has never instructed or otherwise requested that I delete any emails. I have
4 | never heard any other Real employee instruct anyone working on the Facet or Vegas (Real's
5 | Windows-based software product) projects to delete emails or destroy documents.
6 | 6. [redacted]
7 | [redacted]
8 | [redacted]
9 | [redacted]
10 | [redacted]
11 | [redacted]
12 |
13 | I declare under penalty of perjury under the laws of the State of Washington and the
14 | United States of America that the foregoing is true and correct of my own personal knowledge,
15 | and that this declaration is executed this 10th day of March, 2009 at Seattle, Washington.
16 |
17 | _____
     John Moore