1   LEO P. CUNNINGHAM, State Bar No. 121605
    Email:  lcunningham@wsgr.com
2   COLLEEN BAL, State Bar No. 167637
    Email:  cbal@wsgr.com
3   MICHAEL A. BERTA, State Bar No. 194650
    Email:  mberta@wsgr.com
4   TRACY TOSH LANE, State Bar No. 184666
    Email: ttosh@wsgr.com
5   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
6   One Market Street
    Spear Tower, Suite 3300
7   San Francisco, CA 94105

8   Attorneys for Plaintiffs and
    Counterclaim Defendants
9   REALNETWORKS, INC. and
    REALNETWORKS HOME
10  ENTERTAINMENT, INC.

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13  REALNETWORKS, INC., a Washington          Case Nos. C08 04548 MHP;
    Corporation; and REALNETWORKS HOME                  C08 04719 MHP
14  ENTERTAINMENT, INC., a Delaware
    corporation,                              **DECLARATION OF PHIL BARRETT
15                                            IN SUPPORT OF REALNETWORKS
                    Plaintiffs,               AND REALNETWORKS HOME
16                                            ENTERTAINMENT'S OPPOSITION TO
            v.                                MOTION FOR SANCTIONS AND
17                                            SPOLIATION**
    DVD COPY CONTROL ASSOCIATION, INC., a
18  Delaware nonprofit corporation, DISNEY    Date:       March 16. 2009
    ENTERPRISES, INC., a Delaware corporation; Time:      2:00 p.m.
19  PARAMOUNT PICTURES CORP., a Delaware      Courtroom:  15
    corporation; SONY PICTURES ENTER., INC., a
20  Delaware corporation; TWENTIETH CENTURY   **[PUBLIC REDACTED VERSION]**
    FOX FILM CORP., a Delaware corporation; NBC
21  UNIVERSAL, INC., a Delaware corporation;
    WARNER BROS. ENTER. INC., a Delaware
22  corporation; and VIACOM, Inc., a Delaware
    Corporation,
23
                    Defendants.
24

25

26  AND RELATED CASES

27

28

BARRETT DECL. IN SUPPORT OF OPP. TO MOTION
FOR SANCTIONS AND SPOLIATION,
CASE NOS.:  C08 04548 MHP; C08 04719 MHP

1    I, Phil Barrett, declare:

2        1.  I am Senior Strategic Advisor for plaintiff and counterclaim defendant RealNetworks,

3    Inc. ("Real").  I currently lead the team that is developing Real's Facet product, one of the two

4    products that are the subject of litigation between Real and the DVD CCA and Studios.  I have

5    personal knowledge of the facts set forth herein, and if called to testify, could and would testify

6    competently thereto.

7        2.  I have been employed by Real on two occasions.  I was one of Real's first employees,

8    and helped to found the company in 1994 with Rob Glaser, the current Chief Executive Officer.

9    In 2003, I left RealNetworks to pursue other interests.  In January 2007, Mr. Glaser asked me to

10   return to Real, and after a short time I was placed in charge of developing the product that

11   became Facet.  The members of the Facet team that I supervise or have supervised, either

12   directly or indirectly, include, among others, Jeff Albertson, James Bielman, Jim Brennan,

13   Nicole Hamilton, Steve Hastings, John Moore, David Watson, and Brent Wood.

14       3.  On or about October 6, 2008 I received written instruction from Real's legal

15   department regarding the preservation of documents in connection with this litigation.  In a Facet

16   team meeting in early October 2008, I instructed the members my team to preserve all

17   documents and emails relating to the project.

18       4.  Although I received the above-referenced litigation hold instructions, those

19   instructions did not require me to alter my regular document retention practices.  Indeed, it is and

20   has at all relevant times been my practice to preserve my Real documents and e-mails.  I do not

21   delete work-related messages from my email inbox or sent mail folder, and I generally save all

22   other electronic documents as local files on my hard drive.  Once saved, I do not delete these

23   files.  I rarely generate or receive any hard copy documents.  Because I do not delete emails or

24   otherwise destroy documents in the ordinary course of business, I believe I have preserved all

25   documents that may be related to this litigation.  The contents of my hard drive were copied in

26   connection with this litigation in October 2008.

27       5.  I understand that a former employee and member of my team, Nicole Hamilton, has

28   testified that I have instructed other members of the Facet team to delete emails that might have

BARRETT DECL. IN SUPPORT OF OPP. TO MOTION          -1-
FOR SANCTIONS AND SPOLIATION,
CASE NOS.:  C08 04548 MHP; C08 04719 MHP

been relevant to this litigation. That claim is false. I have never deleted any materials or documents that I knew were or could be relevant to this litigation, whether before the litigation was actually commenced on September 30, 2008 or thereafter. Nor have I ever told anyone on the Facet team (or any other Real employee) to delete email either with respect to this pending litigation or because the email might have been relevant to this litigation. To my knowledge, no one has at Real ever given any instructions to delete any emails that may be relevant to this litigation – either before or after this lawsuit was commenced. Although I asked members of the Facet team to minimize their use of words like "ripping" in written correspondence because that term can be misconstrued, I never instructed anyone to delete emails that contained the words "rip," "ripper," or "ripping." Similarly, although I asked members of the Facet development team not to describe ARccOS as "Digital Rights Management" or "DRM" because I believed and still believe that ARccOS is not DRM, I never told anyone to delete emails containing those phrases.

6. I am also aware that the Studios contend that any notebooks maintained by Ms. Hamilton are the only comprehensive record on the development of Facet. This contention is also wrong. The most comprehensive record on the development of Facet is the source code. Real maintains a central repository of the source code that is backed up. Real maintains records of the modifications at the source code level, along with comments made by the coders. The only exceptions to this are for source code that is contractually required to be isolated and secured, such as the CSS code as required by the CCA license.

7. ██████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██. Prior to her transfer, Ms. Hamilton had expressed a strong desire to remain on the Facet team because she believed in the product and wanted to continue working on its development. Further, at no time, either prior to her transfer or after, did Ms. Hamilton ever inform me that she believed the work she or anyone else was doing on Facet was unethical or illegal. I understand that the group to which Ms. Hamilton transferred ██████████████████████████

1　████████████████████████████████████████████████████

2　████████████████████████████.

3　　　　I declare under penalty of perjury under the laws of the State of Washington and the

4　United States of America that the foregoing is true and correct of my own personal knowledge,

5　and that this declaration is executed this 11th day of March, 2009 at Seattle, Washington.

6

7　　　　　　　　　　　　　　　　　　　　Phil Barrett

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28