1   LEO P. CUNNINGHAM, State Bar No. 121605
    Email:  lcunningham@wsgr.com
2   COLLEEN BAL, State Bar No. 167637
    Email:  cbal@wsgr.com
3   MICHAEL A. BERTA, State Bar No. 194650
    Email:  mberta@wsgr.com
4   TRACY TOSH LANE, State Bar No. 184666
    Email: ttosh@wsgr.com
5   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
6   One Market Street
    Spear Tower, Suite 3300
7   San Francisco, CA 94105

8   Attorneys for Plaintiffs and
    Counterclaim Defendants
9   REALNETWORKS, INC. and
    REALNETWORKS HOME
10  ENTERTAINMENT, INC.

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13  REALNETWORKS, INC., a Washington          Case Nos. C08 04548 MHP;
    Corporation; and REALNETWORKS HOME                    C08 04719 MHP
14  ENTERTAINMENT, INC., a Delaware
    corporation,                              **DECLARATION OF TRACY TOSH
15                                            LANE IN SUPPORT OF PLAINTIFFS
                    Plaintiffs,               REALNETWORKS, INC. AND
16                                            REALNETWORKS HOME
         v.                                   ENTERTAINMENT, INC.'S
17                                            OPPOSITION TO MOTION FOR
    DVD COPY CONTROL ASSOCIATION, INC., a     SANCTIONS AND SPOLIATION**
18  Delaware nonprofit corporation, DISNEY
    ENTERPRISES, INC., a Delaware corporation;   Date:       March 16. 2009
19  PARAMOUNT PICTURES CORP., a Delaware        Time:       2:00 p.m.
    corporation; SONY PICTURES ENTER., INC., a   Courtroom:  15
20  Delaware corporation; TWENTIETH CENTURY
    FOX FILM CORP., a Delaware corporation; NBC   Before:  Hon. Marilyn Hall Patel
21  UNIVERSAL, INC., a Delaware corporation;
    WARNER BROS. ENTER. INC., a Delaware        **[PUBLIC REDACTED VERSION]**
22  corporation; and VIACOM, Inc., a Delaware
    Corporation,
23
                    Defendants.
24

25

26  AND RELATED CASES

27

Dockets.Justia.com

1.      I, Tracy Tosh Lane, declare: I am an attorney at law duly licensed to practice in the State of California and before this Court. I am Of Counsel at the law firm of Wilson Sonsini Goodrich & Rosati, and one of the counsel for RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (collectively "Real"), plaintiffs and counterclaim defendants in the above-captioned matter. I make this Declaration in support of Real's Opposition the Studio Defendants' Motion for Sanctions and Spoliation. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      Since December 2008, defendants have served multiple subpoenas to Ms. Hamilton seeking documents and testimony in this case. During December 2008 and January 2009, Ms. Hamilton was represented by counsel, Peter Chu, with respect to defendants' subpoenas. On several occasions in December 2008, I discussed with Mr. Chu RealNetworks' concerns relating to the privileged information in Ms. Hamilton's possession. During December and January 2009, I also discussed with Mr. Chu the possibility of Real's counsel co-representing Ms. Hamilton with respect to her deposition together with Mr. Chu, so that Real could be certain that its privileged information was protected during the deposition. As part of the potential representation agreement, Real would have agreed to pay Ms. Hamilton's legal fees and her hourly consulting fee for time spent meeting with Real's counsel. Mr. Chu also requested that Real agree to waive claims against Ms. Hamilton relating to her confidentiality agreements with Real arising from her compliance with the subpoena.

3.      On January 5, 2009, Peter Chu told me that Ms. Hamilton was unwilling to have Real's counsel represent her, but that she was willing to meet with Real's attorneys in advance of her deposition. Mr. Chu asked me if Real would still be willing to pay Ms. Hamilton's legal fees if she did not agree to be co-represented by Real's counsel. I responded that I did not know and would have to check with Real.

██████ Mr. Chu called me back on January 6, 2009, and told me that █████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

1 ████████████████████████████████████████

2 ████████████████████████████████████████

3 ████████████████████████████████████████

4 ████████████████████████████████████████

5 ████████████████████████████████████████

6 ████████████████████████████████████████

7 ████████████████████████████████████████

8 ████████████████████████████████████████

9 ████████████████████████████████████████

10 ████████████████████████████████████████

11 ████████████████████████████████████████

12 ████████████████████████████████████████

13 ████████████████████████████████████████

14 ████████████████████████████████████████

15 ████████████████████████████████████████

16 ████████████████████████████████████████

17 ██████████

18     6.     After my January 6, 2009 discussion with Mr. Chu, Mr. Chu and I continued to

19 try to reach agreement regarding whether Ms. Hamilton would be represented by Wilson

20 Sonsini during her deposition.  Several times during January, I asked Mr. Chu whether Ms.

21 Hamilton possessed any RealNetworks' information responsive to the document requests in the

22 outstanding subpoena, which called for Real information, including documents relating to

23 RealDVD, the Facet product and Real's interactions with the DVD CCA.  Mr. Chu stated on

24 January 20, 2009 that Ms. Hamilton did not locate documents responsive to the subpoena.

25     7.     On or around January 24, 2009, Mr. Chu confirmed that despite his prior

26 statement that Ms. Hamilton did not have responsive documents, that Ms. Hamilton in fact

27 possessed thousands of pages of Real information.  On January 26, 2009, I spoke to Mr. Chu by

1   telephone regarding the Real information in Ms. Hamilton's possession and Real's concerns

2   regarding her retention of such information.  I explained that Ms. Hamilton's employment

3   agreement explicitly required her to return all Real information to the Company upon

4   termination, that Real was upset that she retained such information, and given the conflict

5   created by Ms. Hamilton's retention of such materials, Real could not continue discussions

6   regarding a co-representation of Ms. Hamilton or payment of any of her legal fees.  I confirmed

7   this conversation in a follow-up letter on January 27, 2009, a true and correct copy of which is

8   attached hereto as Exhibit A.   This January 27, 2009 letter explicitly addresses Ms. Hamilton's

9   obligations under her employment agreement, and requests, among other things, that she

10  confirm "that she does not continue to retain any Real information or any copies of Real

11  information" and that if she does "continue to possess any Real information, please return all

12  copies of such information immediately".

13          8.      Mr. Chu responded to my January 27, 2009 letter that same day, characterizing

14  my letter as a "request for Ms. Hamilton to destroy" Real information.  A true and correct copy

15  of Mr. Chu's letter to me is attached hereto as Exhibit B.  Mr. Chu and I subsequently

16  corresponded by email regarding his assertion that I had requested that Ms. Hamilton destroy

17  Real information, and Mr. Chu confirmed that the sole source of his assertion was my January

18  27, 2009 letter.  A true and correct copy of this email exchange is attached hereto as Exhibit C.

19          9.      Also during my January 26, 2009 telephone call with Mr. Chu, which was at

20  some point joined by Michael Berta, another counsel for Real, Mr. Chu asked if RealNetworks

21  would agree to the disclosure of communications between himself and Wilson Sonsini to Mr.

22  Singla, counsel for the Studio Defendants.  Mr. Chu explained that Mr. Singla was offering Ms.

23  Hamilton a "package" whereby defendants would agree pay Ms. Hamilton's legal fees, but

24  such agreement was contingent upon receiving access to communications between Real and

25  Mr. Chu.  Mr. Berta and I objected to such disclosure and informed Mr. Chu that we believed

26  Mr. Singla's offer was inappropriate.

27

DECLARATION OF TRACY TOSH LANE IN                    3
SUPPORT OF OPP. TO MOTION FOR SANCTIONS
AND SPOLIATION,
CASE NOS.: C08 04548 MHP; C08 04719 MHP

1    10.    On January 27, 2009, counsel for RealNetworks wrote to all parties inquiring

2  about defendants' counsel's offer to pay Mr. Chu's fees in exchange for access to

3  communications between Real and Mr. Chu.   Attached as Exhibit D is a true and correct copy

4  of E-mail messages exchanged on January 27, 2009 between counsel.  To date, the Studio

5  Defendants' counsel has never responded to this email message.

6    11.    On February 3, 2009, Mr. Chu informed the parties that he had terminated his

7  attorney client relationship with Ms. Hamilton.

8    12.    On February 6, 2009, I corresponded with Ms. Hamilton by email regarding

9  whether she continued to retain Real confidential information.  I stated that Real "would like to

10 have it returned ASAP" and that "we can arrange a way to remove it from your personal hard

11 drive if that is a concern of yours."  Ms. Hamilton responded, refusing to return Real's

12 information and characterizing my statements as an "offer to destroy evidence" – which they

13 were not.  A true and correct copy of the February 6, 2009 email correspondence between

14 myself and Ms. Hamilton on this topic is attached hereto as Exhibit E.

15    13.    Also on February 6, 2009, Ms. Hamilton notified counsel for the parties that she

16 had maintained hand-written notes relating to the Facet project that she kept in notebooks

17 which she claimed to have given to Real when she was terminated.  This was the first time Ms.

18 Hamilton ever mentioned the existence of such notebooks (either directly or through counsel).

19    14.    Ms. Hamilton's deposition proceeded on February 13, 2009 in San Francisco.

20 Real does not know what arrangements were ultimately reached between the Studio Defendants

21 and Ms. Hamilton regarding her deposition, other than that Mr. Singla has disclosed that the

22 Studio Defendants paid Ms. Hamilton's travel expenses to San Francisco for her deposition,

23 including two nights in a hotel.

24    15.    Attached hereto as Exhibit F is a true and correct copy of a September 25, 2008

25 letter from Glenn Pomerantz to Robert Kimball.

26    16.    Attached hereto as Exhibit G are true and correct copies of excerpts of the

27 deposition of Nicole A. Hamilton, taken on February 13, 2009.

1        17.     Attached as Exhibit H are true and correct copies of excerpts of the deposition of

2 Todd Basche, taken on February 16, 2009.

3        18.     On March 4, 2009, Real produced to defendants a disk containing an electronic

4 copy of the "ARccOS Zip" file discussed in defendants' motion. Attached as Exhibit I is a true

5 and correct copy of the cover letter explaining the production of the disc.

6

7        I declare under penalty of perjury that the foregoing is true and correct. Executed at San

8 Francisco, California on March 11, 2009.

9

10                                                       Tracy Tosh Lane

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF TRACY TOSH LANE IN         5
SUPPORT OF OPP. TO MOTION FOR SANCTIONS
AND SPOLIATION,
CASE NOS.: C08 04548 MHP; C08 04719 MHP