1  LEO P. CUNNINGHAM, State Bar No. 121605
   Email: lcunningham@wsgr.com
2  COLLEEN BAL, State Bar No. 167637
   Email: cbal@wsgr.com
3  MICHAEL A. BERTA, State Bar No. 194650
   Email: mberta@wsgr.com
4  TRACY TOSH LANE, State Bar No. 184666
   Email: ttosh@wsgr.com
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  One Market Street
   Spear Tower, Suite 3300
7  San Francisco, CA 94105

8  Attorneys for Plaintiffs and
   Counterclaim Defendants
9  REALNETWORKS, INC. and
   REALNETWORKS HOME
10 ENTERTAINMENT, INC.

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,<br><br>Defendants.<br><br>AND RELATED CASES | Case Nos. C08 04548 MHP;<br>C08 04719 MHP<br><br>**DECLARATION OF WILLIAM WAY IN SUPPORT OF PLAINTIFFS AND COUNTER-CLAIM DEFENDANTS REALNETWORKS, INC. AND REALNETWORKS HOME ENTERTAINMENT, INC.'S OPPOSITION TO MOTION FOR SANCTIONS AND SPOLIATION**<br><br>Date:       March 16. 2009<br>Time:       2:00 p.m.<br>Courtroom:  15<br><br>Before: Hon. Marilyn Hall Patel<br><br>**[PUBLIC REDACTED VERSION]** |

DECLARATION OF WILLIAM WAY IN SUPPORT OF
OPP. TO MTN FOR SANCTIONS AND SPOLIATION,
CASE NOS.: C08 04548 MHP; C08 04719 MHP

1.      I am an attorney at law duly licensed to practice in the States of Washington and Illinois. I am the Deputy General Counsel of RealNetworks, Inc. ("Real"), a plaintiff and counterclaim defendant in the above-captioned matter. I make this Declaration in support of Real's Opposition to the Studio Defendants' Motion for Sanctions and Spoliation. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      On December 5, 2008, I spoke with Nicole Hamilton, a former Real employee, about the possibility of Real's counsel representing her together with independent counsel of her choosing in connection with her deposition in this case. I discussed with her Real's concerns regarding protecting its privileged information, and explained that we believed that Ms. Hamilton being co-represented by Real's counsel would assist in protecting Real's privileged information. I also offered to Ms. Hamilton that if an agreement could be reached regarding representation, Real would be willing to pay Ms. Hamilton's attorneys fees. Ms. Hamilton informed me that she currently had a consulting arrangement where she charged an hourly fee and explained that she would lose money if she took time out to meet with Real's counsel. She asked if Real would compensate her for her lost time. I agreed that we could pay her hourly consulting fee for her time spent meeting with Real's counsel to discuss the protection of Real's privileged information, as well as for her time spent actually being deposed. As part of the representation agreement, Ms. Hamilton also requested that Real waive potential claims against her relating to her confidentiality agreements with Real which may arise out of her compliance with the subpoenas served by the Studio Defendants. I agreed, and believed that we would reach a written agreement with Ms. Hamilton regarding co-representation for her deposition. I confirmed our discussion in a follow-up email to Ms. Hamilton, a true and correct copy of which is attached hereto as Exhibit A.

███     While I believed we had reached an agreement in principle, I subsequently learned that Ms. Hamilton refused to be represented by Real's counsel in connection with her deposition. ████████████████████████████

DECLARATION OF WILLIAM WAY IN SUPPORT OF
OPP. TO MOTION FOR SANCTIONS AND
SPOLIATION,
CASE NOS.: C08 04548 MHP; C08 04719 MHP

1



4.      On January 22, Mr. Chu sent me a draft representation agreement that required Real to pay Mr. Chu's firm a substantial retainer for his legal bills, $25,000, which I believed would far exceed any costs associated with representing Ms. Hamilton in connection with her deposition. I refused to pay Mr. Chu any retainer. On January 23, 2009, Mr. Chu continued to make repeated requests that Real pay a retainer, and informed me that in fact Ms. Hamilton already owed his firm in excess of $30,000 for legal fees in connection with this matter. I did not understand how that could be the case, given that the only activity of which I was aware

related solely to discussions of whether Ms. Hamilton would be represented by Real, the negotiation of appropriate representation agreements, and the scheduling of her deposition.

     5.    After my conversations with Mr. Chu, I became concerned about Ms. Hamilton's motives with respect to her deposition and began to question whether Real should have any association with her at all with respect to her deposition. On January 24, 2009, when I learned that Ms. Hamilton had retained thousands of pages of Real's confidential information in violation of her employment agreement, I decided unequivocally that Real could not continue to discuss any agreement with Ms. Hamilton. I was surprised that she had retained any Real confidential information because Mr. Chu had previously stated that Ms. Hamilton did not have any documents responsive to the Studio Defendants subpoena, which called for Real information relating to the issues of this case. At that point, it became clear to me that the waiver Ms. Hamilton had requested from Real as part of a representation agreement did not relate to her "compliance with the subpoena" at all -- but was an effort to secure immunity from claims relating to violations of her employment agreement before Real became aware that she had improperly retained Real's information. After discovering that Ms. Hamilton had retained Real confidential information, Real discontinued any dialogue with Mr. Chu and Ms. Hamilton relating to an agreement regarding co-representation.

     6.    I attended Ms. Hamilton's deposition on February 13, 2009. During her deposition, Ms. Hamilton stated that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. I also strongly disagree with many of the statements made in her deposition and believe they are false.

     I declare under penalty of perjury that the foregoing is true and correct. Executed at Seattle, Washington on March 10, 2009.

                                    */s/ William Way*
                                    William Way

# EXHIBIT A

**From:** Bill Way [mailto:bway@real.com]
**Sent:** Friday, December 05, 2008 11:41 AM
**To:** 'nicole@nicolehamilton.com'
**Subject:** Discussion and Contact Info

Hi Nicole:

I'm glad that we've agreed that we can work this out. I'm going to take the opportunity to summarize what we've discussed and agreed to so that you can (a) tell me immediately if I have it wrong and (b) forward it directly to your own attorney for easy discussion.

We agreed:

- Real will pay for your own attorney to represent you in connection with your deposition and also any agreements/discussions/waivers between you and RealNetworks
- Real's attorneys (Wilson Sonsini) will also represent you in connection with your deposition prep and defending you at your deposition. This enables us to prep you and advise you on obligations relating to confidentiality, privilege, etc.
- Real will pay you your consulting rate for your time spent in prepping and giving the deposition.
- You would like a release from Real that says that Real will release you from any claim that you are in violation of your confidentiality agreement based on what you say during the dep, provided you follow our advice on that subject, tell the truth, etc. We agree that this is fine and will work with your attorney to create the appropriate language.

If you want to use another attorney other than Peter Chu, the one I recommend is Lynn Engel. Her number is 206 676-7022. You can read more about her here:

http://www.summitlaw.com/bio/engel_l.php

She has represented Real in several cases but in this case she would be your attorney and representing you only, and Real would sign a waiver letter acknowledging that fact. (Otherwise she'd have a conflict problem).

The contact info for the Wilson attorney to reach out to is:

Jamie DiBoise
415 947-2000

I think that's it. Please let me know if I left anything out or if you have any questions or disagreements about any of this.

Thanks,

Bill Way
VP & Deputy General Counsel
RealNetworks, Inc.
(206) 674-2495