| | |
|---|---|
| GLENN D. POMERANTZ (SBN 112503)<br>Glenn.Pomerantz@mto.com<br>BART H. WILLIAMS (SBN 134009)<br>Bart.Williams@mto.com<br>KELLY M. KLAUS (SBN 161091)<br>Kelly.Klaus@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue<br>Thirty-Fifth Floor<br>Los Angeles, CA 90071-1560<br>Tel: (213) 683-9100; Fax: (213) 687-3702 | ROBERT H. ROTSTEIN (SBN 72452)<br>rxr@msk.com<br>ERIC J. GERMAN (SBN 224557)<br>ejg@msk.com<br>MITCHELL SILBERBERG & KNUPP LLP<br>11377 West Olympic Boulevard<br>Los Angeles, California 90064-1683<br>Tel: (310) 312-2000; Fax: (310) 312-3100 |

GREGORY P. GOECKNER (SBN 103693)
gregory_goeckner@mpaa.org
DANIEL E. ROBBINS (SBN 156934)
dan_robbins@mpaa.org
15301 Ventura Boulevard, Building E
Sherman Oaks, California 91403-3102
Tel: (818) 995-6600; Fax: (818) 285-4403

Attorneys for Motion Picture Studio Plaintiffs/
Declaratory Relief Claim Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., et al.,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>DVD COPY CONTROL ASSOCIATION, INC., et al.,<br><br>　　　Defendants. | CASE NO. C 08-4548-MHP<br><br>**MOTION PICTURE STUDIOS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND TESTIMONY** [REDACTED]<br><br>Date:　April 24, 2009<br>Time:　9:00 a.m.<br>Ctrm:　15 (Hon. Marilyn Hall Patel) |
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al.,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>REALNETWORKS, INC., et al.,<br><br>　　　Defendants. | CASE NO. C 08-4719-MHP<br><br>**PUBLIC REDACTED VERSION** |

CASE NOS. C08-4548-MHP/C08-4719-MHP

I. INTRODUCTION

Real's pre-hearing filings and attorney argument ███████████████████. The Court should exclude this evidence.

*First*, ███████████████. Specifically, Real and the Studios entered into a Tolling Agreement, which expressly provides that ███████████████████████ As Real's counsel stated during the deposition of one of the Studios' witnesses, ███████, Ex. B (Dunn. Depo.) at 192:21-193:4. Now Real is trying to do ███████████.

*Second*, █████████████████ rebut the Studios' motion for a preliminary injunction.

*Third*, evidence concerning ███████████ is independently excludable under Rule 403. There will be plenty for the Court and the parties to do during an already crowded preliminary injunction hearing without having to get into an irrelevant sideshow ███████████████.

II. FACTUAL BACKGROUND

Real started developing its RealDVD technology in early 2007. Over the next year and a half, Real disclosed its plans for RealDVD to multiple third parties whom Real hoped to enlist as business partners. Real ███████████████████████████

---

1 ███████████████████

1   ████████████████████; *id.*, Ex. D (Real's September 8, 2008 "blog" release: "Today we
2   announced RealDVD.").
3       On September 9, 2008, Real executed a "Confidentiality, Tolling and Forbearance
4   Agreement" with the Studios (the "Tolling Agreement" or "Agreement"). Williams Decl., Ex. A.
5   The Agreement expressly provides ████████████████████████████████████████
6   ████████████████████████████████████████████████████████████████
7   ████████████████████████████████████████████████████████████████
8   ████████████████████████████
9   ████████████████████████████████████████████████████████████████
10  ████████████████████████████████████████████████████████████████
11  ████████████████████████████████████████████████████████████████
12  ████████████████████████████████████████████████████████████████
13  ████████████████████████████████████████████████████████████████
14  ████████████████████████████████████████████████████████████████
15  ████████████████████████████████████████████████████████████████
16  ████████████████████████████████████
17  ████████████████████████████████ Real has made clear in its preliminary injunction filings
18  and related arguments ██████████████████████████████████████████████
19  ██████████████████████████████████. *See, e.g.*, Real's Response Brief on
20  Preliminary Injunction Motion (filed April 10, 2009) ("Real's Response Brief") at 1, 19; Real's
21  Opening Preliminary Injunction Brief (filed Mar. 19, 2009) ("Real's Opening Brief") at 18–19;
22  Williams Decl., Ex. E (Tr. of Hr'g, Mar. 23, 2009) at 28:18–29:2; *id.*, Ex. F (Real's Witness
23  Disclosures for CEO Rob Glaser and Vice President Elizabeth Coppinger) at 1:21-22, 2:3-4.

### III. REAL'S ATTEMPT TO INTRODUCE EVIDENCE CONCERNING ████████████████████ VIOLATES THE PARTIES' TOLLING AGREEMENT

26  The Tolling Agreement could not be clearer ████████████████████████
27  ████████████████████████████████████████████████████████████████
28  ████████████████████████████████████████████████████████████████

- 2 -

STUDIOS' MOTION IN LIMINE RE
████████████████████
CASE NOS. C08-4548-MHP/C08-4719-MHP

1   ███████████████████████████████████████████████████████ Real expressly
2   agreed █████████████████████████████████████████████████████████████
3   ████████████████████████████████████████████████████████████████ Now
4   Real is trying to do exactly what it said it would not do. Its arguments for trying to get out of its
5   contractual promise are meritless.

6       *First*, Real claims that the "agreement no longer binds Real in light of the Studios' breach
7   of it, including by disclosing it to the Court in the Central District of California (before this case
8   was transferred to the Northern District." Real's Opening Brief at 19 n.9. That is false. The truth
9   is that Real opposed the Studios' TRO motion by arguing that the Studios "have known since the
10  first week of September that Real was planning to launch the RealDVD product by today
11  [September 30]," and that the Studios' motion thus should be denied based on improper delay.
12  Williams Decl., Ex. G at 1. The Agreement, however, is clear that the parties ████████████
13  ████████████████████████████████████████████████████████████████████████
14  ███████████████████████████████████████.[2] The Agreement also
15  ██████████████████████████████████████████████████████ which is exactly
16  what the Studios did in responding to Real's improper argument of undue delay. *See id.*, Ex. H
17  (Studios' Oct. 1, 2008 TRO Reply Br.) at 1. Real's argument rings especially false given that its
18  own counsel acknowledged at a deposition of one of the Studios' witnesses, over two months
19  *after* the Studios filed their TRO motion, that any ████████████████████████
20  ████████████████████████████████████████████████████████████████████
21  █████████ The contention that the Studios breached the Agreement, and that Real therefore is
22  justified to violate its terms, is without merit.

23      *Second*, Real suggests that the Studios ████████████████████████████
24  ████████████████ Real's Opening Brief at 19 n.9. This also is wrong. What really happened
25  ████████████████████████████████████████████████████████████████████
26  ████████████████████████████████████████████████████████████████████

---
27  [2] Notably, ████████████████████████████████████████████████████████
28  ████████████████████████████████████████████████████████████████████

- 3 -

STUDIOS' MOTION IN LIMINE RE ████
CASE NOS. C08-4548-MHP/C08-4719-MHP

[redacted]

IV. **REAL'S ATTEMPT TO INTRODUCE EVIDENCE CONCERNING**

Real's intention to offer evidence regarding [redacted]

In fact, Real approached multiple other third parties about working with Real on RealDVD through 2007 and 2008. Obviously, [redacted]

Real also says that its introduction of [redacted]

That is wrong. As demonstrated in Real's preliminary injunction papers, [redacted]

1
2
3
4
5
6
7

8  **V.  EVIDENCE CONCERNING ███████████████ SHOULD BE BARRED UNDER RULE 403**
9

10      Even if evidence ███████████████████████████████████████████
11 ██████████████████████, the Court still should exercise discretion to exclude it under Rule 403
12 of the Federal Rules of Evidence. The testimony of Real's witnesses ████████████████
13 ████████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████████
15 ███████████████████ All this will do is create an irrelevant and time-consuming
16 sideshow. *See Clemco Indus. v. Commercial Union Ins. Co.*, 665 F. Supp. 816 (N.D. Cal. 1987)
17 (citing Fed. R. Evid. 408, advisory notes). Rule 403 provides yet another basis for excluding
18 Real's attempt to get into the record ██████████████████████████████.

19 **VI.  CONCLUSION**
20      The Studios respectfully request that the Court enter an Order precluding Real from
21 introducing evidence ██████████████████████████████████.

22 DATED:  April 21, 2009                MUNGER, TOLLES & OLSON LLP
23
24                                       By: _____/s/ Bart H. Williams_____
25                                                BART H. WILLIAMS
26
27
28

- 5 -

STUDIOS' MOTION IN LIMINE RE ████████████████
CASE NOS. C08-4548-MHP/C08-4719-MHP