1 | JAMES A. DiBOISE, State Bar No. 83296
Email: jdiboise@wsgr.com
2 | LEO CUNNINGHAM, State Bar No. 121605
Email: lcunningham@wsgr.com
3 | COLLEEN BAL, State Bar No. 167637
Email: cbal@wsgr.com
4 | MICHAEL A. BERTA, State Bar No. 194650
Email: mberta@wsgr.com
5 | TRACY TOSH LANE, State Bar No. 184666
Email: ttosh@wsgr.com
6 | WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
7 | One Market Street
Spear Tower, Suite 3300
8 | San Francisco, CA 94105

9 | Attorneys for Plaintiffs and
Counterclaim Defendants
10 | REALNETWORKS, INC. and
REALNETWORKS HOME
11 | ENTERTAINMENT, INC.

12 | UNITED STATES DISTRICT COURT

13 | NORTHERN DISTRICT OF CALIFORNIA

14 | REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,

Plaintiffs,

v.

DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation,

Defendants.

AND RELATED CASES

Case Nos. C08 04548 MHP;
C08 04719 MHP

**REALNETWORKS' MOTION *IN LIMINE* TO EXCLUDE OR STRIKE JACOB PAK'S APRIL 10, 2009 TESTIMONY REGARDING AMX CORPORATION PURSUANT TO FRE 602, FRE 403 AND RULE 30(E)**

Before: Hon. Marilyn Hall Patel
Dept: Courtroom 15
Date: April 24, 2009
Time: 9:00 a.m.

[PUBLIC REDACTED VERSION]

MOTION *IN LIMINE* RE APRIL 10 PAK TESTIMONY
CASE NOS.: C08 04548 MHP; C08 04719 MHP

1  RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (collectively, "Real")
2  submit this Motion *In Limine* to Exclude or Strike Jacob Pak's April 10, 2009 Testimony
3  Regarding AMX Corporation. In particular, Real asks the Court to exclude or strike the
4  assertion in Mr. Pak's declaration that ████████████████████████████████████
5  ████████████████████████████████████████████████████████████████████████.
6  For three reasons, this testimony should be stricken or excluded:
7      First, Mr. Pak lacks personal knowledge to declare that the DVD CCA ████
8  ████████████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████████████████
12 ████████████████████████████████████████ This goes far beyond his
13 personal knowledge, and must therefore be excluded under FRE 602. Based on his prior
14 deposition testimony, the most Mr. Pak can do is authenticate the "records" in question. Not
15 only does Mr. Pak's declaration attempt to go far beyond authentication, but the records
16 themselves upon which he purportedly relies have been withheld from Real. It is doubtful that
17 such records even exist because as discussed below, ████████████████████████
18 ████████████████████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████████████████.
20     Second, Mr. Pak's new AMX testimony should be excluded under FRE 403 because its
21 probative value is substantially outweighed by the risk that it will mislead the Court and
22 prejudice Real. As the accompanying declaration of Tracy Tosh Lane ("Lane Dec.") indicates,
23 the DVD CCA's assertion that ████████████████████████████████████
24 ████████████████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████████████████
28 ████████████████████████████████████████████████████████████████████████

1   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Pak's April 10 declaration to the contrary is misleading. Further,
2   because Mr. Pak will not be testifying at the preliminary injunction hearing, absent *in limine*
3   relief, Real will have no opportunity to impeach his last-minute testimony (which is a clear effort
4   to hide the fact that the DVD CCA has acquiesced to products identical to RealDVD).

5         Third, Mr. Pak's April 10 testimony should be excluded or stricken under Federal Rule of
6   Civil Procedure 30(e) as an improper and untimely alteration of his prior deposition testimony.
7   Mr. Pak's April 10, 2009 sworn statements about AMX constitute a marked departure from his
8   December 16, 2008 deposition testimony, and satisfy none of the requirements of Rule 30(e),
9   including that any changes to deposition testimony (i) occur within 30 days of a deposition, (ii)
10  be accompanied by a written explanation, and (iii) be corrective rather than contradictory in
11  nature.

12  **Mr. Pak's April 10 Testimony Regarding AMX Is Not Based Upon Personal Knowledge**

13        Mr. Pak claims in his April 10 declaration that ▮▮▮▮▮▮▮▮▮▮▮▮
14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This account
19  should be stricken under FRE 602 because Mr. Pak has no personal knowledge regarding the
20  supposed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1]

21        During his December 16, 2008 deposition, Mr. Pak ▮▮▮▮▮▮▮▮▮▮▮▮
22  ▮▮▮▮▮▮
23      ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24      ▮▮▮▮

---

[1] Although during a preliminary injunction proceeding courts may give weight to evidence that would be inadmissible at trial, *Flynt Dist. Co., Inc. v. Harvey,* 734 F.2d 1389 (9th Cir. 1984), the Federal Rules of Evidence are only relaxed "when to do so serves the purpose of preventing irreparable harm before trial." *Id.* at 1394. As set forth in Real's briefing in opposition to the defendants' motion for a preliminary injunction, the defendants' claims of irreparable harm are without merit, which means that FRE Rule 403 need not be relaxed.

1
2
3
4
5
6 ███████████████████████████ [2] Mr. Pak's April 10 declaration to the contrary
7 plainly lacks foundation, is not based on personal knowledge, and is nothing more than an
8 improper interpretation of supposed "DVD CCA records"—which DVD CCA has refused to
9 produce in this litigation[3]—designed to hide the fact that the DVD CCA has acquiesced in
10 products with identical functionality to RealDVD.

11 **Mr. Pak's April 10 Testimony Regarding AMX Is Misleading and Will Prejudice Real**

12 FRE 403 provides that evidence "may be excluded if its probative value is substantially
13 outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . .
14 ." FRE 403. "'Unfair prejudice' . . . means 'an undue tendency to suggest decision on an
15 improper basis, commonly, though not necessarily, an emotional one.'" *United States v.*
16 *Allen,* 341 F.3d 870, 886 (9th Cir. 2003). Here, Mr. Pak's April 10 testimony must be excluded
17 because it is highly misleading, and because Real will have no opportunity to impeach Mr. Pak
18 with the truth at the PI hearing.

19 The truth is that ███████████████████████
20 ████████████████████████████████████████████

---

[2] Real also addressed the ███████████████████████
████████████████████████████████████████████
████ Also like Mr. Pak, Mr. Parsons will not be testifying at the PI hearing.

[3] Upon learning of Mr. Pak's testimony regarding AMX, Real asked the DVD CCA for copies of all "DVD CCA records" relating to the supposedly █████████████
████████ (Lane Dec.,Ex. C.) In response, counsel for the Defendants claimed that all such records are shielded from disclosure by ███████████████████████
████████████████████████████████████████████
████████████████████████████████████████████



1  
2  
3  
4 The DVD CCA's actual course of conduct was as follows.  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19 Mr. Pak's April 10
20 testimony to the contrary is extremely likely to mislead, and cannot be impeached since he will
21 not be testifying at the PI hearing. It should therefore be stricken under FRE 403.

22 **Mr. Pak's April 10 Testimony Regarding AMX Violates Federal Rule 30(e)**

23 Allowing Mr. Pak to change his testimony at this late stage would also violate Federal
24 Rule 30(e). Indeed, the Defendants have followed <u>none</u> of the procedural steps that are required
25 to change deposition testimony. Mr. Pak did not change his testimony within the prescribed 30-
26 day period. Fed. R. Civ. P. 30(e). The Defendants have not provided a "sign[ed] . . . statement"
27 identifying the alteration to Mr. Pak's testimony about AMX. *Id.* And the Defendants have not
28 provided the required "reason" for the change to Mr. Pak's testimony, other than Mr. Pak's

1 | mysterious claim that ███████████████████████████████████████
2 | ████████████████████████████████████ Even if these steps had been taken, the change
3 | should be rejected (without opportunity for further examination) because they contradict rather
4 | than correct. *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 60 Fed.
5 | R. Serv. 3d 1065 (9th Cir. 2005) (changes to deposition testimony should not be contradictory in
6 | nature); 10A Fed. Proc., L. Ed., § 26:476 ("A party is not permitted to virtually rewrite portions
7 | of a deposition, particularly after the opposing party has filed a summary judgment motion,
8 | simply by invoking the benefits of the rule governing changes to depositions.")
9 |     For all of the foregoing reasons, the statements regarding AMX in Mr. Pak's April 10,
10 | 2009 declaration should be excluded or stricken.

12 | Dated: April 21, 2009            WILSON SONSINI GOODRICH & ROSATI
   |                                                Professional Corporation

14 |                                                By: _____/s/_____
   |                                                         Leo P. Cunningham

16 |                                                Attorneys for Plaintiffs
   |                                                REALNETWORKS, INC. AND
17 |                                                REALNETWORKS HOME
   |                                                ENTERTAINMENT, INC.