| | |
|---|---|
| REGINALD D. STEER (SBN 056324)<br>rsteer@akingump.com<br>MARIA ELLINIKOS (SBN 235528)<br>mellinikos@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>580 California, 15th Floor<br>San Francisco, California 94104-1036<br>Telephone:     (415) 765-9500<br>Facsimile:     (415) 765-9501<br><br>EDWARD P. LAZARUS (SBN 212658)<br>elazarus@akingump.com<br>STEPHEN MICK (SBN 131569)<br>smick@akingump.com<br>MICHAEL SMALL (SBN 222768)<br>msmall@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>2029 Century Park East, Suite 2400<br>Los Angeles, California 90067-3012<br>Telephone:     (310) 229-1000<br>Facsimile:     (310) 229-1001 | WILLIAM SLOAN COATS (SBN 94864)<br>wcoats@whitecase.com<br>MARK WEINSTEIN (SBN 193043)<br>mweinstein@whitecase.com<br>MARK F. LAMBERT (SBN 197410)<br>mlambert@whitecase.com<br>**WHITE & CASE LLP**<br>3000 El Camino Real<br>5 Palo Alto Square, 9th Floor<br>Palo Alto, California 94306<br>Telephone:     (650) 213-0300<br>Facsimile:     (650) 213-8158 |

Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>    v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, et al.<br><br>                    Defendants.<br><br>And Related Counterclaims.<br><br>AND RELATED CASES | Case No. C08 04548 MHP;<br>                C08 04719 MHP<br><br>**OPPOSITION OF DVD CCA TO REALNETWORKS' MOTION IN LIMINE TO EXCLUDE OR STRIKE JACOB PAK'S APRIL 10, 2009 TESTIMONY REGARDING AMX CORPORATION** |

[PUBLIC REDACTED VERSION]

## I. Introduction

In its opening brief in opposition to DVD CCA's motion for preliminary injunction, RealNetworks recklessly and falsely asserted that ███████████████████████████████████████████████████████████████████████████████████████████ To rebut and contradict the false statement ███████████████████ DVD CCA submitted the declaration testimony of its President, Jacob Pak, who attested that, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████ RealNetworks now seeks to exclude this testimony, but its arguments are unavailing. Mr. Pak's testimony is based on personal knowledge, not prejudicial, and in keeping with Federal Rule of Civil Procedure 30(e). Moreover, RealNetworks' motion in limine hinges ███████████████████████████████████████████████████████████████████████

## II. Legal Argument

RealNetworks' argument that Mr. Pak's declaration is inadmissible is incorrect for the following reasons. First, Mr. Pak's April 10, 2009 declaration testimony is based upon personal knowledge. A jury or trier of fact would reasonably believe that Mr. Pak could speak competently for the DVD CCA on the facts attested to in his declaration. *See* Fed. R. Evid. 602; *see also U.S. v. Owens-El*, 889 F.2d 913, 914-15 (9th Cir. 1989) (personal knowledge requirement is satisfied when a jury or other trier of fact could reasonably believe that the witness perceived the event he testified about). ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Second, RealNetworks' claim that the DVD CCA "has refused to produce" the records relating to ███████████████████████████ is false. Mot. at 3. RealNetworks has known about ████

1

DVD CCA'S OPPOSITION TO REALNETWORKS' MOTION IN LIMINE RE PAK TESTIMONY
CASE NO. C08 04548 MHP

1  ███████████████ for nearly six months now. Indeed, the ████████ documents cited in
2  RealNetworks' Motion in Limine were produced by the DVD CCA on November 10, 2008. *See*
3  Declaration of Maria Ellinikos ("Ellinikos Dec"), Exh.1. RealNetworks could have sought further
4  discovery on █████████████████████████████████████████████████████████, at
5  any time between November 2008 and the close of discovery. *See* Dkt No. 241 at 14-15 (during the
6  March 23, 2009 hearing, counsel for the Studios and RealNetworks confirmed that outstanding written
7  and deposition discovery has been completed). But it did not do so. Instead, RealNetworks
8  ████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████ RealNetworks' failure to
10 timely seek discovery pertaining to ████ should not preclude the DVD CCA from presenting Mr.
11 Pak's declaration testimony to rebut RealNetworks' false and unfounded claim ████████
12 ███████████████████████████████████

13       Third, at the preliminary injunction stage, as in a bench trial, the risk that a ruling will be
14 unfairly affected by the admission of improper evidence is far less than in a jury trial. *See E.E.O.C. v.*
15 *Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir.1994); *see also Gulf States Utils. Co. v. Ecodyne Corp.*,
16 635 F.2d 517 (5th Cir. 1981) (excluding relevant evidence in a bench trial on the basis of unfair
17 prejudice is useless and illogical). Regardless of the setting, however, the probative value of Mr. Pak's
18 testimony outweighs RealNetworks' allegations that the testimony is unfairly prejudicial or
19 misleading. *See* Fed. R. Evid. 403. Mr. Pak's testimony is based on his personal knowledge, and it

---

[2] There is no basis for RealNetworks' insinuation that █████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████



1  rebuts RealNetworks' unsubstantiated claim in its response brief that ███████████
2  ███████  *See* Fed. R. Evid. 403; *see also Peake v. Chevron Shipping Co., Inc.*, 245 Fed. Appx.
3  680, 683 (9th Cir. 2007) ("Prejudice, however, is unfair only when it is based on something other than
4  the persuasive weight of the evidence.").

   Moreover, as stated above, far from being misleading, Mr. Pak's testimony is corroborated by
   ███████████████████████████████████████████████████████  According to
   RealNetworks, ███████████████████████████████████████████████████████████████
   ████████████████████████████████████████████████████████████████████████████
   ███████████████████████  This is precisely what Mr. Pak said in his April 10 declaration.  Pak
   Response Dec. at ¶ 4.  ████████████████████████████████████████████████████████
   ████████████████████████████████████████████████████████████████████████████
   ████████████████████████████████████████████████████████████████████████████
   ████████████████████████████████████████████████████████████████████████████
   ████████████████████████████████████  Mr. Pak's testimony affirms that this is the
   case.  Pak Response Dec. at ¶ 4.

   Fourth, contrary to RealNetworks' contention, Mr. Pak does not need to "change" his
   deposition testimony.  Federal Rule of Civil Procedure 30(e), which provides that a deponent has thirty
   days to make changes to his deposition, is inapplicable here.  Mr. Pak is not altering his prior
   deposition testimony through his April 10 declaration.  At the time of his December 16, 2008
   deposition, Mr. Pak accurately testified that ██████████████████████████████████
   █████████████████  He subsequently ████████████████████████████████████████████
   ████████████████████████████████████████████████████████████████████████████
   As a non-expert witness, Mr. Pak had no obligation to supplement his deposition testimony
   ███████████████████████████████████████████████████████  *See* Fed. R. Civ. Proc. 26(e).
   Because there is no testimony in Mr. Pak's deposition that requires correction, RealNetworks' claim of
   any obligation to "change" prior deposition testimony under Federal Rule of Civil Procedure 30(e)
   fails.  Moreover, RealNetworks' suggestion that a deponent can never testify about knowledge

3

acquired after his deposition, or risk "contradicting" his prior testimony that he lacked knowledge about the subject, is absurd.

Finally, RealNetworks' arguments for excluding Mr. Pak's declaration testimony are unavailing because RealNetworks relies on 

DVD CCA'S OPPOSITION TO REALNETWORKS' MOTION IN LIMINE RE PAK TESTIMONY
CASE NO. C08 04548 MHP

### III. Conclusion

For the foregoing reasons, RealNetworks' Motion in Limine to Exclude or Strike Jacob Pak's April 10, 2009 Testimony Regarding AMX Corporation should be DENIED.

Dated: April 23, 2009

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

WHITE & CASE LLP

By _____/s/_____

Reginald D. Steer
Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.