JAMES A. DiBOISE, State Bar No. 83296
Email: jdiboise@wsgr.com
LEO CUNNINGHAM, State Bar No. 121605
Email: lcunningham@wsgr.com
COLLEEN BAL, State Bar No. 167637
Email: cbal@wsgr.com
MICHAEL A. BERTA, State Bar No. 194650
Email: mberta@wsgr.com
TRACY TOSH LANE, State Bar No. 184666
Email: ttosh@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105

Attorneys for Plaintiffs and
Counterclaim Defendants
REALNETWORKS, INC. and
REALNETWORKS HOME
ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware corporation, <br><br> Defendants. <br><br> AND RELATED CASES | Case Nos. C08 04548 MHP; C08 04719 MHP <br><br> **REALNETWORKS' OPPOSITION TO APPLICATION OF DVD CCA FOR ATTORNEYS' FEES AND COSTS PURSUANT TO MAY 5, 2009 ORDER OF THE COURT** |

REALNETWORKS' OPP. TO DVD CCA'S APP. FOR
ATTORNEYS' FEES AND COSTS
CASE NOS. 08-cv-04548 MHP
 08-cv-04179 MHP

Dockets.Justia.com

**REALNETWORKS' OPPOSITION TO APPLICATION OF DVD CCA FOR ATTORNEYS' FEES AND COSTS PURSUANT TO MAY 5, 2009 ORDER OF THE COURT**

RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. ("Real") hereby oppose the application for fees submitted by the DVD Copy Control Association, Inc. ("DVD CCA"). The DVD CCA seeks $17,525.20 in attorneys' fees, an amount which reflects 27.3 hours of attorney time purportedly expended by the DVD CCA to join the Studios' Motion for Sanctions. Application at 2; Declaration of Teresa W. Wang in Support of Application of DVD CCA for Attorneys' Fees and Costs Pursuant to May 5, 2009 Order of the Court ("Wang Decl.") at ¶¶ 2-5. The fees requested by the DVD CCA should be denied.

First, the DVD CCA merely *joined* in the Studio Defendants' Motion for Sanctions. The DVD CCA prepared a four-page Notice of Joinder and Joinder – a document which is primarily devoted to twice listing seven issue sanctions that the DVD CCA sought, none of which was granted by the Court. Even if the Court intended that the DVD CCA would be awarded fees for merely joining the Studios' Motion, the $17,525.20 claimed by the DVD CCA for preparing a 4-page submission is excessive. By comparison, the Studio Defendants – which pursued and conducted Ms. Hamilton's deposition, researched and drafted the lengthy Motion for Sanctions and argued that motion at the hearing – claimed $19,475.50 in fees relating to Ms. Hamilton's notebooks. The DVD CCA cannot possibly have reasonably incurred roughly equivalent fees by simply piggybacking on the work performed by the Studios. Notably, Real stipulated to the Studio Defendants' fee submission; given the unreasonableness of the DVD CCA's position, Real could not stipulate to the DVD CCA's requested fees.

Second, the DVD CCA has explicitly disregarded the Court's directive that fees were only to be awarded for "pursuing the evidence of spoliation of Hamilton's notebooks and for bringing this part of the sanctions motion" (Order at 20), and admittedly seeks <u>all fees</u> incurred in connection with researching and preparing the Joinder.[1] Application at 2. The DVD CCA

---

[1] The DVD CCA asked only one question at Ms. Hamilton's deposition relating to the notebooks and made no oral argument during the hearing of the Sanctions Motion.

admits that it did not partition fees specifically relating to Ms. Hamilton's notebooks as instructed, but instead claims that "the legal arguments and research dedicated to the Hamilton notebooks and Hamilton e-mails cannot be segregated from one another." *Id.* If the DVD CCA cannot identify any fees relating to Ms. Hamilton's notebooks as the Court ordered, then the DVD CCA should not be awarded any fees at all. Moreover, the Joinder itself reveals that it is not primarily directed to the issue of Ms. Hamilton's notebooks: (1) only three sentences of the Joinder even mention the Hamilton notebooks; (2) the requested sanctions which comprise the majority of the Joinder are based entirely on Ms. Hamilton's deposition testimony and that cited testimony does not mention or relate to the notebooks; and (3) the three cases cited in the Joinder do not appear to relate to Real's alleged failure to preserve Ms. Hamilton's notebooks, but to other issues discussed in the Joinder. In short, there is no merit to the DVD CCA's claim that it should be awarded the entire purported cost of preparing the Joinder to the Studios' Motion for Sanctions.

Courts have broad discretion under their inherent powers to sanction litigants. Order at page 8. Nonetheless, an award of attorneys' fees as a form of sanctions for duplicative or excessive attorney work is inappropriate. *Erum v. County of Kaui*, Civil No. 08-00113 SOM-BMK, 2008 WL 2598138, at *5 (D.Hawaii June 30, 2008). Real respectfully submits that the DVD CCA is not entitled to any fees for simply joining in another party's motion. If the Court is inclined to award any fees to the DVD CCA, the $17,525.20 sought by the DVD CCA is excessive. Instead, the DVD CCA should be awarded at most 2.5 hours of attorney time at a blended rate of $653 per hour, for a total of $1,632.50.[2] This amount represents approximately 8.5% of the amount claimed by the Studio Defendants, which performed virtually all of the work relating to the Motion for Sanctions.

For all the foregoing reasons, the DVD CCA's Fee Application should be denied.

---

[2] The blended rate proposed by Real is the average of the hourly billing rates of the three attorneys identified by the DVD CCA as participating in the preparation of the Joinder. *See* Wang Decl. at ¶5 (relevant hourly rates are $703.80, $765 and $490).

REALNETWORKS' OPP. TO DVD CCA'S APP. FOR ATTORNEYS' FEES AND COSTS
CASE NOS. 08-cv-04548 MHP
 08-cv-04179 MHP

2

Date: June 17, 2009                     WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation

                                        By: /s/
                                              Leo Cunningham

                                        Attorneys for Plaintiffs and Counterclaim
                                        Defendants REAL NETWORKS, INC. and
                                        REALNETWORKS HOME
                                        ENTERTAINMENT, INC.