GLENN D. POMERANTZ (SBN 112503)
Glenn.Pomerantz@mto.com
BART H. WILLIAMS (SBN 134009)
Bart.Williams@mto.com
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Tel: (213) 683-9100; Fax: (213) 687-3702

ROBERT H. ROTSTEIN (SBN 72452)
rxr@msk.com
ERIC J. GERMAN (SBN 224557)
ejg@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Tel: (310) 312-2000; Fax: (310) 312-3100

GREGORY P. GOECKNER (SBN 103693)
gregory_goeckner@mpaa.org
DANIEL E. ROBBINS (SBN 156934)
dan_robbins@mpaa.org
15301 Ventura Boulevard, Building E
Sherman Oaks, California 91403-3102
Tel: (818) 995-6600; Fax: (818) 285-4403

Attorneys for Motion Picture Studio Plaintiffs/Declaratory
Relief Claim Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>DVD COPY BATES ASSOCIATION, INC., *et al.*<br><br>Defendants. | CASE NO. C 08-4548-MHP<br><br>**STUDIOS' MOTION PURSUANT TO CIV. L.R. 6-3 TO EXTEND TIME TO RESPOND TO REALNETWORKS' SECOND AMENDED COMPLAINT**<br><br>[Declaration of Rohit K. Singla and Proposed Order filed herewith] |
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>REALNETWORKS, INC., *et al.*<br><br>Defendants. | CASE NO. C 08-4719-MHP |

RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. ("Real") filed a Motion for Leave to File a Second Amended Complaint to add purported antitrust claims on May 13, 2009 — *seven months* after its original complaint, *eighteen months* after it discussed antitrust issues with its counsel, and some *two years* after it decided to develop RealDVD despite its knowledge that the DVD CCA contends such a product would violate the CSS License.  The Studio Defendants do not oppose Real's motion for leave to amend, but plan to move to dismiss Real's antitrust claims on the pleadings under Rule 12.

Real's proposed Second Amended Complaint explicitly asserts that Real's last-ditch antitrust claims depend upon the construction of the CSS License, a matter that certainly will be addressed in the Court's ruling on the preliminary injunction motions currently under submission.  Although Real's antitrust claims are inadequate under any interpretation of the CSS License, the Court's interpretation of the CSS License will bear upon the specific issues to be addressed in the Studios' Rule 12 motion.  Thus, it would be most efficient to brief the motion to dismiss after the Court issues its preliminary injunction ruling; indeed, it would be a significant waste of party and judicial resources to brief and consider the Studios' motion to dismiss where the arguments and issues to be addressed may vary depending on the Court's construction of the License.  Accordingly, pursuant to Civ. L.R. 6-3, the Studios respectfully request an extension of their time to respond to Real's Second Amended Complaint until 30 days after the issuance of the preliminary injunction ruling. (Currently, the Studios' response to the amended complaint will be due 10 days after the Second Amended Complaint is deemed filed.  FED. R. CIV. P. 15(a)(3).)

Real has refused to agree to this proposed extension, even though it twice sought and received extensions of time to file its antitrust counterclaims.  *See* Doc. No. 243.  There is no danger of prejudice to Real, given that Real could easily have filed its antitrust claims in September 2008 with its original complaint — or even earlier.

**I.    REAL ITSELF ALLEGES THAT ITS CLAIMS WILL BE AFFECTED BY THIS COURT'S PRELIMINARY INJUNCTION RULING**

Real's Motion for Leave to Amend and Second Amended Complaint repeatedly state that Real's antitrust claims depend on how the CSS License is construed. *See, e.g.*, Motion

for Leave to Amend at 3:9-10 ("Pursuant to the Studios' and DVD CCA's interpretation of the CSS License Agreement . . ."); 3:13-15 ("Under the Studios' and the DVD CCA's interpretation. . ."); RealNetworks' Second Amended Complaint at 14:7-8 ("According to this interpretation . . ."); 22:16-17 ("*If* the DVD CCA and the Studio Defendants are right in their collective interpretation of the CSS License Agreement . . ."); 22:23-24 ("*If* the Studio Defendants and the DVD CCA are wrong in their interpretation . . .").

While Real's antitrust claims suffer from flaws that warrant dismissal under any interpretation of the CSS License, it makes no sense to brief the motion to dismiss before the Court's ruling on the preliminary injunction motion. The Court's interpretation of the CSS License has the concrete potential to affect the content and presentation of one or both parties' positions under Rule 12. Logic, efficiency and due concern for orderly proceedings dictate a sequential approach here.

The parties should not be required to brief and argue these antitrust claims in the abstract, and based upon alternative interpretations of the CSS License. There is every reason to wait until the Court's ruling on the preliminary injunction motions before addressing the merits of Real's antitrust claims. It will benefit both the parties and the Court.

## II.   REAL IS OBVIOUSLY IN NO HURRY, ITSELF, AND WILL SUFFER NO PREJUDICE FROM AN EXTENSION OF THE STUDIOS' TIME TO RESPOND

Real, furthermore, will suffer no prejudice from the extension: Real delayed bringing its antitrust claims for almost two years.

### A.   RealNetworks Delayed Pleading Its Antitrust Claims.

None of the matters alleged by Real in its proposed Second Amended Complaint are new: its antitrust claims focus on the structure and organization of the DVD CCA, the nature of the CSS system and license, the Studios' purported interpretation of the CSS License, and Real's failure to obtain a Studio's endorsement of its unlawful circumvention product. *See, e.g.*, RealNetworks' Second Amended Complaint at ¶¶ 22, 50-51 (structure of DVD CCA); ¶¶ 39-40 (interpretation of CSS License); ¶¶ 46-47, 49, 69-72 (failure to obtain endorsement). Every one of these alleged matters was well-known to Real in September 2008, when it filed its first

1    Complaint. Nothing in Real's proposed Second Amended Complaint turns on evidence

2    uncovered in discovery. Indeed, Real was aware of the DVD CCA's interpretation of the CSS

3    License as early as *April 2007*, when it first began the RealDVD project. *See* PI Exh. 5 (at

4    REAL051154). Real discussed with its counsel antitrust issues relating to the DVD CCA's

5    position on copying of DVDs in *October 2007*. *See* Singla Decl. Exh. A (at REAL098372)

6    (meeting agenda with counsel regarding "anti-trust" issues relating to the copying of CSS

7    protected DVDs from October 2007). The declaratory judgment Real sought in September 2008

8    was specifically premised upon its disagreement with that long-public interpretation by the DVD

9    CCA. *See* Complaint, Dkt. No. 1, at ¶¶ 5-6, 26, 29-31.

10    The timing of Real's effort to plead antitrust claims thus had nothing to do with its

11    discovery of any new facts. Rather, it appears to have been a tactical decision. In any case, Real

12    has been in absolutely no hurry to bring these claims to the Court's attention and cannot plausibly

13    claim prejudice due to an orderly, logical and efficient sequencing of proceedings.

14    **B.**    **Real Itself Has Sought and Received *Months* of Extensions**

15    Real's refusal to grant the Studios an extension of time stands in sharp contrast to

16    Real's own repeated request to the DVD CCA which resulted in a *six-week* extension of time to

17    respond to the DVD CCA's Second Counterclaim and to file its own antitrust claim against the

18    DVD CCA. *See* Dkt. No. 239 (extending time to answer from March 30 to May 13, 2009).

19    Furthermore, Real sought and received repeated continuances of the preliminary-injunction

20    hearing, which was originally scheduled to begin in November 2008 and ultimately did not

21    commence until April 24, 2009. The limited extension that will result from granting the Studios'

22    request will have far less effect on Real than the delays it has itself initiated.

23    **III.**    **CONCLUSION**

24    Accordingly, the Studios respectfully request that the Court extend the deadline for the

25    Studios to respond to Real's Second Amended Complaint to 30 days after the Court issues its

26    ruling on the Studios' Motion for Preliminary Injunction. In the alternative, the Studios request

27    an extension of time to respond to Real's Second Amended Complaint to July 31, 2009.

28

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: June 29, 2009 | _____/s/_____ |
| | | ROHIT SINGLA |
| 3 | | MUNGER, TOLLES & OLSON LLP |
| 4 | | Attorneys for Studio Defendants/Counterclaim-Plaintiffs/Plaintiffs |

DATED: June 29, 2009        /s/
                            ROHIT SINGLA
                            MUNGER, TOLLES & OLSON LLP

Attorneys for Studio Defendants/Counterclaim-Plaintiffs/Plaintiffs

COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORP., SONY PICTURES ENTERTAINMENT, INC., SONY PICTURES TELEVISION INC., TWENTIETH CENTURY FOX FILM CORP., NBC UNIVERSAL, INC., WALT DISNEY PICTURES, WARNER BROS. ENTERTAINMENT, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, UNIVERSAL CITY STUDIOS LLLP, AND VIACOM, INC.

DATED: June 29, 2009        /s/
                            DANIEL G. SWANSON
                            DANIEL M. FLORES
                            KAIPONANEA T. MATSUMURA
                            GIBSON, DUNN & CRUTCHER, LLP

Attorneys for Defendant

SONY PICTURES ENTERTAINMENT INC.

.