1  GLENN D. POMERANTZ (SBN 112503)        ROBERT H. ROTSTEIN (SBN 72452)
   Glenn.Pomerantz@mto.com                rxr@msk.com
2  BART H. WILLIAMS (SBN 134009)          ERIC J. GERMAN (SBN 224557)
   Bart.Williams@mto.com                  ejg@msk.com
3  KELLY M. KLAUS (SBN 161091)            MITCHELL SILBERBERG & KNUPP LLP
   Kelly.Klaus@mto.com                    11377 West Olympic Boulevard
4  MUNGER, TOLLES & OLSON LLP             Los Angeles, California  90064-1683
   355 South Grand Avenue, 35th Floor     Tel: (310) 312-2000; Fax: (310) 312-3100
5  Los Angeles, CA  90071-1560
   Tel: (213) 683-9100; Fax: (213) 687-3702
6

7  GREGORY P. GOECKNER (SBN 103693)
   gregory_goeckner@mpaa.org
8  DANIEL E. ROBBINS (SBN 156934)
   dan_robbins@mpaa.org
9  15301 Ventura Boulevard, Building E
   Sherman Oaks, California  91403-3102
10 Tel: (818) 995-6600; Fax: (818) 285-4403

11 Attorneys for Motion Picture Studio Plaintiffs/Declaratory
   Relief Claim Defendants
12

13

14                       UNITED STATES DISTRICT COURT

15                     NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16  REALNETWORKS, INC., et al., | CASE NO.  C 08-4548-MHP |
| 17              Plaintiffs, | **DECLARATION OF ROHIT K. SINGLA PURSUANT TO LOCAL RULE 6-3 IN SUPPORT OF MOTION TO EXTEND TIME TO RESPOND TO REALNETWORKS' AMENDED COMPLAINT** |
| 18              vs. | |
| 19  DVD COPY BATES ASSOCIATION, INC., et al. | |
| 20              Defendants. | [Motion and Proposed Order filed herewith] |
| 21 | |
| 22 | |
| 23  UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al., | CASE NO.  C 08-4719-MHP |
| 24              Plaintiffs, | **PUBLIC REDACTED VERSION** |
| 25              vs. | |
| 26  REALNETWORKS, INC., et al. | |
| 27              Defendants. | |

28

SINGLA DECL. ISO EXTENSION
CASE NO. C 08-4548-MHP

**DECLARATION OF ROHIT K. SINGLA**

I, Rohit K. Singla, declare:

1. I am a partner at the law firm of Munger, Tolles & Olson LLP, counsel of record for Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corp., Sony Pictures Entertainment, Inc., Sony Pictures Television Inc., Twentieth Century Fox Film Corp., NBC Universal, Inc., Walt Disney Pictures, Warner Bros. Entertainment, Inc., Universal City Studios Productions LLLP, Universal City Studios LLLP, and Viacom, Inc. ("the Studios") in the above-captioned matter. I make this Declaration based upon my own personal knowledge, and if called upon to do so, I could and would testify competently to the matters stated herein.

2. During the week of June 15, 2009, I understand that my partner, Glenn D. Pomerantz, spoke with Ms. Colleen Bal, counsel for RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. ("Real") to discuss whether Real would be willing to adjust the current schedule if the Studios chose to file a notice of non-opposition to Real's Motion for Leave to Amend its complaint. Specifically, I understand that Mr. Pomerantz asked whether Real would consider moving the deadline for the Studios to file an Answer to such Complaint until 30 days after the ruling on the Motions for Preliminary Injunction.

3. On Friday, June 19, after consulting with her clients, Ms. Bal indicated that Real was not willing to accept any such proposal. Attached hereto as Exhibit 1 is a true and correct copy of the email by which Real rejected the Studios' proposal.

4. Following that email, I understand that Reginald Steer, counsel for the DVD Copy Control Association, Inc. ("DVD CCA") and Mr. Pomerantz called Ms. Bal to try to reach an alternative compromise, specifically a brief extension of time, from July 14 to July 21 or 28, with the ability to seek a further extension if the Court had not ruled on the preliminary injunction motions by that point

5. By email on June 24, 2009, Ms. Bal indicated that Real rejected any extension of time for the Studios to respond to Real's Amended Complaint. Attached as Exhibit 2 is a true and correct copy of Ms. Bal's email

- 1 -

SINGLA DECL. ISO EXTENSION
CASE NO. C 08-4548-MHP

1       6.       I understand that later on June 24, 2009, Mr. Pomerantz and Mr. Steer called Ms. Bal, leaving a voice message indicating that the Studios would on Monday be filing a Notice of Non-Opposition to Real's Motion for Leave to Amend, as well as an administrative motion seeking extension of time to respond to 30 days after the preliminary injunction ruling. I understand that Mr. Pomerantz requested agreement that if the Court denied the administrative motion, that the Studios' and DVD CCA's response date could be on July 31, in order to accommodate the vacation schedules of both parties' counsel and clients. I understand that the Studios have received no response to this message because Real's counsel has indicated that its in-house counsel with decision making authority are themselves on vacation.

      7.       Accordingly, the parties have been unable to reach a stipulation regarding the Studios' request for an extension of time.

      8.       Attached hereto as Exhibit 3 is a true and correct copy of an email produced at REAL098372.

1 | I declare under penalty of perjury under the laws of the United States and
2 | California that the foregoing is true and correct and that this Declaration was executed this 29th
3 | day of June 2009, in San Francisco, California.

*/s/*
Rohit K. Singla

# EXHIBIT 1

---

**From:** Bal, Colleen [mailto:cbal@wsgr.com]
**Sent:** Friday, June 19, 2009 1:02 PM
**To:** Pomerantz, Glenn
**Cc:** Steer, Reginald
**Subject:** RE: Schedule

Glenn,

Thanks for your email and for your proposal. At least at the current time, Real is not prepared to accept your proposal.

Regards,
Colleen

---

**From:** Pomerantz, Glenn [mailto:Glenn.Pomerantz@mto.com]
**Sent:** Friday, June 19, 2009 11:34 AM
**To:** Bal, Colleen
**Cc:** Steer, Reginald
**Subject:** Schedule

Any word yet from your client on our proposal?

This email and any attachments thereto may contain private, confidential, and privil
material for the sole use of the intended recipient.  Any review, copying, or distri
this email (or any attachments thereto) by others is strictly prohibited.  If you ar
intended recipient, please contact the sender immediately and permanently delete the
and any copies of this email and any attachments thereto.

# EXHIBIT 2

**From:** Bal, Colleen [mailto:cbal@wsgr.com]
**Sent:** Wednesday, June 24, 2009 11:21 AM
**To:** Pomerantz, Glenn
**Cc:** Steer, Reginald
**Subject:** RE: Schedule

Glenn,

As I indicated when we spoke about this issue on Friday, the decision maker at our client is currently not reachable. He is camping where there is no signal, and has not checked in yet. When I told you Friday that it would be difficult to get in touch with him, you not only failed to mention your plans to file a motion today, but you also requested that I contact Rohit for further discussion after today on this issue, because you have plans to be out of town starting tomorrow. Thus, hearing from you this morning for the first time that you plan to file a motion today and that I have an 11:00 deadline to get back to you was quite an unpleasant surprise. Why didn't you tell me sooner of your plans?

Further, I reject your claim that an immediate motion is necessary because "time is growing short." June 29 is the deadline for **the Studios** to respond to Real's motion for leave to amend. You have repeatedly told me that the Studios are likely to file a nonopposition to that motion. Moreover, the June 29 deadline is unrelated to the **DVD CCA's** request for more time to respond to Real's antitrust counterclaims, except insofar as you are seeking to use the June 29 date as a bargaining chip to extend the DVD CCA's deadline. As you know, the Studios currently have no deadline to respond to Real's antitrust claims, and may never have to respond to them depending on the outcome of Real's motion for leave.

Regardless, we have already given you and the DVD CCA several weeks' extension to meet your respective deadlines, and you have provided no reason why you need more time.

Colleen

---

**From:** Pomerantz, Glenn [mailto:Glenn.Pomerantz@mto.com]
**Sent:** Wednesday, June 24, 2009 8:06 AM
**To:** Bal, Colleen
**Cc:** Steer, Reginald
**Subject:** RE: Schedule

We're trying to make a decision as to whether to file an application with the Court, and time is growing short as the June 29 date approaches. Can you let me know before 11 am today? With emails, blackberrys, cell phones and the like, I am hoping that we can get an answer so that we don't waste our time filing something that proves unnecessary. I also am trying to avoid having to say to the Judge that we don't know Real's position on an extension to a specific date (rather than one tied to the PI ruling) because of vacations.

---

**From:** Bal, Colleen [mailto:cbal@wsgr.com]
**Sent:** Tuesday, June 23, 2009 4:11 PM
**To:** Pomerantz, Glenn
**Cc:** Steer, Reginald
**Subject:** RE: Schedule

No word yet. Will let you know as soon as I can. Colleen

**From:** Pomerantz, Glenn [mailto:Glenn.Pomerantz@mto.com]
**Sent:** Tuesday, June 23, 2009 12:12 PM
**To:** Bal, Colleen
**Cc:** Steer, Reginald
**Subject:** Schedule

Any word from your client on whether it is willing to agree to any adjustment to the current schedule (again, assuming we choose to file a notice of non-opposition to your motion for leave to file an amended counterclaim)?

```
This email and any attachments thereto may contain private, confidential, and privil
material for the sole use of the intended recipient.  Any review, copying, or distri
this email (or any attachments thereto) by others is strictly prohibited.  If you ar
intended recipient, please contact the sender immediately and permanently delete the
and any copies of this email and any attachments thereto.


This email and any attachments thereto may contain private, confidential, and privil
material for the sole use of the intended recipient.  Any review, copying, or distri
this email (or any attachments thereto) by others is strictly prohibited.  If you ar
intended recipient, please contact the sender immediately and permanently delete the
and any copies of this email and any attachments thereto.
```

# EXHIBIT 3

Confidential — Filed Under Seal