GLENN D. POMERANTZ (SBN 112503)
Glenn.Pomerantz@mto.com
BART H. WILLIAMS (SBN 134009)
Bart.Williams@mto.com
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
ROHIT K. SINGLA (SBN 213057)
Rohit.Singla@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Tel: (213) 683-9100; Fax: (213) 687-3702

GREGORY P. GOECKNER (SBN 103693)
Gregory_Goeckner@mpaa.org
DANIEL E. ROBBINS (SBN 156934)
Dan_Robbins@mpaa.org
15301 Ventura Boulevard, Building E
Sherman Oaks, California 91403-3102
Tel: (818) 995-6600; Fax: (818) 285-4403

ROBERT H. ROTSTEIN (SBN 72452)
rxr@msk.com
ERIC J. GERMAN (SBN 224557)
ejg@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Tel: (310) 312-2000; Fax: (310) 312-3100

Attorneys for Motion Picture Studio Parties

[Additional counsel listed on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DVD COPY CONTROL ASSOCIATION, et al., <br><br> Defendants. | CASE NO. C 08-4548 MHP <br><br> **MOTION PICTURE STUDIO PARTIES' AND DVD CCA'S RESPONSE TO REAL'S OPPOSITION TO CHANGES TO PROPOSED PRELIMINARY INJUNCTION ORDER** <br><br> Judge: Hon. Marilyn Hall Patel <br> Crtrm: 15 |
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> REALNETWORKS, INC, et al., <br><br> Defendants. | CASE NO. C-08-4719 MHP |

1    The Studios and the DVD CCA have requested that the *summary* of the Preliminary Injunction Order be clarified to add the words "ARccOS-protected or RipGuard-protected" to make explicit that the injunction encompasses not only circumvention or breach of CSS but also circumvention of ARccOS and RipGuard. The request is based on the Court's conclusion that "the Studios are likely to prevail on their claim that RealDVD circumvents ARccOS or RipGuard in violation of the copy-control section of the DMCA." (Order ¶ 111.)

Real objects to the addition of the words "ARccOS" and "RipGuard" in the summary of the Court's Order. Real does not argue that the Studios' and DVD CCA's request is in any way inconsistent with the Court's Order or that it would work any substantive change in Real's rights.

Rather, Real argues that the Studios and the DVD CCA missed a purported 30-day window to seek this change, supposedly established by the deadline imposed on *Real* to file its notice of appeal and statement of compliance with the injunction. Neither the Order itself nor the Federal Rules put a time limit on the Studios' and DVD CCA's request. To the contrary, the Court has ample authority to clarify its Order, even after a notice of appeal is taken. *See, e.g.,* Fed. R. Civ. P. 62(c) ("the court in its discretion may . . . modify . . . an injunction during the pendency of the appeal" of the injunction order); *A&M Records, Inc. v. Napster, Inc.,* 284 F.3d 1091, 1098-99 (9th Cir. 2002) (rejecting argument that "district court lacked authority to modify the injunction pending appeal").

The proposed modification is particularly appropriate under Rule 62(c) as it does not "materially alter the status of the case on appeal." *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.,* 242 F.3d 1163, 1166 (9th Cir. 2001). The proposed change is just a "minor adjustments that effectuat[e] the underlying purposes" of the Order's "original requirements" and leaves "unchanged the core questions before the appellate panel." *Id.* The modification proposed should not, thus, negatively affect the appellate process.

Real's suggestion that the Studios and the DVD CCA delayed in submitting their modification is not only irrelevant under Rule 62(c), but also inaccurate. Rather than rush to seek relief from the Court, the Studios and the DVD CCA first attempted to negotiate reasonable

1 | modifications to the language of the Order with Real.  Only when those efforts failed did the
2 | Studios and the DVD CCA request that the Court clarify the language of the Order.

3 | Further, Real has not shown, and cannot show, any prejudice resulting from this minor
4 | modification to the Court's Order.  Real complains that it has already filed a notice of appeal.
5 | But there is nothing in the changes sought by the Studios and the DVD CCA that affect Real's
6 | rights on appeal — unless Real plans to argue, contrary to fact, that the Order somehow did not
7 | find that Real's products likely circumvent ARccOS and RipGuard (and even then, Real's rights
8 | should not be affected given the substantive holdings in the body of the Order).  In any case, Real
9 | has not even filed its opening appeal brief.  Indeed, Real fails to note that it has recently filed an
10 | amended notice of appeal and has obtained a 32-day extension of time to file its opening brief,
11 | until early November.

12 | Finally, Real complains that the Studios and the DVD CCA have not made clear whether
13 | Real must re-file its statement of compliance.  The Studios and DVD CCA have already
14 | explained that their proposed order does not require any new statement of compliance.

DATED: October 1, 2009

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: _____*/s/ Glenn D. Pomerantz*_____
GLENN D. POMERANTZ

Attorneys for Motion Picture Studio Parties

AKIN GUMP STRAUSS HAUER & FELD, LLP

By: _____*/s/ Reginald D. Steer*_____
REGINALD D. STEER

Attorneys for DVD Copy Control Association

- 2 -  RESPONSE TO OPP. TO PROPOSED PI CHANGES
NO. C 08-4548 MHP