UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DVD COPY CONTROL ASSOCIATION, INC., et al., <br><br> Defendants. | CASE NO. C 08-4548-MHP <br><br> [PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION PURSUANT TO STIPULATION |
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> REALNETWORKS, INC., et al., <br><br> Defendants. | CASE NO. C 08-4719-MHP |

WHEREAS, the above-captioned actions (the "Action") between Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Universal City Studios LLLP, Warner Bros. Entertainment Inc., Disney Enterprises, Inc., Walt Disney Pictures, Sony Pictures Television Inc., Sony Pictures Entertainment Inc., Columbia Pictures Industries, Inc., NBC Universal, Inc., and Viacom Inc. (collectively, the "Studios"), the DVD Copy Control Association, Inc. (the "DVD CCA"), and RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (collectively, "Real") (all collectively, the "Parties") were initiated on or about September 30, 2008;

WHEREAS, the Parties have reached agreement for the resolution of the Action, the full terms and conditions of which are set forth in the document entitled "Settlement Agreement and Mutual Releases," dated as of March 1, 2010 (the "Settlement");

WHEREAS, the Parties' Settlement is conditioned upon entry by the Court of a stipulated consent judgment and permanent injunction and the continuing jurisdiction of the Court on the terms and conditions set forth herein; and

THEREFORE, the Parties stipulate and agree that this Court has jurisdiction to enter a stipulated consent judgment and permanent injunction on the following terms and conditions and that the Court shall have continuing jurisdiction for purposes of enforcing this consent judgment and permanent injunction and the Parties' Settlement and request that the Court enter the attached [Proposed] Consent Judgment and Permanent Injunction Pursuant to Stipulation ("Stipulated Consent Judgment and Permanent Injunction").

IT IS SO STIPULATED.

Respectfully submitted:

MUNGER, TOLLES & OLSON LLP

By: _____
GLENN D. POMERANTZ

Attorneys for Motion Picture Studio Parties

| | |
|---|---|
| 1 | AKIN GUMP STRAUSS HAUER & FELD, LLP |
| 2 | By: *Reginald D. Steer* |
| 3 | REGINALD D. STEER |
| | Attorneys for DVD Copy Control Association, Inc. |
| 4 | |
| 5 | WILSON SONSINI GOODRICH & ROSATI LLP |
| 6 | By: *Colleen Bal* |
| 7 | COLLEEN BAL |
| 8 | Attorneys RealNetworks, Inc. and |
| 9 | RealNetworks Home Entertainment, Inc. |

Pursuant to the Settlement Agreement reached between Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Universal City Studios LLLP, Warner Bros. Entertainment Inc., Disney Enterprises, Inc., Walt Disney Pictures, Sony Pictures Television Inc., Sony Pictures Entertainment Inc., Columbia Pictures Industries, Inc., NBC Universal, Inc., and Viacom Inc. (collectively, the "Studios"), the DVD Copy Control Association, Inc. (the "DVD CCA"), and RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (collectively, "Real") (all collectively, the "Parties"), the foregoing stipulation of the Parties, and for good cause shown, the Court hereby enters the Stipulated Consent Judgment and Permanent Injunction as follows:

## STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

1. IT IS HEREBY ORDERED that Real, its subsidiaries and affiliated companies, and their agents, servants, directors, officers, principals, employees, representatives, assigns, and those acting in concert with them or at their direction, are hereby restrained and enjoined from:

    a. manufacturing, importing, marketing, offering to the public, providing or otherwise trafficking in RealDVD, or in any other technology, product, service, or device that enables, or that is designed to facilitate, or where a significant part of its use is for, the duplication of, or redistribution of (except as provided in the next sentence), or unauthorized access to, copyrighted content protected by the Content Scramble System ("CSS"), or ARccOS, or RipGuard. Real is not enjoined from physically redistributing DVDs, or assisting others in physically redistributing DVDs, provided such redistribution is in compliance with applicable laws. "RealDVD" shall refer to the products referred to as RealDVD, Vegas, or Facet in this action. "ARccOS" and "RipGuard" shall refer to the specific products, as well as any updates or modifications to these specific products, used on optical discs, that were referred to as ARccOS and RipGuard in this action;

    b. manufacturing, importing, marketing, offering to the public, providing or otherwise trafficking in any component or part of RealDVD, or of any other technology, product, service, or device, where such component or part enables, or

is designed to facilitate, or where a significant part of its use is for, the duplication of, or redistribution of (except as provided in the next sentence), or unauthorized access to, copyrighted content protected by CSS, or ARccOS, or RipGuard. Any such component or part, along with RealDVD and the other technologies, products, services, and devices covered by paragraph 1.a above, are referred to as "Prohibited Technology." Real is not enjoined from physically redistributing DVDs, or assisting others in physically redistributing DVDs, provided such redistribution is in compliance with applicable laws. "Prohibited Technology" does not include technology that merely plays back copyrighted content directly from an optical disc protected by CSS, ARccOS, or RipGuard, provided that such technology complies with the CSS License Agreement.

c. directly or indirectly transferring to third parties any intellectual property or know-how related to any component or part covered by paragraph 1 b. above;

d. facilitating third parties in developing or trafficking in any Prohibited Technology;

e. using or implementing CSS to develop, design, manufacture, distribute, import, sell, or offer to sell products that make persistent playable copies of CSS-protected DVD content; and

f. continuing any support services for copies of RealDVD, such as but not limited to technical support services for copies of RealDVD.

2. IT IS FURTHER ORDERED that Real and its subsidiaries and affiliated companies are required to render inoperable any software or hardware copies of RealDVD in the possession, custody or control of Real and shall require employees to return to Real or render inoperable any software or hardware copies of RealDVD in their possession, custody or control.

3. All claims and counterclaims raised by the Studios concerning the legality of RealDVD under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(2) and § 1201(b)(1), and all claims and counterclaims raised by the Studios and DVD CCA concerning the violation of the CSS License by RealDVD are hereby resolved by this Stipulated Consent

Judgment and Permanent Injunction. Real's claims and counterclaims are hereby DISMISSED WITH PREJUDICE.

4. This Court shall retain continuing jurisdiction over the Parties and the Action for purposes of enforcing this Stipulated Consent Judgment and Permanent Injunction and/or enforcing the Parties' Settlement Agreement.

IT IS SO ORDERED.

Dated: 3/3/2010

*IT IS SO ORDERED*
*[signature]*
*Judge Marilyn H. Patel*

Submitted jointly by:

MUNGER, TOLLES & OLSON LLP

By: _____
GLENN D. POMERANTZ

Attorneys for Motion Picture Studio Parties

AKIN GUMP STRAUSS HAUER & FELD, LLP

By: _____
REGINALD D. STEER

Attorneys for DVD Copy Control Association, Inc.

WILSON SONSINI GOODRICH & ROSATI LLP

By: _____
COLLEEN BAL

Attorneys for RealNetworks, Inc. and RealNetworks Home Entertainment, Inc.

## **CERTIFICATION**

I, Rohit K. Singla, am the ECF User whose identification and password are being used to file this [PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION PURSUANT TO STIPULATION. In compliance with General Order 45.X.B., I hereby attest that Glenn D. Pomerantz, Reginald D. Steer and Colleen Bal concurred in this filing.